COPY

Scott D. Baker (SBN 84923)
*Email: sbaker@reedsmith.com*
James A. Daire (SBN 239637)
*Email: jdaire@reedsmith.com*
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA  94120-7936

Telephone:    +1 415 543 8700
Facsimile:    +1 415 391 8269

Attorneys for Plaintiff
Clear Channel Outdoor, Inc.

ORIGINAL
FILED

DEC 4 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, INC. a Delaware Corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>LINDA ERKELENS, an individual,<br><br>    Defendant. | Case No.:<br> CV 07  6138  JCS<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**[JURY TRIAL DEMANDED]** |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

DOCSSFO-12492837.5

Plaintiff Clear Channel Outdoor, Inc. ("Clear Channel") alleges as follows:

1.      This is a complaint for injunctive relief and damages for breach of contract, conversion, trespass to chattels, promissory estoppel, unjust enrichment and declaratory relief.

JURISDICTION

2.      This Court has jurisdiction over this action under 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, and is between citizens of different states.

3.      Clear Channel seeks recovery of an amount in excess of $75,000, exclusive of costs and interest.

4.      There is complete diversity as between Clear Channel and the Defendant Linda Erkelens ("Defendant"). Clear Channel is a corporation organized under the laws of the State of Delaware with its principal place of business at 2201 East Camelback Rd. Suite 500, Phoenix, Arizona, and therefore, is a citizen of Delaware and Arizona for purposes of determining diversity. 28 U.S.C. § 1332(c)(1). Defendant owns the real property at issue in this litigation, located at 1801 Turk Street, San Francisco, California. Clear Channel is informed and believes and thereon alleges that Defendant resides in San Francisco, California. Defendant is therefore a citizen of California for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

VENUE

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district and a substantial part of the events giving rise to the alleged claims in this action occurred in this judicial district.

DOCSSFO-12492837.5

PARTIES

6.     Clear Channel is the successor-in-interest to all right, title and interest in the lease, contracts and other rights referenced herein.

7.     Defendant is the current owner of the real property at 1801 Turk Street, San Francisco, California (the "Turk Street Property"). Clear Channel's outdoor, general advertising sign structure is located on the Turk Street Property. The Turk Street Property and Defendant are and remain subject to the lease in dispute in this case.

GENERAL ALLEGATIONS

8.     Clear Channel is in the business of outdoor advertising. It offers advertising on traditional and non-traditional advertising media, including billboard advertising, posters, street furniture, mall/retail advertising, airport advertising and mobile/transit advertising. Clear Channel manages and maintains sign structures for advertising purposes throughout the world, including its sign inventory in San Francisco.

9.     On September 5, 1958, the predecessor-in-interest of Clear Channel applied for and obtained permit no. 214477 from the San Francisco Department of Public Works to erect a general advertising sign and billboard at the Turk Street Property. For almost fifty years, Clear Channel, through its predecessors-in-interest, has maintained a general advertising sign structure on the Turk Street Property.

10.     On January 1, 1984 the predecessors-in-interest of Clear Channel as Lessee and Defendant as Lessor entered into a written lease ("the Lease") for the purpose of continuing to maintain an advertising sign on the upper-west wall of the building at the Turk Street Property. The Lease provides in Paragraph 8 that the "*Lessee shall remain the owner of all advertising signs,*

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

DOCSSFO-12492837.5

1    *structures, and improvements* erected or made by Lessee, and that, notwithstanding the fact that the

2    same constitute real estate fixtures, the *Lessee shall have the right to remove said signs, structures,*

3    *and improvements* at any time during the term of the lease, or after the expiration of this Lease."

4    (emphasis added).  Thus, by the terms of the Lease, Defendant expressly acknowledged Clear

5    Channel's ownership of the signs, structures and improvements and its rights to remove said signs,

6    structures and improvements.  A true and correct copy of the Lease is attached hereto as Exhibit **A.**

7

8            11.    On July 2, 1990, Clear Channel's predecessor-in-interest and Erkelens' predecessor-

9    in-interest entered a written letter amendment to the Lease whereby the annual rent increased and the

10   term of the Lease increased to seven years.  The letter amendment specified that "[a]ll other terms

11   and conditions of the existing lease shall remain the same."  A true and correct copy of the July 2,

12   1990 letter amendment is attached hereto as Exhibit **B.**

13

14           12.    On August 21, 2002, Clear Channel and Erkelens' predecessor-in-interest agreed to

15   another written letter amendment whereby the rent increased and the term of the Lease changed to

16   five years.  The letter amendment again specified that "[a]ll other terms and conditions of the

17   existing Lease Agreement dated January 1, 1984 shall remain the same."  A true and correct copy of

18   the August 21, 2002 letter amendment is attached hereto as Exhibit **C.**

19

20           13.    In a letter dated May 31, 2007, Defendant sent a purported notice to Clear Channel

21   alleging that the Lease would terminate effective July 31, 2007.  Defendant further asked Clear

22   Channel to "make arrangements to remove the billboard and your lock box from our gate by that

23   time."  Notably, in this termination notice, Defendant recognized that the sign structure on the Turk

24   Street Property belongs to Clear Channel.  In the same letter, Defendant baselessly asserted that she

25   planned to claim ownership of Clear Channel's permit no. 214477, which Defendant erroneously

26   referred to as permit no. 144724477.  A true and correct copy of the letter is attached hereto as

27   Exhibit **D.**

28

– 4 –

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

14.     Clear Channel honored Defendant's request to terminate the Lease and elected to remove the sign structure from the wall, as was its right under the terms of the Lease.  In accordance with Clear Channel's rights under the Lease, and pursuant to Defendant's request, Clear Channel applied for a permit to remove the sign structure.  In accordance with Department of Building Inspection ("DBI") policy and practice, Clear Channel properly applied for a "Building Additions, Alterations or Repairs" permit (the "Removal Permit").

15.     On July 18, 2007, both the Planning Department and DBI approved and issued the Removal Permit in their normal course of business, authorizing Clear Channel to remove its sign structure from the Turk Street Property.  A true and correct copy of the Removal Permit is attached hereto as Exhibit **E**.

16.     Two days later, Clear Channel sent a letter to Defendant with a copy of the Removal Permit enclosed, advising Defendant that Clear Channel would exercise its rights under the Lease and remove its sign structure from the Turk Street Property commencing July 30, 2007.  Clear Channel further stated that Defendant was not authorized to use Clear Channel property for any purpose and that she was not authorized to retain permit no. 214477.  Clear Channel asked Defendant to provide a response, if any, in writing and no later than July 24, 2007 in light of Clear Channel's need to schedule equipment and personnel to remove Clear Channel's sign structure. Clear Channel specifically advised Defendant that Clear Channel would deem her silence to be acquiescence to Clear Channel's removal of the property.  A true and correct copy of the letter is attached hereto as Exhibit **F**.

17.     On July 23, 2007, Defendant sent a letter to Clear Channel acknowledging receipt of the Removal Permit and informing Clear Channel that she expected Clear Channel to repair any and all damage "the installation and removal" of the sign created.  Notably, Defendant once again recognized that the sign structure on the Turk Street Property was the property of Clear Channel and that Clear Channel had sole authority to install and remove the sign structure.  Further, Defendant

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

DOCSSFO-12492837.5

1    did not contest that permit no. 214477 was the property of Clear Channel.  A true and correct copy

2    of Defendant's letter is attached hereto as Exhibit **G**.

4         18.    In reliance on Defendant's July 23, 2007 letter, Clear Channel scheduled equipment

5    and personnel to remove the sign structure at the Turk Street Property.  Clear Channel diverted its

6    Operations equipment and personnel from other projects.  But for Defendant's repeated written

7    permission to enter the Turk Street Property in order to remove Clear Channel's sign structure, Clear

8    Channel would have avoided the costs of scheduling the equipment and personnel to the Turk Street

9    Property and the equipment and personnel would have continued to work on other Clear Channel

10   projects without interruption.

12        19.    On July 25, 2007, Clear Channel sent another letter to Defendant confirming again

13   that removal of Clear Channel's sign structure would commence first thing the morning of Monday,

14   July 30, 2007.  A true and correct copy of this letter is attached hereto as Exhibit **H**.

16        20.    On July 27, 2007, the Friday before the commencement of Clear Channel's removal

17   efforts, Defendant reversed course and filed an appeal of the Removal Permit with the Board of

18   Appeals (No. 07-128), seeking rescission of the Removal Permit.  A true and correct copy of the

19   appeal is attached hereto as Exhibit **I**.

21        21.    In a letter dated July 26, 2007, Defendant falsely asserted that she owns permit no.

22   214477 and the right to maintain a general advertising sign at the Turk Street Property.  A true and

23   correct copy of the July 26, 2007 letter is attached hereto as Exhibit **J**.  Notwithstanding Clear

24   Channel's clear and unequivocal personal property rights in the sign structure, which Defendant had

25   acknowledged several times over, Defendant demanded that Clear Channel *not* remove the sign

26   structure from the Turk Street Property or perform work under the Removal Permit.  Defendant

27   advised Clear Channel for the first time the she intended to appeal the Removal Permit and that

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

DOCSSFO-12492837.5

1  Advertising Display Systems ("ADS"), a direct competitor of Clear Channel, would join her in the

2  appeal.

3

4      22.    On October 17, 2007, Defendant's appeal came on for hearing before the Board of

5  Appeals.  During the hearing, the Board confined all discussion to the application and issuance of the

6  Removal Permit.  Indeed, the Board expressly declined to consider any private agreement between

7  Clear Channel and Defendant, including the Lease, in connection with the appeal.  The Board issued

8  no substantive ruling on the appeal and instead continued the hearing until December 12, 2007.  On

9  December 4, 2007, Clear Channel terminated and surrendered the Removal Permit, thereby mooting

10  Defendant's appeal of the Removal Permit.  A true and correct copy of Clear Channel's terminating

11  letter is attached hereto as Exhibit **K**.

12

13      23.    In light of Defendant's prior contradictory correspondence, Clear Channel asked

14  Defendant to acknowledge in writing no later than November 16, 2007 that:  (1) Defendant does not

15  assert any claim of ownership or control over the general advertising Sign; and (2) Defendant

16  authorizes Clear Channel to enter the Turk Street Property to remove Clear Channel's sign structure.

17  Clear Channel further informed Defendant that, without such written confirmation, Clear Channel

18  would assume that Defendant does assert ownership interests over Clear Channel's sign structure

19  and intends to unlawfully interfere with Clear Channel's right to remove its sign structure.  A true

20  and correct copy of Clear Channel's November 9, 2007 letter is attached hereto as Exhibit **L**.

21

22      24.    Defendant has not provided the written confirmation that Clear Channel demanded,

23  nor has she has she responded to Clear Channel's November 9, 2007 letter in any way.  By virtue of

24  her silence and her earlier statements and actions, Defendant has repudiated Clear Channel's rights

25  and wrongfully exercised control over Clear Channel's property by falsely claiming that she

26  maintains the right to Clear Channel's general advertising sign.  All of Defendant's statements and

27  actions are in derogation of Clear Channel's rights to control its personal property and to exercise its

28  rights under the lease.  Clear Channel is informed and believes and thereon alleges that all of

DOCSSFO-12492837.5

1    Defendant's statements and actions are intended to appropriate Clear Channel's property for the

2    benefit of ADS.

