Scott D. Baker (SBN 84923)
Email: sbaker@reedsmith.com
James A. Daire (SBN 239637)
Email: jdaire@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA  94120-7936

Telephone:    +1 415 543 8700
Facsimile:    +1 415 391 8269

Attorneys for Plaintiff
Clear Channel Outdoor, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, INC. a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LINDA ERKELENS, an individual,<br><br>Defendant. | Case No.: C 07-06138 JCS (pending reassignment)<br><br>**DECLARATION OF KENNETH B. FINNEY IN SUPPORT OF PLAINTIFF CLEAR CHANNEL OUTDOOR, INC.'S *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>Date:  To Be Determined<br>Time:  To Be Determined<br>Place:  To Be Determined |

Case No.: C 07-06138 JCS                                                                                    DOCSSFO-12493465.2

DECLARATION OF KENNETH B. FINNEY IN SUPPORT OF PLAINTIFF CLEAR CHANNEL OUTDOOR, INC.'S
*EX PARTE* MOTION FOR A TRO AND OSC

I, Kenneth B. Finney, declare:

1. I am attorney at law licensed to practice before the courts of the State of California and am a principal at Beveridge & Diamond, Professional Corporation, attorneys for Plaintiff Clear Channel Outdoor, Inc. ("Clear Channel"). I have personal knowledge of the matters set forth herein, and if called as a witness, could and would completely testify to them.

2. On July 26, 2007, Clear Channel received notice of Linda Erkelens' intent to appeal the "Building Additions, Alterations or Repairs" permit (the "Removal Permit") issued by the San Francisco Department of Building Inspection ("DBI"). According to Ms. Erkelens' counsel, Advertising Display Signs, 1, LLC ("ADS"), Clear Channel's direct competitor, would join the appeal.

3. On the evening of October 17, 2007, Ms. Erkelens' appeal came on for hearing before the San Francisco Board of Appeals ("the Board"). The Board issued no substantive ruling on the appeal and instead continued the hearing until December 12, 2007, asking that the parties attempt to negotiate a settlement of their dispute. During the hearing, the Board confined all discussion to the application and issuance of the Removal Permit. Indeed, the Board expressly declined to consider any private agreement between Clear Channel and Ms. Erkelens, including the Lease, in connection with the appeal. A true and correct transcript of the relevant portions of the Board's declination to consider all private agreements between the parties is attached hereto as Exhibit A.

4. On December 4, 2007, Clear Channel terminated and surrendered the Removal Permit, thereby mooting Ms. Erkelens' appeal of the Removal Permit. A true and correct copy of Clear Channel's terminating letter is attached hereto as Exhibit B.

5. On November 9, 2007, I wrote to counsel for Ms. Erkelens, M. Brett Gladstone, in an effort to clarify whether Ms. Erkelens presently acknowledges Clear Channel's sole ownership and

right to remove the sign structure (as she had in earlier correspondence), or whether she claims a right to own and/or remove the sign structure for herself (as she asserted during her appeal). I specifically informed Mr. Gladstone that, without such clarification, Clear Channel would assume and proceed on the basis that Ms. Erkelens does assert ownership interests in the sign structure and will continue to prohibit Clear Channel from entering the Turk Street Property for the purposes of removing the sign. A true and correct copy of my November 9, 2007 letter is attached hereto as Exhibit C.

6. Mr. Gladstone replied in a November 20, 2007 letter, but failed to clarify Ms. Erkelens' position with respect to ownership and control of the sign. Instead, he asserted without explanation that appeared to him that Clear Channel was acting in "bad faith" and refusing to negotiate. A true and correct copy of Mr. Gladstone's November 20, 2007 letter is attached hereto as Exhibit D.

7. I responded to Mr. Gladstone on November 28, 2007, explaining that Clear Channel was proceeding in good faith and awaiting a proposal from his client regarding a new lease. I also explained that in part, Ms. Erkelens' earlier reversal on the issue of ownership of the sign prompted Clear Channel's request for clarification. A true and correct copy of my November 28, 2007 letter is attached hereto as Exhibit E. Ms. Erkelens has refused to: (a) acknowledge Clear Channel's property rights; and (b) authorize Clear Channel to enter the Turk Street Property as of this date.

///

///

1  I declare under penalty of perjury under the laws of the United States that the foregoing is
2  true and correct.

4  Executed on December 5, 2007 at San Francisco, California.

*[signature: Kenneth B. Finney]*

Kenneth B. Finney DOCSSFO-12500465.1

# EXHIBIT A

Page 1

--oOo--

BOARD OF APPEALS

CITY AND COUNTY OF SAN FRANCISCO

STATE OF CALIFORNIA

LINDA ERKELENS,

      Appellants(s)

vs.                    APPEAL NO. 07-128

DEPARTMENT OF BUILDING,    ITEM (11)
INSPECTION,

      Respondent

         /

--oOo--

WEDNESDAY, OCTOBER 17, 2007

1801 Turn Street. Protesting the issuance on July 18, 2007, to Clear Channel Outdoor, Permit to Alter a Building (on 21-unit razing and demolition of non-conforming, non -- complying general advertising sign per plans).

