1   Scott D. Baker (SBN 84923)
    *Email: sbaker@reedsmith.com*
2   James A. Daire (SBN 239637)
    *Email: jdaire@reedsmith.com*
3   REED SMITH LLP
    Two Embarcadero Center, Suite 2000
4   San Francisco, CA  94111-3922

5
    **Mailing Address:**
6   P.O. Box 7936
    San Francisco, CA  94120-7936
7
    Telephone:    +1 415 543 8700
8   Facsimile:    +1 415 391 8269

9   Attorneys for Plaintiff
    Clear Channel Outdoor, Inc.

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12              SAN FRANCISCO DIVISION

13
    CLEAR CHANNEL OUTDOOR, INC. a          Case No.:  C 07-06138 JCS (pending
14  Delaware Corporation,                  reassignment)

15                    Plaintiff,    .      **DECLARATION OF PATRICK POWERS
                                           IN SUPPORT OF PLAINTIFF CLEAR
16        vs.                              CHANNEL OUTDOOR, INC.'S *EX PARTE*
                                           MOTION FOR A TEMPORARY
17  LINDA ERKELENS, an individual,         RESTRAINING ORDER AND AN ORDER
                                           TO SHOW CAUSE RE PRELIMINARY
18                    Defendant.           INJUNCTION**

19                                         Date:  To Be Determined
                                           Time:  To Be Determined
20                                         Place:  To Be Determined

21

22

23

24

25

26

27

28

DECLARATION OF PATRICK POWERS IN SUPPORT OF PLAINTIFF CLEAR CHANNEL OUTDOOR, INC.'S *EX PARTE* MOTION FOR A TRO AND OSC

I, Patrick Powers, declare as follows:

1.      I am employed by Plaintiff Clear Channel Outdoor, Inc. ("Clear Channel") as its Real Estate Manager for the Northern California Division.  I have personal knowledge of the facts set forth in this Declaration, and if called to do so, could and would competently testify to those facts. As indicated with regard to certain facts, my knowledge is on information and belief, and as to those matters, I believe them to be true.

2.      Clear Channel is a corporation organized under the laws of the State of Delaware with its principal place of business at 2201 East Camelback Rd. Suite 500, Phoenix, Arizona.

3.      Clear Channel is in the business of outdoor advertising.  It offers advertising on traditional and non-traditional advertising media, including billboard advertising, posters, street furniture, mall/retail advertising, airport advertising and mobile/transit advertising.  Clear Channel manages and maintains sign structures for advertising purposes throughout the world, including in the City of San Francisco.

4.      Defendant Linda Erkelens is the current owner of the property at 1801 Turk Street, San Francisco, California (the "Turk Street Property").  Clear Channel owns an outdoor advertising sign structure at the Turk Street Property.  Through its predecessors-in-interest, Clear Channel has maintained a sign structure there for nearly fifty years.

5.      On January 1, 1984 the predecessors-in-interest of Clear Channel as Lessee and Erkelens as Lessor entered into a lease ("the Lease") for the purpose of continuing to maintain an advertising sign on the upper-west wall of the building at the Turk Street Property.  A true and correct copy of the Lease is attached hereto as Exhibit A.

DECLARATION OF PATRICK POWERS IN SUPPORT OF PLAINTIFF CLEAR CHANNEL OUTDOOR, INC.'S *EX PARTE* MOTION FOR A TRO AND OSC

1    6.    The original term of the Lease was five years commencing on January 1, 1984. By its

2  express terms, as set forth in Paragraph 7, the Lease was to "continue in full force and effect for its

3  term and thereafter for subsequent successive like [five year] terms unless terminated at the end of

4  such term or any successive like term upon written notice by the Lessor or Lessee served sixty (60)

5  days before the end of such term or subsequent like term."

6

7    7.    The Lease provides in Paragraph 8 that the "Lessee [Clear Channel] shall remain the

8  owner of all advertising signs, structures, and improvements erected or made by Lessee [Clear

9  Channel], and that, notwithstanding the fact that the same constitute real estate fixtures, the

10 Lessee[Clear Channel] shall have the right to remove said signs, structures, and improvements at any

11 time during the term of the Lease, or after the expiration of this Lease." Lease ¶8 (emphasis added).

12

13   8.    The Lease also provides in Paragraph 11 that "This lease is binding upon and inures

14 to the benefit of the heirs, executors, successors and assigns of Lessee and Lessor."

15

16   9.    On July 2, 1990, Clear Channel's predecessor-in-interest (Patrick Media Group, Inc.)

17 and Erkelens' predecessor-in-interest (Los Dos Investment Co.) increased the annual rent and

18 changed the term of the Lease to seven years. The Parties specified that "[a]ll other terms and

19 conditions of the existing lease shall remain the same." A true and correct copy of the July 2, 1990

20 letter amendment is attached hereto as Exhibit B.

21

22   10.    On August 21, 2002, Clear Channel and Erkelens' predecessor-in-interest (Maven

23 Investments) agreed to another amendment whereby the rent increased and the term of the Lease

24 reverted to five years. The Parties again specified in writing that "[a]ll other terms and conditions of

25 the existing Lease Agreement dated January 1, 1984 shall remain the same." A true and correct

26 copy of the August 21, 2002 letter amendment is attached hereto as Exhibit C.

27

28

1    11.    I am informed and believe that Erkelens succeeded to ownership of the Turk Street

2  Property from Maven Investments during the term of the August 22, 2002 letter amendment. I am

3  further informed and believe that as of the date the sale was approved, the sign structure on the Turk

4  Street Property prominently displayed Clear Channel's name.

5

6    12.    On May 31, 2007, Erkelens sent a purported notice to terminate the Lease effective

7  July 31, 2007 ("the Termination Notice"). Erkelens recognized that the billboard on the Turk Street

8  Property is Clear Channel's property and that Clear Channel has the right to remove the structure

9  upon expiration of the Lease if it so chose. Pursuant to Paragraph 8 of the Lease, Erkelens asked

10 Clear Channel to "make arrangements to remove the billboard and [] lock box from our gate by [July

11 31, 2007]." A true and correct copy of the Termination Notice is attached hereto as Exhibit D.

