1  Scott D. Baker
   *Email: sbaker@reedsmith.com*
2  James A. Daire
   *Email: jdaire@reedsmith.com*
3  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
4  San Francisco, CA  94111-3922

5  **Mailing Address:**
   P.O. Box 7936
6  San Francisco, CA  94120-7936

7  Telephone:   +1 415 543 8700
   Facsimile:   +1 415 391 8269
8
   Attorneys for Plaintiff
9  Clear Channel Outdoor, Inc.

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                         SAN FRANCISCO DIVISION

13  | CLEAR CHANNEL OUTDOOR, INC. a Delaware Corporation, | Case No.:  C 07-06138 JCS (pending reassignment) |
    |---|---|
14  | Plaintiff, | |
15  | vs. | **[PROPOSED] TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |
16  | LINDA ERKELENS, an individual, | |
17  | Defendant. | |

Upon consideration of Clear Channel Outdoor, Inc.'s ("Clear Channel") *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause For Preliminary Injunction, the Declarations of James A. Daire, Patrick Powers and Kenneth B. Finney filed therewith, the Complaint, the record in this case, and any oral argument, the Court hereby finds as follows:

1. Clear Channel is likely to succeed on the merits, including but not limited to, its claim that Clear Channel is the sole owner of the billboard and billboard structure on the property at 1801 Turk Street, San Francisco, California (the "Turk Street Property") and that Clear Channel has the right to remove said billboard and billboard structure from the Turk Street Property if it so chooses. Clear Channel is also likely to succeed, or, at a minimum, has demonstrated serious questions as to these matters, including that Erkelens has materially breached the Lease, repudiated her obligations thereunder, and wrongfully converted Clear Channel's billboard and billboard structure;

2. Erkelens' wrongful conduct in converting Clear Channel's billboard and billboard structure will result in irreparable injury to Clear Channel if Erkelens is not immediately restrained from such activities;

3. The harm to Erkelens of denying the requested Temporary Restraining Order and Order to Show Cause greatly outweighs the harm to any legitimate interests of Erkelens from granting such an Order; and

4. Counsel for Erkelens has received notice of this *Ex Parte* Motion.

## TEMPORARY RESTRAINING ORDER

IT IS HEREBY ORDERED THAT: Pending the preliminary injunction hearing, Erkelens and each of her agents, servants, employees, contractors and each person acting in concert and participation therewith, are prohibited and enjoined from each of the following:

1. Taking possession of, or making use of, Clear Channel's billboard and billboard structure for her own benefit, and from undertaking any act designed to deprive Clear Channel of its ownership and/or possessory rights;

2. Entering into or performing any agreement allowing any third party to make use of Clear Channel's billboard and billboard structure;

3. Committing any further acts of conversion with respect to Clear Channel's billboard and billboard structure;

4. Altering, destroying or removing all or any part of the billboard or billboard structure in any way;

This Order shall issue immediately and without the need for any bond or undertaking.

IT IS FURTHER ORDERED:

1. That the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause as set by the Court;

2. That Erkelens shall show cause on the _____ day of _____, 2007, at _____ o'clock ___.m, or as soon thereafter as counsel can be heard, why an Order should not be issued granting Clear Channel a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure which shall extend, during the pendency of this suit, injunctive relief as follows:

  a. Taking possession of, or making use of, Clear Channel's billboard and billboard structure for her own benefit, and from undertaking any act designed to deprive Clear Channel of its ownership and/or possessory rights;

  b. Entering into or performing any agreement allowing any third party to make use of Clear Channel's billboard and billboard structure;

  c. Committing any further acts of conversion with respect to Clear Channel's billboard and billboard structure;

  d. Altering, destroying or removing all or any part of the billboard or billboard structure in any way;

    e. Denying Clear Channel access to the billboard and billboard structure by way of ingress and egress to the upper-west wall of the building at the Turk Street Property and billboard structure; and

    f. Denying Clear Channel the right to remove its billboard and billboard structure from the Turk Street Property.

  3. That Clear Channel shall have to and including _____, 2007, at _____ o'clock ___.m to file and serve by facsimile or hand delivery on Erkelens' counsel its Memorandum and affidavits in support of the Order to Show Cause Why a Preliminary Injunction Should Not Issue;

  4. That Erkelens shall have to and including _____, 2007, at _____ o'clock ___.m to file and serve by facsimile or hand delivery on Clear Channel's counsel her Memorandum and affidavits in opposition to the Order to Show Cause Why a Preliminary Injunction Should Not Issue;

  5. That Clear Channel shall have to and including _____, 2007, at _____ o'clock ___.m to file and serve by facsimile or hand delivery on Erkelens' counsel its Reply Memorandum and affidavits in support of the Order to Show Cause Why a Preliminary Injunction Should Not Issue.

DATED: _____, 2007.

_____
United States District Judge