**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, | No. C07-06138 MJJ |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE** |
| v. | |
| LINDA ERKELENS, | |
| Defendant. | |

Before the Court is Plaintiff Clear Channel Outdoor, Inc.'s ("Clear Channel") *Ex Parte* Motion For A Temporary Restraining Order And An Order To Show Cause Re Preliminary Injunction.  (Docket No. 6.)

To succeed on a motion for a temporary restraining order, a plaintiff must demonstrate it is entitled to such preliminary relief under either one of two standards.  Under the traditional criteria, a plaintiff must show: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to plaintiff if the Court does not grant preliminary relief; (3) a balance of hardships favoring the plaintiff; and (4) advancement of the public interest (in certain cases). *See Earth Island Inst. v. U.S. Forest Serv.*, 442 F.3d 1147, 1158 (9th Cir. 2006).  Alternatively, a plaintiff may establish "either a combination of probable success on the merits and the possibility of irreparable harm or that serious questions are raised and the balance of hardships tips sharply in his favor." *Id.*  "These two formulations represent two points on a sliding scale in which the required degree of irreparable

harm increases as the probability of success decreases." *Oakland Tribune, Inc. v. Chronicle Publ'g Co., Inc.*, 762 F.2d 1374, 1376 (9th Cir.1985). "Under any formulation of the test, [the] plaintiff must demonstrate that there exists a significant threat of irreparable injury." *Id.* In the absence of a significant showing of irreparable injury, the Court need not reach the issue of likelihood of success on the merits. *See id.* at 1378.

After review of the *ex parte* application, the Court finds that Clear Channel has failed to demonstrate that there exists a significant threat of irreparable injury. All injuries alleged by Clear Channel can be adequately remedied by money damages. Even assuming Clear Channel is correct that advertising on the sign structure is a "unique" property right, or an unreplaceable economic opportunity, because of San Francisco's ban on erecting new advertising signs, Defendant's alleged unlawful conversion of the sign, and refusal to allow Clear Channel access to the property, is not depriving Clear Channel of an ongoing right to utilize that "unique" advertising opportunity given the termination of the lease between Clear Channel and Defendant. Indeed, Clear Channel concedes in its moving papers that it is seeking to access the property to **remove** the sign structure, not to continue to use it for advertisements. Accordingly, the actual injury that Clear Channel identifies, on the record before the Court, is limited to an alleged inability to exercise rights under the lease agreement to remove the sign structure, and alleged competitive injury to the extent a direct competitor is permitted by Defendant to operate or profit from use of the sign structure. Either kind of injury, if ultimately proven, can be adequately remedied by monetary damages.

Because Clear Channel has not made a significant showing of irreparable injury, the Court need not reach the issue of likelihood of success on the merits to resolve the motion. The Court **DENIES** Clear Channel's *ex parte* request for a temporary restraining order and for an order showing cause.

**IT IS SO ORDERED.**

Dated: December 7, 2007

                                              MARTIN J. JENKINS
                                              UNITED STATES DISTRICT JUDGE