Gerald M. Murphy, State Bar No. 99994
Marisa M. Kirschenbauer, State Bar No. 226729
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
E-mail:  gmurphy@luce.com
        mkirschenbauer@luce.com

Attorneys for Defendant Linda Erkelens

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LINDA ERKELENS, an individual,<br><br>Defendant. | Case No. C 07-06138 JCS<br><br>**DEFENDANT LINDA ERKELENS ANSWER TO PLAINTIFF CLEAR CHANNEL OUTDOOR, INC.'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**[JURY TRIAL DEMANDED]** |

Pursuant to FRCP 8(b), Defendant LINDA ERKELENS, an individual, ("Defendant") hereby answers Plaintiff CLEAR CHANNEL OUTDOOR, INC.'s Complaint as follows:

1.  Responding to the allegations in Paragraph 1, Defendant admits each allegation contained therein.

2.  Responding to the allegations in Paragraph 2, Defendant admits that this is an action between citizens of different states.  Defendant denies the remaining allegations as they are characterized in Paragraph 2.

3.  Responding to the allegations in Paragraph 3, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

4.    Responding to the allegations in Paragraph 4, Defendant admits each allegation contained therein.

## VENUE

5.    Responding to the allegations in Paragraph 5, Defendant admits each allegation contained therein.

6.    Responding to the allegations in Paragraph 6, Defendant admits each allegation contained therein.

7.    Responding to the allegations in Paragraph 7, Defendant admits each allegation contained therein.

## GENERAL ALLEGATIONS

8.    Responding to the allegations in Paragraph 8, Defendant admits each allegation contained therein.

9.    Responding to the allegations in Paragraph 9, Defendant admits each allegation contained therein. However, Defendant is informed and believes that the predecessor-in-interest of Clear Channel, acting on behalf of the property owner, obtained a permit.

10.    Responding to the allegations in Paragraph 10, Defendant admits that the Lease provides in Paragraph 8 and "Lessee shall remain the owner of all advertising signs, structures, and improvements erected or made by Lessee, and that, notwithstanding the fact that the same constitute real estate fixtures, the Lessee shall have the right to remove said signs, structures, and improvements at any time during the term of the lease, or after the expiration of this Lease." Defendant denies each remaining allegation as they are characterized in Paragraph 10.

11.    Responding to the allegations in Paragraph 11, Defendant admits that Clear Channel's predecessor-in-interest sent a letter dated July 2, 1990 to Erkelens' predecessor-in-interest stating that the annual rent would be increased, the terms of the Lease increased to 7 years, and that all other terms and conditions of the existing lease would remain the same. Defendant is without sufficient information and knowledge to form a belief as to the truth of the remaining allegations, and on that basis, denies each and every remaining allegation contained therein.

12.    Responding to the allegations in Paragraph 12, Defendant admits each allegation

contained therein.

13.  Responding to the allegations in Paragraph 13, Defendant admits the allegation that Defendant sent a letter to Clear Channel dated May 21, 2007 alleging that the Lease would terminate effective July 31, 2007, that Clear Channel could "make arrangements to remove the billboard and your lock box from our gate by that time," and that Defendant was retaining ownership of permit no. 144724477. Defendant denies the remaining allegations as they are characterized in Paragraph 13.

14.  Responding to the allegations in Paragraph 14, Defendant admits that Clear Channel applied for a permit to remove the sign structure. Defendant denies the remaining allegations contained in Paragraph 14.

15.  Responding to the allegations in Paragraph 15, Defendant admits that the Planning Department and DBI approved and issued the Removal Permit, authorizing Clear Channel to remove its sign structure from the Turk Street Property. Defendant denies the remaining allegations as they are characterized in Paragraph 15.

16.  Responding to the allegations in Paragraph 16, Defendant admits each allegation contained therein.

17.  Responding to the allegations in Paragraph 17, Defendant admits that she sent a letter to Clear Channel dated July 23, 2007 acknowledging receipt of the Removal Permit and informing Clear Channel that she expected Clear Channel to repair any and all damage "the installation and removal" of the sign created. Defendant denies the remaining allegations as they are characterized in Paragraph 17.

