| | |
|---|---|
| Scott D. Baker (SBN 84923)<br>*Email: sbaker@reedsmith.com*<br>James A. Daire (SBN 239637)<br>*Email: jdaire@reedsmith.com*<br>REED SMITH LLP<br>Two Embarcadero Center, Suite 2000<br>San Francisco, CA 94111-3922<br><br>**Mailing Address:**<br>P.O. Box 7936<br>San Francisco, CA 94120-7936<br><br>Telephone:  +1 415 543 8700<br>Facsimile:  +1 415 391 8269<br><br>Attorneys for Plaintiff<br>Clear Channel Outdoor, Inc. | Gerald M. Murphy, State Bar No. 99994<br>Marisa Y. Kirschenbauer, State Bar No. 226729<br>LUCE, FORWARD, HAMILTON & SCRIPPS LLP<br>Rincon Center II, 121 Spear Street, Suite 200<br>San Francisco, California 94105-1582<br>Telephone No.: 415.356.4600<br>Fax No.: 415.356.4610<br>E-Mail:     gmurphy@luce.com;<br>mkirschenbauer@luce.com<br><br>Attorneys for Defendant<br>Linda Erkelens |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, INC. a Delaware Corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>LINDA ERKELENS, an individual,<br><br>            Defendant. | Case No.: C 07-06138 SBA<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br>Date: March 12, 2008<br>Time: 3:30 p.m.<br>Place: Via telephone / 510-637-3559<br><br>Hon. Saundra B. Armstrong |

1    Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Civil Local Rule 16-9, the
2    parties jointly submit this Case Management Conference Statement and Proposed Order.
3
4    The parties make the following representations and recommendations:
5
6    1.    **Jurisdiction and Service:**  Jurisdiction is proper in the Northern District of
7    California, as the contract at issue was entered and performed in San Francisco.  All parties have
8    been served and have appeared.
9
10   2.    **Facts:**  Breach of lease, conversion, trespass to chattels, promissory estoppel, unjust
11   enrichment and declaratory relief action between Plaintiff Clear Channel Outdoor, Inc. ("Clear
12   Channel") as Lessee and Defendant Linda Erkelens as Lessor concerning a general advertising sign
13   located on Plaintiff's land at 1801 Turk Street, San Francisco.  The parties agree that that the Lease
14   provides in Paragraph 8 that: "Lessee [Clear Channel] shall remain the owner of all advertising
15   signs, structures, and improvements erected or made by Lessee [Clear Channel], and that,
16   notwithstanding the fact that the same constitute real estate fixtures, the Lessee [Clear Channel] shall
17   have the right to remove said signs, structures, and improvements at any time during the term of the
18   Lease, or after the expiration of this Lease."  The parties further agree that Ms. Erkelens sent a
19   purported notice to terminate the lease effective July 31, 2007.  Clear Channel contends that the
20   lease authorizes Clear Channel to take necessary steps to exercise its contractual right to remove its
21   sign and structures, including applying for and obtaining a permit to remove.  Ms. Erkelens contends
22   that she owns the right to maintain the billboard on her property and that Clear Channel has not and
23   will not suffer any legally cognizant harm due to its inability to remove the billboard or prevent Ms.
24   Erkelens' use of the billboard after the terms of the Clear Channel lease expired.  After initially
25   giving Clear Channel permission to obtain the permit and enter her property to remove the sign, Ms.
26   Erkelens withdrew her permission and contends she must consent to the removal by specifically
27   conferring agency status on Clear Channel to obtain a permit to remove.
28

3. **Legal Issues:**

   A.  Whether or not the lease grants agency status to Clear Channel to apply for and obtain a permit to remove its sign, structures and improvements.

   B.  Who has ownership rights over the sign. Clear Channel contends that Ms. Erkelens has wrongfully exercised dominion over the sign, and contends that the alleged misconduct was malicious, fraudulent and oppressive.

   C.  Whether or not Ms. Erkelens explicitly acknowledged Clear Channel's ownership and right to remove the sign, structures and improvements and repeatedly gave Clear Channel permission to enter her property such that she is estopped from claiming otherwise.

