Scott D. Baker (SBN 84923)
Email: sbaker@reedsmith.com
James A. Daire (SBN 239637)
Email: jdaire@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:   +1 415 543 8700
Facsimile:   +1 415 391 8269

Attorneys for Plaintiff
Clear Channel Outdoor, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LINDA ERKELENS, an individual,<br><br>Defendant. | Case No.: C 07-06138 SBA<br><br>**CLEAR CHANNEL OUTDOOR, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS, FURTHER RESPONSES AND DEPOSITION OF LINDA ERKELENS**<br><br>[Fed.R.Civ.P. 37]<br><br>Date:   To be determined<br>Time:   To be determined<br>Place:  To be determined<br><br>Compl. Filed: December 4, 2007<br>Trial Date: November 10, 2008 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................2

II. FACTUAL AND PROCEDURAL BACKGROUND..........................................2

    A. Clear Channel Alleges That Ms. Erkelens Has Breached A Contract And Converted Clear Channel's Personal Property For The Benefit of ADS.......2

    B. Ms. Erkelens Refuses To Produce Documents Or Respond To Discovery Requests Relating To ADS ..............................................................................3

    C. Clear Channel's Efforts To Meet And Confer – And Get Definitive Answers From Ms. Erkelens – Take Several Weeks......................................4

III. LEGAL ANALYSIS................................................................................................6

    A. Ms. Erkelens Should Be Ordered To Produce All Documents Withheld On The Purported Grounds That They Are "Confidential" And "Proprietary"...................................................................................................7

    B. Ms. Erkelens Should Be Ordered To Produce Further Responses To Requests For Production Numbers 3, 4, 6, 16, 29, 30 and 32.........................8

        1. Request Numbers 3, 4, 6, and 16 Are Relevant to Clear Channel's Claim That Ms. Erkelens Is Appropriating Its Property For ADS' Benefit....................................................................................................9

        2. Request Numbers 29 And 30 Are Relevant To Ms. Erkelens' Activities With Respect To Other Signs And Sign Companies.....................10

        3. Request Number 30 Is Relevant To Ms. Erkelens' Actual Knowledge Of The Existing Lease ...............................................................11

IV. CONCLUSION.......................................................................................................11

# TABLE OF AUTHORITIES

## CASES

*Blankenship v. Hearst Corp.*,
   519 F.2d. 418 (9th Cir.1975) ..................................................................................7

*Oppenheimer Fund, Inc. v. Sanders*,
   437 U.S. 340 (1978) ............................................................................................6, 7

*Soto v. City of Concord*,
   162 F.R.D. 603 (N.D. Cal. 1995) .........................................................................6, 7

*Rifkind v. Sup. Ct.*
   123 Cal.App.3d 1045 (1981) ..................................................................................10

## STATUTES

Fed.R.Civ.P. 26(b)(1) .....................................................................................6, 7, 10

Fed.R.Civ.P. 37 ..................................................................................................1, 8

Cal. Civ. Code § 3295 .............................................................................................10

Cal. C.C.P. § 2017.220 ...........................................................................................10

# NOTICE OF MOTION

In the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Plaintiff Clear Channel Outdoor, Inc. ("Clear Channel") will and hereby does move the Court for an order compelling certain discovery as described in the second paragraph below. This case has not been assigned to a Magistrate for all discovery matters. Accordingly, and pursuant to Judge Armstrong's Scheduling Information, Clear Channel leaves the date and time blank for the hearing in anticipation that the motion will be referred to a Magistrate for all further discovery.

Clear Channel moves the Court for an order compelling Defendant Linda Erkelens (1) to produce documents in response to Clear Channel's First Set of Requests for Production of Documents and Things; (2) to further respond to Request Numbers 3, 4, 6, 16, 29, 30 and 32; and (3) to appear for deposition thereafter. Clear Channel seeks to have this motion heard on regular notice on July 15, 2008, to comply with the Court's fact discovery cut-off, and to extend the fact discovery cut-off for the limited purpose of assuring the Defendant's compliance with the Court's orders.

