Scott D. Baker (SBN 84923)
Email: sbaker@reedsmith.com
James A. Daire (SBN 239637)
Email: jdaire@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:   +1 415 543 8700
Facsimile:   +1 415 391 8269

Attorneys for Plaintiff
Clear Channel Outdoor, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LINDA ERKELENS, an individual,<br><br>Defendant. | Case No.: C 07-06138 SBA<br><br>**CLEAR CHANNEL OUTDOOR, INC.'S MOTION FOR AN AWARD OF ATTORNEY FEES**<br><br>[Fed.R.Civ.P. 37]<br><br>Date:   To be determined<br>Time:   To be determined<br>Place:  To be determined<br><br>Compl. Filed: December 4, 2007<br>Trial Date: November 10, 2008 |

# NOTICE OF MOTION

In the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Plaintiff Clear Channel Outdoor, Inc. ("Clear Channel") will and hereby does move the Court for an order awarding Clear Channel attorney fees associated with its accompanying Motion to Compel. This case has not been assigned to a Magistrate for all discovery matters. Accordingly, and pursuant to Judge Armstrong's Scheduling Information, Clear Channel leaves the date and time blank for the hearing in anticipation that the motion will be referred to a Magistrate for all further discovery.

Clear Channel moves the Court for an order awarding it attorney fees from Defendant Linda Erkelens and her attorneys on the ground that Ms. Erkelens and her attorneys have withheld documents and refused to further respond to discovery requests without substantial justification. Clear Channel seeks to have to motion heard on regular notice on July 15, 2008, to comply with the Court's fact discovery cut-off.

This Motion is made pursuant to Federal Rule of Civil Procedure 37 and Civil Local Rule 37 and is based on, among other things, Ms. Erkelens' failure to produce discoverable documents or further responses to discovery requests and her failure to proffer any legitimate justification for such failure. This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, the Declaration of James A. Daire, all pleadings and paper on file in this action and such further evidence that may be submitted to the Court at or before the hearing.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

After several weeks of Clear Channel's substantial meet and confer efforts, Ms. Erkelens and her counsel have refused to live up to the most basic discovery obligations, including (1) the production of non-privileged, responsive documents between her and non-party Advertising Display Systems 1, LLC ("ADS"); and (2) complete responses to all of Clear Channel's documents requests. There is absolutely no justification for the failure to produce these documents and to provide complete responses. Ms. Erkelens' refusal to comply with these obligations is nothing more than an attempt to frustrate Clear Channel's legitimate discovery efforts. Accordingly, Clear Channel respectfully requests that Ms. Erkelens be sanctioned for this misconduct.

## II. FACTUAL AND PROCEDURAL AND BACKGROUND

The relevant factual and procedural background of this discovery dispute is set forth in Clear Channel's accompanying Motion to Compel, and Clear Channel incorporates it by reference herein.

In connection with the meet and confer process and the preparation of the accompanying Motion to Compel thus far, Clear Channel has expended an estimated $ 5,200 in attorney fees. Counsel for Clear Channel has spent at least thirteen hours meeting and conferring with counsel for Ms. Erkelens and preparing the Motion to Compel [Declaration of James A. Daire ("Daire Decl."), ¶18.] Clear Channel also anticipates that it will incur another $ 2,400 in attorney fees (at least six hours of attorney time) in connection with the reply papers and preparing for and attending the hearing on the Motion to Compel. [Id.] Accordingly, Clear Channel seeks an award of attorney fees in the amount of $ 7,600.

## III. LEGAL ANALYSIS

**Ms. Erkelens Should Be Sanctioned For Her Failure To Comply With Her Discovery Obligations Without Sufficient Justification**

The party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorney fees, unless the losing party was substantially justified in making or opposing the motion (or other circumstances make such an award unjust). Fed.R.Civ.P 37(a)(5); Civil L.R. 37-3; *H. K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.* 536 F2d 1115, 1124–1125 (6th Cir. 1976). An award of expenses does not require a showing of willfulness or improper intent; rather, the standard is whether there was substantial justification for the losing party's conduct. Fed.R.Civ.P 37; *Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982); *Sheppard v. River Valley Fitness One, L.P.* 428 F.3d 1, 11 (1st Cir. 2005) ("Whatever his motivation, [counsel's] arguments for the order, simply taken at face value, were so unjustified that he must personally bear the costs of opposing it.")

Here, Ms. Erkelens and her counsel lacked any legitimate justification, let alone a substantial justification, for refusing two months ago to produce the non-privileged, responsive letter and agreement with ADS. These documents bear directly on Clear Channel's breach of contract and conversion claims, as well as Clear Channel's factual allegations that Ms. Erkelens has thus far refused to admit. Ms. Erkelens only purported basis for refusing to produce these documents was that the documents are "proprietary, confidential." [Daire Decl., Exh. D.] Notably, however, Ms. Erkelens never offered any alleged facts why the documents were proprietary or confidential. Moreover, as Ms. Erkelens' counsel is well aware, asserting that responsive documents are proprietary or confidential does not make them privileged or otherwise take then outside the scope of lawful discovery. Further, Clear Channel immediately mooted any confidentiality concerns by immediately agreeing to treat the documents as "confidential" and also agreeing to enter a proposed stipulated protective order – on three separate occasions – to protect the purposed confidentiality of the documents. Without offering any reason, Ms. Erkelens' counsel still refuses to produce the letter

1 and the agreement with ADS to this day.

2      In addition, Ms. Erkelens lacked a sufficient justification to refuse to further answer Requests For Production Numbers 3, 4, 6, 16, 29, 30 and 32. After Clear Channel received Ms. Erkelens' original deficient responses, it promptly explained to Ms. Erkelens' counsel why Clear Channel believed that Ms. Erkelens' objections were either inapplicable, nonsensical, or both, and asked counsel to amend her responses. [*Id.*, Exh. E.] Ms. Erkelens' counsel failed to meaningfully respond to these arguments, instead opting to repeat the original boilerplate objections while citing to inapplicable state procedural law. When Ms. Erkelens' counsel did finally amend her responses on June 2008, the amendment to Requests For Production Numbers 3, 4, 6, 16, 29, 30 and 32 was that "Defendant will not produce any documents related to this request." [Daire Decl., Exh. N, pp. 4-15.]

     These are both basic discovery obligations, and there is no substantial justification (1) to refuse to produce clearly responsive, non-privileged documents or (2) to fully respond to all relevant document requests, not just the ones counsel picks and chooses. Accordingly, Clear Channel is entitled to an award of sanctions in the amount of $ 7,600.

## IV. CONCLUSION

     Ms. Erkelens' failure to produce the withheld documents, alone or together with her failure response to all relevant document requests, is without justification and therefore sanctionable under controlling law. Clear Channel respectfully requests that the Court grant this motion and sanction Ms. Erkelens and her counsel appropriately.

DATED: June 10, 2008.

                  REED SMITH LLP

                  By_____
                     James A. Daire
                     Attorneys for Plaintiff
                     Clear Channel Outdoor, Inc

## Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 10th day of June 2008, with a copy of this document via the Court's CM/ECF system. I certify that all parties in this case are represented by counsel who are CM/ECF participants.

                                                  /s/
                                     James A. Daire