3
                                **FIRST CLAIM FOR RELIEF**
4                                (Breach of Written Contract)

5

6         25.    Clear Channel repeats and re-alleges each and every allegation in the foregoing

7    paragraphs as though fully set forth herein.

8

9         26.    Clear Channel has performed all conditions, covenants and promises required to be

10   performed by it in accordance with the terms and conditions of the Lease, except as to those

11   conditions which have been excused.

12

13        27.    By reason of Defendant's foregoing acts and omissions, including but not limited to

14   Defendant' wrongful exercise of dominion over Clear Channel's sign structure, Defendant has

15   repudiated her obligations and materially breached her obligations under the Lease.

16

17        28.    Defendant's material breaches of the Lease have irreparably injured and, unless

18   enjoined, will continue to irreparably injure, Clear Channel.  Damages alone are inadequate to

19   compensate Clear Channel for Defendant's wrongful conduct, and Clear Channel is entitled to

20   injunctive relief.  Among other things, Defendant should be enjoined from denying Clear Channel its

21   right remove the sign structure from the premises, pursuant to both the terms of the Lease and the

22   express authority granted by the Planning Department and DBI in the Removal Permit.

23

24        29.    In addition, and/or in the alternative, as a direct and proximate result of Defendant's

25   breaches of the Lease, Clear Channel has incurred extensive monetary damages in an amount to be

26   proven at the time of trial, but in all events, a sum or value far in excess of $75,000, exclusive of

27   interest and costs.

28

DOCSSFO-12492837.5

1      WHEREFORE, Clear Channel prays for relief as set forth below.

2

3                        **SECOND CLAIM FOR RELIEF**
                              (Conversion)

4

5      30.    Clear Channel repeats and re-alleges each and every allegation in the foregoing

6   paragraphs as though fully set forth herein.

7

8      31.    At all times herein mentioned, Clear Channel was, and still is, the owner and was, and

9   still is, entitled to possession of the sign structure on the Turk Street Property.

10

11     32.    Notwithstanding Clear Channel's property rights in the sign structure, Defendant has

12  wrongfully exercised dominion over Clear Channel's property.  Defendant has denied Clear Channel

13  its right to remove its personal property from the premises, has claimed Clear Channel's property as

14  its own and has purported to appropriate Clear Channel's sign structure for her own financial benefit

15  including purporting to grant rights to the sign structure to ADS, a direct competitor of Clear

16  Channel.

17

18     33.    Clear Channel is informed and believes and thereon alleges that the foregoing actions

19  of Defendant have been knowing, intentional, willful, and in utter disregard of Clear Channel's

20  rights.

21

22     34.    Clear Channel has not consented to any of Defendant's misconduct and does not

23  consent to Defendant's continued use of the sign structure or Defendant's refusal to allow Clear

24  Channel to exercise its right to remove the sign structure.

25

26     35.    The above acts by Defendant constitute conversion.  By reason of the foregoing,

27  Defendant has wrongfully exercised dominion over Clear Channel's personal property and, on

28

DOCSSFO-12492837.5

1    information and belief, will continue to do so unless the above acts, among others, are enjoined by

2    the Court.

3

4         36.    Alternatively, and/or additionally, as a direct and proximate result of Defendant's

5    conversion of the sign structure, Clear Channel has incurred extensive monetary damages in an

6    amount to be proven at trial.

7

8         37.    Defendant's misconduct is malicious, fraudulent and oppressive.  Clear Channel

9    therefore seeks punitive damages.

10

11         WHEREFORE, Clear Channel prays for relief as set forth below.

12

13    **THIRD CLAIM FOR RELIEF**
                  (Trespass to Chattels)

14

15         38.    Clear Channel repeats and re-alleges each and every allegation in the foregoing

16    paragraphs as though fully set forth herein.

17

18         39.    At all times herein mentioned, Clear Channel was, and still is, the owner and was, and

19    still is, entitled to possession of the sign structure on the Turk Street Property.

20

21         40.    Notwithstanding Clear Channel's property rights in the sign structure, Defendant has

22    interfered with Clear Channel's use and possession of its sign structure on the Turk Street Property.

23    Accordingly, Defendant has denied Clear Channel its right to remove its personal property from the

24    premises and has claimed Clear Channel's property as its own.

25

26         41.    Clear Channel is informed and believes and thereon alleges that the foregoing actions

27    of Defendant have been knowing, intentional, willful, and in utter disregard of Clear Channel's

28    rights.

DOCSSFO-12492837.5

42.    Clear Channel has not consented to any of Defendant's misconduct.

43.    The above acts by Defendant constitute trespass to chattels. By reason of the foregoing, Defendant has interfered with Clear Channel's personal property, and, on information and belief, will continue to do so unless the above acts, among others, are enjoined by the Court.

44.    Alternatively, and/or additionally, as a direct and proximate result of Defendant's trespass to chattels, Clear Channel has incurred extensive monetary damages in an amount to be proven at trial.

WHEREFORE, Clear Channel prays for relief as set forth below.

### FOURTH CLAIM FOR RELIEF
(Promissory Estoppel)

45.    Clear Channel repeats and re-alleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

46.    Defendant has explicitly acknowledged Clear Channel's ownership of the sign structure and repeatedly given Clear Channel permission to enter the Turk Street Property to remove the sign structure, constituting a clear and unambiguous promise to allow Clear Channel onto the Turk Street Property to remove its personal property without interference.

47.    Defendant has breached its clear and unambiguous promise by ultimately denying Clear Channel its right to remove its personal property from the premises and has claimed Clear Channel's property as its own.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

DOCSSFO-12492837.5

48.     Clear Channel has actually relied on Defendant's promise, including but not limited to scheduling equipment and personal to remove the personal property. Such reliance was both reasonable and foreseeable in light of Defendant's statements and actions.

49.     Clear Channel has suffered and is suffering unconscionable injury resulting from its reliance on Defendant's promise and injustice can only be avoided by enforcing the promise. Absent enforcement of Defendant's promise, Clear Channel's personal property shall continue to be appropriated for the benefit of ADS, a direct competitor of Clear Channel.

WHEREFORE, Clear Channel prays for relief as set forth below.

**FIFTH CLAIM FOR RELIEF**
(Unjust Enrichment)

50.     Clear Channel repeats and re-alleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

51.     As a result of Defendant's actions, including but not limited to her denial of Clear Channel's right to remove its sign structure from the premises and her unauthorized possession of Clear Channel's sign structure, Defendant has been unjustly enriched in an amount to be determined at trial.

52.     Defendant's unjust enrichment comes at the expense and to the detriment of Clear Channel, the lawful owner of the sign structure. It is unconscionable and unjust for Defendant to retain possession of Clear Channel sign structure and the benefits therein.

WHEREFORE, Clear Channel prays for relief as set forth below.

**SIXTH CLAIM FOR RELIEF**
(Declaratory Judgment)

DOCSSFO-12492837.5

53. Clear Channel repeats and re-alleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

54. An actual controversy has arisen and now exists between Clear Channel and Defendant concerning their respective rights in that Clear Channel contends that (a) Clear Channel is the sole owner of the sign structure on the Turk Street Property, (b) Defendant purportedly terminated the Lease and asked Clear Channel to remove said sign structure from the Turk Street Property, (c) Clear Channel has and at all relevant times herein had the right to remove said sign structure from the Property whether before or after expiration of the Lease, and (e) Defendant has materially breached the Lease, repudiated her obligations thereunder and wrongfully exercised, or purported to exercise, control over Clear Channel's sign structure.

55. On information and belief, Defendant contests each of the allegations in the foregoing paragraph and these issues are ripe for decision.

56. Clear Channel seeks a judicial declaration of its rights to its property and rights under the Lease.

WHEREFORE, Clear Channel prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Clear Channel prays for relief as follows:

1. That judgment be entered in favor of Clear Channel and against Defendant on all claims;

2. For an Order declaring that (a) Clear Channel is the sole owner of the sign structure on the Turk Street Property, (b) Clear Channel is entitled to all rights under the Lease until legally

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

DOCSSFO-12492837.5

terminated, (c) Clear Channel has the right to remove said sign structure from the property whether before or after expiration of the Lease, and (d) Defendant has materially breached the Lease, repudiated her obligations thereunder and has wrongfully exercised, or purported to exercise, control over Clear Channel's sign structure;

3.    For an Order temporarily restraining and preliminarily and permanently enjoining Defendant, her officers, directors, principals, agents, servants, employees, successors and assigns, and all other persons in active concert, privity or in participation with Defendant, jointly and severally, from continuing to deny Clear Channel the right to remove its sign structure from the Turk Street Property;

4.    For an Order temporarily restraining and preliminarily and permanently enjoining Defendant, her officers, directors, principals, agents, servants, employees, successors and assigns, and all other persons in active concert, privity or in participation with Defendant, jointly and severally, from taking possession of, or making use of, Clear Channel's sign structure for her own benefit, and from undertaking any act designed to deprive Clear Channel of its ownership and/or possessory rights in the sign structure;

5.    For an Order temporarily restraining and preliminarily and permanently enjoining Defendant, her officers, directors, principals, agents, servants, employees, successors and assigns, and all other persons in active concert, privity or in participation with Defendant, jointly and severally, from committing any further acts of conversion or trespass to chattel with respect to Clear Channel's billboard and billboard structure;

6.    For an Order temporarily restraining and preliminarily and permanently enjoining Defendant, her officers, directors, principals, agents, servants, employees, successors and assigns, and all other persons in active concert, privity or in participation with Defendant, jointly and severally, from altering, destroying or removing all or any part of the sign structure;

DOCSSFO-12492837.5

1    7.    For an Order temporarily restraining and preliminarily and permanently enjoining

2    Defendant, her officers, directors, principals, agents, servants, employees, successors and assigns,

3    and all other persons in active concert, privity or in participation with Defendant, jointly and

4    severally, from denying Clear Channel access to the billboard and billboard structure by way of

5    ingress and egress to the wall and sign structure;

6

7    8.    For an Order awarding Clear Channel restitution in the amount of Defendant's unjust

8    enrichment according to proof;

9

10    9.    For actual damages in an amount to be determined at trial;

11

12    10.    For an Order awarding penalties and exemplary damages for Defendant's wrongful

13    conduct;

14

15    11.    For any attorneys' fees and costs of suit incurred herein;

16

17    12.    For pre-judgment interest according to proof; and

18

19    13.    For such other relief as the Court deems just and proper.

20

21    DATED:  December 4, 2007.

22                                REED SMITH LLP

23

24                        By _____

25                            James A. Daire
                            Attorneys for Plaintiff
                            Clear Channel Outdoor, Inc.

26

27

28

DOCSSFO-12492837.5

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Clear Channel Outdoor, Inc. hereby demands a jury trial on all issues triable by a jury.

DATED:  December 4, 2007.