APPLICATION NO. 2007/06/28/5493

--oOo--



1                          --oOo--

2                      A P P E A R A N C E S

3

4

5    PRESIDENT RANDALL KNOX

6    VICE PRESIDENT MICHAEL GARCIA

7    COMMISSIONER KATHARINE ALBRIGHT

8    COMMISSIONER FRANK FUNG (ABSENT)

9    COMMISSIONER ROBERT HAALAND

10

11

12   EXECUTIVE SECRETARY:   ROBERT FELDMAN

13   MONITOR:  VICTOR PACHECO

14   COURT REPORTER:    DAVID DISBROW, CSR

15

16

17

18

19

20

21

22

23

24

25

Page 36

1  really sure what we can do but I'm not really willing to
2  let go of this yet.
3            COMMISSIONER ALBRIGHT:  I would agree
4  that the matter before us is a very strong equity
5  matter.
6            Even though I am a lawyer, I can say that.
7  I do believe we have the authority to decide these cases
8  based on equity.
9            I do think that we have as indicated in the
10 last case very strong legal bases, also, to rule in this
11 case against Clear Channel and, just for the record,
12 I'll articulate those briefly one more time which is
13 that under 604(h), I appreciate Mr. Finney's arguments.
14           I respectfully disagree.  I do think that we
15 have the ability.  I don't think the Code as written is
16 entirely clear on the definition of owner and because we
17 don't look to private agreements, we can equally
18 interpret that word "owner" to be the property owner or
19 the sign owner.
20           In this case, I think that the language is
21 clear that it would be the sign owner.
22           I think... I don't think we have to go to
23 183 but I'll just put it in there for good measure that
24 under 183, I don't see any intent to abandon this
25 property by the owner.

# EXHIBIT B



# BEVERIDGE & DIAMOND PC

Kenneth B. Finney
456 Montgomery Street, Suite 1800
San Francisco, CA 94104-1251
Direct: (415) 262-4007
Fax: (415) 262-4040
kfinney@bdlaw.com

December 4, 2007

**VIA E-MAIL & HAND DELIVERY**

Isam Hasenin, PE, CBO
Director, Department of Building Inspection
1660 Mission Street
San Francisco, CA 94103

Re:   DBI Permit No. 1126563, Building Addition, Alterations or Repairs; General Advertising Sign located at 1801 Turk Street.

Dear Mr. Hasenin:

This firm represents Clear Channel Outdoor, Inc. ("Clear Channel") with respect to its general advertising sign located at 1801 Turk Street, San Francisco.

I am writing to inform you that Clear Channel hereby terminates its Building Addition, Alterations or Repairs Permit No. 1126563 for the removal of its general advertising sign located at 1801 Turk Street that was issued by the San Francisco Department of Building Inspection on July 18, 2007 to Clear Channel as the lessee and agent of the landowner, Ms. Erkelens, and as the owner of the general advertising sign that is the subject of the Permit. Clear Channel terminates and surrenders the Permit without prejudice to any claim, including without limitation (i) the allegations and defenses asserted in Appeal No. 07-128 and (ii) any and all rights Clear Channel has with respect to the general advertising sign in question, including without limitation its rights under its Lease #07-20264.

Yours truly,

Kenneth B. Finney

cc via email only:   Larry Kornfield, Chief Building Inspector, DBI
Neil Friedman, Senior Building Inspector, DBI
Larry Badiner, Zoning Administrator, S.F. Planning Dept.
Jonathan Pervis, GA Sign Program, SF Planning Dept.
M. Brett Gladstone, Esq.
Laura Toncheff, Esq., Clear Channel Outdoor, Inc.

Washington, D.C.   Maryland   New York   Massachusetts   New Jersey   Texas   California

# EXHIBIT C



**BEVERIDGE & DIAMOND**pc

Kenneth B. Finney
456 Montgomery Street, Suite 1800
San Francisco, CA 94104-1251
Direct: (415) 262-4007
Fax: (415) 262-4040
kfinney@bdlaw.com

November 9, 2007

<u>**VIA E-MAIL AND U.S. MAIL**</u>

Brett Gladstone, Esq.
Gladstone & Associates
177 Post Street, Suite 910
San Francisco, CA 94108

Dear Mr. Gladstone:

As you know, this firm represents Clear Channel Outdoor, Inc. with respect to the general advertising sign located at 1801 Turk Street, San Francisco (the "Sign"). In our phone conversation in the week of October 29th regarding the Sign, I reiterated to you Clear Channel's assertion of ownership and control of the Sign pursuant to Lease #07-20264, which states in pertinent part:

> 8. It is agreed between the parties that Lessee shall remain the owner of all advertising signs, structures, and improvements erected or made by Lessee, and that, notwithstanding the fact that the same constitute real estate fixtures, the Lessee shall have the right to remove said signs, structures, and improvements at any time during the term of the Lease or after the expiration of this Lease.