12

13    13.    In response to the Termination Notice, Clear Channel chose to remove the sign

14 structure from the Turk Street Property, as was its right under the Lease. Clear Channel applied to

15 the Department of Building Inspection ("the DBI") for a permit to remove the sign structure. In

16 accordance with DBI policy and practice, Clear Channel applied for a "Building Additions,

17 Alterations or Repairs" permit (the "Removal Permit") and the DBI issued the Removal Permit on

18 July 18, 2007. On July 20, 2007, Clear Channel, through its outside counsel, sent a letter to Erkelens

19 along with a copy of the Removal Permit. A true and correct copy of Clear Channel's July 20, 2007

20 letter (including the Removal Permit) is attached hereto as Exhibit E.

21

22    14.    In the July 20, 2007 letter, Clear Channel advised Erkelens that it would exercise its

23 rights to remove its sign structure from the Turk Street Property commencing July 30, 2007. Clear

24 Channel further stated that Defendant was not authorized to use Clear Channel property for any

25 purpose and that she was not authorized to retain permit no. 214477. In addition, Clear Channel

26 informed Erkelens that, under the San Francisco Planning Code, the sign structure could not be

27 rebuilt once Clear Channel removed it. In light of Clear Channel's need to schedule equipment and

28 personnel to remove the sign structure, it asked Erkelens to provide a response, if any, in writing and

DECLARATION OF PATRICK POWERS IN SUPPORT OF PLAINTIFF CLEAR CHANNEL OUTDOOR, INC.'S *EX PARTE* MOTION FOR A TRO AND OSC

1    no later than July 24, 2007. Clear Channel further advised Erkelens that it would deem her silence to

2    be acquiescence to Clear Channel's removal of the property, as she herself had originally requested.

3

4        15.    In a July 23, 2007 response, Erkelens acknowledged receipt of the Removal Permit.

5    She raised no objection to the Removal Permit. Instead, Erkelens informed Clear Channel that she

6    expected it to repair any and all damage "the installation and removal" of the sign created. Again,

7    Erkelens recognized that the sign structure is the property of Clear Channel and that Clear Channel

8    has authority in its sole discretion to remove the sign structure upon expiration of the lease. A true

9    and correct copy of Erkelens' July 23, 2007 letter is attached hereto as Exhibit F.

10

11       16.    Relying on Erkelens' letters and confirmation that Clear Channel could proceed

12   without interference letter, I scheduled Clear Channel Operations equipment and personnel to

13   remove the sign structure at the Turk Street Property. In addition, Clear Channel sent another letter

14   to Defendant confirming again that removal of Clear Channel's sign structure would commence first

15   thing the morning of Monday, July 30, 2007. A true and correct copy of Clear Channel's final

16   confirming letter is attached hereto as Exhibit G.

17

18       17.    On July 26, 2007, however, Erkelens, through her outside counsel, sent a letter to

19   Clear Channel informing it that Erkelens intended to appeal the Removal Permit before the San

20   Francisco Board of Appeals. The letter failed to offer any reason for the appeal and did not explain

21   why Erkelens had earlier accepted the Removal Permit without objection. A true and correct copy

22   of Erkelens' notice of appeal is attached hereto as Exhibit H.

23

24       18.    Erkelens did disclose that she intended to file the appeal of the Removal Permit

25   together with Advertising Display Signs, 1, LLC ("ADS"), a direct competitor of Clear Channel.

26   Erkelens also purported to "suspend[] any prior authorization for [Clear Channel] to remove the sign

27   structure from the property." Erkelens asserted for the first time that she owns the right to maintain

28   a general advertising sign at the Turk Street Property. Contrary to her earlier acknowledgment of

DECLARATION OF PATRICK POWERS IN SUPPORT OF PLAINTIFF CLEAR CHANNEL OUTDOOR, INC.'S *EX
PARTE* MOTION FOR A TRO AND OSC

1    Clear Channel's right to remove the sign structure, Erkelens now "forb[ade] [Clear Channel] from

2    interfering with her entitlements to maintain general advertising signage there." A true and correct

3    copy of Erkelens' notice of appeal is attached hereto as Exhibit I.

4

5        19.    Clear Channel will suffer irreparable injury if the requested restraining order is not

6    issued. Specifically, the Turk Street Property location for Clear Channel's sign structure cannot be

7    replaced. Clear Channel would not be able to replace the economic opportunity at the Turk Street

8    Property with another location because a San Francisco ordinance prohibits the erection of new signs

9    in San Francisco. Furthermore, Clear Channel's ownership of the sign structure itself is a unique

10   property right that cannot be adequately compensated with monetary damages. Worse, if the

11   requested relief is not granted, Clear Channel's direct competitor ADS will, in effect, be able to

12   profit from Clear Channel's unique property, despite the fact that it has no legal right to do so.

13

14       20.    By contrast, if the requested restraining order is issued, no harm will result to

15   Erkelens. Erkelens voluntarily terminated the Lease. Further, if the requested relief is granted,

16   Erkelens will simply be restrained from making use of and/or granting others the right to use

17   property to which she has no legal right.

18

19   ///

20

21   ///

22

23   ///

24

25   ///

26

27

28

DECLARATION OF PATRICK POWERS IN SUPPORT OF PLAINTIFF CLEAR CHANNEL OUTDOOR, INC.'S *EX PARTE* MOTION FOR A TRO AND OSC

1         I declare under penalty of perjury under the laws of the United States that the foregoing is

2    true and correct.

3

4         Executed on 12/5, 2007 at Oakland     , California.

5

6                       Patrick Powers

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.:  C 07-06138 JCS              – 6 –                DOCSSFO-12493437.1

DECLARATION OF PATRICK POWERS IN SUPPORT OF PLAINTIFF CLEAR CHANNEL OUTDOOR, INC.'S *EX PARTE* MOTION FOR A TRO AND OSC

# EXHIBIT A

**Foster & Kleiser**
A METROMEDIA COMPANY

#07-20264

LCF-1 (5-77)

Date_____

1. The undersigned, as Lessor, hereby leases and grants exclusively to Foster and Kleiser, Division of Metromedia, Inc., as Lessee, the property (with free access to and upon same) located in the City of ___San Francisco___
County of ___San Francisco___, State of ___California___, described as:

___1801 Turk Street SL 100' W/o Divisadero___

___Assessor's Block 1153, Lot 1 (125' x 150')___

as per map thereof recorded in the Office of the County Recorder of ___San Francisco___ County, State of ___California___, for a term of ___Five (5)___ years from ___January 1___ 19___84___, for the purpose of erecting and maintaining advertising signs thereon, including necessary supporting structures, devices, illumination facilities and connections, service ladders, and other appurtenances thereon.