18.  Responding to the allegations in Paragraph 18, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

19.  Responding to the allegations in Paragraph 19, Defendant admits each allegation contained therein.

20.  Responding to the allegations in Paragraph 20, Defendant admits that she filed an

1  appeal of the Removal Permit with the Board of Appeals on July 27, 2007. Defendant denies the remaining allegations as they are characterized in Paragraph 20.

21. Responding to the allegations in Paragraph 21, Defendant admits that she sent a letter dated July 26, 2007, to Clear Channel asserting her rights over permit no. 214477 and that she demanded that Clear Channel not remove the sign structure or perform work under the Removal Permit. Defendant denies the remaining allegations as they are characterized in Paragraph 21.

22. Responding to the allegations in Paragraph 22, Defendant admits the allegations that Defendant's appeal came on for hearing before the Board of Appeals on October 17, 2007, that the Board did not consider the Lease in connection with the appeal, that the Board issued no substantive ruling on the appeal and continued the hearing to December 12, 2007, and that Clear Channel attempted to terminate and surrender the Removal Permit on December 4, 2007. Defendant denies the remaining allegations as they are characterized in Paragraph 22.

23. Responding to the allegations in Paragraph 23, Defendant denies the allegation that her prior correspondence were contradictory, and Defendant denies that she intended to interfere with Clear Channel's right to remove the sign. Defendant admits the remaining allegations as they are characterized in Paragraph 23.

24. Responding to the allegations in Paragraph 24, Defendant denies each allegation contained therein.

## FIRST CLAIM FOR RELIEF

### (Breach of Written Contract)

25. Responding to the allegations in Paragraph 25, Defendant admits and/or denies the allegations to each paragraph, respectively, as set forth above.

26. Responding to the allegations in Paragraph 26, Defendant denies each allegation contained therein.

27. Responding to the allegations in Paragraph 27, Defendant denies each allegation contained therein.

28. Responding to the allegations in Paragraph 28, Defendant denies each allegation contained therein.

29. Responding to the allegations in Paragraph 29, Defendant denies each allegation contained therein.

## SECOND CLAIM FOR RELIEF

### (Conversion)

30. Responding to the allegations in Paragraph 30, Defendant admits and/or denies the allegations to each paragraph, respectively, as set forth above.

31. Responding to the allegations in Paragraph 31, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

32. Responding to the allegations in Paragraph 32, Defendant denies each allegation contained therein.

33. Responding to the allegations in Paragraph 33, Defendant denies each allegation contained therein.

34. Responding to the allegations in Paragraph 34, Defendant denies each allegation contained therein.

35. Responding to the allegations in Paragraph 35, Defendant denies each allegation contained therein.

36. Responding to the allegations in Paragraph 36, Defendant denies each allegation contained therein.

37. Responding to the allegations in Paragraph 37, Defendant denies each allegation contained therein.

## THIRD CLAIM FOR RELIEF

### (Trespass to Chattels)

38. Responding to the allegations in Paragraph 38, Defendant admits and/or denies the allegations to each paragraph, respectively, as set forth above.

39. Responding to the allegations in Paragraph 39, Defendant is without sufficient information and knowledge to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

1   40.   Responding to the allegations in Paragraph 40, Defendant denies each allegation contained therein.

3   41.   Responding to the allegations in Paragraph 41, Defendant denies each allegation contained therein.

5   42.   Responding to the allegations in Paragraph 42, Defendant denies each allegation contained therein.

7   43.   Responding to the allegations in Paragraph 43, Defendant denies each allegation contained therein.

9   44.   Responding to the allegations in Paragraph 44, Defendant denies each allegation contained therein.

## FOURTH CLAIM FOR RELIEF

### (Promissory Estoppel)

45.   Responding to the allegations in Paragraph 45, Defendant admits and/or denies the allegations to each paragraph, respectively, as set forth above.