   D.  Whether or not Ms. Erkelens' continued possession of the sign, structures and improvements constitutes unjust enrichment and, if so, in what amount?

   E.  Whether or not the case meets jurisdictional requirements including the minimal amount in controversy. Clear Channel contends that the amount in controversy is in excess of $75,000 and Ms. Erkelens contends that Clear Channel's damages are less than $1,000.

4. **Motions:** Ms. Erkelens reserves the right to file a motion to remand to state court.

5. **Amendment of Pleadings:** None contemplated.

6. **Evidence Preservation:** No issue contemplated, as the scope of relevant documents is narrow, and many relevant documents (emails and letters) have been communicated between the parties.

7. **Disclosures:** Initial disclosures are due on March 7, 2008.

8. **Discovery:** The parties will follow the presumptive limits of the Federal Rules.

9. **Class Action:** N/A

10. **Related Cases:** N/A

11. **Relief:** Declaration of rights under the lease at issue, injunctive relief; disgorgement of profits from Ms. Erkelens' unjust enrichment in keeping the sign from termination of the lease until entry of judgment; punitive damages from Ms. Erkelens 's alleged malicious, fraudulent and oppressive misconduct.

12. **Settlement and ADR:** The parties have submitted ADR certifications pursuant to ADR L.R. 3.5. Ms. Erkelens is currently out of the country. After she returns and prior to the initial Case Management Conference, the parties intend to confer regarding a Joint Stipulation and to ADR Process .

13. **Consent to Magistrate Judge for all Purposes:** Clear Channel does not consent.

14. **Other References:** None.

15. **Narrowing of Issues:** Issues are simple, and have been narrowed.

16. **Expedited Schedule:** N/A

17. **Scheduling:**

1   Completion of non-expert discovery: July 15, 2008

2   Expert reports due: August 15, 2008

3   Rebuttal expert reports due: September 15, 2008

4   Completion of expert discovery: October 20, 2008

5   Last day to file dispositive motions: November 25, 2008

6   Pretrial Conference: January 4, 2009

7   Trial: February 7, 2009

9   18.   **Trial:** 2 day estimate; jury requested

11  19.   **Disclosure of Non-party Interested Entities or Persons:**

13  Clear Channel Outdoor, Inc.  Clear Channel has filed the "Certification of Interested Entities" pursuant to Local Rule 3-16.  It states as follows:  Pursuant to Local Rule 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:  Clear Channel Outdoor Holdings, Inc., parent company of Plaintiff Clear Channel Outdoor, Inc.  Other than as disclosed herein, there is no such interest to report.

22  Linda Erkelens:  N/A.

26  ///

20. **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter:** Early settlement conference.

DATED: February 29, 2008            REED SMITH, LLP


                                    By: _____/s/ James A. Daire_____
                                        James A. Daire
                                        Attorneys for Clear Channel Outdoor, Inc.


DATED: February 29, 2008            LUCE, FORWARD, HAMILTON & SCRIPPS LLP


                                    By: _____/s/ Marisa Y. Kirschenbauer__
                                        Marisa Y. Kirschenbauer
                                        Attorneys for Linda Erkelens

**CASE MANAGEMENT ORDER**

The court finds that each party was represented by lead trial counsel responsible for trial of this matter and was given an opportunity to be heard as to all matters encompassed by this Case Management Statement and Proposed Order filed prior to this conference. The court adopts this statement as modified and enters of this court pursuant to Civ. L.R. 16-10(b).

The foregoing joint statement as amended is adopted by this court as the Case Management Order in this action in accordance with FRCivP 26, Civ. L.R. 16 and other applicable Local Rules, and shall govern all further proceedings in this action.

IT IS SO ORDERED.

DATED:_____

_____
HON. SAUNDRA B. ARMSTRONG
United States District Judge

**Certification of Signature**

I attest that concurrence in the filing of the document has been obtained from each of the other signatories.

Date: February 29, 2008

/s/<br>
James A. Daire

**Certificate of Service**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 29th day of February 2008, with a copy of this document via the Court's CM/ECF system. I certify that all parties in this case are represented by counsel who are CM/ECF participants.

/s/<br>
James A. Daire

301032570.1