This Motion is made pursuant to Federal Rule of Civil Procedure 37 and Civil Local Rule 37 and is based on, among other things, Ms. Erkelens' failure to produce discoverable documents before her regularly noticed deposition. This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, the Declaration of James A. Daire, all pleadings and paper on file in this action and such further evidence that may be submitted to the Court at or before the hearing.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Over three months ago, Plaintiff Clear Channel served its first set of document requests and a notice of deposition of Linda Erkelens on the Defendant, Linda Erkelens. Among other things, the document requests seek communications and agreements between Ms. Erkelens and Advertising Display Systems 1, LLC ("ADS"). These documents lie at the heart of Clear Channel's claims against Ms. Erkelens, and Clear Channel notified Ms. Erkelens that full production of these materials would be necessary before she is deposed. Ms. Erkelens confirmed that these documents exist but refused to produce them on the grounds that they are "confidential" and "proprietary," without ever explaining why the documents are either confidential or proprietary.

After weeks of meet and confer efforts, including several offers by Clear Channel to stipulate to a proposed order to protect the supposed confidentiality of the documents, last week Ms. Erkelens produced deficient amended responses to the document requests and confirmed that she still refuses to produce the non-privileged responsive documents she had earlier withheld. Accordingly, Clear Channel seeks an order compelling Ms. Erkelens to produce all responsive materials immediately. In addition, because the fact discovery cut-off is July 15, 2008, Clear Channel seeks to extend the deadline only for the purposes of ensuring Ms. Erkelens' compliance with the Court's order.

## II. FACTUAL AND PROCEDURAL BACKGROUND

**A. Clear Channel Alleges That Ms. Erkelens Has Breached A Contract And Converted Clear Channel's Personal Property For The Benefit of ADS**

This lawsuit stems from Ms. Erkelens' unlawful misappropriation of Clear Channel,

Inc.'s general advertising sign, structures and improvements following the termination of the parties' lease agreement for her real property, and her attempt to turn over Clear Channel's personal property to Clear Channel's direct competitor – ADS.

After Ms. Erkelens terminated her lease with Clear Channel, she agreed that Clear Channel could remove its sign structure and expressly acknowledged that Clear Channel could take all necessary steps to remove the sign structure. [Docket No. 1 ("Complaint"), ¶¶ 16-17.] Indeed, after notifying Clear Channel that she intended to terminate Clear Channel's lease to her real property at 1801 Turk Street, Erkelens told Clear Channel in writing to arrange to remove its sign, structures and improvements before the date of termination. [*Id.* ¶ 13.] In reliance on her directive – as well as its authority under the terms of the lease between Clear Channel and Erkelens – Clear Channel obtained a permit from the City of San Francisco to remove the sign structure. [*Id.* ¶ 15.] Even after Clear Channel obtained the permit to remove the sign structure (the "Removal Permit") and provided a copy of the Removal Permit to Erkelens, she confirmed again that she had no objection to the removal of the sign. [*Id.* ¶ 17.]

On the virtual eve of the removal, however, Erkelens –joined by ADS – suddenly reversed course and claimed that the Removal Permit was invalid and that she somehow owns Clear Channel's sign structure and has the right to lease it to ADS– in violation of Clear Channel's rights to its personal property and in blatant breach of the lease. [*Id.* ¶ 21.] Clear Channel filed this lawsuit to vindicate its unequivocal rights to its own property.

**B.   Ms. Erkelens Refuses To Produce Documents Or Respond To Discovery Requests Relating To ADS**

On March 7, 2008, Clear Channel served Ms. Erkelens with written discovery requests and a notice of deposition. On April 15, 2008, after Clear Channel agreed to two extensions of Ms. Erkelens' deadline to respond, she served written responses with boilerplate objections and

1  refused to substantively respond to several different requests for production. [Declaration of James
2  A. Daire ("Daire Decl."), Exhs. B; C.] Ms. Erkelens' also served Clear Channel a list of three so-
3  called "Privilege Documents" which she withheld from production. [*Id.*, Exh. D.] Items one and
4  two on the list are, respectively, an agreement and a letter between Ms. Erkelens and ADS. [*Id.*]
5  Importantly, Ms. Erkelens did not actually claim that items one and two are privileged, which would
6  be the only legitimate basis to withhold the documents. Instead, her illegitimate basis for
7  withholding the documents was that the documents are "confidential" and "proprietary." Moreover,
8  Ms. Erkelens never proffered any alleged facts which would make the documents "confidential" or
9  "proprietary" in the first place.