REED SMITH LLP

By_____
James A. Daire
Attorneys for Plaintiff
Clear Channel Outdoor, Inc.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

DOCSSFO-12492837.5

# EXHIBIT A

 **Foster & Kleiser**
A METROMEDIA COMPANY

#07-20264

Date_____

LCF-1 (5-77)

1. The undersigned, as Lessor, hereby leases and grants exclusively to Foster and Kleiser, Division of Metromedia, Inc., as Lessee, the property (with free access to and upon same) located in the City of _San Francisco_____

County of _San Francisco_____, State of _California_____, described as:

_1801 Turk Street SL 100' W/o Divisadero_____

_Assessor's Block 1153, Lot 1 (125' x 150')_____

as per map thereof recorded in the Office of the County Recorder of _San Francisco_____, County, State of

_California_____, for a term of _Five (5)_____ years from _January 1_____ 19_84_, for the

purpose of erecting and maintaining advertising signs thereon, including necessary supporting structures, devices, illumination facilities and connections, service ladders, and other appurtenances thereon.

2. Lessee shall pay to the Lessor rental in the amount of _Eight hundred forty and no/100 ------------_
_-------------------------------_ ($_840.00_____) Dollars per year, payable on a monthly basis. Prior to construction and for the entire period during which no advertising copy is being displayed on the property by Lessee, the rental shall be Ten ($10.00) Dollars.

3. Lessee shall save the Lessor harmless from all damage to persons or property by reason of accidents resulting from the negligent acts of its agents, employees or others employed in the construction, maintenance, repair or removal of its signs on the property.

4. Lessor agrees that he, his tenants, agents, employees, or other persons acting in his or their behalf shall not place or maintain any object on the property or on any neighboring property which would in any way obstruct or impair the view of Lessee's sign structures. If such an obstruction or impairment occurs, the Lessee, without limiting such other remedies as may be available, has the option of requiring the Lessor to remove said obstruction or impairment, or the Lessee may itself remove the obstruction or impairment charging the cost of said removal to the Lessor, or the Lessee may reduce the rental herein paid to the sum of Five ($5.00) Dollars per year so long as such obstruction or impairment continues.

5. If the view of Lessee's signs is obstructed or impaired in any way, or if the value of such signs is diminished by reason of diversion or reduction of vehicular traffic, or if the use of any such signs is prevented or restricted by law, or if for any reason a building permit for erection or modification of any such signs is refused, the Lessee may immediately, at its option, adjust the rental in direct proportion to the decreased value of the leased premises for advertising purposes resulting from any of the foregoing circumstances, or may terminate the lease and receive adjustment for all rent paid for the unexpired term.

6. If Lessee is prevented by law, or government or military order, or other causes beyond Lessee's control from illuminating its signs, the Lessee may reduce the rental provided by paragraph 2 by one-half (½), with such reduced rental to remain in effect so long as such condition continues to exist.

7. This Lease shall continue in full force and effect for its term and thereafter for subsequent successive like terms unless terminated at the end of such term or any successive like term upon written notice by the Lessor or Lessee served sixty (60) days before the end of such term or subsequent like term, provided that Lessee shall have the right to terminate the Lease at the end of any sixty day period upon written notice to Lessor served not less than sixty (60) days prior to the end of such sixty day period. Lessor shall have the right to terminate the Lease at any time during the period of this Lease if the Lessor is to improve the unimproved property by erecting thereon a permanent private commercial or residential building. Lessee shall remove its signs within sixty (60) days after receipt of a copy of the applicable building permit. The Lessor will, upon giving such notice of building, return to the Lessee all rent paid for the unexpired term plus the total cost of the construction and the removal of Lessee's signs, less 1/180th of such cost for each full month of this Lease prior to the notice of termination. If Lessor fails to commence the erection of the private commercial or residential building within sixty (60) days after Lessee removes its signs, Lessee shall again have the right to occupy the premises and maintain advertising signs subject to the provisions of this Lease. If any portions of the property are not to be utilized for such building, the Lessee has the option to use the remaining portion on the same terms, except that the rent shall be proportionately reduced.

8. It is agreed between the parties that Lessee shall remain the owner of all advertising signs, structures, and improvements erected or made by Lessee, and that, notwithstanding the fact that the same constitute real estate fixtures, the Lessee shall have the right to remove said signs, structures, and improvements at any time during the term of the Lease, or after the expiration of the Lease.

9. This lease shall constitute the sole agreement of the parties relating to the lease of the above described premises. Neither party will be bound by any statements, warranties, or promises, oral or written, unless such statements, warranties or promises are set forth specifically in this Lease.

10. The word "Lessor" as used herein shall include Lessors. This lease is binding upon and inures to the benefit of the heirs, executors, successors, and assigns of Lessee and Lessor.

11. Lessor represents that he is the owner(s) ☒ tenant(s) ☐ other(s) ☐ _____
of the property covered by this Lease and has the authority to execute this Lease. All rents to be paid pursuant to this Lease, and all notices are to be forwarded to the undersigned Lessor at the address noted below the Lessor's signature.

EXECUTED by the Lessor in the presence of _____
who is hereby requested to sign as witness.

WITNESS:

LESSOR(S)
X _Sue Moxon_ (signature)

_Los Dos Investment Co._____

Address: _440 West Live Oak_____

_Mill Valley, CA 94941_____

ACCEPTED: FOSTER AND KLEISER
Division of Metromedia/Inc.

By: _____
_JAMES G. HUGHES_ (signature)

Title: _____

BY: Sue Moxon

# EXHIBIT B

**patrick**

PATRICK MEDIA GROUP, INC.

1601 MARITIME ST., OAKLAND, CA 94607 (415) 835-5900

July 2, 1990

Los Dos
Attn: Susan Moxon
208 Benson Circle
Mill Valley, CA  94941

      RE:  Lease #15-20264, San Francisco
           1801 Turk Street (SL 100' W/o Divisadero)

Dear Ms. Moxon:

    This letter is in reference to your recent conversation with our
Real Estate Representative, Gregg Machon, regarding the advertising
structure at the subject location.

    It is agreeable to Patrick Media Group Inc. to increase the
annual rental to $1,320.00, payable monthly effective July 1, 1990.
Effective July 1, 1994 the annual rental will be increased to
$1,500.00, payable monthly.  The term of this agreement will be for
seven years.  All other terms and conditions of the existing lease
shall remain the same.

    If this meets with your approval, please have the original of
this letter signed and returned to this office for processing.  An
envelope has been provided for your convenience.  The copy is to be
retained for your records.

    Should you have any questions concerning this agreement, please
contact me.  Your cooperation in this matter is certainly appreciated.

                    Yours truly,

                    James G. Hughes
                    Manager
                    Real Estate Department

ACCEPTED AND APPROVED:

Susan Moxon
for Los Dos

JGH/GM/sb

# EXHIBIT C



August 21, 2002

Mr. Craig Lipton
Maven Investments
1138 Taylor St.
San Francisco, CA 94133

RE:  Lease #20264, San Francisco
     Turk St. SL 100' w/o Divisadero

Dear Mr. Lipton:

This letter is in reference to the advertising structure located
on the above described property.

Clear Channel Outdoor, Inc. is agreeable to increasing the
annual rental to $1,950.00, payable monthly, effective August 1,
2002.  Effective August 1, 2003 and for each year thereafter the
annual rental shall be increased by three percent (3%).  The
term of this agreement shall be for five (5) years.  All other
terms and conditions of the existing Lease Agreement dated
January 1, 1984 shall remain the same.

If this meets with your approval, please sign the original of
this letter and return it to this office for processing.  The
copy is to be retained for your records.

Should you have any questions concerning this arrangement,
please contact Patrick Powers at (510) 835-5900 x219.  Thank you
for your consideration in this matter.

Sincerely,                        ACCEPTED AND AGREED:


David Q. Sweeney                   Craig Lipton
Vice President / Real Estate       Maven Investments
Northern California Division

# EXHIBIT D

 **McIntosh PROPERTY SERVICES**

RECEIVED

JUN 1 4 2007

REED SMITH LLP

May 31, 2007

Patrick Powers
Clear Channel Outdoors
555 12th Street Suite 950
Oakland, CA 94607

Dear Mr. Powers,

This is to remind you that as of July 31st 2007, the lease of Clear Channel Outdoors of the billboard at 1801 Turk is terminated. Please make arrangements to remove the billboard and your lock box from our gate by that time.

We are retaining the permit #144724477.

Thank you very much.

Sincerely yours,

Linda K. Erkelens

19 th

APARTMENT RENTALS
REAL ESTATE BROKER

390 ARKANSAS STREET
SAN FRANCISCO
CALIFORNIA 94107-2846
415-826-4011
FAX 415-826-4087

# EXHIBIT E

BLDG.
FORM **3/8**

APPROVED
Dept. of Building Insp.

JUL 16 2007

APPLICATION FOR BUILDING PERMIT CITY AND COUNTY OF SAN FRANCISCO
ADDITIONS, ALTERATIONS OR REPAIRS
DEPARTMENT OF BUILDING INSPECTION

FORM 3 ☑ OTHER AGENCIES REVIEW REQUIRED

FORM 8 ☐ OVER-THE-COUNTER ISSUANCE

NUMBER OF PLANS **2**

APPLICATION IS HEREBY MADE TO THE DEPARTMENT OF
BUILDING INSPECTION OF SAN FRANCISCO FOR
PERMISSION TO BUILD IN ACCORDANCE WITH THE PLANS
AND SPECIFICATIONS SUBMITTED HEREWITH AND
ACCORDING TO THE DESCRIPTION AND FOR THE PURPOSE
HEREINAFTER SET FORTH.

▼ DO NOT WRITE ABOVE THIS LINE ▼

| DATE FILED | FILING FEE RECEIPT NO. | ST. STREET ADDRESS OF JOB | BLOCK & LOT |
|---|---|---|---|
| 6/26/07 | 355865 | 2881 Turk St. 111 | 1153-001 |
| 1206 3 | 071801 | ESTIMATED COST OF JOB $1,500.00 | REVISED COST 3000/A |

### INFORMATION TO BE FURNISHED BY ALL APPLICANTS
### LEGAL DESCRIPTION OF EXISTING BUILDING

| (3a) TYPE OF CONSTR. | (3b) NO. OF STORIES | (3c) NO. OF BASEMENTS AND CELLARS | (3d) PRESENT USE | (3e) OCCUP. CLASS | (3f) NO. OF DWELLING UNITS |
|---|---|---|---|---|---|
| 5-N | | 0 | Apartment | | 21 |

### DESCRIPTION OF BUILDING AFTER PROPOSED ALTERATION

| (4) TYPE OF CONSTR. | (5) NO. OF STORIES | (6) NO. OF BASEMENTS AND CELLARS | (7) PROPOSED USE (LEGAL USE) | (8) OCCUP. CLASS | NO. OF DWELLING UNITS |
|---|---|---|---|---|---|
| | | 0 | Apartment - no sign | B-1 | 21 |

(9/10) AUTO RUNWAY TO BE CONSTRUCTED OR ALTERED? YES ☐ NO ☐   (11) ST. STREET SPACE BE USED DURING CONSTRUCTION? YES ☐ NO ☐   (12) ELECTRICAL WORK TO BE PERFORMED? YES ☐ NO ☐   (13) PLUMBING WORK TO BE PERFORMED? YES ☐ NO ☐

(14) GENERAL CONTRACTOR: Clear Channel Outdoor   ADDRESS   PHONE 855-5930   CALIF. LIC. NO. 821059   EXPIRATION DATE 6/30/07

Clear Channel Outdoor   ADDRESS   San ... CA 94107   PHONE (FOR CONTACT BY DEPT.) 510 446 7216

(16) WRITE IN DESCRIPTION OF ALL WORK TO BE PERFORMED UNDER THIS APPLICATION (REFERENCE TO PLANS IS NOT SUFFICIENT):

Voluntary removal, gutting and demolition of nonconforming,
noncomplying general advertising sign per planning code
secs 131(b), 188 (b) and 604 (h). Once commenced,
demolition shall be completed in a reasonable time.