In that conversation, I asked whether your client -- Ms. Erkelens -- who is the owner and Lessor of the real property at 1801 Turk Street, asserted any claim of ownership or control of the Sign. You declined to answer that question at the time. In light of your failure to clarify Ms. Erkelens' intentions, Clear Channel must again ask whether Ms. Erkelens asserts any claim of ownership or control over the general advertising Sign and/or intends to prevent Clear Channel from entering the 1801 Turk Street property to remove its Sign structure.

Accordingly, Clear Channel asks that you confirm to me in writing by November 16, 2007: (1) that Ms. Erkelens does not assert any claim of ownership or control over the general advertising Sign; and (2) that Ms. Erkelens authorizes Clear Channel to enter 1801 Turk Street and remove its Sign structure. If you do not provide such written confirmation, Clear Channel

BEVERIDGE & DIAMOND PC

Brett Gladstone, Esq.
November 9, 2007
Page 2

will be forced by Ms. Erkelens' prior actions with respect to the Sign to assume and proceed on the basis that Ms. Erkelens does assert such ownership interests over Clear Channel's general advertising Sign and intends to unlawfully interfere with Clear Channel's right to remove its Sign.

Please be further advised that Clear Channel will view any entity's modification or alteration of, or entrance upon, the advertising Sign, including the posting of any advertising on the Sign structure, or attempt to grant any party any rights with respect to the Sign, as an unlawful breach of a written contract, conversion and trespass of chattels with respect to the property of Clear Channel.

Sincerely,

*Kenneth Finney*

Kenneth B. Finney

cc: Laura C. Toncheff, Esq.

# EXHIBIT D

@001

**GLADSTONE & ASSOCIATES**
ATTORNEYS AT LAW
PENTHOUSE, 177 POST STREET
SAN FRANCISCO, CALIFORNIA 94108

M. BRETT GLADSTONE

TELEPHONE (415) 434-9500
FACSIMILE (415) 394-5168
admin@gladstoneassociates.com

November 20, 2007



**VIA FAX (415) 262-4040 & US MAIL**

Kenneth Finney
Beveridge and Diamond, PC
456 Montgomery Street, Suite 1800
San Francisco, CA 94104-1251

    RE: Sign Structure at 1801 Turk Street

Dear Mr. Finney:

I am surprised at the tone and content of your November 9, 2007 letter. It appears that your client is acting in bad faith of the Board of Appeals' directive to use the hearing continuance to negotiate for the transfer of any and all rights to the sign at 1801 Turk Street. Please explain the need for response from us by the date you named. The entirety of your letter was focused on preparing for threatened future litigation instead of engaging in settlement negotiations.

Ms. Erkelens would be pleased to pay Clear Channel some small sum to forever settle this matter, as directed by the Board to attempt to do. Please let me know if Clear Channel wishes to engage in good faith settlement negotiations, and if it does, please sign the attached. I can assure you that the billboard will not be touched before a final Board decision.

                                               Very truly yours,

                                               M. Brett Gladstone

Enclosure:   Confidentiality Agreement.

cc:     Client

S:\Clients\Erkelens, Linda\111307 Response Letter to Ken Finney.doc

## Nondisclosure and Confidentiality Agreement

WHEREAS, Clear Channel Outdoor (CCO) agrees to negotiate in good faith with Linda Erkelens regarding CCO's concerns and desires regarding the Board of Appeals actions as to the billboard at Ms. Erkelens's property at 1801 Turk Street in San Francisco; and

WHEREAS, Linda Erkelens agrees to negotiate in good faith with CCO regarding Ms. Erkelens's concerns and desires regarding the Board of Appeals actions as to the billboard at Ms. Erkelens's property at 1801 Turk Street in San Francisco; and

WHEREAS, CCO and Ms. Erkelens agree that the goals of settlement negotiations hereafter will be furthered if statements and communications made during and in furtherance of these settlement negotiations are kept confidential and not disclosed to anyone besides the parties and their counsel.