2. Lessee shall pay to the Lessor rental in the amount of ___Eight hundred forty and no/100___ ------------------- ($ 840.00 ) Dollars per year, payable on a monthly basis. Prior to construction and for the entire period during which no advertising copy is being displayed on the property by Lessee, the rental shall be Ten ($10.00) Dollars.

3. Lessee shall save the Lessor harmless from all damage to persons or property by reason of accidents resulting from the negligent acts of its agents, employees or others employed in the construction, maintenance, repair or removal of its signs on the property.

4. Lessor agrees that he, his tenants, agents, employees, or other persons acting in his or their behalf shall not place or maintain any object on the property or on any neighboring property which would in any way obstruct or impair the view of Lessee's sign structures. If such an obstruction or impairment occurs, the Lessee, without limiting such other remedies as may be available, has the option of requiring the Lessor to remove said obstruction or impairment, or the Lessee may itself remove the obstruction or impairment charging the cost of said removal to the Lessor, or the Lessee may reduce the rental herein paid to the sum of Five ($5.00) Dollars per year so long as such obstruction or impairment continues.

5. If the view of Lessee's signs is obstructed or impaired in any way, or if the value of such signs is diminished by reason of diversion or reduction of vehicular traffic, or if the use of any such signs is prevented or restricted by law, or if for any reason a building permit for erection or modification of any such signs is refused, the Lessee may immediately, at its option, adjust the rental in direct proportion to the decreased value of the leased premises for advertising purposes resulting from any of the foregoing circumstances, or may terminate the lease and receive adjustment for all rent paid for the unexpired term.

6. If Lessee is prevented by law, or government or military order, or other causes beyond Lessee's control from illuminating its signs, the Lessee may reduce the rental provided by paragraph 2 by one-half (½), with such reduced rental to remain in effect so long as such condition continues to exist.

7. This Lease shall continue in full force and effect for its term and thereafter for subsequent successive like terms unless terminated at the end of such term or any successive like term upon written notice by the Lessor or Lessee served sixty (60) days before the end of such term or subsequent like term, provided that Lessee shall have the right to terminate the Lease at the end of any sixty day period upon written notice to Lessor served not less than sixty (60) days prior to the end of such sixty day period. Lessor shall have the right to terminate the Lease at any time during the period of this Lease if the Lessor is to improve the unimproved property by erecting thereon a permanent private commercial or residential building. Lessee shall remove its signs within sixty (60) days after receipt of a copy of the applicable building permit. The Lessor will, upon giving such notice of building, return to the Lessee all rent paid for the unexpired term plus the total cost of the construction and the removal of Lessee's signs, less 1/180th of such cost for each full month of this Lease prior to the notice of termination. If Lessor fails to commence the erection of the private commercial or residential building within sixty (60) days after Lessee removes its signs, Lessee shall again have the right to occupy the premises and maintain advertising signs subject to the provisions of this Lease. If any portions of the property are not to be utilized for such building, the Lessee has the option to use the remaining portion on the same terms, except that the rent shall be proportionately reduced.

8. It is agreed between the parties that Lessee shall remain the owner of all advertising signs, structures, and improvements erected or made by Lessee, and that, notwithstanding the fact that the same constitute real estate fixtures, the Lessee shall have the right to remove said signs, structures, and improvements at any time during the term of the Lease, or after the expiration of this Lease.

9. This lease shall constitute the sole agreement of the parties relating to the lease of the above described premises. Neither party will be bound by any statements, warranties, or promises, oral or written, unless such statements, warranties or promises are set forth specifically in this Lease.

10. The word "Lessor" as used herein shall include Lessors. This lease is binding upon and inures to the benefit of the heirs, executors, successors, and assigns of Lessee and Lessor.

11. Lessor represents that he is the owner(s) ☒ tenant(s) ☐ other(s) ☐ of the property covered by this Lease and has the authority to execute this Lease. All rents to be paid pursuant to this Lease, and all notices are to be forwarded to the undersigned Lessor at the address noted below the Lessor's signature.

EXECUTED by the Lessor in the presence of_____ who is hereby requested to sign as witness.

WITNESS: _____

LESSOR(S)
X _Sue Moxon_
___Los Dos Investment Co.___
Address: ___440 West Live Oak___
___Mill Valley, CA 94941___
BY: Sue Moxon

ACCEPTED: FOSTER AND KLEISER
Division of Metromedia, Inc.

By: _____
JAMES G. HUGHES
Title: _____

# EXHIBIT B

# patrick

## PATRICK MEDIA GROUP, INC.

1601 MARITIME ST., OAKLAND, CA 94607 (415) 835-5900

July 2, 1990

Los Dos
Attn: Susan Moxon
208 Benson Circle
Mill Valley, CA 94941

     RE:  Lease #15-20264, San Francisco
          1801 Turk Street (SL 100' W/o Divisadero)

Dear Ms. Moxon:

    This letter is in reference to your recent conversation with our Real Estate Representative, Gregg Machon, regarding the advertising structure at the subject location.

    It is agreeable to Patrick Media Group Inc. to increase the annual rental to $1,320.00, payable monthly effective July 1, 1990. Effective July 1, 1994 the annual rental will be increased to $1,500.00, payable monthly.  The term of this agreement will be for seven years.  All other terms and conditions of the existing lease shall remain the same.

    If this meets with your approval, please have the original of this letter signed and returned to this office for processing.  An envelope has been provided for your convenience.  The copy is to be retained for your records.

    Should you have any questions concerning this agreement, please contact me.  Your cooperation in this matter is certainly appreciated.

                    Yours truly,

                    James G. Hughes
                    Manager
                    Real Estate Department

ACCEPTED AND APPROVED:

_____
Susan Moxon
for Los Dos

JGH/GM/sb

# EXHIBIT C



August 21, 2002

Mr. Craig Lipton
Maven Investments
1138 Taylor St.
San Francisco, CA 94133

RE:  Lease #20264, San Francisco
     Turk St. SL 100' w/o Divisadero

Dear Mr. Lipton:

This letter is in reference to the advertising structure located
on the above described property.

Clear Channel Outdoor, Inc. is agreeable to increasing the
annual rental to $1,950.00, payable monthly, effective August 1,
2002.  Effective August 1, 2003 and for each year thereafter the
annual rental shall be increased by three percent (3%).  The
term of this agreement shall be for five (5) years.  All other
terms and conditions of the existing Lease Agreement dated
January 1, 1984 shall remain the same.