46.   Responding to the allegations in Paragraph 46, Defendant denies each allegation contained therein.

47.   Responding to the allegations in Paragraph 47, Defendant denies each allegation contained therein.

48.   Responding to the allegations in Paragraph 48, Defendant denies each allegation contained therein.

49.   Responding to the allegations in Paragraph 49, Defendant denies each allegation contained therein.

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment)

50.   Responding to the allegations in Paragraph 50, Defendant admits and/or denies the allegations to each paragraph, respectively, as set forth above.

51.   Responding to the allegations in Paragraph 51, Defendant denies each allegation contained therein.

52. Responding to the allegations in Paragraph 52, Defendant denies each allegation contained therein.

### SIXTH CLAIM FOR RELIEF

### (Declaratory Judgment)

53. Responding to the allegations in Paragraph 53, Defendant admits and/or denies the allegations to each paragraph, respectively, as set forth above.

54. Responding to the allegations in Paragraph 54, Defendant denies each allegation contained therein.

55. Responding to the allegations in Paragraph 55, Defendant denies each allegation contained therein.

56. Responding to the allegations in Paragraph 52, Defendant admits each allegation contained therein.

### AFFIRMATIVE DEFENSES

As for separate and affirmative defenses, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

57. Plaintiff's complaint fails to states fact against this Defendant sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

58. Defendant acted reasonably and in good faith at all times material herein based on relevant facts and circumstances known to them at the time they so acted. Accordingly, Plaintiff is barred from any recovery.

### THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

59. The causes of action alleged in the complaint are barred in whole or in part for the reason that by its actions, Plaintiff is estopped from bringing any claim for relief.

#### FOURTH AFFIRMATIVE DEFENSE

#### (Laches/Unclean Hands)

60. The cause of action alleged in the complaint are barred in whole or in part by the doctrines of Laches and/or unclean hands.

#### FIFTH AFFIRMATIVE DEFENSE

#### (Good Faith)

61. Any and all conduct of which Plaintiff complains and which is attributed to Defendant was undertaken for a fair and honest reason or cause and regulated by good faith under the circumstances existing at the time.

#### SIXTH AFFIRMATIVE DEFENSE

#### (Lack of Causation)

62. Plaintiff's claims, and all purported causes of action contained in the complaint, are barred in whole or in part because the alleged damage to Plaintiff was not proximately caused by the alleged wrongful acts of Defendant.

#### SEVENTH AFFIRMATIVE DEFENSE

#### (Lack of Damages)

63. Plaintiff has not suffered any damages as a result of any actions taken by Defendant and therefore, Plaintiff is barred from asserting any cause of action against Defendant.

#### EIGHTH AFFIRMATIVE DEFENSE

#### (Waiver)

64. Plaintiff has waived in whole or in part any right to recover on its claims.

#### NINTH AFFIRMATIVE DEFENSE

#### (Breach of Contract)

65. Defendant has fully performed all of her obligations under the contract, while Plaintiff has breached the contract by failing to comply with their material terms and initiating this lawsuit.

#### TENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

66. Defendant is informed and believes, and based thereon alleges, that Plaintiff has failed, and continues to fail, to mitigate any alleged damages suffered, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Offset)

67. Each and every allegation and claim for relief set forth in the Complaint must be offset by amounts owed by, or claims against, Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

68. Defendant reserves the right to assert additional defenses at trial.

WHEREFORE, Defendant prays for judgment in her favor and against Plaintiff, as follows:

1. That Plaintiff take nothing by virtue of this action;
2. For reasonable attorneys' fees incurred as a result of this action;
3. For costs of suit incurred herein; and
4. Such other and further relief as the Court may deem just and proper.

DATED: January 7, 2008         LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Gerald M. Murphy
Attorneys for Defendant Linda Erkelens

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant Linda Erkelens hereby demands a jury trial on all issues triable by a jury.

DATED: January 7, 2008         LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Gerald M. Murphy
Attorneys for Defendant Linda Erkelens

301026357.1