11 **C.    Clear Channel's Efforts To Meet And Confer – And Get Definitive Answers From Ms.**
12 **Erkelens – Take Several Weeks**

14         After Clear Channel received these deficient responses, it made substantial and good
15 faith efforts to resolve the issues raised by this Motion. More specifically, on May 6, 2007, Clear
16 Channel sought to arrange a telephonic conference to discuss Ms. Erkelens' boilerplate objections
17 and her apparent refusal to produce responsive, non-privileged documents. [*Id.*, Exh. E, p.1.] Clear
18 Channel explained that Ms. Erkelens' full document production was required before Ms. Erkelens'
19 deposition. [*Id.* p. 4.] With respect to the deficient written responses, Clear Channel's position was
20 that Ms. Erkelens' objections were either inapplicable, nonsensical, or both, and asked Ms. Erkelens
21 to amend her responses. [*Id.* pp. 1-4.]

23         As for the improperly withheld documents, Clear Channel agreed in the letter to
24 initially treat these materials as "CONFIDENTIAL" under the Northern District's form Stipulated
25 Protective Order (without prejudice to Clear Channel's rights to review the documents and challenge
26 the confidential designation) and to disclose and use the documents accordingly. [*Id.*] Thus, as of
27 May 6, 2008 – over a month ago – Ms. Erkelens' had no legitimate objection to production of the
28 agreement and letter between her and ADS.

1        The following day, James Daire, counsel for Clear Channel, and Marisa
2 Kirschenbauer, counsel for Ms. Erkelens, discussed the disputed discovery issues by phone. [Daire
3 Decl., ¶ 8, Exh. F.] At that time, Ms. Kirschenbauer agreed to seek Ms. Erkelens' permission to
4 produce the documents and to amend Ms. Erkelens' written discovery responses accordingly. [Id.]
5 A week later, however, Mr. Daire received a letter from Ms. Kirschenbauer in which Ms. Erkelens'
6 simply reiterated her earlier objections without amending so much as a single response, and failed to
7 even address the matter of the improperly withheld documents. [Daire Decl., Exh. H.] Ms.
8 Erkelens also cited inapplicable California state procedural law. [Id., p. 3, 4]. She did not, however,
9 state whether Ms. Erkelens' maintained her baseless refusal to produce the documents or amend the
10 responses. [Id.]

12        Subsequently, Mr. Daire sought to clarify by telephone whether Ms. Kirschenbauer
13 intended her letter to be Ms. Erkelens' "final word" on the disputed discovery issues. [Daire Decl., ¶
14 11, Exh. I.] Ms. Kirschenbauer, however, was unable to confirm whether the letter was Ms.
15 Erkelens' "final word" on the disputed discovery issues, thereby necessitating a motion to compel.
16 [Daire Decl., ¶ 12.] Accordingly, Mr. Daire told Ms. Kirschenbauer that Clear Channel would
17 assume that Ms. Erkelens refuses to produce the documents or amend her written responses if Clear
18 Channel did not hear from her otherwise by May 27, 2008. [Daire Decl., ¶ 12, Exh. J.] Mr. Daire
19 also agreed again on Clear Channel's behalf to submit to the Court a proposed stipulated protective
20 order to protect any alleged confidentiality of the withheld documents, thereby mooting any
21 legitimate basis to withhold the documents.

23        In a May 27, 2008 letter, Ms. Kirschenbauer stated that Ms. Erkelens would amend
24 her written responses by June 2, 2008, but would still not produce the withheld documents. [Daire
25 Decl., Exh. K.] Ms. Kirschenbauer further stated that she would discuss a protective order only if
26 Clear Channel moved to compel regarding the disputed discovery issues. [Id.] In response, Mr.
27 Daire informed Ms. Kirschenbauer– for the third time – that if Ms. Erkelens still contended that the
28 withheld documents are confidential, Clear Channel would agree to submit a proposed stipulated

1  protective order. [*Id.*, ¶ 14, Exh. L.]