### ADDITIONAL INFORMATION

(17) DOES THIS ALTERATION CREATE ADDITIONAL HEIGHT OR STORY TO BUILDING? YES ☐ NO ☐   (18) IF (17) IS YES, STATE NEW HEIGHT AT CENTER LINE OF FRONT ___ FT.   (19) DOES ALTERATION CHANGE NO. OF DWELLING UNITS IN BUILDING? YES ☐ NO ☐   (20) IF (19) IS YES, STATE NEW GROUND FLOOR AREA ___ SQ. FT.

(21) WILL SIDEWALK OVER SUB-SIDEWALK SPACE BE REPAIRED OR ALTERED? YES ☐ NO ☐   (22) WILL BUILDING EXTEND BEYOND PROPERTY LINE? YES ☐ NO ☐   (23) ANY OTHER EXISTING BLDG. ON LOT? IF YES, SHOW ON PLOT PLAN. YES ☐ NO ☐   (24) DOES THIS ALTERATION CONSTITUTE A CHANGE OF OCCUPANCY? YES ☐ NO ☐

(25) ARCHITECT OR ENGINEER (DESIGN) ☐ LICENSE NO.   1/2   CALIF. CERTIFICATE NO.

(26) CONSTRUCTION LENDER (ENTER NAME AND BRANCH DESIGNATION IF ANY, IF THERE IS NO KNOWN CONSTRUCTION LENDER, ENTER "UNKNOWN")   N/A   ADDRESS

### IMPORTANT NOTICES

No change shall be made in the character of the occupancy or use without first obtaining a Building Permit authorizing such change. See San Francisco Building Code and San Francisco Housing Code.

No portion of building or structure or scaffolding used during construction, to be closer than 9/0 to any wire containing more than 750 volts. See Sec. 385, California Penal Code.

Pursuant to San Francisco Building Code, the building permit may be posted on the job. The owner is responsible for abandoned plans and application being kept at building site.

Grade lines are shown on drawings accompanying the application are assumed to be correct. If actual grade lines are not the same as shown the exact drawings showing correct grade lines, cuts and fills together with complete details of retaining walls and wall footings required must be submitted to this department for approval.

ANY STIPULATION REQUIRED HEREIN BY CODE MAY BE APPEALED.

BUILDING NOT TO BE OCCUPIED UNTIL CERTIFICATE OF FINAL COMPLETION IS POSTED ON THE BUILDING OR PERMIT OF OCCUPANCY GRANTED, WHERE REQUIRED.

APPROVAL OF THIS APPLICATION DOES NOT CONSTITUTE AN APPROVAL FOR THE ELECTRICAL WIRING OR PLUMBING INSTALLATIONS. A SEPARATE PERMIT FOR THE WIRING AND PLUMBING MUST BE OBTAINED. SEPARATE PERMITS ARE REQUIRED IF ANSWER IS "YES" TO ANY OF ABOVE QUESTIONS (10), (11), (12), (13), (22) OR (24).

THIS IS NOT A BUILDING PERMIT. NO WORK SHALL BE STARTED UNTIL A BUILDING PERMIT IS ISSUED.

In dwellings all insulating materials must have a clearance of not less than two inches from all electrical wires or equipment.

CHECK APPROPRIATE BOX
☐ OWNER ☐ ARCHITECT
☐ LESSEE ☐ AGENT
☐ CONTRACTOR ☐ ENGINEER

### APPLICANT'S CERTIFICATION

I HEREBY CERTIFY AND AGREE THAT IF A PERMIT IS ISSUED FOR THE CONSTRUCTION DESCRIBED IN THIS APPLICATION, ALL THE PROVISIONS OF THE PERMIT AND ALL LAWS AND ORDINANCES THERETO WILL BE COMPLIED WITH.

9003-23 (REV. 1/93)

### NOTICE TO APPLICANT

HOLD HARMLESS CLAUSE: The permittee(s) by acceptance of the permit, agree(s) to indemnify and hold harmless the City and County of San Francisco from and against any and all costs, demands and actions for damages resulting from operations under the permit, regardless of negligence of the City and County of San Francisco, and to assume the defense of the City an County of San Francisco against all such claims, demands or actions.

In conformity with the provisions of Section 3800 of the Labor Code of the State of California, the applicant shall have towering under (I), or (II) designated below or shall indicate item (III), or (IV), or the last below if applicable. (However item (V) is checked item (III) must be checked as well. Mark the appropriate method of compliance below):

I certify under penalty of perjury one of the following declarations:

(   ) I. I have and will maintain a certificate of consent to self-insure for workers' compensation, as provided by Section 3700 of the Labor Code, for the performance the work for which this permit is issued.

(   ) II. I have and will maintain workers' compensation insurance, as required by Section 3700 of the Labor Code, for the performance of the work for which this permit is issued. My workers compensation insurance carrier and policy number are:

Carrier ___

Policy Number ___

(   ) III. I certify that in the performance of the work for which this permit is issued, I shall not employ any person in any manner so as to become subject to the workers' compensation laws of California. I further acknowledge that I understand that in the event that I should become subject to the workers' compensation provisions of the Labor Code of California and fail to comply forthwith with the provisions of Section 3800 of the Labor Code, that the permit herein applied for shall be deemed revoked.

(   ) V. I certify as the owner (or the agent for the owner) that in the performance of the work for which this permit is issued, I will employ a contractor who complies with the workers' compensation laws of California and who, prior to the commencement of any work, will file a completed copy of the form with the Central Permit Bureau.

Signature of Applicant or Agent ___   Date 6/2/07

DUPLICATE

CONDITIONS AND STIPULATIONS

Contact the district building inspector at the start of work call
558-6096. For plumbing inspection scheduling call 558-
6054, for electrical inspection scheduling call 558-6030.
This application is approved without site inspection, detailed
plumbing or electrical plan review and does not constitute an
approval of the building. Work authorized must be done in
strict accordance with all applicable codes. Any electrical or
plumbing work shall require appropriate separate permits.

By _____ NEIL FRIEDMAN, DBI

To remove general at 5 JUL 1 7 2007
(west-facing wall sign) and restore
wall.
Sign Record #288        Jon Purvis 7/3/07

N/A
W. Bugg 6/26/01

MA

N/A: Street Space deferred to Contractor

BSMA          EPT   6/26/07

N/A

CENTRAL PERMIT BUREAU
1660 Mission Street
San Francisco, California 94103

CITY AND COUNTY OF SAN FRANCISCO
DEPARTMENT OF BUILDING INSPECTION
(415)558-6088

Receipt No: 1126685

Application/Permit No: M78125

PERMIT IS GRANTED TO

ERECT    ALTER BUILDING    ERECT SIGN    DATE OF ISSUE  19-JUL-07

DEMOLISH BUILDING    GRADE    , FILING FEE RECEIPT #

LOWER CURB  X  OCCUPY STREET SPACE

EXCAVATE STREET OR SIDEWALK    POST NOTICE

HOUSE NUMBER CERTIFICATE    REPAIR OR CONSTRUCT SIDEWALK

THIS PERMIT IS GRANTED IN ACCORDANCE WITH
PROVISIONS OF THE CHARTER AND ORDINANCES OF
THE CITY AND COUNTY OF SAN FRANCISCO AND/OR
THE CURRENT STANDARD SPECIFICATIONS OF THE
DEPARTMENT OF BUILDING INSPECTION

* ADDITIONAL INFORMATION REGARDING SPECIFIC
PERMITS IS GIVEN ON THE BACK OF THIS FORM

SUPPLEMENTAL FEE PAID:

FINAL PLAN CHECK    EXPEDITER FEE    PENALTY

STRUCTURAL LTR    DCP FEE

OWNER :

DBI P/C PAID AT FILING

AUDITED FOR REFUND

FEE

ST SPACE                         164.16

CPB PROCESSING FEE               20.00

LOCATION OF JOB:    HOUSE NUMBER:  EXISTING    ASSIGNED
                                               BLOCK/LOT

STREET ADDRESS    1153/001

1801  TURK  ST

METES AND BOUNDS

FRONTAGE FT  # STORIES    TYPE    LEGAL OCCUPANCIES

BUILDING USE                ESTIMATED COST $                    .00

SIDEWALK SQ FTGE    ST SPACE LINEAR FT  40    S FT CURB SECT TO BE LOWERED

WORK MUST COMMENCE ON BUILDING WITHIN  90 days  OF DATE OF ISSUANCE OF THIS PERMIT,
UNLESS EXTENSION AUTHORIZED IF UNDER ENFORCEMENT ORDERS SPECIAL TIME PERIODS WHERE
SPECIFIED WILL APPLY

TIME FOR COMPLETION OF WORK UNDER THIS BUILDING PERMIT EXPIRES  6 Months  AFTER DATE OF
ISSUANCE, IF UNDER ENFORCEMENT ORDERS SPECIAL TIME PERIODS WHERE SPECIFIED WILL APPLY
(NOTE: STREET SPACE PERMIT EXPIRES ON COMPLETION OF WORK OR WHEN REVOKED BY DIRECTOR OF
PUBLIC WORKS SEE BACK OF FORM FOR OTHER TIME LIMITS )

PERMIT  1126685

SANTOS & URRUTIA ASSOCIATES 415-
642-7722

FEE PAYOR

APPEAL

2451 HARRISON STREET

CENTRAL
PERMIT
BUREAU ID  VANBRENDA

ADDRESS

SAN FRANCISCO CA 94110

CITY

SUBTOTAL OF FEES WITH APPLICABLE SURCHARGES

SURCHARGE                    0.00

BOA SURCHARGE                1.02

SUBTOTAL OTHER FEES          $185.18

TOTAL           $  $185.18

*SEPARATE PERMITS MUST BE OBTAINED FOR ELECTRICAL, PLUMBING OR OTHER RELATED WORK*
9203 1(6Rev 10/95)

## City and County of San Francisco

## DEPARTMENT OF BUILDING INSPECTION

# JOB CARD



OFFICE HOURS: THE BUILDING INSPECTION IS OPEN DAILY, MONDAY THRU FRIDAY, *FROM 7:30 a.m. TO 5:00 p.m.* DISTRICT BUILDING INSPECTORS KEEP OFFICE HOURS DAILY, MONDAY THRU FRIDAY, *FROM 7:30 a.m. TO 8:30 a.m. AND FROM 3:00 p.m. TO 4:00 p.m.*

**REQUESTS FOR INSPECTIONS ARE TAKEN ONLY DURING THE HOURS OF 8:30 A.M. TO 3:00 P.M. BY CALLING (415) 558-6096**

APPLICATION NO. _____ PERMIT NO. _____ ISSUED _____

JOB ADDRESS: _____ BLOCK: _____ LOT: _____

NATURE OF WORK: _____

_____

_____

WORK PERMITTED UNDER AUTHORITY OF THIS BUILDING PERMIT NUMBER MUST START BY 90 DAYS AND BE COMPLETED BY _____.