THEREFORE, CCO and Ms. Erkelens agree that all statements and written communications made hereafter by either party to the other (whether directly or through attorneys) during and in furtherance of settlement negotiations will not be disseminated to the public in anyway, nor will such statements or communications be published to any City Agency or Commission or Officials or to any City, State, or Federal tribunal. Should a City, State, or Federal tribunal order the publications of such statement, the party ordered to so publish shall make every reasonable effort to first inform the other party that that a covered statement or communication has been so ordered to be published, thus providing the other party an opportunity to file an objection with the tribunal or otherwise move to have the statement or communication remain undisclosed. Notwithstanding the above, each party may advise the Board of Appeals as to why it believes settlement was not achieved if it was not achieved, as long as such statements do not include details of monetary sums offered or demanded for settlement.

This Agreement and its validity, construction and effect shall be governed by the laws of the State of California. Signatories may sign on separate pages. Facsimile copies of signatures are valid as original signatures.

APPROVED AS TO FORM:

Date:_____

By_____
COUNSEL FOR CCO


AGREED AND ACCEPTED BY:

Date:_____

By_____
CCO

S:\Clients\Erkelens, Linda\111607 Nondisclosure Agreement.doc

APPROVED AS TO FORM:

Date:_____

By_____
COUNSEL FOR LINDA ERKELENS

AGREED AND ACCEPTED BY:

Date:_____

By_____
     LINDA ERKELENS

# EXHIBIT E


**BEVERIDGE
& DIAMOND**PC

Kenneth B. Finney
456 Montgomery Street, Suite 1800
San Francisco, CA 94104-1251
Direct: (415) 262-4007
Fax: (415) 262-4040
kfinney@bdlaw.com

November 28, 2007

**VIA E-MAIL AND U.S. MAIL**

Brett Gladstone, Esq.
Gladstone & Associates
177 Post Street, Suite 910
San Francisco, CA 94108

Dear Mr. Gladstone:

  I am in receipt of your letter of November 20, 2007. I want to assure you that Clear Channel is proceeding in good faith with respect to the request of the SF Board of Appeals that Clear Channel and Ms Erkelens discuss ways in which the billboard at 1801 Turk Street could again generate income for Ms Erkelens and Clear Channel. As you know, I telephoned you the week of October 29, 2007 to discuss ways in which that could occur. In that call I pointed out that Board Member Garcia stated at the October 17th Hearing that he believed that there existed a way in which Ms. Erkelens could assume all liability arising out of the continued operation of the sign and insulate Clear Channel from any potential future litigation with respect to the sign. In our phone conversation I asked whether you had devised such an agreement and you stated that you saw no way to completely insulate Clear Channel from the risk of future litigation arising from the sign. You further stated that in the alternative Ms. Erkelens was prepared to pay Clear Channel a small sum for the sign and that Clear Channel should simply accept the risk of future litigation arising from her operation of the sign over the coming decades. As I stated to you then, that form of offer is not acceptable to Clear Channel. In response I suggested the possibility that Ms. Erkelens could enter into a new lease agreement with Clear Channel and asked for a proposal from you regarding a new lease. You have not provided such a proposal as of the date of this letter.

  Regarding your proposed settlement negotiation confidentiality agreement, it seems to us that several revisions are needed and we are preparing the revised document. I will send the revision to you under separate cover.

Washington, D.C. Maryland New York Massachusetts New Jersey Texas California

**BEVERIDGE & DIAMOND**pc

Brett Gladstone, Esq.
November 28, 2007
Page 2

      Regarding my letter to you of November 9, 2007, it makes perfect sense that Clear Channel would seek clarification from Ms. Erkelens as to whether she claims a legal right of control or ownership over the sign. Her actions on May 31, 2007 to order Clear Channel to remove its sign from her property at 1801 Turk Street and on July 23, 2007 to confirm that request in writing <u>after</u> having received and reviewed the Alternation Permit issued by the City to Clear Channel, constituted an acknowledgment of Clear Channel's control and ownership of its sign, and its right to remove it, pursuant to the Lease. However, three days after your client affirmed in writing Clear Channel's ownership rights, your client filed an appeal based on erroneous allegations of her legal rights with respect to the sign and of the procedure to be followed by Clear Channel in its application to remove its sign. The affect of that Appeal is to deny Clear Channel access and control over its sign. We believe that your client is attempting to convert to her own use property owned by Clear Channel. My letter of November 9, 2007 sought to clarify your client's claims. By declining to respond to my request, you appear to have provided that clarification.

      Clear Channel remains open to negotiations over a renewal of its lease, but Clear Channel will be compelled to take legal action to prevent any effort by Ms. Erkelens to deny it access to or control over its sign. (In that regard, at the hearing before the SF Board of Appeals you acknowledged that a dispute over the ownership and right to remove the sign would likely end up in civil litigation and that such litigation would ensure that any competing claims of ownership and control would be fully resolved. (Video transcript of the 10/17/07 hearing at the 4:40:00 mark.)

                                        Sincerely,

                                        */s/ Kenneth Finney*

                                        Kenneth B. Finney

cc: Laura C. Toncheff, Esq.