If this meets with your approval, please sign the original of
this letter and return it to this office for processing.  The
copy is to be retained for your records.

Should you have any questions concerning this arrangement,
please contact Patrick Powers at (510) 835-5900 x219.  Thank you
for your consideration in this matter.

Sincerely,                           ACCEPTED AND AGREED:

David C. Sweeney                     Craig Lipton
Vice President / Real Estate         Maven Investments
Northern California Division

# EXHIBIT D

 **M**c**I**NTOSH **P**ROPERTY **S**ERVICES

RECEIVED
JUN 1 4 2007
REED SMITH LLP

May 31, 2007

Patrick Powers
Clear Channel Outdoors
555 12th Street Suite 950
Oakland, CA 94607

Dear Mr. Powers,

This is to remind you that as of July 31st 2007, the lease of Clear Channel
Outdoors of the billboard at 1801 Turk is terminated.  Please make arrangements
to remove the billboard and your lock box from our gate by that time.

We are retaining the permit #144724477.

Thank you very much.

Sincerely yours,

Linda K. Erkelens

APARTMENT RENTALS
REAL ESTATE BROKER

390 ARKANSAS STREET
SAN FRANCISCO
CALIFORNIA 94107-2846
415-826-4011
FAX 415-826-4087

# EXHIBIT E

# ReedSmith

**Scott D. Baker**
Direct Phone: 415.659.5901
Email: sbaker@reedsmith.com

Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111-3922
415.543.8700
Fax 415.391.8269

July 20, 2007

**VIA FACSIMILE**
**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**
**REGULAR MAIL**

Linda K. Erkelens
McInstosh Property Services       —
390 Arkansas Street
San Francisco, California 94107-2846

Re:    CCO Billboard at 1801 Turk

Dear Ms. Erkelens:

You previously wrote Clear Channel Outdoor ("CCO") on May 31, 2007 purporting to terminate as of July 31, 2007 "the lease of Clear Channel Outdoors of the billboard at 1801 Turk," and asking that CCO "make arrangements to remove the billboard and [] lock box from our gate by that time." As you know, the Lease Agreement dated January 1, 1984 ("Lease") provides that:

> 8.    It is agreed between the parties that Lessee shall remain the owner of all advertising signs, structures, and improvements erected or made by Lessee, and that, notwithstanding the fact that the same constitute real estate fixtures, the Lessee shall have the right to remove said signs, structures, and improvements at any time during the term of the Lease, or after the expiration of this Lease."

In light of your termination notice, the Lease provisions, and your specific request, please be advised that CCO intends to exercise its rights and will remove all of its signs, structures and improvements from the premises commencing on July 30, 2007 pursuant to the enclosed permit. Please make all necessary arrangements to allow for CCO's crew to undertake this work. Any interference with CCO's exercise of its rights will subject the property owners, and anyone who may assist them, to liability.

Please be further advised that the property owners may not use CCO's property for any purpose. Any use of CCO's property by the property owners or any agent of theirs shall be the basis for additional claims by CCO.

Finally, you erroneously assert that "[w]e" – presumably a reference to the owners of 1801 Turk -- "are retaining the permit #144724477." As you mentioned during our prior phone call, your reference to permit #144724477 is a typographical error, as you had intended to reference CCO's original permit for the erection of CCO's billboard at 1801 Turk, permit no. 214477. As you must know, because CCO

Linda K. Erkelens
July 20, 2007
Page 2

**ReedSmith**

is voluntarily removing its general advertising sign at 1801 Turk, the sign cannot be rebuilt.  The San
Francisco Planning Code, at Section 604(h), explicitly prohibits this:

> A sign which is voluntarily destroyed or removed by its owner or which is required by
> law to be removed may be restored only in full conformity with the provisions of this
> Code....A general advertising sign that has been removed shall not be reinstalled,
> replaced, or reconstructed at the same location, and the erection, construction, and/or
> installation of a general advertising sign at that location to replace the previously existing
> sign shall be deemed to be a new sign in violation of Section 611(a) of this Code....[S.F.
> Plan. Code §604(h), ¶2]

If you intend any response, please provide it to us in writing by no later than July 24, 2007 as
CCO is in the process of scheduling equipment and personnel.  We will deem your silence to be
acquiescence to CCO's removal of its property.

Very truly yours,

Scott D. Baker /cmin

Scott D. Baker

Enclosures

cc:    Laura Toncheff, Esq.

APPROVED
Dept. of Building Insp.

JUL 18 2007

APPLICATION FOR BUILDING
ADDITIONS, ALTERATIONS OR REPAIRS

CITY AND COUNTY OF SAN FRANCISCO
DEPARTMENT OF BUILDING INSPECTION

INFORMATION TO BE FURNISHED BY ALL APPLICANTS

LEGAL DESCRIPTION OF EXISTING BUILDING

DESCRIPTION OF BUILDING AFTER PROPOSED ALTERATION

ADDITIONAL INFORMATION

IMPORTANT NOTICES

NOTICE TO APPLICANT

APPLICANT'S CERTIFICATION



## CONDITIONS AND STIPULATIONS

Contact the District building inspector at the start of work call 558-6096 for plumbing inspection scheduling call 558-6054, for electrical inspection scheduling call 558-6030. This application is approved without site inspection, detailed plumbing or electrical plan review and does not constitute an approval of the building. Work authorized must be done in strict accordance with all applicable codes. Any electrical or plumbing work shall require appropriate separate permits.

By _NEIL FRIEDMAN, DBI_

DATE: OCT 11 2007

APPROVED (west-facing wall.) To remove Bldg of 2nd floor

Sign Record # 288          Jon Purvis 4/3/7

DEPARTMENT OF CITY PLANNING          NOTIFIED MR

APPROVED    N/A          DATE
                        REASON

W. Bug 6/26/07

DEPT. OF FIRE ENGINEERING & PUBLIC SAFETY          NOTIFIED MR
APPROVED          DATE
                  REASON

N/A

MECHANICAL ENGINEER, DEPT OF BLDG INSPECTION          NOTIFIED MR
APPROVED          DATE
                  REASON

N/A    Street Space deferred to Contractor          NOTIFIED MR
                                                    DATE
                                                    REASON

BSM    BUREAU OF ENGINEERING          EPC    6/26/07    NOTIFIED MR
APPROVED          DATE
                  REASON

N/A

DEPARTMENT OF PUBLIC HEALTH          NOTIFIED MR
APPROVED          DATE
                  REASON

REDEVELOPMENT AGENCY          NOTIFIED MR
APPROVED          DATE
                  REASON

PLANNING INSPECTION DIVISION          NOTIFIED MR

OWNERS AUTHORIZED AGENT

Receipt No: 1126685

Application/Permit No:M781275

CENTRAL PERMIT BUREAU
1660 Mission Street
San Francisco, California 94103

CITY AND COUNTY OF SAN FRANCISCO
DEPARTMENT OF BUILDING INSPECTION
(415)558-6088

THIS PERMIT IS GRANTED IN ACCORDANCE WITH
PROVISIONS OF THE CHARTER AND ORDINANCES OF
THE CITY AND COUNTY OF SAN FRANCISCO AND/OR
THE CURRENT STANDARD SPECIFICATIONS OF THE
DEPARTMENT OF BUILDING INSPECTION.