3  Finally, on June 2, 2008, Ms. Erkelens served her Amended Responses to Clear
4  Channel's discovery requests. Not surprisingly in light of Ms. Erkelens' earlier stall tactics, she still
5  refuses to produce any documents in response to seven requests for production Clear Channel
6  identified in its original meet and confer letter. Indeed, the only apparent "amendment" to these
7  responses is that "Defendant will not produce any documents related to this request." [Daire Decl.,
8  Exh. N, pp. 4-15.] After the parties failed to settle this dispute at the court ordered mediation on
9  June 6, 2008, Clear Channel immediately filed this Motion.

11  Ms. Erkelens and her attorneys have taken full advantage of Clear Channel's
12  discovery preference to avoid unnecessary court intervention where possible. After several weeks of
13  meet and confer efforts and approaching the close of fact discovery, Ms. Erkelens still refuses to
14  produce responsive non-privilege documents or to substantively amend her responses, all without
15  any justification. The Court should issue an order compelling this basic discovery and an order
16  awarding Clear Channel's attorney's fees (addressed by separate motion) for playing this blatant
17  discovery game.

### III. LEGAL ANALYSIS

21  The scope of discovery is "extremely broad." *Soto v. City of Concord*, 162 F.R.D.
22  603, 610 (N.D. Cal. 1995). Federal Rule of Civil Procedure Section 26(b)(1) provides that a party
23  "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter
24  involved in the pending action." Fed. R. Civ. Proc. 26 (b)(1). Thus, Ms. Erkelens must comply with
25  discovery requests regarding "any matter that bears on, or that reasonably could lead to other matter
26  that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437
27  U.S. 340, 351 (1978); *Soto*, 162 F.R.D. at 610. Because discovery is designed to define and clarify
28  the issues, it is not limited to only those specific issues raised in the pleadings. *Oppenheimer*, 437

U.S. at 351. Rather, the question of relevancy should be construed "liberally and with common sense" and discovery should be allowed unless the information sought has no conceivable bearing on the case. *Id.*; *Soto*, 162 F.R.D. at 610.

Further, "the party seeking to avoid discovery bears a heavy burden of demonstrating why discovery should be denied." *Blankenship v. Hearst Corp.*, 519 F.2d. 418, 429 (9th Cir.1975). As discussed below, Ms. Erkelens bears a heavy burden indeed, and cannot properly refuse to produce the documents she has withheld, further respond to Clear Channel's written discovery requests, and appear for a deposition *after* she has produced all responsive documents.

### A. Ms. Erkelens Should Be Ordered To Produce All Documents Withheld On The Grounds That They Are "Confidential" And "Proprietary"

Ms. Erkelens has improperly limited the scope of responsive material by refusing to produce two documents – an "agreement" and a "letter" between her and ADS – on the ground that the documents are "proprietary" or "confidential." [Daire Decl., Exh. D.] These documents are at the heart of Clear Channel's claim that Ms. Erkelens has improperly purported to grant rights to Clear Channel's property to ADS (and Ms. Erkelens' denial thereof), and Clear Channel is entitled to these documents as a matter of right. *See* Fed.R.Civ.P. 26(b)(1). Further, and despite Clear Channel's repeated invitations, Ms. Erkelens never alleged any facts to support the conclusion that the withheld documents are in fact "proprietary" or "confidential" to Ms. Erkelens. More importantly, neither label makes the documents privileged or otherwise excludes the documents from discovery.

Even if this Court were to credit (which it should not) Ms. Erkelens' explanation that she originally withheld the documents because they are confidential and proprietary, Clear Channel has thrice offered to submit to the court a proposed stipulated protective order to cover the documents and protect the supposed confidentiality of the documents. Indeed, Clear Channel even

Case No.: Case No.: C 07-06138 SBA                – 7 –                DOCSSFO-12517586.3-JDAIRE
CLEAR CHANNEL OUTDOOR, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS, FURTHER RESPONSES AND DEPOSITION

1  went to so far as to draft a proposed stipulated protective order to protect the confidentiality of Ms.
2  Erkelens' documents. Ms. Erkelens' only response was that such a protective order was "premature"
3  before this motion. In other words, Ms. Erkelens refuses to produce the documents because there is
4  no protective order in place, but also refuses to submit a proposed stipulated protective order until
5  this Court compels her to produce the documents. Ms. Erkelens' attempted catch-22 is untenable,
6  and Ms. Erkelens should be ordered to produce the documents immediately and without restriction.