WORK UNDERWAY MUST BE INSPECTED AT LEAST EVERY NINETY (90) DAYS IN ORDER TO PREVENT EXPIRATION DUE TO ABANDONMENT OF WORK.

EXTENSIONS OF THE "START" & "COMPLETE WORK" DATES OF THIS BUILDING PERMIT NUMBER MAY BE GRANTED UPON WRITTEN REQUEST PRIOR TO THE DATES NOTED ABOVE.

For information on the Permit Process, Building Plans Review, Access Issues, etc., please see page 4 of this JOB CARD for useful and appropriate telephone numbers.

*ELECTRICAL & PLUMBING WORK MUST HAVE PERMITS SEPARATE FROM A BUILDING PERMIT.*

*KEEP THIS CARD POSTED IN A CONSPICUOUS PLACE ON THE JOB SITE AT ALL TIMES. PLANS AND PERMIT DOCUMENTS SHALL BE ON THE JOB SITE AT ALL TIMES WHEN WORK IS IN PROGRESS. AFTER COMPLETION OF WORK, RETAIN THIS CARD FOR YOUR RECORDS.*

CENTRAL PERMIT BUREAU
1660 Mission Street
San Francisco, California 94103

**CITY AND COUNTY OF SAN FRANCISCO**
**DEPARTMENT OF BUILDING INSPECTION**
(415)558-6088

Receipt No: 1126563
Application/Permit No: 200706285493

PERMIT IS GRANTED TO

ERECT  X  ALTER BUILDING        ERECT SIGN  DATE OF ISSUE  18-JUL-07
DEMOLISH BUILDING    GRADE                    FILING FEE RECEIPT #  366865
LOWER CURB        OCCUPY STREET SPACE
EXCAVATE STREET OR SIDEWALK        POST NOTICE
HOUSE NUMBER CERTIFICATE        REPAIR OR CONSTRUCT SIDEWALK

THIS PERMIT IS GRANTED IN ACCORDANCE WITH
PROVISIONS OF THE CHARTER AND ORDINANCES OF
THE CITY AND COUNTY OF SAN FRANCISCO AND/OR
THE CURRENT STANDARD SPECIFICATIONS OF THE
DEPARTMENT OF BUILDING INSPECTION

* ADDITIONAL INFORMATION REGARDING SPECIFIC
  PERMITS IS GIVEN ON THE BACK OF THIS FORM.

SUPPLEMENTAL FEE PAID:

FINAL PLAN CHECK        EXPEDITER FEE        PENALTY
STRUCTURAL LTR  X    DCP FEE

OWNER:    CLEAR CHANNEL OUTDOOR                (415)642-7722

LOCATION OF JOB:        HOUSE NUMBER:  EXISTING          ASSIGNED
STREET ADDRESS                                            BLOCK/LOT
   1801  TURK  ST                                 1153/001

DBI P/C PAID AT FILING        $51.03

AUDITED FOR REFUND

BUILDING                                    FEE    75.40

METES AND BOUNDS

FRONTAGE FT   4   #STORIES   5   TYPE   R-1   LEGAL OCCUPANCIES
BUILDING USE  APARTMENTS        ESTIMATED COST $      3,000.00

SIDEWALK SQ FT GE        ST SPACE LINEAR FT        9 FT CURB SECT. TO BE LOWERED

WORK MUST COMMENCE ON BUILDING WITHIN  90 days  OF DATE OF ISSUANCE OF THIS PERMIT,
UNLESS EXTENSION AUTHORIZED IF UNDER ENFORCEMENT ORDERS SPECIAL TIME PERIODS WHERE
SPECIFIED WILL APPLY

TIME FOR COMPLETION OF WORK UNDER THIS BUILDING PERMIT EXPIRES  4 Months  AFTER DATE OF
ISSUANCE. IF UNDER ENFORCEMENT ORDERS SPECIAL TIME PERIODS WHERE SPECIFIED WILL APPLY
(NOTE: STREET SPACE PERMIT EXPIRES ON COMPLETION OF WORK OR WHEN REVOKED BY DIRECTOR OF
PUBLIC WORKS SEE BACK OF FORM FOR OTHER TIME LIMITS )

SANTOS AND URRUTIA  642-7722        PERMIT  1126563

FEE PAYOR
   2451 HARRISON ST
ADDRESS
SF CA
CITY

CENTRAL
PERMIT
BUREAU 1181  BUFFASUSAN

APPEAL

SUBTOTAL OF FEES WITH APPLICABLE SURCHARGES          $101.40

SURCHARGE                                    0.00
BOA SURCHARGE                              26.00

STRONG MOTION                              1.60

SUBTOTAL OTHER FEES                         1.60
TOTAL  $                                 $103.00

*SEPARATE PERMITS MUST BE OBTAINED FOR ELECTRICAL, PLUMBING OR OTHER RELATED WORK*
5603.08Rev 10/95)

CENTRAL PERMIT BUREAU
1660 Mission Street
San Francisco, California 94103

CITY AND COUNTY OF SAN FRANCISCO
DEPARTMENT OF BUILDING INSPECTION
(415)558-6088

Receipt No: 1126685
Application/Permit No: M781125

## WARNING

Pursuant to Article 20 of Chapter 10, Part II of the San Francisco Municipal Code (Public Works Code), certain building permits may be issued only after the permittee analyzes the soil for the presence of hazardous wastes and,where applicable, certifies that it has completed site mitigation. No officer, employee, or agency of the City conducted the soil sampling and analysis, recommended site mitigation measures, conducted the site mitigation or checked or verified the reports submitted or work performed for accuracy, reliability or adherence to protocols. In issuing this permit, neither the city nor any of its officers or employees make any representation that the soil on or about the site is free from the presence of hazardous wastes. Nor does the City's implementation of this process relieve any person from their duties and responsibilities relating to hazardous waste contamination under state and federal law. Neither soil nor analysis pursuant to Article 20 of Public Works Code nor the issuance of this permit is intended to alter, extinguish, or transfer these reponsibilities.

ADDITIONAL INFORMATION

1 Building Permit
All requests for extension of time must be in writing to Director, Dept. of Building Inspection
Permits are issued subject to Appeal within 15 days to Board of Permit Appeals
Incur no expenses until right of Appeal has lapsed

2 Demolition Permit
If Demolition involves Abandonment of Side Sewer Permittee must obtain a Side Sewer Permit. The Side Sewer will then be blocked at the Main Sewer.

3 Permit to Lower Curb/To Excavate in Street or Sidewalk.
Issued to construct Auto Runway as per Article 15, Public Works Code.
Excavation should be carried out in accordance with Article 8 of Public Works Code.
If issued with Building permit time for completion is same as Building, if issued alone, complete work within 6 months from date of Permit. Void if not started within 6 months.

4 Street Space Permit.
No refuse, excavated materials, concrete or mortar is to be disposed of upon Paved Streets, catch basins or into the City sewer system. No material or equipment shall be left on Roadway of Police Tow-Away Zone during hours when Tow-Away Rule is in force. Gutters and Waterways must be kept clear.
All provisions of Section 724.3 of the Public Works Code are incorporated into this permit by reference.
Street and sidewalk areas occupied must not exceed a width 1/2 the width of the sidewalk plus 1/3 the width of the Roadway fronting

5 Permit to Repair or Construct Sidewalk.
Handicap Ramps required in vicinity of Crosswalks per plan No.11-33, 982, Ch. 2. Before beginning any work under this permit contact your Area Inspector Tel 554-5837. Permit valid for 3 months from date issued, unless extension authorized.
Some sidewalks have been constructed over a subsidewalk basement or other below ground structure. Issuance of this permit does not limit, modify or alter in any way the responsibility of the property owner to ensure that such subsidewalk space complies with the San Francisco Building Code, Electrical Code, Fire Code, Mechanical Code, Plumbing Code, Public Works Code, and other Municipal Codes. In addition, issuance of this permit does not limit the liability of the property owner or his or her agent if work pursuant to this permit or the actions of a third party result in damage to the sidewalk or subsidewalk structure; consequently, permittees proceed at their own risk. The City and County of San Francisco makes no representations that issuance of a sidewalk permit will or will not directly or indirectly affect a subsidewalk structure. The Department of Building Inspection, in conjunction with the Department of Public Works, issues permits to construct or alter subsidewalk spaces separately from a sidewalk permit. Property owners are encouraged to seek the advice of qualified professionals to independently analyze the structural integrity of subsidewalk space and determine whether such space should be improved or modified

6 Hold Harmless Clause.
The Permittee(s) by acceptance of this permit, agree(s) to indemnify and hold harmless the City and County of San Francisco from and against any and all claims, demands and actions for damages resulting from operations under this permit, regardless of negligence of the City and County of San Francisco, and to assume the defense of the City and County of San Francisco against all such claims, demands and actions

BOARD OF PERMIT APPEALS STIPULATIONS

# EXHIBIT F

# ReedSmith

**Scott D. Baker**
Direct Phone: 415.659.5901
Email: sbaker@reedsmith.com

Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111-3922
415.543.8700
Fax 415.391.8269

July 20, 2007

**VIA FACSIMILE**
**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**
**REGULAR MAIL**

Linda K. Erkelens
McIntosh Property Services
390 Arkansas Street
San Francisco, California 94107-2846

Re:    CCO Billboard at 1801 Turk

Dear Ms. Erkelens:

You previously wrote Clear Channel Outdoor ("CCO") on May 31, 2007 purporting to terminate as of July 31, 2007 "the lease of Clear Channel Outdoors of the billboard at 1801 Turk," and asking that CCO "make arrangements to remove the billboard and [] lock box from our gate by that time." As you know, the Lease Agreement dated January 1, 1984 ("Lease") provides that:

> 8.    It is agreed between the parties that Lessee shall remain the owner of all advertising signs, structures, and improvements erected or made by Lessee, and that, notwithstanding the fact that the same constitute real estate fixtures, the Lessee shall have the right to remove said signs, structures, and improvements at any time during the term of the Lease, or after the expiration of this Lease."

In light of your termination notice, the Lease provisions, and your specific request, please be advised that CCO intends to exercise its rights and will remove all of its signs, structures and improvements from the premises commencing on July 30, 2007 pursuant to the enclosed permit. Please make all necessary arrangements to allow for CCO's crew to undertake this work. Any interference with CCO's exercise of its rights will subject the property owners, and anyone who may assist them, to liability.

Please be further advised that the property owners may not use CCO's property for any purpose. Any use of CCO's property by the property owners or any agent of theirs shall be the basis for additional claims by CCO.

Finally, you erroneously assert that "[w]e" – presumably a reference to the owners of 1801 Turk -- "are retaining the permit #144724477." As you mentioned during our prior phone call, your reference to permit #144724477 is a typographical error, as you had intended to reference CCO's original permit for the erection of CCO's billboard at 1801 Turk, permit no. 214477. As you must know, because CCO

DOCSSFO-12485160.1-CMORGAN 7/20/07 3:35 PM

Linda K. Erkelens
July 20, 2007
Page 2

**ReedSmith**

is voluntarily removing its general advertising sign at 1801 Turk, the sign cannot be rebuilt.  The San Francisco Planning Code, at Section 604(h), explicitly prohibits this:

> A sign which is voluntarily destroyed or removed by its owner or which is required by law to be removed may be restored only in full conformity with the provisions of this Code....A general advertising sign that has been removed shall not be reinstalled, replaced, or reconstructed at the same location, and the erection, construction, and/or installation of a general advertising sign at that location to replace the previously existing sign shall be deemed to be a new sign in violation of Section 611(a) of this Code....[S.F. Plan. Code §604(h), ¶2]

If you intend any response, please provide it to us in writing by no later than July 24, 2007 as CCO is in the process of scheduling equipment and personnel.  We will deem your silence to be acquiescence to CCO's removal of its property.