PERMIT IS GRANTED TO

ERECT    ALTER BUILDING        ERECT SIGN    DATE OF ISSUE   19-JUL-07
DEMOLISH BUILDING    GRADE        · FILING FEE RECEIPT #
LOWER CURB  X  OCCUPY STREET SPACE
EXCAVATE STREET OR SIDEWALK        POST NOTICE
HOUSE NUMBER CERTIFICATE        REPAIR OR CONSTRUCT SIDEWALK

* ADDITIONAL INFORMATION REGARDING SPECIFIC
PERMITS IS GIVEN ON THE BACK OF THIS FORM.

SUPPLEMENTAL FEE PAID:

FINAL PLAN CHECK    EXPEDITER FEE    PENALTY

STRUCTURAL LTR    DCP FEE

ORDER:

DBI P/C PAID AT FILING

ADDED FOR REFUND

FEE

ST. SPACE    164.16
CPB PROCESSING FEE    20.00

LOCATION OF JOB:    HOUSE NUMBER:    EXISTING    ASSIGNED
STREET ADDRESS                                    BLOCK/LOT

1801   TURK  ST    1153/001

METES AND BOUNDS

FRONTAGE FT   # STORIES    TYPE    LEGAL OCCUPANCY
                                    ESTIMATED COST $

TERMINAL NO. FT/DB    ST. SPACE LINEAR FT   40   SFT. CURB SECT. TO BE LOWERED    .00

WORK MUST COMMENCE ON BUILDING WITHIN    90 days    OF DATE OF ISSUANCE OF THIS PERMIT,
UNLESS EXTENSION AUTHORIZED, IF UNDER ENFORCEMENT ORDERS SPECIAL TIME PERIODS WHERE
SPECIFIED WILL APPLY.

TIME FOR COMPLETION OF WORK UNDER THIS BUILDING PERMIT EXPIRES    6 Months    AFTER DATE OF
ISSUANCE. IF UNDER ENFORCEMENT ORDERS SPECIAL TIME PERIODS WHERE SPECIFIED WILL APPLY.
(NOTE: STREET SPACE PERMIT EXPIRES ON COMPLETION OF WORK OR WHEN REVOKED BY DIRECTOR OF
PUBLIC WORKS. SEE BACK OF FORM FOR OTHER TIME LIMITS.$

SANTOS & URRUTIA ASSOCIATES 415-    PERMIT    1126685
642-7722

FEE PAYOR    APPEAL

ADDRESS    2451 HARRISON STREET    CENTRAL
                                    PERMIT    YANBRENDA
CITY    SAN FRANCISCO CA 94110    BUREAU ID BY

SURCHARGE    0.00

BOA SURCHARGE    1.02

SUBTOTAL OF FEES WITH APPLICABLE SURCHARGES    $185.18

SUBTOTAL OTHER FEES

TOTAL    $    $185.18

"SEPARATE PERMITS MUST BE OBTAINED FOR ELECTRICAL, PLUMBING OR OTHER RELATED WORK"
9003-18(Rev 10/95)

## City and County of San Francisco

## DEPARTMENT OF BUILDING INSPECTION

# JOB CARD



**OFFICE HOURS: THE BUILDING INSPECTION IS OPEN DAILY, MONDAY THRU FRIDAY,
FROM 7:30 a.m. TO 5:00 p.m. DISTRICT BUILDING INSPECTORS KEEP OFFICE HOURS DAILY,
MONDAY THRU FRIDAY, FROM 7:30 a.m. TO 8:30 a.m. AND FROM 3:00 p.m. TO 4:00 p.m.**

**REQUESTS FOR INSPECTIONS ARE TAKEN ONLY DURING THE HOURS OF
8:30 A.M. TO 3:00 P.M. BY CALLING (415) 558-6096**

APPLICATION NO. 2007082838A93    PERMIT NO. 12565    ISSUED

JOB ADDRESS: 1801 Turk St    BLOCK: _____ LOT: _____

NATURE OF WORK: _____

_____

_____

_____

WORK PERMITTED UNDER AUTHORITY OF THIS BUILDING PERMIT NUMBER MUST START BY 90 DAYS
AND BE COMPLETED BY _____

WORK UNDERWAY MUST BE INSPECTED AT LEAST EVERY NINETY (90) DAYS IN ORDER TO PREVENT EXPIRATION
DUE TO ABANDONMENT OF WORK.

EXTENSIONS OF THE "START" & "COMPLETE WORK" DATES OF THIS BUILDING PERMIT NUMBER MAY BE GRANTED
UPON WRITTEN REQUEST PRIOR TO THE DATES NOTED ABOVE.

For information on the Permit Process, Building Plans Review, Access Issues, etc., please see page 4 of this
JOB CARD for useful and appropriate telephone numbers.