8  **B.    Ms. Erkelens Should Be Ordered To Produce Further Responses To Requests For**
9  **       Production Numbers 3, 4, 6, 16, 29, 30 and 32.**

11  Ms. Erkelens should also be ordered to produce further responses to Requests For
12  Production Numbers 3, 4, 6, 16, 29, 30 and 32. Pursuant to Civil Local Rule 37-2, the documents
13  requests and Ms. Erkelens' respective June 2, 2008 amended responses are:

**REQUEST NO. 3**: All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the LEASE between YOU and ADS from October 2003 to the present.
**RESPONSE TO REQUEST NO. 3**: Objection. This request is irrelevant, overbroad, proprietary and seeks confidential information protected by constitutional rights of privacy. On that basis, Defendant will not produce any documents related to this request.

**REQUEST NO. 4**: All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the PROPERTY between YOU and ADS from October 2003 to the present.
**RESPONSE TO REQUEST NO. 4**: Defendant objects to this request on the grounds that it is overly broad, intended to burden and harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence. On that basis, Defendant will not produce any documents related to this request.

**REQUEST NO. 6**: All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the PERMIT between YOU and ADS from October 2003 to the present.
**RESPONSE TO REQUEST NO. 6**: Objection. This request is irrelevant, overbroad, proprietary and seeks confidential information protected by constitutional rights of privacy. On that basis, Defendant will not produce any documents related to this request.

**REQUEST NO. 16**: All DOCUMENTS that RELATE TO any agreements between YOU and ADS regarding the PROPERTY or the billboard sign located on the PROPERTY.
**RESPONSE TO REQUEST NO. 16**: Objection. This request is compound. Defendant further objects to this request on the grounds that it is overly broad, intended to burden and harass Defendant, and is not reasonably calculated to lead to

the discovery of admissible evidence. This request is irrelevant, overbroad, proprietary and seeks confidential information protected by constitutional rights of privacy. On that basis, Defendant will not produce any documents related to this request.

**REQUEST NO. 29**: DOCUMENTS sufficient to identify any and all billboards in the San Francisco Bay Area, in YOU have a proprietary interest, whether as lessee, lessor, licensor, licensee, part or full or otherwise.

**RESPONSE TO REQUEST NO. 29**: Defendant objects to this request on the grounds that it is overly broad, intended to burden and harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence. On that basis, Defendant will not produce any documents related to this request.

**REQUEST NO. 30**: DOCUMENTS sufficient to reflect any rental amounts (whether monthly, annually or otherwise) YOU have received as the result of leasing or licensing any billboards in the San Francisco Bay Area.

**RESPONSE TO REQUEST NO. 30**: Defendant objects to this request on the grounds that it is overly broad, intended to burden and harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence. On that basis, Defendant will not produce any documents related to this request.

**REQUEST NO. 32:** All DOCUMENTS that RELATE TO YOUR acquisition of the PROPERTY.

**RESPONSE TO REQUEST NO. 32**: Defendant objects to this request on the grounds that it is overly broad, intended to burden and harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence. On that basis, Defendant will not produce any documents related to this request.

[Daire Decl., Exh. N, pp. 4-15.]

1.  **Request Numbers 3, 4, 6, and 16 Are Relevant to Clear Channel's Claim That Ms. Erkelens Is Appropriating Its Property For ADS' Benefit**

Contrary to the amended responses, each of these requests is within the scope of discovery and not intended to harass Ms. Erkelens. Request Numbers 3, 4, 6 and 16 seek documents related to ADS, and are relevant to Clear Channel's claim that Ms. Erkelens has improperly purported to grant rights to the sign structure to ADS (and Ms. Erkelens' denial thereof). Moreover, none of ADS' objections justifies its total refusal to substantively respond. Request Numbers 3, 4, 6 and 16 are not overbroad because they limited as to time, parties to the communications, and subject matter of the communications. Belying the over breath objection as to ADS, Ms. Erkelens conducted a reasonable inquiry as to communications between Ms. Erkelens and "any third party" from October 2003 to the present and stated that no responsive documents were found in response to Request Nos. 5 and 7.