Very truly yours,

*Scott D. Baker/cmm*

Scott D. Baker

Enclosures

cc:    Laura Toncheff, Esq.

**APPROVED**

Dept. of Building Insp.

JUL 1 8 2007

BLDG. FORM 3/8

**APPLICATION FOR BUILDING PERMIT**
**ADDITIONS, ALTERATIONS OR REPAIRS**

CITY AND COUNTY OF SAN FRANCISCO
DEPARTMENT OF BUILDING INSPECTION

FORM 3 ☐ OTHER AGENCIES REVIEW REQUIRED

FORM 8 ☐ OVER THE COUNTER ISSUANCE

NUMBER OF PLANS

APPLICATION IS HEREBY MADE TO THE DEPARTMENT OF
BUILDING INSPECTION OF SAN FRANCISCO FOR
PERMISSION TO BUILD IN ACCORDANCE WITH THE PLANS
AND SPECIFICATIONS SUBMITTED HEREWITH AND
ACCORDING TO THE DESCRIPTION AND FOR THE PURPOSE
HEREINAFTER SET FORTH.

**INFORMATION TO BE FURNISHED BY ALL APPLICANTS**

**LEGAL DESCRIPTION OF EXISTING BUILDING**

**DESCRIPTION OF BUILDING AFTER PROPOSED ALTERATION**

**ADDITIONAL INFORMATION**

**IMPORTANT NOTICES**

**NOTICE TO APPLICANT**

**APPLICANT'S CERTIFICATION**

DUPLICATE

## CONDITIONS AND STIPULATIONS

Contact the district building inspector at the start of work call 558-6096 For plumbing inspection scheduling call 558-6054, for electrical inspection scheduling call 558-6030. This application is approved without site inspection, detailed plumbing or electrical plan review and does not constitute an approval of the building. Work authorized must be done in strict accordance with all applicable codes. Any electrical or plumbing work shall require appropriate separate permits.

By ___ NEIL FRIEDMAN, DBI

INSPECTOR, DEPT. OF BLDG. INSP.

DATE RECEIVED
NOTIFIED MR

APPROVED To remove sign 1 & 3 OCT 17 2007  DATE

(west-facing wall sign) and restore   REASON

wall.

Sign Record #288    Jon Purvis  4/3/07

DEPARTMENT OF CITY PLANNING    NOTIFIED MR

FAILED, MOD    DATE
REASON

N/A

W. Bug  6/26/07

DEPUTY FIRE MARSHALL, DEPT OF PUBLIC SAFETY   NOTIFIED MR

APPROVED    DATE
REASON

N/A

MECHANICAL ENGINEER, DEPT. OF BLDG. INSPECTION   NOTIFIED MR

UPDATED    DATE
REASON

BUREAU OF STREET USE & MAPPING, DPW   NOTIFIED MR

APPROVED  N/A ;  Street Space deferred to Contractor   DATE
REASON

EPC  6/26/07

BS/M    BUREAU OF ENGINEERING   NOTIFIED MR

APPROVED    DATE
REASON

N/A

DEPARTMENT OF PUBLIC HEALTH    NOTIFIED MR

APPROVED    DATE
REASON

REDEVELOPMENT AGENCY    NOTIFIED MR

APPROVED    DATE
REASON

PLANNING DEPT./ZONING ADMIN.    NOTIFIED MR

OWNER'S AUTHORIZED AGENT

CENTRAL PERMIT BUREAU
1660 Mission Street
San Francisco, California 94103

**CITY AND COUNTY OF SAN FRANCISCO**
**DEPARTMENT OF BUILDING INSPECTION**
(415)558-6088

Receipt No: 112?68?

Application/Permit No: M78125

PERMIT IS GRANTED TO

ERECT    ALTER BUILDING    ERECT SIGN    DATE OF ISSUE  19-JUL-0?
DEMOLISH BUILDING    GRADE              . FILING FEE RECEIPT #
LOWER CURB  X   OCCUPY STREET SPACE
EXCAVATE STREET OR SIDEWALK
HOUSE NUMBER CERTIFICATE    POST NOTICE
REPAIR OR CONSTRUCT SIDEWALK

THIS PERMIT IS GRANTED IN ACCORDANCE WITH
PROVISIONS OF THE CHARTER AND ORDINANCES OF
THE CITY AND COUNTY OF SAN FRANCISCO AND/OR
THE CURRENT STANDARD SPECIFICATIONS OF THE
DEPARTMENT OF BUILDING INSPECTION

* ADDITIONAL INFORMATION REGARDING SPECIFIC
PERMITS IS GIVEN ON THE BACK OF THIS FORM.

SUPPLEMENTAL FEE PAID:

FINAL PLAN CHECK    PENALTY
STRUCTURAL LTR
ORDER:            DCP FEE

EXPEDITER FEE

DBI P/C PAID AT FILING

AUDITED FOR REFUND

FEE

ST SPACE          164.16
CPB PROCESSING FEE    20.00

LOCATION OF JOB:    HOUSE NUMBER:    EXISTING    1153/001
STREET ADDRESS
1801  TURK  ST

LEGAL OCCUPANCIES

FRONTAGE FT    # STORIES    TYPE    ESTIMATED COST $        .00

BUILDING USE    ST SPACE LINEAR FT    40    S FT CURB SECT TO BE LOWERED

SIDEWALK SQ. FTGE

WORK MUST COMMENCE ON BUILDING WITHIN    90 days    OF DATE OF ISSUANCE OF THIS PERMIT,
UNLESS  EXTENSION  AUTHORIZED.  IF  UNDER  ENFORCEMENT  ORDERS  SPECIAL  TIME  PERIODS  WHERE
SPECIFIED WILL APPLY.

TIME FOR COMPLETION OF WORK UNDER THIS BUILDING PERMIT EXPIRES    ? Months:   AFTER DATE OF
ISSUANCE. IF UNDER ENFORCEMENT ORDERS SPECIAL TIME PERIODS WHERE SPECIFIED WILL APPLY
(NOTE: STREET SPACE PERMIT EXPIRES ON COMPLETION OF WORK OR WHEN REVOKED BY DIRECTOR OF
PUBLIC WORKS. SEE BACK OF FORM FOR OTHER TIME LIMITS.)

ASSIGNED
BLOCK/LOT

NOTES AND BOUNDS

SANTOS & URRUTIA ASSOCIATES 415-
642-7222
FEE PAYOR

2451 HARRISON STREET
ADDRESS
SAN FRANCISCO CA 94110
CITY

PERMIT  1126685

APPEAL

CENTRAL
PERMIT
BUREAU BY  YAM/BRENDA

SUBTOTAL OF FEES WITH APPLICABLE SURCHARGES    $185.18

SURCHARGE                0.00
BOA SURCHARGE            1.02

SUBTOTAL OTHER FEES
TOTAL    $    $185.18

*SEPARATE PERMITS MUST BE OBTAINED FOR ELECTRICAL, PLUMBING OR OTHER RELATED WORK*

9003.18(Rev 10/95)

### City and County of San Francisco

## DEPARTMENT OF BUILDING INSPECTION

# JOB CARD



OFFICE HOURS: THE BUILDING INSPECTION IS OPEN DAILY, MONDAY THRU FRIDAY,
*FROM 7:30 a.m. TO 5:00 p.m.* DISTRICT BUILDING INSPECTORS KEEP OFFICE HOURS DAILY,
MONDAY THRU FRIDAY, *FROM 7:30 a.m. TO 8:30 a.m. AND FROM 3:00 p.m. TO 4:00 p.m.*

**REQUESTS FOR INSPECTIONS ARE TAKEN ONLY DURING THE HOURS OF
8:30 A.M. TO 3:00 P.M. BY CALLING (415) 558-6096**

APPLICATION NO. _2007 0628 5193_    PERMIT NO. _112656_ ISSUED _____

JOB ADDRESS: _1801 Turk St_    BLOCK: _____ LOT: _____

NATURE OF WORK: _____

_____

_____

WORK PERMITTED UNDER AUTHORITY OF THIS BUILDING PERMIT NUMBER MUST START BY 90 DAYS
AND BE COMPLETED BY _____11-18-07_____.

WORK UNDERWAY MUST BE INSPECTED AT LEAST EVERY NINETY (90) DAYS IN ORDER TO PREVENT EXPIRATION
DUE TO ABANDONMENT OF WORK.

EXTENSIONS OF THE "START" & "COMPLETE WORK" DATES OF THIS BUILDING PERMIT NUMBER MAY BE GRANTED
UPON WRITTEN REQUEST PRIOR TO THE DATES NOTED ABOVE.

For information on the Permit Process, Building Plans Review, Access Issues, etc., please see page 4 of this
JOB CARD for useful and appropriate telephone numbers.

*ELECTRICAL & PLUMBING WORK MUST HAVE PERMITS SEPARATE FROM A BUILDING PERMIT.*

*KEEP THIS CARD POSTED IN A CONSPICUOUS PLACE ON THE JOB SITE AT ALL TIMES.
PLANS AND PERMIT DOCUMENTS SHALL BE ON THE JOB SITE
AT ALL TIMES WHEN WORK IS IN PROGRESS.
AFTER COMPLETION OF WORK, RETAIN THIS CARD FOR YOUR RECORDS.*

CENTRAL PERMIT BUREAU
1660 Mission Street
San Francisco, California 94103

CITY AND COUNTY OF SAN FRANCISCO
DEPARTMENT OF BUILDING INSPECTION
(415)558-6088

Receipt No: 1126563
Application/Permit No: 200706285493

THIS PERMIT IS GRANTED IN ACCORDANCE WITH PROVISIONS OF THE CHARTER AND ORDINANCES OF THE CITY AND COUNTY OF SAN FRANCISCO AND/OR THE CURRENT STANDARD SPECIFICATIONS OF THE DEPARTMENT OF BUILDING INSPECTION

* ADDITIONAL INFORMATION REGARDING SPECIFIC PERMITS IS GIVEN ON THE BACK OF THIS FORM

PERMIT IS GRANTED TO
ERECT  X  ALTER BUILDING          ERECT SIGN   DATE OF ISSUE  18-JUL-07
DEMOLISH BUILDING    GRADE                     FILING FEE RECEIPT # 368865
LOWER CURB    OCCUPY STREET SPACE
EXCAVATE STREET OR SIDEWALK        POST NOTICE
HOUSE NUMBER CERTIFICATE           REPAIR OR CONSTRUCT SIDEWALK

SUPPLEMENTAL FEE PAID:
FINAL PLAN CHECK    EXPEDITER FEE    PENALTY
STRUCTURAL LTR  X   DCP FEE

OWNER:
CLEAR CHANNEL OUTDOOR            (415)642-7722

LOCATION OF JOB:         HOUSE NUMBER:   EXISTING:      ASSIGNED
STREET ADDRESS           1153/001                       BLOCK/LOT
1801 TURK ST

METES AND BOUNDS

FRONTAGE FT    # STORIES   TYPE     R-1   LEGAL OCCUPANCIES
4              5                                      ESTIMATED COST $    3,000.00

BUILDING USE APARTMENTS

SIDEWALK SQ. FT.OS    ST. SPACE LINEAR FT   9 FT. CURB SECT. TO BE LOWERED

WORK MUST COMMENCE ON BUILDING WITHIN   90 days   OF DATE OF ISSUANCE OF THIS PERMIT
UNLESS EXTENSION AUTHORIZED. IF UNDER ENFORCEMENT ORDERS SPECIAL TIME PERIODS WHERE
SPECIFIED WILL APPLY.