*ELECTRICAL & PLUMBING WORK MUST HAVE PERMITS SEPARATE FROM A BUILDING PERMIT.*

*KEEP THIS CARD POSTED IN A CONSPICUOUS PLACE ON THE JOB SITE AT ALL TIMES.
PLANS AND PERMIT DOCUMENTS SHALL BE ON THE JOB SITE
AT ALL TIMES WHEN WORK IS IN PROGRESS.
AFTER COMPLETION OF WORK, RETAIN THIS CARD FOR YOUR RECORDS.*

CENTRAL PERMIT BUREAU
1660 Mission Street
San Francisco, California 94103

CITY AND COUNTY OF SAN FRANCISCO
DEPARTMENT OF BUILDING INSPECTION
(415)558-6088

Receipt No: 1126563
Application/Permit No: 200706285493

PERMIT IS GRANTED TO
ERECT  X  ALTER BUILDING          ERECT SIGN    DATE OF ISSUE   18-JUL-07
DEMOLISH BUILDING    GRADE                       FILING FEE RECEIPT #  366865
LOWER CURB      OCCUPY STREET SPACE
EXCAVATE STREET OR SIDEWALK       POST NOTICE
HOUSE NUMBER CERTIFICATE

REPAIR OR CONSTRUCT SIDEWALK

SUPPLEMENTAL FEE PAID:
FINAL PLAN CHECK      EXPEDITER FEE      PENALTY
STRUCTURAL LTR  X ,  DCP FEE

THIS PERMIT IS GRANTED IN ACCORDANCE WITH
PROVISIONS OF THE CHARTER AND ORDINANCES OF
THE CITY AND COUNTY OF SAN FRANCISCO AND/OR
THE CURRENT STANDARD SPECIFICATIONS OF THE
DEPARTMENT OF BUILDING INSPECTION

* ADDITIONAL INFORMATION REGARDING SPECIFIC
PERMITS IS GIVEN ON THE BACK OF THIS FORM.

OWNER :
CLEAR CHANNEL OUTDOOR          (415)642-7722

DBI PVC PAID AT FILING          $51.03

AUDITED FOR REFUND

BUILDING                         75.40        FEE

LOCATION OF JOB :     HOUSE NUMBER :    EXISTING |    ASSIGNED
STREET ADDRESS                           BLOCK/LOT
1801 TURK ST          1153/001

FRONTAGE FT.    STORIES    R-1     LEGAL OCCUPANCY      9 FT. CURB SECK TO BE LOWERED
4              5

BUILDING USE : APARTMENTS          ESTIMATED COST $    3,000.00

SIDEWALK SQ. FT/$         SQ. SPACE LINEAL FT.

WORK MUST COMMENCE ON BUILDING WITHIN    90 days    OR DATE OF ISSUANCE OF THIS PERMIT
UNLESS EXTENSION AUTHORIZED OR UNDER ENFORCEMENT ORDERS SPECIAL TIME PERIODS WHERE
SPECIFIED WILL APPLY.

TIME FOR COMPLETION OF WORK UNDER THIS BUILDING PERMIT EXPIRES    4 Months    AFTER DATE OF
ISSUANCE. EXTENSIONS EXCEPT ORDERS SPECIAL TIME PERIODS WHERE SPECIFIED WILL APPLY
(NOTE. STREET SPACE PERMIT EXPIRES ON COMPLETION OR WORK OR WHEN REVOKED BY DIRECTOR OF
PUBLIC WORKS. SEE BACK OF FORM FOR OTHER TIME LIMITS)

SANTOS AND URRUTIA 642-7722        PERMIT   1126563

APPEAL

CENTRAL
PERMIT
BUREAU 081  BUFKASUSAN

SURCHARGE                          0.00
BCA SURCHARGE                     26.00

SUBTOTAL OF FEES WITH APPLICABLE SURCHARGES    $101.40

FEE PAYOR
ADDRESS                                    STRONG MOTION                  1.60
2451 HARRISON ST
SF  CA                            SUBTOTAL OTHER FEES                   1.60
CITY                              TOTAL          $              $103.00

*SEPARATE PERMITS MUST BE OBTAINED FOR ELECTRICAL, PLUMBING OR OTHER RELATED WORK*
9003-1B(Rev.10/95)

CENTRAL PERMIT BUREAU
1660 Mission Street
San Francisco, California 94103

CITY AND COUNTY OF SAN FRANCISCO
DEPARTMENT OF BUILDING INSPECTION
(415)558-6088

Receipt No: 1126685

Application/Permit No: M78125

## WARNING

Pursuant to Article 20 of Chapter 10, Part II of the San Francisco Municipal Code (Public Works Code), certain building permits may be issued only after the permittee analyzes the soil for the presence of hazardous wastes and, where applicable, certifies that it has completed site mitigation. No officer, employee, or agency of the City conducted the soil sampling and analysis, recommended site mitigation measures, conducted the site mitigation or checked or verified the reports submitted or work performed for accuracy, reliability or adherence to protocols. In issuing this permit, neither the city nor any of its officers or employees make any representation that the soil on or about the site is free from the presence of hazardous wastes. Nor does the City's implementation of this process relieve any person from their duties and responsibilities relating to hazardous waste contamination under state and federal law. Neither soil analysis pursuant to Article 20 of Public Works Code nor the issuance of this permit is intended to alter, extinguish, or transfer these responsibilities.

## ADDITIONAL INFORMATION

1. **Building Permit**
   All requests for extension of time must be in writing to Director, Dept. of Building Inspection. Permits are issued subject to Appeal within 15 days to Board of Permit Appeals. Incur no expenses until right of Appeal has lapsed.

2. **Demolition Permit**
   If Demolition involves Abandonment of Side Sewer Permittee must obtain a Side Sewer Permit. The Side Sewer will then be blocked at the Main Sewer.

3. **Permit to Lower Curb/To Excavate in Street of Sidewalk.**
   Issued to construct Auto Runway as per Article 15, Public Works Code.
   Excavation should be carried out in accordance with Article 3 of Public Works Code.
   If issued with Building permit time for completion is same as Building; if issued alone, complete work within 6 months from date of Permit. Void if not started within 6 months.

4. **Street Space Permit.**
   No refuse, excavated materials, concrete or mortar is to be disposed of upon Paved Streets, catch basins or into the City sewer system. No material or equipment shall be left on Roadway of Police Tow-Away Zone during hours when Tow-Away Rule is in force. Gutters and Waterways must be kept clear.
   All provisions of Section 724.3 of the Public Works Code are incorporated into this permit by reference.
   Street and sidewalk areas occupied must not exceed a width 1/2 the width of the sidewalk plus 1/3 the width of the Roadway fronting.