Further, the objection on the ground that the Request are "proprietary" makes no sense. Request numbers 3, 4, 6, and 16 seek communications between Ms. Erkelens and a third party and Ms. Erkelens' has not offered any alleged facts that would make the communications subject to trade secret protection or proprietary to Ms. Erkelens.

Ms. Erkelens' only other objection to Request Numbers 3, 4, 6 and 16 is that they call for "confidential information protected by constitutional rights of privacy." This objection is also baseless. In diversity actions, privacy objections are determined under applicable state law. California law recognizes certain inapplicable protections from discovery into sexual privacy, tax information, financial information, and the like. *See* Cal. C.C.P. § 2017.220; *Rifkind v. Sup. Ct.* 123 Cal.App.3d 1045(1981), Cal. Civ. Code § 3295. Ms. Erkelens' right to privacy is not implicated by communications regarding the lease at issue in this case. This Court should reject these boilerplate objections and compel Ms. Erkelens to produce all responsive documents.

2.  **Request Numbers 29 And 30 Are Relevant To Ms. Erkelens' Activities With Respect To Other Signs And Sign Companies**

Request Numbers 29 and 30 seek documents related Ms. Erkelens' activities with respect to other signs and other sign companies (if any) and her ownership and rental rights with respect to those signs. These documents are relevant to Clear Channel's conversion claim, its trespass to chattel claim and its request for punitive damages, among other things. Clear Channel is entitled to these documents, or at least a definitive response that they do not exist, as a matter of right. *See* Fed.R.Civ.P. 26(b)(1). In addition, the documents sought in these Requests are not unduly burdensome – the Requests seeks only documents *sufficient* to identify any other billboards within the San Francisco Bay Area in which Mr. Erkelens has an interest and rental amounts received. Accordingly, Ms. Erkelens should be compelled to produce all responsive documents, if any, to Request Numbers 29 and 30.

**3.  Request Number 32 Is Relevant To Ms. Erkelens' Actual Knowledge Of The Existing Lease**

Request Number 32 seeks documents related to Ms. Erkelens' acquisition of the property on which Clear Channel's property still sits. Once again, Ms. Erkelens refused to produce any responsive documents to and repeated the boilerplate objections discussed above. Clear Channel anticipates that Ms. Erkelens will claim that she should not be bound by the parties' lease. The material responsive to Request Number 32 is plainly relevant to Ms. Erkelens' knowledge of the Lease at the time she acquired the Turk Street Property, and Clear Channel is entitled by right to this discovery.

## IV.  CONCLUSION

After stringing Clear Channel along with the prospect of amended responses – and with full knowledge that her scheduled deposition depends upon a full document production – Ms. Erkelens failed to substantively amend the responses at issue or to finally produce the non-privileged, responsive documents she previously identified. There is no justification for Ms. Erkelens' failure comply with these basic discovery obligations, and, therefore Clear Channel's Motion to Compel should be granted. Ms. Erkelens should be ordered (1) to produce all responsive materials without restriction, including the ADS letter and agreement immediately; (2) to amend her

///

///

///

1 | responses to Request Numbers 3, 4, 6, 16, 29, 30 and 32 immediately, and (3) to appear for
2 | deposition at counsel for Clear Channel's offices within a week thereafter. Further, the July 15,
3 | 2008 close of fact discovery should be extended for the limited purpose of ensuring Ms. Erkelens
4 | compliance with the order.

DATED: June 10, 2008.

REED SMITH LLP

By_____
James A. Daire
Attorneys for Plaintiff
Clear Channel Outdoor, Inc

## Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 10th day of June 2008, with a copy of this document via the Court's CM/ECF system. I certify that all parties in this case are represented by counsel who are CM/ECF participants.

/s/
James A. Daire