TIME FOR COMPLETION OF WORK UNDER THIS BUILDING PERMIT EXPIRES   4 Months   AFTER DATE OF
ISSUANCE. IF UNDER ENFORCEMENT ORDERS SPECIAL TIME PERIODS WHERE SPECIFIED WILL APPLY
(NOTE: STREET SPACE PERMIT EXPIRES ON COMPLETION OF WORK OR WHEN REVOKED BY DIRECTOR OF
PUBLIC WORKS. SEE BACK OF FORM FOR OTHER TIME LIMITS )

SANTOS AND URRUTIA 642-7722

FEE PAYOR
2451 HARRISON ST
ADDRESS
SF CA
CITY

PERMIT  1126563

APPEAL
CENTRAL
PERMIT       BUFKASUSAN
BUREAU 081

                                      FEE
DBI PKG PAID AT FILING       $51.03

AUDITED FOR REFUND

BUILDING                      75.40

SUBTOTAL OF FEES WITH APPLICABLE SURCHARGES

SURCHARGE                      0.00
BOA SURCHARGE                 26.00
                             $101.40

STRONG MOTION                  1.60

SUBTOTAL OTHER FEES            1.60
TOTAL                    $   $103.00

*SEPARATE PERMITS MUST BE OBTAINED FOR ELECTRICAL, PLUMBING OR OTHER RELATED WORK*
S003-1B(Rev 10/95)

CENTRAL PERMIT BUREAU
1660 Mission Street
San Francisco, California 94103

CITY AND COUNTY OF SAN FRANCISCO
DEPARTMENT OF BUILDING INSPECTION
(415)558-6088

Receipt No: 1 1 2 6 6 5 5

Application/Permit No: M 7 8 1 2 5 5

## WARNING

Pursuant to Article 20 of Chapter 10, Part II of the San Francisco Municipal Code (Public Works Code), certain building permits may be issued only after the permittee analyzes the soil for the presence of hazardous wastes and, where applicable, certifies that it has completed site mitigation. No officer, employee, or agency of the City conducted the soil sampling and analysis, recommended site mitigation measures, conducted the site mitigation or checked or verified the reports submitted or work performed for accuracy, reliability or adherence to protocols. In issuing this permit, neither the city nor any of its officers or employees make any representation that the soil on or about the site is free from the presence of hazardous wastes. Nor does the City's implementation of this process relieve any person from their duties and responsibilities relating to hazardous waste contamination under state and federal law. Neither soil analysis pursuant to Article 20 of Public Works Code nor the issuance of this permit is intended to alter, extinguish, or transfer these responsibilities.

## ADDITIONAL INFORMATION

1. **Building Permit**
All requests for extension of time must be in writing to Director, Dept. of Building Inspection. Permits are issued subject to Appeal within 15 days to Board of Permit Appeals. Incur no expenses until right of Appeal has lapsed.

2. **Demolition Permit**
If Demolition involves Abandonment of Side Sewer Permittee must obtain a Side Sewer Permit. The Side Sewer will then be blocked at the Main Sewer.

3. **Permit to Lower Curb/To Excavate in Street or Sidewalk.**
Issued to construct Auto Runway as per Article 15, Public Works Code.
Excavation should be carried out in accordance with Article 8 of Public Works Code.
If issued with Building permit time for completion is same as Building; if issued alone, complete work within 6 months from date of Permit. Void if not started within 6 months.

4. **Street Space Permit.**
No refuse, excavated materials, concrete or mortar is to be disposed of upon Paved Streets, catch basins or into the City sewer system. No material or equipment shall be left on Roadway of Police Tow-Away Zone during hours when Tow-Away Rule is in force. Gutters and Waterways must be kept clear.
All provisions of Section 724.3 of the Public Works Code are incorporated into this permit by reference.
Street and sidewalk areas occupied must not exceed a width 1/2 the width of the sidewalk plus 1/3 the width of the Roadway fronting.

5. **Permit to Repair or Construct Sidewalk.**
Handicap Ramps required in vicinity of Crosswalks per plan No.11,33, 982, Ch. 2. Before beginning any work under this permit contact your Area Inspector Tel. 554-5837. Permit valid for 3 months from date issued, unless extension authorized.
Some sidewalks have been constructed over a subsidewalk basement or other below-ground structure. Issuance of this permit does not limit, modify, or alter in any way the responsibility of the property owner to ensure that such subsidewalk space complies with the San Francisco Building Code, Electrical Code, Fire Code, Mechanical Code, Plumbing Code, Public Works Code, and other Municipal Codes.
In addition, issuance of this permit does not limit the liability of the property owner or permittee for the issuance of this permit or the actions of a third party result in damage to the subsidewalk or sidewalk structure; consequently, permittees proceed at their own risk. The City and County of San Francisco makes no representations that issuance of a sidewalk permit will not directly or indirectly affect a subsidewalk structure. The Department of Building Inspection, in conjunction with the Department of Public Works, issues permits to construct or alter subsidewalk spaces separately from a sidewalk permit. Property owners are encouraged to seek the advice of qualified professionals to independently analyze the structural integrity of subsidewalk space and determine whether such space should be improved or modified.

6. **Hold Harmless Clause.**
The Permittee(s) by acceptance of this permit, agree(s) to indemnify and hold harmless the City and County of San Francisco from and against any and all claims, demands and actions for damages resulting from operations under this permit, regardless of negligence of the City and County of San Francisco, and to assume the defense of the City and County of San Francisco against all such claims, demands and actions.

BOARD OF PERMIT APPEALS STIPULATIONS

# EXHIBIT G

 # McIntosh PROPERTY SERVICES

July 23, 2007

Reed Smith
Scott D. Baker
2 Embarcadero Center
Suite 2000
San Francisco, CA 94111-3922

Dear Mr. Baker,

Thank you for your letter and copy of the permit. We expect that as part of the removal, you will repair any and all damage the installation and removal of the sign has created to the roof and side of the building.

Thank you very much.

Sincerely yours,

Linda K. Erkelens, Owner

APARTMENT RENTALS
REAL ESTATE BROKER

390 ARKANSAS STREET
SAN FRANCISCO
CALIFORNIA 94107-2846
415-826-4011
FAX 415-826-4087
RENTALS@RENTINSF.NET
WWW.RENTINSF.NET

# EXHIBIT H

# ReedSmith

**Christine M. Morgan**
Direct Phone: 415.659.5970
Email: cmorgan@reedsmith.com

Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111-3922
415.543.8700
Fax 415.391.8269

July 25, 2007

**VIA FACSIMILE AND REGULAR MAIL**

Linda K. Erkelens
McInstosh Property Services
390 Arkansas Street
San Francisco, California 94107-2846

Re:    <u>CCO Billboard at 1801 Turk</u>

Dear Ms. Erkelens:

This confirms my voicemail message to you this afternoon in which I advised that work to remove Clear Channel Outdoor's signs, structures and improvements from 1801 Turk will commence first thing in the morning on Monday, July 30, 2007.

Very truly yours,

Christine M. Morgan

cc:    Laura Toncheff, Esq.

DOCSSFO-12485711.1-CMORGAN 7/25/07 3:32 PM

# EXHIBIT I

---

# GLADSTONE & ASSOCIATES

### ATTORNEYS AT LAW
### PENTHOUSE, 177 POST STREET
### SAN FRANCISCO, CALIFORNIA 94108

### TELEPHONE (415) 434-9500
### FACSIMILE (415) 394-5188
### admin@gladstoneassociates.com

---

## FACSIMILE COVER SHEET

TO:      Chris Morgan
         Jared Eigerman

FAX NO:  391.8269/ 399.9480

FROM:    Niall Vignoles, Esq.

DATE:    July 27, 2007                TIME:  4:17 PM

TOTAL NUMBER OF PAGES IN
TRANSMISSION INCLUDING THIS PAGE:    5

CLIENT/MATTER:        **Erkelens – 1801 Turk Street**

COMMENTS:

**Attached is our Notice of Appeal of Clear Channel's permit to remove the sign structure at 1801 Turk Street.  Please feel free to call me to discuss the case.**

NOTE:  THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL, AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL NAMED ABOVE AND OTHERS WHO HAVE BEEN SPECIFICALLY AUTHORIZED TO RECEIVE SUCH.  IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, OR IF YOU DO NOT RECEIVE ALL OF THIS TRANSMISSION, OR HAVE ANY QUESTIONS, PLEASE CALL: 415/434-9500.

s:\clients\erkelens, linda\fax sheet.doc

07/27/2007 16:32 FAX 4153945188                                                    ☑002

BOARD OF APPEALS, CITY & COUNTY OF SAN FRANCISCO                    BOARD OF APPEALS

# PRELIMINARY STATEMENT OF APPEAL

Date            JUL 2 7 2007
Filed:
                                                              APPEAL # _07-128_

I/We, _Linda Erkelens_ ,hereby appeal the following

departmental action: _issuance of BPA # 2007/06/28/5493_ , which was

*(Building Permit Application No.; ZA determination or variance decision; Dept. of Public Works Order No. etc...)*

issued / became effective on: _7/18/07_ , for the property at _1801 Turk St._

## Briefing Schedule:

**Note:** If the following submittal deadlines fall on a weekend or holiday, staff will adjust the date to the next business day.

**Appellant's Brief is due (15) days after date of filing** on or before ___8/13/07___ , 12 pages maximum, double-spaced, with unlimited exhibits, with original and 10 copies delivered to the Board office by 4 p.m., and with additional copies delivered to the other parties the same day.

**Permit Holder's Brief, Respondent's Brief & Other Parties' Brief are due (7) days later** on or before ___8/20/07___ , 12 pages maximum, double-spaced, with unlimited exhibits (including a set of reduced plans for the permit holder's brief), with original and 10 copies delivered to the Board office by 4 p.m., and with additional copies delivered to the other parties the same day.

**Appellant's Reply is due (10) days later** on or before ___8/30/07___ , 6 pages maximum, double-spaced, with unlimited exhibits, with original and 10 copies delivered to the Board office by 4 p.m., and with additional copies delivered to the other parties the same day.