5. **Permit to Repair or Construct Sidewalk.**
   Handicap Ramps required to identify all Crosswalks per map No.11.33, 982, Ch. 2. Before Repairing any work under this permit contact proper Area Inspector Tel. 554-6937. Permit valid for 3 months from date issued, unless otherwise authorized.
   Some sidewalks have been constructed over a subsidewalk basement or other below-ground structure. Issuance of this permit does not limit, modify, or alter in any way the responsibility of the property owner to ensure that such subsidewalk space complies with the San Francisco Building Code, Electrical Code, Fire Code, Mechanical Code, Plumbing Code, Public Works Code, and other applicable codes.
   In addition, issuance of this permit does not limit the liability of the property owner or its agents for injury or damage to persons or property at their own risk. The actions of a third party result in damage to the subsidewalk structure, connected with soil or will not directly or indirectly affect a City and County of San Francisco makes no finding, implied or otherwise, as to the issuance of a permit to construct, repair, maintain or use existing subsidewalk structures. The Department of Public Works, upon issuance of a sidewalk permit, encourages property owners to seek the advice of a qualified professional to independently analyze the structural integrity of subsidewalk space and determine whether such space should be improved or modified.

6. **Hold Harmless Clause.**
   The Permittee(s) by acceptance of this permit, agree(s) to indemnify and hold harmless the City and County of San Francisco from and against any and all claims, demands and actions for damages resulting from operations under this permit, regardless of negligence of the City and County of San Francisco, and to assume the defense of the City and County of San Francisco against all such claims, demands and actions.

BOARD OF PERMIT APPEALS STIPULATIONS.

# EXHIBIT F



# McIntosh Property Services



July 23, 2007

Reed Smith
Scott D. Baker
2 Embarcadero Center
Suite 2000
San Francisco, CA 94111-3922

Dear Mr. Baker,

Thank you for your letter and copy of the permit. We expect that as part of the removal, you will repair any and all damage the installation and removal of the sign has created to the roof and side of the building.

Thank you very much.

Sincerely yours,

Linda K. Erkelens, Owner

APARTMENT RENTALS
REAL ESTATE BROKER

390 ARKANSAS STREET
SAN FRANCISCO
CALIFORNIA 94107-2846
415-826-4011
FAX 415-826-4087
RENTALS@RENTINSF.NET
WWW.RENTINSF.NET

# EXHIBIT G

# ReedSmith

Christine M. Morgan
Direct Phone: 415.659.5970
Email: cmorgan@reedsmith.com

Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111-3922
415.543.8700
Fax 415.391.8269

July 25, 2007

**VIA FACSIMILE AND REGULAR MAIL**

Linda K. Erkelens
McInstosh Property Services
390 Arkansas Street
San Francisco, California 94107-2846

Re:    CCO Billboard at 1801 Turk

Dear Ms. Erkelens:

This confirms my voicemail message to you this afternoon in which I advised that work to remove Clear Channel Outdoor's signs, structures and improvements from 1801 Turk will commence first thing in the morning on Monday, July 30, 2007.

Very truly yours,

Christine M. Morgan

cc:    Laura Toncheff, Esq.

NEW YORK ◆ LONDON ◆ LOS ANGELES ◆ PARIS ◆ SAN FRANCISCO ◆ WASHINGTON, D.C. ◆ PHILADELPHIA ◆ PITTSBURGH ◆ OAKLAND

MUNICH ◆ PRINCETON ◆ NORTHERN VIRGINIA ◆ WILMINGTON ◆ NEWARK ◆ MIDLANDS, U.K. ◆ CENTURY CITY ◆ RICHMOND

r e e d s m i t h . c o m

DOCSSFO-12485711.1-CMORGAN 7/25/07 3:32 PM

# EXHIBIT H

# GLADSTONE & ASSOCIATES

### ATTORNEYS AT LAW
## PENTHOUSE, 177 POST STREET
## SAN FRANCISCO, CALIFORNIA 94108

### TELEPHONE (415) 434-9500
### FACSIMILE (415) 394-5188
### admin@gladstoneassociates.com

## FACSIMILE COVER SHEET

TO:     Chris Morgan
        Jared Eigerman

FAX NO:   391.8269/ 399.9480

FROM:   Niall Vignoles, Esq.

DATE:   July 27, 2007          TIME:  4:17 PM

TOTAL NUMBER OF PAGES IN
TRANSMISSION INCLUDING THIS PAGE:     5

CLIENT/MATTER:     **Erkelens – 1801 Turk Street**

COMMENTS:

**Attached is our Notice of Appeal of Clear Channel's permit to remove the sign structure at 1801 Turk Street. Please feel free to call me to discuss the case.**

NOTE: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL, AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL NAMED ABOVE AND OTHERS WHO HAVE BEEN SPECIFICALLY AUTHORIZED TO RECEIVE SUCH. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, OR IF YOU DO NOT RECEIVE ALL OF THIS TRANSMISSION, OR HAVE ANY QUESTIONS, PLEASE CALL: 415/434-9500.

s:\clients\erkelens, linda\fax sheet.doc

07/27/2007 16:32 FAX 4153943188 ☐002

BOARD OF APPEALS, CITY & COUNTY OF SAN FRANCISCO                    BOARD OF APPEALS

# PRELIMINARY STATEMENT OF APPEAL

Date
Filed:        JUL 2 7 2007

APPEAL # 07-128

I/We, __Linda Erkelens__ , hereby appeal the following

departmental action: __issuance of BPA # 2007/06/28/5493__ , which was

(Building Permit Application No.; ZA determination or variance decision; Dept. of Public Works Order No. etc...)

issued / became effective on: __7/18/07__ , for the property at __1801 Turk St.__

## Briefing Schedule:

**Note:** If the following submittal deadlines fall on a weekend or holiday, staff will adjust the date to the next business day.

**Appellant's Brief is due (15) days after date of filing** on or before __8/13/07__ , 12 pages maximum, double-spaced, with unlimited exhibits, with original and 10 copies delivered to the Board office by 4 p.m., and with additional copies delivered to the other parties the same day.

**Permit Holder's Brief, Respondent's Brief & Other Parties' Brief are due (7) days later** on or before __8/20/07__ , 12 pages maximum, double-spaced, with unlimited exhibits (including a set of reduced plans for the permit holder's brief), with original and 10 copies delivered to the Board office by 4 p.m., and with additional copies delivered to the other parties the same day.

**Appellant's Reply is due (10) days later** on or before __8/30/07__ , 6 pages maximum, double-spaced, with unlimited exhibits, with original and 10 copies delivered to the Board office by 4 p.m., and with additional copies delivered to the other parties the same day.