**Hearing Date: Wednesday,** _Oct. 17, 2007_ .

**Place: City Hall, Room 416,** One Dr. Carlton B. Goodlett Place (formerly 301 Polk Street)
**Time: 5:00 p.m.** (Everyone is required to arrive no later than 5:00 p.m., no matter which item their appeal is on the agenda because cases are often withdrawn, rescheduled, and taken out of order)

**All parties** to an appeal must adhere to the briefing schedule above, unless a briefing schedule extension request is granted. **Members of the public and other non-parties,** however, may submit letters of support/opposition no later than the Thursday prior to hearing by 4 p.m., with an original and 10 copies required of all documents submitted. Only photographs or drawings may be submitted at hearing. If you have any questions or problems, please call this office as soon as possible at 415-575-6880.

## DO NOT WRITE ABOVE THIS LINE. FOR STAFF USE ONLY.

The reasons or grounds for this appeal are as follows (please summarize, or continue on 2nd page):

_See attached ._

_____

_____

_____

                                                    _Niall View_
                                                    Signature of Appellant or Agent

C&C of SF, BOA, DEPT. 37, APPROVED SEPT. 2005
Boilerplates, General/Preliminary Statement of Appeal (Stamp Version)

### GLADSTONE & ASSOCIATES
ATTORNEYS AT LAW
PENTHOUSE, 177 POST STREET
SAN FRANCISCO, CALIFORNIA 94108

M. BRETT GLADSTONE

TELEPHONE (415) 434-9500
FACSIMILE (415) 394-5188
admin@gladstoneassociates.com

July 27, 2007

BOARD OF APPEALS

JUL 2 7 2007

APPEAL # 07-128

**Via Hand Delivery**

Board of Appeals
1660 Mission Street, Room 3036
San Francisco, CA 94103

> Re:   **Notice of Appeal of Issuance of Building Permit #200706285493**
>         **1801 Turk Street**

Dear Board Members:

On behalf of the owner of the referenced property, we wish to appeal the issuance of a building permit for the removal of a sign structure at our client's property. Therefore, we respectfully request that the Board rescind the issuance of permit #2007-06-28-5493.

We appreciate your consideration of this matter and reserve the right to submit supplemental material.

Very Truly Yours,

M. Brett Gladstone

cc:     Linda Erkelens

S:\Clients\Erkelens, Linda\Notice of Appeals Ltr.doc

07/27/2007 16:32 FAX 4153945188                                      ☑004

Preliminary Statement of Appeal
1801 Turk Street

1. Clear Channel Outdoor does not have standing to file an application receiving the property owner's approval of the language and drafting of the application.
2. In the permit application, Clear Channel Outdoor incorrectly claims that the property owner has "voluntarily" removed the sign.
3. Clear Channel Outdoor's citations to Planning Code sections in the permit application are incorrect and misleading.

BOARD OF APPEALS

JUL 2 7 2007

APPEAL # _07-128_

07/27/2007 16:32 FAX 4153945188    ☑005

**City and County of San Francisco**                    **Board of Appeals**



# SPECIAL NOTICE TO PARTIES

## SUBMITTALS BY PARTIES

The Board requests that the permit holder's brief have attached to it a **reduced set of drawings** for the project (14" x 17" or larger, so long as the plans are folded into letter or legal size packets), the project's **Negative Declaration**, and any other pertinent Planning Department variance or discretionary review motion or decision. The Superior Court has directed the Board to review a project in light of the **Residential Design Guidelines** and you are encouraged to analyze your plans for the Board accordingly. We recommend you use the Planning Department checklist.

Written materials submitted by the parties should be **tabbed clearly** so that documents can be easily located when referred to in the text during a hearing.

## HEARINGS

All parties or their representatives **must be present** on the scheduled date of hearing. The Rules of the Board state: It shall be the procedure that the time allowed for each party shall not exceed 7 minutes with 3 minutes for rebuttal. Others not employed by or related to a party may speak once for up to 3 minutes. If you are not familiar with the Board of Appeals public hearing procedures, it is recommended that you attend a Board meeting **before** your scheduled hearing to prepare appropriately for your presentation.

## CONTINUATIONS AND RESCHEDULING OF APPEALS

If an appeal is rescheduled prior to hearing, notification will be sent to all parties involved, and adjacent property owners. In the event the Board continues an appeal at a public hearing, **no additional mailed notice** will be sent. Please call this office if you are unclear as to the scheduling of an appeal.

## REQUESTS FOR REHEARING

If the Board does not rule in your favor, you have the right to request a rehearing. Requests for rehearing must be filed within **10 calendar days** from the date of the Board's decision, and may be filed only by the parties in an appeal. Only one request for rehearing may be filed in a case, and only one rehearing is allowed.

**Rules of the Board of Appeals, from Article 5, Section 6:** Except in extraordinary cases, and to prevent manifest injustice, motions for rehearing shall not be made by the Board except where it is shown that new or different material facts or circumstances have arisen, where such facts or circumstances, if known at the time, could have affected the outcome of the original hearing.

For more detailed information on requests for rehearing, please refer to our handout entitled "How to File a Request for Rehearing"; this handout is available at the Board office or on our website at www.sfgov.org/boa (click the link entitled "Appeals Process").

# EXHIBIT J

GLADSTONE & ASSOCIATES
ATTORNEYS AT LAW
PENTHOUSE, 177 POST STREET
SAN FRANCISCO, CALIFORNIA  94108

M. BRETT GLADSTONE

TELEPHONE  (415) 434-9500
FACSIMILE  (415) 394-5188
admin@gladstoneassociates.com

July 26, 2007

**Via US Postal Service and Facsimile: (415) 391-8269**

Scott D. Baker
Reed Smith
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922

RE:  General Advertising Sign at 1801 Turk Street

Dear Mr. Baker:

I write this letter in response to your July 20, 2007 letter to Ms. Erkelens.  Please inform your client, Clear Channel Outdoor (CCO), not to remove the billboard at 1801 Turk Street at this time.

Ms. Erkelens and Advertising Display Systems (ADS) intend to appeal CCO's permit to remove the sign at 1801 Turk Street.  This appeal will be filed with San Francisco's Board of Appeals.  The property owner temporarily suspends any prior authorization for CCO to remove the sign structure from the property.  Should CCO enter onto the property and remove the sign prior to the expiration of the 15-day appeal period or the issuance of the Board of Appeals' final ruling in the above-referenced appeal, CCO does so at its own risk.

Please be advised that Ms. Erkelens does not forfeit, abandon or in any manner surrender her permit or her right to maintain a general advertising sign at this property and specifically forbids CCO from interfering with her entitlements to maintain general advertising signage there.

Should you have any questions or concerns regarding this letter, please do not hesitate to contact me.

Very truly yours,

Brett Gladstone

C:\staging\46A91788-6B52-286BEE\in\46A91788-6B52-286BEE.doc

# EXHIBIT K



**BEVERIDGE & DIAMOND**PC

Kenneth B. Finney
456 Montgomery Street, Suite 1800
San Francisco, CA 94104-1251
Direct: (415) 262-4007
Fax: (415) 262-4040
kfinney@bdlaw.com

December 4, 2007

**VIA E-MAIL & HAND DELIVERY**

Isam Hasenin, PE, CBO
Director, Department of Building Inspection
1660 Mission Street
San Francisco, CA 94103

    **Re:**    **DBI Permit No. 1126563, Building Addition, Alterations or Repairs; General Advertising Sign located at 1801 Turk Street.**

Dear Mr. Hasenin:

This firm represents Clear Channel Outdoor, Inc. ("Clear Channel") with respect to its general advertising sign located at 1801 Turk Street, San Francisco.

I am writing to inform you that Clear Channel hereby terminates its Building Addition, Alterations or Repairs Permit No. 1126563 for the removal of its general advertising sign located at 1801 Turk Street that was issued by the San Francisco Department of Building Inspection on July 18, 2007 to Clear Channel as the lessee and agent of the landowner, Ms. Erkelens, and as the owner of the general advertising sign that is the subject of the Permit. Clear Channel terminates and surrenders the Permit without prejudice to any claim, including without limitation (i) the allegations and defenses asserted in Appeal No. 07-128 and (ii) any and all rights Clear Channel has with respect to the general advertising sign in question, including without limitation its rights under its Lease #07-20264.

Yours truly,

*Kenneth B. Finney*

Kenneth B. Finney

cc via email only:    Larry Kornfield, Chief Building Inspector, DBI
Neil Friedman, Senior Building Inspector, DBI
Larry Badiner, Zoning Administrator, S.F. Planning Dept.
Jonathan Pervis, GA Sign Program, SF Planning Dept.
M. Brett Gladstone, Esq.
Laura Toncheff, Esq., Clear Channel Outdoor, Inc.

Washington, D.C.    Maryland    New York    Massachusetts    New Jersey    Texas    California

# EXHIBIT L



**BEVERIDGE & DIAMOND** PC

Kenneth B. Finney
456 Montgomery Street, Suite 1800
San Francisco, CA  94104-1251
Direct:  (415) 262-4007
Fax:  (415) 262-4040
kfinney@bdlaw.com

November 9, 2007

**VIA E-MAIL AND U.S. MAIL**

Brett Gladstone, Esq.
Gladstone & Associates
177 Post Street, Suite 910
San Francisco, CA  94108

Dear Mr. Gladstone:

As you know, this firm represents Clear Channel Outdoor, Inc. with respect to the general advertising sign located at 1801 Turk Street, San Francisco (the "Sign"). In our phone conversation in the week of October 29th regarding the Sign, I reiterated to you Clear Channel's assertion of ownership and control of the Sign pursuant to Lease #07-20264, which states in pertinent part:

> 8. It is agreed between the parties that Lessee shall remain the owner of all advertising signs, structures, and improvements erected or made by Lessee, and that, notwithstanding the fact that the same constitute real estate fixtures, the Lessee shall have the right to remove said signs, structures, and improvements at any time during the term of the Lease or after the expiration of this Lease.

In that conversation, I asked whether your client -- Ms. Erkelens -- who is the owner and Lessor of the real property at 1801 Turk Street, asserted any claim of ownership or control of the Sign. You declined to answer that question at the time. In light of your failure to clarify Ms. Erkelens' intentions, Clear Channel must again ask whether Ms. Erkelens asserts any claim of ownership or control over the general advertising Sign and/or intends to prevent Clear Channel from entering the 1801 Turk Street property to remove its Sign structure.

Accordingly, Clear Channel asks that you confirm to me in writing by November 16, 2007: (1) that Ms. Erkelens does not assert any claim of ownership or control over the general advertising Sign; and (2) that Ms. Erkelens authorizes Clear Channel to enter 1801 Turk Street and remove its Sign structure. If you do not provide such written confirmation, Clear Channel

Washington, D.C.    Maryland    New York    Massachusetts    New Jersey    Texas    California

BEVERIDGE & DIAMOND PC

Brett Gladstone, Esq.
November 9, 2007
Page 2

will be forced by Ms. Erkelens' prior actions with respect to the Sign to assume and proceed on the basis that Ms. Erkelens does assert such ownership interests over Clear Channel's general advertising Sign and intends to unlawfully interfere with Clear Channel's right to remove its Sign.

Please be further advised that Clear Channel will view any entity's modification or alteration of, or entrance upon, the advertising Sign, including the posting of any advertising on the Sign structure, or attempt to grant any party any rights with respect to the Sign, as an unlawful breach of a written contract, conversion and trespass of chattels with respect to the property of Clear Channel.

Sincerely,

*Kenneth Finney*

Kenneth B. Finney

cc: Laura C. Toncheff, Esq.