**Hearing Date: Wednesday,** __Oct. 17, 2007__

**Place: City Hall, Room 416,** One Dr. Carlton B. Goodlett Place (formerly 301 Polk Street)
**Time: 5:00 p.m.** (Everyone is required to arrive no later than 5:00 p.m., no matter which item their appeal is on the agenda because cases are often withdrawn, rescheduled, and taken out of order)

**All parties** to an appeal must adhere to the briefing schedule above, unless a briefing schedule extension request is granted. **Members of the public and other non-parties,** however, may submit letters of support/opposition no later than the Thursday prior to hearing by 4 p.m., with an original and 10 copies required of all documents submitted. Only photographs or drawings may be submitted at hearing. If you have any questions or problems, please call this office as soon as possible at 415-575-6880.

---

# DO NOT WRITE ABOVE THIS LINE. FOR STAFF USE ONLY.

The reasons or grounds for this appeal are as follows (please summarize, or continue on 2ⁿᵈ page):

__See attached.__

Signature of Appellant or Agent

C&C of SF, BOA, DEPT. 37, APPROVED SEPT. 2005
Boilerplates, General/Preliminary Statement of Appeal (Stamp Version)

07/27/2007 16:32 FAX 4153945188    ☒003

GLADSTONE & ASSOCIATES
ATTORNEYS AT LAW
PENTHOUSE, 177 POST STREET
SAN FRANCISCO, CALIFORNIA 94108

M. BRETT GLADSTONE

TELEPHONE (415) 434-9500
FACSIMILE (415) 394-5188
admin@gladstoneassociates.com

July 27, 2007

BOARD OF APPEALS

JUL 2 7 2007

APPEAL # 07-128

**Via Hand Delivery**

Board of Appeals
1660 Mission Street, Room 3036
San Francisco, CA 94103

> Re:    Notice of Appeal of Issuance of Building Permit #200706285493
>        1801 Turk Street

Dear Board Members:

On behalf of the owner of the referenced property, we wish to appeal the issuance of a building permit for the removal of a sign structure at our client's property.  Therefore, we respectfully request that the Board rescind the issuance of permit #2007-06-28-5493.

We appreciate your consideration of this matter and reserve the right to submit supplemental material.

Very Truly Yours,

M. Brett Gladstone

cc:    Linda Erkelens

S:\Clients\Erkelens, Linda\Notice of Appeals Ltr.doc

Preliminary Statement of Appeal
1801 Turk Street

1. Clear Channel Outdoor does not have standing to file an application receiving the property owner's approval of the language and drafting of the application.
2. In the permit application, Clear Channel Outdoor incorrectly claims that the property owner has "voluntarily" removed the sign.
3. Clear Channel Outdoor's citations to Planning Code sections in the permit application are incorrect and misleading.

BOARD OF APPEALS

JUL 2 7 2007

APPEAL # 07-128

07/27/2007 16:32 FAX 4153945188                                                                        @005

**City and County of San Francisco**                                    **Board of Appeals**



# SPECIAL NOTICE TO PARTIES

## SUBMITTALS BY PARTIES

The Board requests that the permit holder's brief have attached to it a **reduced set of drawings** for the project (14" x 17" or larger, so long as the plans are folded into letter or legal size packets), the project's **Negative Declaration**, and any other pertinent Planning Department variance or discretionary review motion or decision. The Superior Court has directed the Board to review a project in light of the **Residential Design Guidelines** and you are encouraged to analyze your plans for the Board accordingly. We recommend you use the Planning Department checklist.

Written materials submitted by the parties should be **tabbed clearly** so that documents can be easily located when referred to in the text during a hearing.

## HEARINGS

All parties or their representatives **must be present** on the scheduled date of hearing. The Rules of the Board state: It shall be the procedure that the time allowed for each party shall not exceed 7 minutes with 3 minutes for rebuttal. Others not employed by or related to a party may speak once for up to 3 minutes. If you are not familiar with the Board of Appeals public hearing procedures, it is recommended that you attend a Board meeting **before** your scheduled hearing to prepare appropriately for your presentation.

## CONTINUATIONS AND RESCHEDULING OF APPEALS

If an appeal is rescheduled prior to hearing, notification will be sent to all parties involved, and adjacent property owners. In the event the Board continues an appeal at a public hearing, **no additional mailed notice** will be sent. Please call this office if you are unclear as to the scheduling of an appeal.

## REQUESTS FOR REHEARING

If the Board does not rule in your favor, you have the right to request a rehearing. Requests for rehearing must be filed within **10 calendar days** from the date of the Board's decision, and may be filed only by the parties in an appeal. Only one request for rehearing may be filed in a case, and only one rehearing is allowed.

**Rules of the Board of Appeals, from Article 5, Section 6:** Except in extraordinary cases, and to prevent manifest injustice, motions for rehearing shall not be made by the Board except where it is shown that new or different material facts or circumstances have arisen, where such facts or circumstances, if known at the time, could have affected the outcome of the original hearing.

For more detailed information on requests for rehearing, please refer to our handout entitled "How to File a Request for Rehearing"; this handout is available at the Board office or on our website at www.sfgov.org/boa (click the link entitled "Appeals Process").

# EXHIBIT I

GLADSTONE & ASSOCIATES
ATTORNEYS AT LAW

M. BRETT GLADSTONE

PENTHOUSE, 177 POST STREET
SAN FRANCISCO, CALIFORNIA 94108

TELEPHONE (415) 434-9500
FACSIMILE (415) 394-5188
admin@gladstoneassociates.com

July 26, 2007

**Via US Postal Service and Facsimile: (415) 391-8269**

Scott D. Baker
Reed Smith
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

RE: General Advertising Sign at 1801 Turk Street

Dear Mr. Baker:

I write this letter in response to your July 20, 2007 letter to Ms. Erkelens. Please inform your client, Clear Channel Outdoor (CCO), not to remove the billboard at 1801 Turk Street at this time.

Ms. Erkelens and Advertising Display Systems (ADS) intend to appeal CCO's permit to remove the sign at 1801 Turk Street. This appeal will be filed with San Francisco's Board of Appeals. The property owner temporarily suspends any prior authorization for CCO to remove the sign structure from the property. Should CCO enter onto the property and remove the sign prior to the expiration of the 15-day appeal period or the issuance of the Board of Appeals' final ruling in the above-referenced appeal, CCO does so at its own risk.

Please be advised that Ms. Erkelens does not forfeit, abandon or in any manner surrender her permit or her right to maintain a general advertising sign at this property and specifically forbids CCO from interfering with her entitlements to maintain general advertising signage there.

Should you have any questions or concerns regarding this letter, please do not hesitate to contact me.

Very truly yours,

Brett Gladstone

C:\staging\46A91788-6B52-286BEE\in\46A91788-6B52-286BEE.doc