1  Scott D. Baker (SBN 84923)
   Email: sbaker@reedsmith.com
2  James A. Daire (SBN 239637)
   Email: jdaire@reedsmith.com
3  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
4  San Francisco, CA  94111-3922

5  **Mailing Address:**
   P.O. Box 7936
6  San Francisco, CA  94120-7936

7  Telephone:    +1 415 543 8700
   Facsimile:    +1 415 391 8269
8
   Attorneys for Plaintiff
9  Clear Channel Outdoor, Inc.

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13  CLEAR CHANNEL OUTDOOR, INC., a          Case No.:  C 07-06138 SBA
    Delaware Corporation,
14                                          **DECLARATION OF JAMES A. DAIRE IN
                    Plaintiff,              SUPPORT OF CLEAR CHANNEL
15                                          OUTDOOR, INC.'S MOTION TO COMPEL
         vs.                                AND SEPARATE MOTION FOR AN
16                                          AWARD OF ATTORNEY'S FEES**
    LINDA ERKELENS, an individual,
17
                    Defendant.
18

19

20

21

22

23

24

25

26

27

28

1    I, JAMES A. DAIRE, declare:

2

3        1.    I am an attorney at law licensed to practice before the Courts of the State of

4    California and before this Court. I am an attorney with the law firm of Reed Smith, LLP, attorneys

5    of record for Clear Channel Outdoor, Inc. ("Clear Channel"), Plaintiff in the above-referenced

6    action. I make this Declaration in support of Clear Channel's Motion to Compel Further Responses

7    to Requests for Production of Documents and Deposition. I have personal knowledge of the matters

8    set forth in this Declaration. If called as a witness, I could and would competently testify to these

9    matters.

10

11   The Discovery at Issue

12       2.    Attached hereto as Exhibit A are copies of Clear Channel's First Set of

13   Requests For Production of Documents and Notice of Deposition of Linda Erkelens, which were

14   served on March 7, 2008.

15       3.    At the request of Marisa Kirschenbauer, counsel for Ms. Erkelens, I agreed to

16   extend the deadline for Ms. Erkelens' responses to Clear Channel's First Set of Requests for

17   Production. I also informed Ms. Kirschenbauer that Clear Channel would defer the deposition of

18   Ms. Erkelens until she responded in full to the pending written discovery requests. Attached hereto

19   as Exhibit B is a true and correct copy of Ms. Kirschenbauer's letter memorializing the extension.

20       4.    Attached hereto as Exhibit C is a copy of Ms. Erkelens' Responses to Clear

21   Channel's First Set of Requests for Production of Documents, which were served on April 15, 2008.

22       5.    Attached hereto as Exhibit D is a copy of Ms. Erkelens' "Privilege

23   Documents," which was also served on April 15, 2008.

24

25   Clear Channel's Meet and Confer Efforts

26       6.    Before filing this Motion, our office made a reasonable and good faith attempt

27   to resolve the issues raised by this Motion pursuant to Civil Local Rule 37. Our meet and confer

28   efforts took place in teleconferences and in written correspondence exchanged between the parties.

DECLARATION OF JAMES A. DAIRE IN SUPPORT OF CLEAR CHANNEL OUTDOOR, INC.'S MOTION TO
COMPEL AND SEPARATE MOTION FOR AN AWARD OF ATTORNEY'S FEES

1    7.    Attached hereto as Exhibit E is a May 6, 2008 letter from me to Ms.

2  Kirschenbauer, Gerald Murphy and Andrew Azarmi (colleagues of Ms. Kirschenbauer).

3    8.    The following day, Ms. Kirschenbauer and I discussed by telephone Ms.

4  Erkelens' failure to produce certain responsive, non-privileged documents identified in my May 6,

5  2008 letter and to respond to certain requests for production of documents. Ms. Kirschenbauer

6  agreed to seek Ms. Erkelens' permission to produce the documents and to amend Ms. Erkelens'

7  written discovery responses accordingly. Attached hereto as Exhibit F is a May 7, 2008 email

8  memorializing this conversation.

9    9.    Attached hereto as Exhibit G is another email from me to Ms. Kirchenbauer,

10  dated May 14, 2008, after Clear Channel had received no further response from Ms. Erkelens.

11    10.    Attached hereto as Exhibit H is a May 14, 2008 letter from Ms. Kirschenbauer

12  regarding Ms. Erkelens' objections to Clear Channel's Requests for Production of Documents.

13    11.    Although Ms. Kirschenbauer repeated in the letter the objections contained in

14  Ms. Erkelens' earlier written responses, she did not state whether Ms. Erkelens still refused to

15  produce the withheld documents and amend the written responses. Accordingly, I sought to clarify

16  by telephone whether Ms. Kirschenbauer intended her letter to be Ms. Erkelens' "final word" on the

17  disputed discovery issues. Consistent with my May 6, 2008 letter, Clear Channel also agreed to

18  submit a proposed stipulated protective order to protect any alleged confidentiality of the withheld

19  documents. Attached hereto as Exhibit I is a May 22, 2008 email from me to Ms. Kirschenbauer

20  offering to submit a proposed stipulated protective order based on the Northern District of

21  California's model protective order.

22    12.    In response, Ms. Kirschenbauer informed me by telephone that she would get

23  back to me by May 27, 2008 regarding the protective order. She also told me that Ms. Erkelens still

24  did not intend to produce the withheld documents or amend her written responses. She was unable,

25  however, to tell me whether this was Ms. Erkelens' "final word" on the disputed discovery issues,

26  thereby necessitating a motion to compel. Accordingly, I told Ms. Kirschenbauer that we would

27  assume that Ms. Erkelens refuses to produce the documents or amend her written responses if we did

28  not hear from her otherwise by May 27, 2008. Attached hereto as Exhibit J is a email memorializing

1    this discussion.

2          13.    On May 27, 2008, I received a letter from Ms. Kirschenbauer stating that Ms.

3 Erkelens had reconsidered and would amend her written responses by June 2, 2008, but would not

4 produce the previously withheld documents. Ms. Kirschenbauer further stated that she would

5 discuss a protective order only if Clear Channel moved to compel regarding the disputed discovery

6 issues. Attached hereto as Exhibit K is a true and correct copy of Ms. Kirschenbauer's May 27,

7 2008 letter.

8          14.    In response, I told Ms. Kirschenbauer – for the third time – that if Ms.

9 Erkelens still contended that the withheld documents are confidential, Clear Channel would agree to

10 submit a proposed stipulated protective order. A true and correct copy of the May 29, 2008 email

11 memorializing this conversation is attached hereto as Exhibit L.

12          15.    Attached hereto as Exhibit M is an email from Ms. Kirschenbauer informing

13 me that she believes stipulating to a protective order is "premature…until Clear Channel is granted

14 an order compelling production of documents."

15          16.    Attached hereto as Exhibit N is a copy of Ms. Erkelens' Amended Responses

16 To Clear Channel's First Set of Requests for Production of Documents, served June 2, 2008.

17

18    <u>Attorney's Fees Incurred</u>

19          17.    Despite our numerous attempts to meet and confer, we were unable to reach a

20 resolution of the issues raised in this Motion.

21

22 /// 

23

24 ///

25

26 ///

27

28

DECLARATION OF JAMES A. DAIRE IN SUPPORT OF CLEAR CHANNEL OUTDOOR, INC.'S MOTION TO
COMPEL AND SEPARATE MOTION FOR AN AWARD OF ATTORNEY'S FEES

1        18.    I spent at least thirteen hours in connection with the meet and confer process

2  and in preparation of this Motion.  I anticipate spending at least another six hours in connection with

3  the reply papers and preparing for and attending the hearing on this Motion.  My hourly billing rate

4  is $ 400.

5        I declare under penalty of perjury of the laws of the United States that the following is

6  true and correct.

7

8      DATED:  June 10, 2008.

9

10

11                      By____/S/_____
                        JAMES A. DAIRE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JAMES A. DAIRE IN SUPPORT OF CLEAR CHANNEL OUTDOOR, INC.'S MOTION TO
COMPEL AND SEPARATE MOTION FOR AN AWARD OF ATTORNEY'S FEES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 10th day of June 2008, with a copy of this document via the Court's CM/ECF system.  I certify that all parties in this case are represented by counsel who are CM/ECF participants.

_____/s/_____<br>
James A. Daire

DECLARATION OF JAMES A. DAIRE IN SUPPORT OF CLEAR CHANNEL OUTDOOR, INC.'S MOTION TO COMPEL AND SEPARATE MOTION FOR AN AWARD OF ATTORNEY'S FEES

# EXHIBIT A

1   Scott D. Baker (SBN 84923)
    *Email: sbaker@reedsmith.com*
2   James A. Daire (SBN 239637)
    *Email: jdaire@reedsmith.com*
3   REED SMITH LLP
    Two Embarcadero Center, Suite 2000
4   San Francisco, CA 94111-3922

5   **Mailing Address:**
    P.O. Box 7936
6   San Francisco, CA 94120-7936

7   Telephone:    +1 415 543 8700
    Facsimile:    +1 415 391 8269
8
9   Attorneys for Plaintiff
    Clear Channel Outdoor, Inc.

10                     UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13   CLEAR CHANNEL OUTDOOR, INC. a          Case No.:  C 07-06138 SBA
     Delaware Corporation,
14                                          **CLEAR CHANNEL OUTDOOR, INC.'S**
                          Plaintiff,        **FIRST SET OF REQUESTS FOR**
15                                          **PRODUCTION TO LINDA ERKELENS**
           vs.
16
     LINDA ERKELENS, an individual,
17
                          Defendant.
18

19

20

21

22

23

24

25

26

27

28

|   |   |   |   |
|---|---|---|---|
| 1 | PROPOUNDING PARTY | : | Plaintiff CLEAR CHANNEL OUTDOOR, INC. |
| 2 | RESPONDING PARTY | : | Defendant LINDA ERKELENS |
| 3 | SET NO. | : | ONE (1) |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Rules"), Plaintiff Clear Channel Outdoor, Inc. ("Clear Channel") hereby requests that Defendant Linda Erkelens respond to the following Requests for Production of Documents and produce the requested documents in the manner and within the time period provided in the Rules after the date of service hereof.  The place for production shall be the law offices of Reed Smith, Two Embarcadero Center, Suite 2000, San Francisco, California 94111.

## **DEFINITIONS**

1.    "CLEAR CHANNEL" means Plaintiff Clear Channel Outdoor, Inc., and its past or present officers, directors, shareholders, representatives, employees, and all other persons acting on its behalf.

2.    "YOU" and "YOUR" means Defendant Linda Erkelens and, where applicable, her agents, representatives, employees and all other persons acting or purporting to act on her behalf, including without limitation Gladstone and Associates.

3.    "ADS" means Raymond Reudy and Kevin Hicks, either individually or doing business as Advertising Display Systems, together with its past or present officers, directors, shareholders, representatives, employees, and all other persons acting on its behalf.

4.    "DOCUMENTS" means "originals" or "duplicates" of any "writing," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, in YOUR possession, custody or control.

1    5.    "COMMUNICATIONS" means and includes correspondence, conversations and all

2    other forms of information exchange, whether written, verbal, by telephone, electronic mail,

3    facsimile or other mode of transmission.

4

5    6.    "LEASE" means the commercial lease at issue in this action and all amendments and

6    extensions thereto, as alleged in Paragraphs 10-12 and attached as Exhibits A-C to CLEAR

7    CHANNEL's Complaint.

8

9    7.    "PROPERTY" means the real property located at 1801 Turk Street in San Francisco,

10    California which is the subject of the LEASE.

11

12    8.    "PERMIT" means the permit for additions, alterations or repairs as alleged in

13    Paragraph 15 and attached as Exhibit E to CLEAR CHANNEL's Complaint.

14

15    7.    "RELATE TO" as used with respect to any category of DOCUMENTS, means and

16    includes all DOCUMENTS that: (a) constitute or are encompassed within that category; (b)

17    memorialize, concern, mention, summarize, or refer to matters within that category; or (c) may

18    provide evidence concerning the subject matter of that category.

19

20    8.    "APPRAISAL" means and includes any estimate, opinion, evaluation, judgment or

21    calculation of the value of the PROPERTY, including estimates, opinions, evaluations or

22    calculations of rent or sale data for comparable advertising space.

23

24

25

26    **INSTRUCTIONS**

27    1.    If any portion of a document or tangible thing is responsive to a request, the entire

28    document or tangible thing shall be produced, redacting only privileged material, if any.

---

CLEAR CHANNEL OUTDOOR, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO LINDA ERKELENS

1       2.      YOU are to produce the original and each non-identical copy of each document or

2 tangible thing requested herein which is in YOUR possession, custody or control.

3

4       3.      Documents produced pursuant to these requests shall be produced in the original files

5 and shall not be shuffled or otherwise rearranged.  Documents which were stapled, clipped or

6 otherwise fastened together shall be produced in that form.

7

8       4.      If the documents produced pursuant to these requests consist of electronically stored

9 information, it is to be produced in its native form.

10

11      5.      Tangible things produced pursuant to these requests shall be produced in their present

12 form and shall not be changed or modified in any way.

13

14      6.      These requests are of a continuing nature, and any additional responsive documents

15 discovered subsequent to the scheduled date of production herein should promptly be produced to

16 CLEAR CHANNEL.

17

18      7.      If YOU claim that the attorney-client privilege or any other privileges may be

19 applicable to any document or written communication, the production of which is sought by these

20 requests, YOU shall, where applicable:

21

22          (a)      Describe generally the subject matter of the document and/or communication;

23

24          (b)      Identify the author and addresses and recipients of the documents;

25

26          (c)      Identify the participants in and witnesses to, the communication and all other

27                persons to whom the substance of such communications has been disclosed;

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    (d)     State the date on which the document was prepared or that communication was made;

    (e)     Identify each person who has ever had possession, custody or control of the document or any copy; and

    (f)     Provide sufficient further information concerning the document and/or communication to explain the privilege and permit adjudication of the propriety of such claim.

8.     If any document responsive to these requests was formerly in YOUR possession, custody or control and has been lost, destroyed or otherwise disposed of, YOU are directed to submit in lieu of each such document a written statement: (a) describing in detail the nature, form and content of the document; (b) identifying the person(s) who prepared or authored the document and any person to whom the document was sent; (c) stating the date on which the document was prepared or transmitted; and (d) specifying, if known, the date the document was lost or destroyed and if destroyed, the reason for such destruction, the person who requested and/or performed the destruction, and the person's employer and position.

9.     YOUR response to each request shall be set forth separately and in writing. If, after a good faith, diligent search of the documents within YOUR possession, custody or control, YOU conclude that no responsive documents have ever existed, so state.

///

## REQUESTS FOR PRODUCTION

**Request No. 1:**

All DOCUMENTS that RELATE TO COMMUNICATIONS between YOU and CLEAR CHANNEL regarding the LEASE, including without limitation any written correspondence sent to CLEAR CHANNEL by YOU, or received by YOU from CLEAR CHANNEL regarding the LEASE, and any records of conversations between YOU and CLEAR CHANNEL including notes and logs.

**Request No. 2:**

All DOCUMENTS that RELATE TO COMMUNICATIONS between YOU and CLEAR CHANNEL regarding the PERMIT, including without limitation any written correspondence sent to CLEAR CHANNEL by YOU, or received by YOU from CLEAR CHANNEL regarding the LEASE, and any records of conversations between YOU and CLEAR CHANNEL including notes and logs.

**Request No. 3:**

All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the LEASE between YOU and ADS from October 2003 to the present.

**Request No. 4:**

All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the PROPERTY between YOU and ADS from October 2003 to the present.

**Request No. 5:**

All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the LEASE between YOU and any third party from October 2003 to the present.

**Request No. 6:**

All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the PERMIT between YOU and ADS from October 2003 to the present.

**Request No. 7:**

All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the LEASE between YOU and any third party from October 2003 to the present.

**Request No. 8:**

All DOCUMENTS that RELATE TO the LEASE, including any assignments, amendments, modifications, or alleged termination thereof.

**Request No. 9:**

All DOCUMENTS that RELATE TO the PERMIT, including any applications, appeals or correspondence related thereto.

**Request No. 10:**

All DOCUMENTS that RELATE TO any permit application to the City of San Francisco filed by YOU or on YOUR behalf from June 1, 2007 to the present.

**Request No. 11:**

All DOCUMENTS that RELATE TO COMMUNICATIONS between YOU (or anyone acting on YOUR behalf) and the City of San Francisco from June 1, 2007 to the present.

**Request No. 12:**

All DOCUMENTS that RELATE TO any and all APPRAISALS of the PROPERTY, including any and all DOCUMENTS estimating the sale or rental value of the PROPERTY.

**Request No. 13:**

All DOCUMENTS that RELATE TO any and all APPRAISALS of the value for the right to maintain and display advertising on the billboard sign located on the PROPERTY which is the subject of the LEASE, including any and all DOCUMENTS estimating or projecting the rental value.

**Request No. 14:**

All DOCUMENTS that RELATE TO any and all APPRAISALS of the rental value for the right to maintain and display billboard advertising on the PROPERTY, including any and all DOCUMENTS estimating or projecting the rental value.

**Request No. 15:**

All DOCUMENTS that RELATE TO YOUR attempts to terminate the LEASE, including without limitation any purported termination notice that YOU allege YOU sent to CLEAR CHANNEL.

**Request No. 16:**

All DOCUMENTS that RELATE TO any agreements between YOU and ADS regarding the PROPERTY or the billboard sign located on the PROPERTY.

**Request No. 17:**

All DOCUMENTS that RELATE TO any agreements between YOU and any third party regarding the PROPERTY or the billboard sign located on the PROPERTY.

///

1   **Request No. 18:**

2       All DOCUMENTS that RELATE TO any third party efforts to lease the PROPERTY, at any

3   time between October 2003 and the present, including without limitation any solicitation or proposal

4   to lease the PROPERTY received by YOU, and any DOCUMENTS reflecting the terms of any such

5   solicitations or proposals.

6

7   **Request No. 19:**

8       All DOCUMENTS that RELATE TO any third party efforts to lease the billboard sign

9   located on the PROPERTY, including without limitation any solicitation or proposal to lease the

10  billboard sign located on the PROPERTY received by YOU, and any DOCUMENTS reflecting the

11  terms of any such solicitations or proposals.

12

13  **Request No. 20:**

14      All DOCUMENTS that RELATE TO any third party efforts to lease the PROPERTY for

15  purposes of erecting, maintaining and/or displaying an advertising sign(s) thereon, at any time

16  between October 2003 and the present, including without limitation any solicitation or proposal to

17  lease the PROPERTY for purposes of erecting, maintaining and/or displaying an advertising sign(s)

18  thereon received by YOU, and any DOCUMENTS reflecting the terms of any such solicitations or

19  proposals.

20

21  **Request No. 21:**

22      All DOCUMENTS that RELATE TO any effort by YOU to lease the PROPERTY to any

23  third party from October 2003 to the present.

24

25  **Request No. 22:**

26      All DOCUMENTS that RELATE TO any effort by YOU to lease the billboard sign located

27  on the PROPERTY to any third party from October 2003 to the present.

28

CLEAR CHANNEL OUTDOOR, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO LINDA ERKELENS

1    **Request No. 23:**

2        All DOCUMENTS that RELATE TO any effort by YOU to lease the PROPERTY for

3    purposes of erecting, maintaining and/or displaying an advertising sign(s) thereon to any third party

4    from October 2003 to the present.

5

6    **Request No. 24:**

7        All DOCUMENTS YOU intend to rely upon in support of YOUR contention that YOU own

8    the sign, structures or improvements on the PROPERTY

9

10   **Request No. 25:**

11       All DOCUMENTS YOU intend to rely upon in support of YOUR contention that YOU own

12   the right to maintain the billboard on the PROPERTY.

13

14   **Request No. 26:**

15       All DOCUMENTS YOU intend to rely upon in support of YOUR contention that "Clear

16   Channel has not and will not suffer any legally cognizant harm due to its inability to remove the

17   billboard or prevent Ms. Erkelens' use of the billboard after the terms of the Clear Channel lease

18   expired."

19

20   **Request No. 27:**

21       All DOCUMENTS YOU intend to rely upon in support of YOUR defenses in this action.

22

23   **Request No. 28:**

24       All DOCUMENTS in YOUR LEASE file.

25

26

27

28       ///

CLEAR CHANNEL OUTDOOR, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO LINDA ERKELENS

1    **Request No. 29:**

2         DOCUMENTS sufficient to identify any and all billboards in the San Francisco Bay Area, in

3    which YOU have a proprietary interest, whether as lessee, lessor, licensor, licensee, part or full

4    owner or otherwise.

5

6    **Request No. 30:**

7         DOCUMENTS sufficient to reflect any rental amounts (whether monthly, annually or

8    otherwise) YOU have received as the result of leasing or licensing any billboards in the San

9    Francisco Bay Area.

10

11   **Request No. 31:**

12        DOCUMENTS sufficient to identify any premises that YOU believe are comparable to the

13   premises at issue in this litigation.

14

15   **Request No. 32:**

16        All DOCUMENTS that RELATE TO YOUR acquisition of the PROPERTY.

17

18   **Request No. 33:**

19        DOCUMENTS sufficient to reflect and identify any and all loans obtained by YOU which

20   are secured by an interest in the PROPERTY.

21

22

23

24        ///

25

26

27

28        ///

**Request No. 34:**

All non-privileged DOCUMENTS that RELATE TO any administrative, litigation or arbitration proceedings in which YOU have been involved regarding the right to maintain and/or display advertising on any property located in the San Francisco Bay Area.

DATED:  March 7, 2008.

REED SMITH LLP

By_____
James A. Daire
Attorneys for Plaintiff
Clear Channel Outdoor, Inc.

CLEAR CHANNEL OUTDOOR, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO LINDA ERKELENS

1  Scott D. Baker (SBN 84923)
   *Email: sbaker@reedsmith.com*
2  James A. Daire (SBN 239637)
   *Email: jdaire@reedsmith.com*
3  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
4  San Francisco, CA  94111-3922

5  **Mailing Address:**
   P.O. Box 7936
6  San Francisco, CA  94120-7936

7  Telephone:    +1 415 543 8700
   Facsimile:    +1 415 391 8269
8
   Attorneys for Plaintiff
9  Clear Channel Outdoor, Inc.

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12              SAN FRANCISCO DIVISION

13  CLEAR CHANNEL OUTDOOR, INC. a          Case No.:  C 07-06138 SBA
    Delaware Corporation,
14                                          **CLEAR CHANNEL OUTDOOR, INC.'S**
                     Plaintiff,             **NOTICE OF DEPOSITION OF LINDA**
15                                          **ERKELENS**
         vs.
16
    LINDA ERKELENS, an individual,
17
                     Defendant.
18

19

20

21

22

23

24

25

26

27

28

       CLEAR CHANNEL OUTDOOR, INC.'S NOTICE OF DEPOSITION OF LINDA ERKELENS

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2

3

4        PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure,

5    Plaintiff Clear Channel Outdoor, Inc. ("Clear Channel") will take the deposition of Defendant Linda

6    Erkelens, on April 29, 2008 at 9:00 a.m. and continuing day to day until completed, at the offices of

7    Reed Smith, Two Embarcadero Center, Suite 2000, San Francisco, California 94111.  The deposition

8    will be taken pursuant to Federal Rule of Civil Procedure 30 before an officer authorized by law to

9    administer oaths and will be recorded stenographically and videotaped.

10

11

12

        DATED:  March 7, 2008.

13

                                REED SMITH LLP

14

15                              By_____

16                                  James A. Daire
                                    Attorneys for Plaintiff
17                                  Clear Channel Outdoor, Inc

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

# LUCE FORWARD

ATTORNEYS AT LAW · FOUNDED 1873
LUCE, FORWARD, HAMILTON & SCRIPPS LLP

121 Spear Street
Suite 200
San Francisco, CA 94105
415.356.4600
415.356.4610 fax
www.luce.com

MARISA Y. KIRSCHENBAUER, ASSOCIATE
DIRECT DIAL NUMBER 415.356.4643
DIRECT FAX NUMBER 415.356.3887
EMAIL ADDRESS mkirschenbauer@luce.com

April 1, 2008

**Via email to jdaire@reedsmith.com and U.S. mail**

James A. Daire
Reed Smith LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

Re:     **1801 Turk Street Property**

Dear Mr. Daire:

This correspondence confirms that you granted Linda Erkelens a one-week extension to provide responses to Clear Channels' request for production of documents. The responses are now due by April 14. In addition, you indicated Clear Channel may also want to move the deposition of Linda Erkelens back one week. The deposition was previously noticed for April 29, 2008. We are contacting our client regarding her availability for her deposition and will get back to shortly.

Thank you for your attention to this matter.

Very truly yours,

Marisa Y. Kirschenbauer
for
LUCE, FORWARD, HAMILTON & SCRIPPS LLP

MYK/byj

301035005.1

CARMEL VALLEY/DEL MAR   ·   LOS ANGELES   ·   SAN DIEGO   ·   SAN FRANCISCO

# EXHIBIT C

1  Gerald M. Murphy, State Bar No. 99994
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2  Rincon Center II, 121 Spear Street, Suite 200
   San Francisco, California 94105-1582
3  Telephone No.: 415.356.4600
   Fax No.: 415.356.4610
4  E-Mail:    gmurphy@luce.com

5  Attorneys for Linda Erkelens

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12  CLEAR CHANNEL OUTDOOR, INC., a        Case No. C-07-06138 SBA
    Delaware Corporation,
13                                        **RESPONSE    TO   CLEAR   CHANNEL
                                          OUTDOOR,   INC.'S   FIRST   SET   OF**
            Plaintiff,                     **REQUESTS    FOR   PRODUCTION   TO**
14                                        **LINDA ERKELENS**
    v.
15
    Linda Erkelens, an individual,
16
            Defendant.
17

18  **PROPOUNDING PARTY: Plaintiff, CLEAR CHANNEL OUTDOOR, INC.**

19  **RESPONDING PARTY:    Defendant, LINDA ERKELENS**

20  **SET NO.:             One**

21                    **INTRODUCTORY STATEMENT**

22       Defendant has not fully completed her investigation of the facts relating to this case, has not

23  fully completed her discovery in this action, and has not completed her preparation for trial. All the

24  responses contained herein are based only upon such documents that are presently available to and

25  specifically known to Defendant. It is anticipated that further discovery, independent investigation,

26  legal research and analysis may supply additional documents, all of which may lead to substantial

27  additions to, changes in and variations from the responses herein set forth. The following responses

28  are given without prejudice to Defendant's right to produce evidence of any subsequently discovered

                                         1

1    documents. The responses contained herein are made in a good faith effort to supply as much factual

2    information and as much specification as is presently known, which in no way is to be considered

3    prejudicial to Defendant in relation to further discovery, research, analysis or production of evidence.

4         These responses are made solely for the purpose of and in relation to this action. Each

5    response is given subject to all appropriate objections (including but not limited to objections

6    concerning the attorney-client or attorney work product privileges, rights of privacy and

7    confidentiality, competency, relevancy, materiality, propriety and admissibility), which would require

8    the exclusion of any document produced if its admission into evidence were sought at time of trial.

9    All objections and grounds therefore are reserved and may be interposed at the time of trial.

10                                **GENERAL OBJECTIONS**

11        Defendant asserts the following general objections to each and all of Plaintiff's requests for

12   production of documents. The general objections may or may not be reasserted after each specific

13   request for production. The assertion of the same, similar or additional objections to each specific

14   request for production, or the failure to assert any additional objection to each specific request for

15   production does not waive or alter the general objections set forth below.

16        1.    Defendant objects to producing any documents protected by the work product doctrine.

17        2.    Defendant objects to producing any documents that contain information protected from

18   disclosure by the attorney-client privilege, or any other applicable privilege, protection or restriction.

19        3.    Defendant objects to Plaintiff's requests to the extent they attempt to impose

20   obligations on Defendant inconsistent with those provided by the relevant discovery sections set forth

21   in the California Code of Civil Procedure.

22        4.    Defendant objects to producing any documents not in its possession, custody or

23   control.

24        5.    Nothing herein shall be construed as an admission respecting the admissibility, truth,

25   accuracy or relevance of any document or communication.

26        6.    By stating that certain documents and communications will be produced, Defendant

27   states only that according to its best interpretation and reading of a request, it has identified or may

28   identify documents in its possession that are responsive to the particular request, without waiver of,

---

2

1    and subject to the objections contained herein, which are incorporated by reference as if restated word

2    for word in each specific response and objection below.

3         7.    Defendant objects to each and every request to the extent it seeks confidential,

4    proprietary information, and/or information protected by trade secret law.  Documents that contain

5    such confidential or proprietary information will be produced only pursuant to a proper Protective

6    Order.

7                     **RESPONSE TO REQUESTS FOR PRODUCTION**

8    <u>**REQUEST NO. 1**</u>:

9         All DOCUMENTS that RELATE TO COMMUNICATIONS between YOU and CLEAR

10   CHANNEL regarding the LEASE, including without limitation any written correspondence sent to

11   CLEAR CHANNEL by YOU, or received by YOU from CLEAR CHANNEL regarding the LEASE,

12   and any records of conversations between YOU and CLEAR CHANNEL including notes and logs.

13

14   <u>**RESPONSE TO REQUEST NO. 1**</u>:

15        Subject to and without waiving the foregoing general objections, Defendant responds as

16   follows:  Defendant will produce all non-privileged, responsive and relevant documents in her

17   custody, care or control.

18   <u>**REQUEST NO. 2**</u>:

19        All DOCUMENTS that RELATE TO COMMUNICATIONS between YOU and CLEAR

20   CHANNEL regarding the PERMIT, including without limitation any written correspondence sent to

21   CLEAR CHANNEL by YOU, or received by YOU from CLEAR CHANNEL regarding the LEASE,

22   and any records of conversations between YOU and CLEAR CHANNEL including notes and logs.

23

24   <u>**RESPONSE TO REQUEST NO. 2**</u>:

25        Objection.  This request is vague and ambiguous and generally incomprehensible.  Subject to

26   and without waiving said objections, Defendant responds as follows:  Defendant will produce all non-

27   privileged, responsive and relevant documents in her custody, care or control.

28

---

3

**REQUEST NO. 3:**

All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the LEASE between YOU and ADS from October 2003 to the present.

**RESPONSE TO REQUEST NO. 3:**

Objection. This request is irrelevant, overbroad, proprietary and seeks confidential information protected by constitutional rights of privacy.

**REQUEST NO. 4:**

All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the PROPERTY between YOU and ADS from October 2003 to the present.

**RESPONSE TO REQUEST NO. 4:**

Defendant objects to this request on the grounds that it is overly broad, intended to burden and harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 5:**

All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the LEASE between YOU and any third party from October 2003 to the present.

**RESPONSE TO REQUEST NO. 5:**

Defendant objects to this request to the extent it asks for information protected by the attorney-client privilege and/or work product doctrine. Without waiving said objection, this Defendant responds as follows: After a diligent search and reasonable inquiry, Defendant has no documents responsive to this request. Discovery and investigation are continuing, and Defendant reserves the right to supplement this response.

**REQUEST NO. 6:**

All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the PERMIT between YOU and ADS from October 2003 to the present.

4

**RESPONSE TO REQUEST NO. 6:**

Objection.    This request is irrelevant, overbroad, proprietary and seeks confidential information protected by constitutional rights of privacy.

**REQUEST NO. 7:**

All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the LEASE between YOU and any third party from October 2003 to the present.

**RESPONSE TO REQUEST NO. 7:**

Defendant objects to this request to the extent it asks for information protected by the attorney-client privilege and/or work product doctrine.  Without waiving said objection, this Defendant responds as follows:  After a diligent search and reasonable inquiry, Defendant has no documents responsive to this request .  Discovery and investigation are continuing, and Defendant reserves the right to supplement this response.

**REQUEST NO. 8:**

All DOCUMENTS that RELATE TO the LEASE, including any assignments, amendments, modifications, or alleged termination thereof.

**RESPONSE TO REQUEST NO. 8:**

Defendant objects to this request to the extent it asks for information protected by the attorney-client privilege and/or work product doctrine.  Subject to and without waiving the foregoing general objections, Defendant responds as follows:  Defendant will produce all non-privileged, responsive and relevant documents in her  custody, care or control.

**REQUEST NO. 9:**

All DOCUMENTS that RELATE TO the PERMIT, including any applications, appeals or correspondence related thereto.

**RESPONSE TO REQUEST NO. 9:**

5

1   Defendant objects to this request to the extent it asks for information protected by the attorney-

2   client privilege and/or work product doctrine.  Subject to and without waiving the foregoing general

3   objections, Defendant responds as follows:  Defendant will produce all non-privileged, responsive and

4   relevant documents in her  custody, care or control.

5   **REQUEST NO. 10:**

6

7   All DOCUMENTS that RELATE TO any permit application to the City of San Francisco filed

8   by YOU or on YOUR behalf from June 1, 2007 to the present.

9   **RESPONSE TO REQUEST NO. 10:**

10   Subject to and without waiving the foregoing general objections, Defendant responds as

11   follows:  The only permit application was filed by Clear Channel on June 26, 2007.  See documents

12   produced in response to Request for Production No. 9.

13   **REQUEST NO. 11:**

14

15   All DOCUMENTS that RELATE TO COMMUNICATIONS between YOU (or anyone acting

16   on YOUR behalf) and the City of San Francisco from June 1, 2007 to the present.

17   **RESPONSE TO REQUEST NO. 11:**

18   Subject to and without waiving the foregoing general objections, Defendant responds as

19   follows:  Defendant will produce all non-privileged, responsive and relevant documents in her

20   custody, care or control.  See documents produced in response to Request for Production No. 9.

21

22   **REQUEST NO. 12:**

23   All DOCUMENTS that RELATE TO any and all APPRAISALS of the PROPERTY,

24   including any and all DOCUMENTS estimating the sale or rental value of the PROPERTY.

25   **RESPONSE TO REQUEST NO. 12:**

26   Defendant objects to this request on the grounds that it is overly broad, intended to burden and

27   harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

28

RESPONSE TO CLEAR CHANNEL OUTDOOR, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION TO LINDA ERKELENS

Subject to and without waiving the foregoing general objections, Defendant responds as follows: After a diligent search and reasonable inquiry, Defendant has no documents responsive to this request. Discovery and investigation are continuing, and Defendant reserves the right to supplement this response.

**REQUEST NO. 13:**

All DOCUMENTS that RELATE TO any and all APPRAISALS of the value for the right to maintain and display advertising on the billboard sign located on the PROPERTY which is the subject of the LEASE, including any and all DOCUMENTS estimating or projecting the rental value.

**RESPONSE TO REQUEST NO. 13**

Subject to and without waiving the foregoing general objections, Defendant responds as follows: After a diligent search and reasonable inquiry, Defendant has no documents responsive to this request. Discovery and investigation are continuing, and Defendant reserves the right to supplement this response.

**REQUEST NO. 14:**

All DOCUMENTS that RELATE TO any and all APPRAISALS of the rental value for the right to maintain and display billboard advertising on the PROPERTY, including any and all DOCUMENTS estimating or projecting the rental value.

**RESPONSE TO REQUEST NO. 14:**

Subject to and without waiving the foregoing general objections, Defendant responds as follows: After a diligent search and reasonable inquiry, Defendant has no documents responsive to this request. Discovery and investigation are continuing, and Defendant reserves the right to supplement this response.

**REQUEST NO. 15:**

All DOCUMENTS that RELATE TO YOUR attempts to terminate the LEASE, including

7

without limitation any purported termination notice that YOU allege YOU sent to CLEAR CHANNEL.

**RESPONSE TO REQUEST NO. 15:**

Subject to and without waiving the foregoing general objections, Defendant responds as follows: Defendant will produce all non-privileged, responsive and relevant documents in her custody, care or control. See documents produced in response to Request for Production Nos. 1, 2.

**REQUEST NO. 16:**

All DOCUMENTS that RELATE TO any agreements between YOU and ADS regarding the PROPERTY or the billboard sign located on the PROPERTY.

**RESPONSE TO REQUEST NO. 16:**

Objection. This request is compound. Defendant further objects to this request on the grounds that it is overly broad, intended to burden and harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence. This request is irrelevant, overbroad, proprietary and seeks confidential information protected by constitutional rights of privacy.

**REQUEST NO. 17:**

All DOCUMENTS that RELATE TO any agreements between YOU and any third party regarding the PROPERTY or the billboard sign located on the PROPERTY.

**RESPONSE TO REQUEST NO. 17:**

Objection. This request is compound. Defendant further objects to this request on the grounds that it is overly broad, intended to burden and harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence. This request is also irrelevant, overbroad, proprietary and seeks confidential information protected by constitutional rights of privacy. Without waiving said objections, this Defendant responds as follows: After a diligent search and reasonable inquiry, Defendant has no documents responsive to this request. Discovery and investigation are continuing,

1  and Defendant reserves the right to supplement this response.

2  **REQUEST NO. 18:**

3      All DOCUMENTS that RELATE TO any third party efforts to lease the PROPERTY, at any

4  time between October 2003 and the present, including without limitation any solicitation or proposal

5

6  to lease the PROPERTY received by YOU, and any DOCUMENTS reflecting the terms of any such

7  solicitations or proposals.

8  **RESPONSE TO REQUEST NO. 18:**

9      Defendant objects to this request on the grounds that it is overly broad, intended to burden and

10 harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

11 Without waiving these objections, Defendant responds as follows:  After a diligent search and

12 reasonable inquiry, Defendant has no documents responsive to this request.  Discovery and

13 investigation are continuing, and Defendant reserves the right to supplement this response.

14

15 **REQUEST NO. 19:**

16     All DOCUMENTS that RELATE TO any third party efforts to lease the billboard sign located

17 on the PROPERTY, including without limitation any solicitation or proposal to lease the billboard

18 sign located on the PROPERTY received by YOU, and any DOCUMENTS reflecting the terms of any

19 such solicitations or proposals.

20

21 **RESPONSE TO REQUEST NO. 19:**

22     Subject to and without waiving the foregoing general objections, Defendant responds as

23 follows:  After a diligent search and reasonable inquiry, Defendant has no documents responsive to

24 this request.  Discovery and investigation are continuing, and Defendant reserves the right to

25 supplement this response.

26 **REQUEST NO. 20:**

27     All DOCUMENTS that RELATE TO any third party efforts to lease the PROPERTY for

28

9

1    purposes of erecting, maintaining and/or displaying an advertising sign(s) thereon, at any time

2    between October 2003 and the present, including without limitation any solicitation or proposal to

3    lease the PROPERTY for purposes of erecting, maintaining and/or displaying an advertising sign(s)

4    thereon received by YOU, and any DOCUMENTS reflecting the terms of any such solicitations or

5    proposals.

6

7    **RESPONSE TO REQUEST NO. 20:**

8         Subject to and without waiving the foregoing general objections, Defendant responds as

9    follows:  After a diligent search and reasonable inquiry, Defendant has no documents responsive to

10   this request.  Discovery and investigation are continuing, and Defendant reserves the right to

11   supplement this response.

12

13   **REQUEST NO. 21:**

14        All DOCUMENTS that RELATE TO any effort by YOU to lease the PROPERTY to any third

15   party from October 2003 to the present.

16   **RESPONSE TO REQUEST NO. 21:**

17        Defendant objects to this request on the grounds that it is overly broad, intended to burden and

18   harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

19   **REQUEST NO. 22:**

20        All DOCUMENTS that RELATE TO any effort by YOU to lease the billboard sign located on

21

22   the PROPERTY to any third party from October 2003 to the present.

23   **RESPONSE TO REQUEST NO. 22:**

24        Subject to and without waiving the foregoing general objections, Defendant responds as

25   follows:  After a diligent search and reasonable inquiry, Defendant has no documents responsive to

26   this request.  Discovery and investigation are continuing, and Defendant reserves the right to

27   supplement this response.

28

**REQUEST NO. 23:**

All DOCUMENTS that RELATE TO any effort by YOU to lease the PROPERTY for purposes of erecting, maintaining and/or displaying an advertising sign(s) thereon to any third party from October 2003 to the present.

**RESPONSE TO REQUEST NO. 23:**

Subject to and without waiving the foregoing general objections, Defendant responds as follows: After a diligent search and reasonable inquiry, Defendant has no documents responsive to this request. Discovery and investigation are continuing, and Defendant reserves the right to supplement this response.

**REQUEST NO. 24:**

All DOCUMENTS that YOU intend to rely upon in support of YOUR contention that YOU own the sign, structures or improvements on the PROPERTY.

**RESPONSE TO REQUEST NO. 24:**

Defendant objects to this request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or expert opinion. Without waiving said objections, this Defendant responds as follows: Defendant will produce all non-privileged, responsive and relevant documents in its custody, care or control. See documents produced in response to Request for Production Nos. 1, 2, 8, 9.

**REQUEST NO. 25:**

All DOCUMENTS that YOU intend to rely upon in support of YOUR contention that YOU own the right to maintain the billboard on the PROPERTY.

**RESPONSE TO REQUEST NO. 25:**

Defendant objects to this request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or expert opinion. Without waiving

said objection, this Defendant responds as follows: Defendant will produce all non-privileged, responsive and relevant documents in its custody, care or control. See documents produced in response to Request for Production Nos. 1, 2, 8, 9.

**REQUEST NO. 26:**

All DOCUMENTS that YOU intend to rely upon in support of YOUR contention that "Clear Channel has not and will not suffer any legally cognizant harm due to its inability to remove the billboard or prevent Ms. Erkelens' use of the billboard after the terms of the Clear Channel lease expired."

**RESPONSE TO REQUEST NO. 26:**

Defendant objects to this request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or expert opinion. Without waiving said objection, this Defendant responds as follows: Defendant will produce all non-privileged, responsive and relevant documents in her custody, care or control. See documents produced in response to Request for Production Nos. 1, 2, 8, 9.

**REQUEST NO. 27:**

All DOCUMENTS that YOU intend to rely upon in support of YOUR defenses in this action.

**RESPONSE TO REQUEST NO. 27:**

Defendant objects to this request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or expert opinion. Without waiving said objection, this Defendant responds as follows: Defendant will produce all non-privileged, responsive and relevant documents in her custody, care or control. See documents produced in response to Request for Production Nos. 1, 2, 8, 9.

**REQUEST NO. 28:**

All DOCUMENTS in YOUR LEASE file.

RESPONSE TO CLEAR CHANNEL OUTDOOR, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION TO LINDA ERKELENS

**RESPONSE TO REQUEST NO. 28:**

Defendant will produce all non-privileged, responsive and relevant documents in her custody, care or control. See documents produced in response to Request for Production Nos. 1, 2, 8.

**REQUEST NO. 29:**

DOCUMENTS sufficient to identify any and all billboards in the San Francisco Bay Area, in YOU have a proprietary interest, whether as lessee, lessor, licensor, licensee, part or full or otherwise.

**RESPONSE TO REQUEST NO. 29:**

Defendant objects to this request on the grounds that it is overly broad, intended to burden and harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 30:**

DOCUMENTS sufficient to reflect any rental amounts (whether monthly, annually or otherwise) YOU have received as the result of leasing or licensing any billboards in the San Francisco Bay Area.

**RESPONSE TO REQUEST NO. 30:**

Defendant objects to this request on the grounds that it is overly broad, intended to burden and harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 31:**

DOCUMENTS sufficient to identify any premises that YOU believe are comparable to the premises at issue in this litigation.

**RESPONSE TO REQUEST NO. 31:**

Defendant objects to this request on the grounds that it is overly broad, intended to burden and harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 32:**

All DOCUMENTS that RELATE TO YOUR acquisition of the PROPERTY.

1

**RESPONSE TO REQUEST NO. 32:**

2

3

  Defendant objects to this request on the grounds that it is overly broad, intended to burden and

harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

4

**REQUEST NO. 33:**

5

6

  DOCUMENTS sufficient to reflect and identify any and all loans obtained by YOU which are

7

secured by an interest in the PROPERTY.

8

**RESPONSE TO REQUEST NO. 33:**

9

  Defendant objects to this request on the grounds that it is overly broad, intended to burden and

10

harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

11

**REQUEST NO. 34:**

12

13

  All non-privileged DOCUMENTS that RELATE TO any administrative, litigation or

arbitration proceedings in which YOU have been involved regarding the right to maintain and/or

14

display advertising on any property located in the San Francisco Bay Area.

15

16

**RESPONSE TO REQUEST NO. 34:**

17

  Defendant objects to this request on the grounds that it is overly broad, intended to burden and

18

harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

19

20

DATED: April 15, 2008    LUCE, FORWARD, HAMILTON & SCRIPPS LLP

21

22

      By: _Marguken for_ _____

23

        Gerald M. Murphy

301034285.1        Attorneys for Linda Erkelens

24

25

26

27

28

14

1

## VERIFICATION

2    I, Linda Erkelens, declare as follows:

3    I have read the foregoing **RESPONSE TO CLEAR CHANNEL OUTDOOR, INC.'S**

4    **FIRST SET OF REQUESTS FOR PRODUCTION TO LINDA ERKELENS** and know its

5    contents.

6        X            I am a party to this action, and am authorized to make this verification for

7    and on its behalf, and I make this verification for that reason.

8        X            I am informed and believe and on that ground allege that the matters stated

9    in the foregoing document are true.

10    I declare under the penalty of perjury of the laws of the State of California that the

11    foregoing is true and correct.

12

13    Dated: April 14 , 2008

14

15                                                By: _____

                                                      Linda Erkelens

16

17

18    301035925.1

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

Clear Channel Outdoor, Inc. v. Linda Erkelens
Superior Court of California, County of San Francisco, Case No. 07-06138

# PRIVILEGE DOCUMENTS

| No. | Bate No | Date | Author | Recipient | Description | Privilege |
|---|---|---|---|---|---|---|
| 1 | ERK 00024 – ERK 00025 | 05/29/2007 | Advertising Display Systems 1, LLC | Linda Erkelens | Agreement | Proprietary, confidential |
| 2 | ERK 00026 | 05/30/2007 | Linda Erkelens | Raymond Reudy and Kevin Hicks (Advertising Display Systems 1, LLC) | Letter | Proprietary, confidential |
| 3 | ERK 00087 – ERK 00088 | 08/20/2007 | M. Brett Gladstone | Linda Erkelens | Letter | Attorney-client privilege |

301035989.1

Page 1 of 1

# EXHIBIT E

# ReedSmith

**James A. Daire**
Direct Phone: +1 415 659 5922
Email: jdaire@reedsmith.com

Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111-3922
+1 415 543 8700
Fax +1 415 391 8269
www.reedsmith.com

May 6, 2008

**By Electronic Mail**

Marisa Kirschenbauer
Gerald Murphy
Andrew Azarmi
Luce, Forward, Hamilton & Scripps LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, CA 94105

**Clear Channel Outdoor, Inc. v. Erkelens, Case No. C-07-06138 SBA**

Dear Counsel:

Pursuant to Civil Local Rule 37-1(a) and Federal Rule of Civil Procedure 37(a)(1), we write to arrange a mutually agreeable time to meet and confer regarding Ms. Erkelens' responses to Clear Channel Outdoor, Inc.'s ("Clear Channel") First Set of Requests For Production.

Ms. Erkelens has refused to produce plainly relevant documents. We will address each applicable Request in turn. Before doing so, however, there is an issue germane to multiple requests which we address first.

### *Withholding of Non-Privileged Documents*

Ms. Erkelens has improperly limited the scope of responsive material by refusing to produce two documents – an "agreement" and a "letter" between her and Advertising Display Systems 1, LLC – on the ground that the documents are privileged. [Erkelens Privilege Log Nos. 1, 2.] More specifically, the Privilege Log states that the documents were withheld because they are "proprietary, confidential." Setting aside that there are no alleged facts suggesting that that the documents are "proprietary" or "confidential" to Ms. Erkelens, neither label makes the documents privileged or otherwise excludes the documents from discovery.

Further, we also agree to initially treat these two documents as "CONFIDENTIAL" under the Northern District's form Stipulated Protective Order (without prejudice to Clear Channel's rights to review the documents and challenge the confidential designation) and to disclose and use the documents accordingly. In the event is seeks to file the documents under seal, Clear Channel will comply with Civil Local Rule 79-5. Accordingly, there is no obstacle to immediate production. Please confirm that you will produce these documents immediately.

NEW YORK ◆ LONDON ◆ HONG KONG ◆ CHICAGO ◆ WASHINGTON, D.C. ◆ BEIJING ◆ PARIS ◆ LOS ANGELES ◆ SAN FRANCISCO ◆ PHILADELPHIA ◆ PITTSBURGH
OAKLAND ◆ MUNICH ◆ ABU DHABI ◆ PRINCETON ◆ NORTHERN VIRGINIA ◆ WILMINGTON ◆ BIRMINGHAM ◆ DUBAI ◆ CENTURY CITY ◆ RICHMOND ◆ GREECE

DOCSSFO-12513314.2 5/6/08 2:04 PM

Marisa Kirschenbauer
May 6, 2008
Page 2

**ReedSmith**

### _Requests For Which Ms. Erkelens Refused To Produce Any Responsive Documents_

Next, we address each applicable Request in turn.

**Request No. 3**: All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the LEASE between YOU and ADS from October 2003 to the present.

In response, you have asserted boilerplate objections on Ms. Erkelens' behalf and refused to produce any responsive documents. Among other things, the information requested is plainly relevant to Clear Channel's claim that Ms. Erkelens has improperly purported to grant rights to the sign structure to ADS (and Ms. Erkelens' denial thereof), and Clear Channel is entitled to these documents as a matter of right. _See_ Fed.R.Civ.P. 26(b)(1).

The Request is also not overbroad because it is limited as to time, parties to the communications, and subject matter of the communications. Belying the overbreath objection as to ADS, Ms. Erkelens conducted a reasonable inquiry as to communications between Ms. Erkelens and "any third party" from October 2003 to the present and stated that no responsive documents were found in response to Request Nos. 5 and 7. We ask again that you conduct the same search for communications between Ms. Erkelens and ADS (as defined in the discovery requests) and produce any such material.

Moreover, the objection on the ground that the Request "is proprietary" makes no sense. The Request seeks communications between Ms. Erkelens and a third party and you have not offered any alleged facts that would make the communications subject to trade secret protection or proprietary to Ms. Erkelens.

Ms. Erkelens' only other objection is that the Request seeks "confidential information protected by constitutional rights of privacy." This objection is also baseless. In diversity actions, privacy objections are determined under applicable state law. California law recognizes certain inapplicable protections from discovery into sexual privacy, tax information, financial information, and the like. _See_ Cal. C.C.P. § 2017.220; _Rifkind v. Sup. Ct._ (1981) 123, Cal.App.3d 1045, Cal. Civ.C § 3295. Ms. Erkelens' right to privacy is not implicated by communications regarding the lease at issue in this case. Accordingly, please confirm you will produce all responsive documents to this Request.

**Request No. 4**: All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the PROPERTY between YOU and ADS from October 2003 to the present.

Relying on some of the same boilerplate objections recited in response to Request No. 3, Ms. Erkelens refused to produce any responsive documents. This information is plainly relevant for the reasons set forth above. Please confirm you will produce responsive documents.

**Request No. 6**: All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the PERMIT between YOU and ADS from October 2003 to the present.

Marisa Kirschenbauer
May 6, 2008
Page 3

**ReedSmith**

In reliance upon boilerplate objections, Ms. Erkelens refused to produce any responsive documents.  Of course, this information is relevant to Clear Channel's claims and allegations and is discoverable as a matter of right.  Please confirm that you will produce all responsive information.

**Request No. 16:**  All DOCUMENTS that RELATE TO any agreements between YOU and ADS regarding the PROPERTY or the billboard sign located on the PROPERTY.

Again, Ms. Erkelens refused to produce any responsive information in reliance on boilerplate objections.  The information sought in this Request is plainly relevant to Clear Channel's claims and allegations.  Mr. Erkelens' objections that this Request is "compound" and "intended to burden and harass" are not true, nor are they legitimate grounds to withhold responsive documents.  We addressed each of Ms. Erkelens' other objections above.  Please confirm that you will produce all responsive documents.

**Request No. 29:**  DOCUMENTS sufficient to identify any and all billboards in the San Francisco Bay Area, in which YOU have a proprietary interest, whether as lessee, lessor, licensor, licensee, part or full owner or otherwise.

Ms. Erkelens refused to produce any responsive documents to this Request.  In addition to the issues discussed above, we note that the information sought in this Request is not unduly burdensome – the Request seeks only documents sufficient to identify any other billboards within the San Francisco Bay Area in which your client has an interest.  Please produce documents sufficient to identity these billboards or confirm that no such documents exist apart from documents identifying the 1801 Turk Street property.

**Request No. 30:**  DOCUMENTS sufficient to reflect any rental amounts (whether monthly, annually or otherwise) YOU have received as the result of leasing or licensing any billboards in the San Francisco Bay Area.

Ms. Erkelens refused to produce any responsive documents to this Request.  The boilerplate objections you assert on her behalf are discussed above.  The information sought in this Request is plainly relevant to Clear Channel's claims and allegations, including among other things its restitution remedy, its conversion claim and its trespass to chattel claim.  Please produce documents sufficient to identity these amounts or confirm that no such documents exist apart from documents relating to the 1801 Turk Street property.

**Request No. 32:**  All DOCUMENTS that RELATE TO YOUR acquisition of the PROPERTY.

Once again, Ms. Erkelens refused to produce any responsive documents to this Request and repeated the boilerplate objections discussed above.  This material is plainly relevant to your client's' knowledge of the Lease at the time she acquired the Turk Street Property, and Clear Channel is entitled to this material.  Please confirm that you will produce all responsive documents.

**Request No. 34:**  All non-privileged DOCUMENTS that RELATE TO any administrative, litigation or arbitration proceedings in which YOU have been involved regarding the right to maintain and/or display advertising on any property located in the San Francisco Bay Area.

Marisa Kirschenbauer
May 6, 2008
Page 4

**ReedSmith**

Also in reliance on the boilerplate objections discussed above, Ms. Erkelens refused to produce any responsive documents to this Request. The information sought relates to Ms. Erkelens' involvement in proceedings related to maintaining and/or displaying advertising in the San Francisco. Among other things, it is relevant to Clear Channel's allegations that she wrongfully repudiated Clear Channel's rights and wrongfully exercised control over Clear Channel's property by falsely claiming that she maintains the right to Clear Channel's general advertising sign. Please confirm that you will produce all responsive documents.

### *Conclusion*

This letter is intended to address the issues pertinent at the present time. There are other Requests and issues with Ms. Erkelens' responses which we may need to take up at a later time and we expressly reserve our right to do so.

In light of Clear Channel's noticed deposition of Ms. Erkelens – which is to take place after we receive a full document production – we need to know promptly whether Ms. Erkelens will comply with her discovery obligations. I am available to discuss these issues anytime after 2 p.m. on Thursday, May 8 or anytime on Friday, May 9. Please let me know which date and time works for you. We look forward to speaking with you and remain hopeful that these matters may be resolved informally and without Court intervention.

Very truly yours,

James A. Daire

JAD:vc

cc:    Scott Baker

# EXHIBIT F

## Canton, Veronica L.

| | |
|---|---|
| **From:** | Daire, James |
| **Sent:** | Wednesday, May 07, 2008 3:54 PM |
| **To:** | 'Kirschenbauer, Marisa' |
| **Subject:** | Clear Channel Outdoor, Inc. v. Erkelens, Case No. C-07-06138 SBA |

Marisa,

This confirms our discussion this afternoon wherein you agreed to investigate whether Ms. Erkelens' was withholding documents other than those listed on the Privilege Log, and to revise Ms. Erkelens discovery responses accordingly.

With respect to the Items 1 and 2 on the Privilege Log (the "agreement" and "letter" between Ms. Erkelens and ADS), you informed me that you are seeking Ms. Erkelens' authority to produce the documents subject to the conditions offered in our May 6, 2008 letter. You also informed me that you would get back to me on Monday, May 12 regarding this production.

Finally, on a related matter, we suggest either of the following mediators and dates to timely complete mediation according to the Court's scheduling order:

(1) Hon. Fern Smith (Ret.) June 11, 12 or 13, 2008.
(2) John Bates (Ret.) June 9, 10, 11 or 12, 2008.

I have confirmed with both mediator's assistants that they are currently available on those dates. If one of these mediators/dates is acceptable to you, I suggest we jointly call either this afternoon or tomorrow to book a date. Let me know.

Thanks,

**James Daire**
415.659.5922
jdaire@reedsmith.com
**Reed Smith LLP**
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
Fax 415.391.8269

# EXHIBIT G

**Canton, Veronica L.**

| | |
|---|---|
| **From:** | Daire, James |
| **Sent:** | Wednesday, May 14, 2008 11:11 AM |
| **To:** | 'Kirschenbauer, Marisa' |
| **Subject:** | RE: Clear Channel Outdoor, Inc. v. Erkelens, Case No. C-07-06138 SBA |

Marisa:

We write to follow up again regarding production of the "agreement" and "letter" between Ms. Erkelens and ADS.

As I mentioned in our May 6, 2008 letter and during our May 7 discussion, Clear Channel would like to avoid a motion to compel on such a basic discovery obligation. We need to know now, however, whether your client is going to continue to withhold these documents so that we may move to compel before the scheduled mediation if necessary.

Please let me know if Ms. Erkelens will these documents subject to the conditions offered in our May 6, 2008 letter and (if so) produce the documents.

Thanks,

**James Daire**
415.659.5922
jdaire@reedsmith.com
**Reed Smith LLP**
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
Fax 415.391.8269

---

| | |
|---|---|
| **From:** | Daire, James |
| **Sent:** | Wednesday, May 07, 2008 3:54 PM |
| **To:** | 'Kirschenbauer, Marisa' |
| **Subject:** | Clear Channel Outdoor, Inc. v. Erkelens, Case No. C-07-06138 SBA |

Marisa,

This confirms our discussion this afternoon wherein you agreed to investigate whether Ms. Erkelens' was withholding documents other than those listed on the Privilege Log, and to revise Ms. Erkelens discovery responses accordingly.

With respect to the Items 1 and 2 on the Privilege Log (the "agreement" and "letter" between Ms. Erkelens and ADS), you informed me that you are seeking Ms. Erkelens' authority to produce the documents subject to the conditions offered in our May 6, 2008 letter. You also informed me that you would get back to me on Monday, May 12 regarding this production.

Finally, on a related matter, we suggest either of the following mediators and dates to timely complete mediation according to the Court's scheduling order:

(1)  Hon. Fern Smith (Ret.) June 11, 12 or 13, 2008.
(2)  John Bates (Ret.) June 9, 10, 11 or 12, 2008.

I have confirmed with both mediator's assistants that they are currently available on those dates. If one of these mediators/dates is acceptable to you, I suggest we jointly call either this afternoon or tomorrow to book a date. Let me know.

Thanks,

**James Daire**
415.659.5922
jdaire@reedsmith.com
**Reed Smith LLP**

1

Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
Fax 415.391.8269

# EXHIBIT H

## LUCE FORWARD

ATTORNEYS AT LAW · FOUNDED 1873

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

MARISA Y. KIRSCHENBAUER, ASSOCIATE
DIRECT DIAL NUMBER 415.356.4643
DIRECT FAX NUMBER 415.356.3887
EMAIL ADDRESS mkirschengauer@luce.com

121 Spear Street
Suite 200
San Francisco CA 94105
415.356.4600
415.356.4610 fax
www.luce.com

May 14, 2008

34105-00001

VIA FACSIMILE and US Mail

Scott Baker, Esq.
James Daire, Esq.
Reed Smith LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111

Re:    Clear Channel Outdoor v. Erkelens

Dear Mr. Baker and Mr. Daire:

We are in receipt of your meet and confer letter dated May 6, 2008. We address each of your contentions regarding the specific Requests below:

**Request No. 3:** All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the LEASE between YOU and ADS from October 2003 to the present.

Defendant objected to this request on the basis that the request is irrelevant, overbroad, and seeks confidential information protected by constitutional rights of privacy. When the right of privacy is implicated, the court must "carefully balance" the interests involved: i.e., the claimed right of privacy versus the public interest in obtaining just results in litigation. *Valley Bank of Nevada v. Sup.Ct. (Burkett)* (1975) 15 Cal.3d 652, 657. Courts must determine whether the right to privacy is outweighed by the relevance of the information sought to the subject matter in the pending action.

Here, the right to privacy is outweighed by the relevance of the information sought by Clear Channel. This case is a dispute over the ownership of a billboard, located on property owned by Linda Erkelens. The lease between Ms. Erkelens and Clear Channel has expired, and any future leases that Ms. Erkelens may enter into is not relevant to the present case.

**Request No. 4:** All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the PROPERTY between YOU and ADS from October 2003 to the present.

Defendant objected to this request on the grounds that it is overly broad, intended to burden and harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

# LUCE FORWARD
ATTORNEYS AT LAW • FOUNDED 1873
LUCE, FORWARD, HAMILTON & SCRIPPS LLP

Scott D. Baker, Esq.
James Daire, Esq.
May 14, 2008
Page 2

This lawsuit is specifically related to the billboard located at 1801 Turk Street, not the PROPERTY itself. Although the scope of civil discovery is broad, it is not limitless. Code of Civil Procedure Section 2017, subdivision (a) provides that "any party may obtain discovery regarding any matter, not privileged, **that is relevant to the subject matter involved in the pending action** or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence..." Request No. 4 is overly broad, not related to the subject matter involved in this litigation, and is clearly and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 6:** All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the PERMIT between YOU and ADS from October 2003 to the present.

Defendant objected to this request on the basis that the request is irrelevant, overbroad, and seeks confidential information protected by constitutional rights of privacy. When the right of privacy is implicated, the court must "carefully balance" the interests involved: i.e., the claimed right of privacy versus the public interest in obtaining just results in litigation. *Valley Bank of Nevada v. Sup.Ct. (Barkett)* (1975) 15 Cal.3d 652, 657. Courts must determine whether it is outweighed by the relevance of the information sought to the subject matter in the pending action.

Here, the right to privacy is outweighed by the relevance of the information sought by Clear Channel. The case is a dispute over the ownership of a billboard, located on property owned by Linda Erkelens. The lease between Ms. Erkelens and Clear Channel has expired, and any future leases that Ms. Erkelens may enter into is not relevant to the present case.

**Request No. 16:** All DOCUMENTS that RELATE TO any agreements between YOU and ADS regarding the PROPERTY or the billboard sign located on the PROPERTY.

Again, Ms. Erkelens' right to privacy is outweighed by the relevance of the information sought by Clear Channel. Furthermore, this request is compound, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 29:** DOCUMENTS sufficient to identify any and all billboards in the San Francisco Bay Area, in YOU have a proprietary interest, whether as lessee, lessor, licensor, licensee, part or full or otherwise.

Defendant objected to this request on the grounds that it is overly broad, intended to burden and harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

LUCE FORWARD
ATTORNEYS AT LAW · FOUNDED 1873
LUCE FORWARD, HAMILTON & SCRIPPS LLP

Scott D. Baker, Esq.
James Daire, Esq.
May 14, 2008
Page 3

This lawsuit is specifically related to the billboard located at 1801 Turk Street, not any other billboards that Ms. Erkelens may have a proprietary interest in. Although the scope of civil discovery is broad, it is not limitless. Code of Civil Procedure Section 2017, subdivision (a) provides that "any party may obtain discovery regarding any matter, not privileged, **that is relevant to the subject matter involved in the pending action** or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence..." Request No. 29 is overly broad, not related to the subject matter involved in this litigation, and is clearly and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 30:** DOCUMENTS sufficient to reflect any rental amounts (whether monthly, annually or otherwise) YOU have received as the result of leasing or licensing any billboards in the San Francisco Bay Area.

As with Request No. 29, this lawsuit is specifically related to the billboard located at 1801 Turk Street, not any other billboards that Ms. Erkelens may have a proprietary interest in. Therefore, this request is overly broad, not related to the subject matter involved in this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 32:** All DOCUMENTS that RELATE TO YOUR acquisition of the PROPERTY.

Again, this lawsuit is a dispute regarding the billboard located at 1801 Turk Street, not the entire Property owned by Ms. Erkelens. This request is overly broad, not related to the subject matter involved in this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 34:** All non-privileged DOCUMENTS that RELATE TO any administrative, litigation or arbitration proceedings in which YOU have been involved regarding the right to maintain and/or display advertising on any property located in the San Francisco Bay Area.

LUCE FORWARD
ATTORNEYS AT LAW • FOUNDED 1873
LUCE, FORWARD, HAMILTON & SCRIPPS LLP

Scott D. Baker, Esq.
James Daire, Esq.
May 14, 2008
Page 4

With regard to this request, Defendant has produced all non-privileged, responsive and relevant documents in her custody, care or control. There are no other documents responsive to this request.

Very truly yours,

Marisa Y. Kirschenbauer
for
LUCE, FORWARD, HAMILTON & SCRIPPS LLP

MYK/tlm

301038049.2

# EXHIBIT I

## Canton, Veronica L.

| | |
|---|---|
| **From:** | Daire, James |
| **Sent:** | Thursday, May 22, 2008 4:38 PM |
| **To:** | Kirschenbauer, Marisa |
| **Cc:** | 'aazarmi@luce.com' |
| **Subject:** | Clear Channel Outdoor, Inc. v. Erkelens |

**Attachments:**     DOCSSFO-12516105-v1-ERKELENS   stipulated protective order.DOC

Marisa:

Please find attached the proposed stipulated protective order.  It is substantially similar to the Northern District's model protective order.  Please let me know that you agree to its filing and we will take care of it from our end.

Best,

**James Daire**
415.659.5922
jdaire@reedsmith.com
**Reed Smith** LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
Fax 415.391.8269



DOCSSFO-1251610
5-v1-ERKELENS ...

1

1   Scott D. Baker (SBN 84923)
    *Email: sbaker@reedsmith.com*
2   James A. Daire (SBN 239637)
    *Email: jdaire@reedsmith.com*
3   REED SMITH LLP
    Two Embarcadero Center, Suite 2000
4   San Francisco, CA 94111-3922

5   **Mailing Address:**
    P.O. Box 7936
6   San Francisco, CA 94120-7936

7   Telephone:    +1 415 543 8700
    Facsimile:    +1 415 391 8269
8
    Attorneys for Plaintiff
9   Clear Channel Outdoor, Inc.

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13   CLEAR CHANNEL OUTDOOR, INC. a          Case No.:  C 07-06138 SBA
     Delaware Corporation,
14                                          **[PROPOSED] STIPULATED
                    Plaintiff,              PROTECTIVE ORDER**
15
        vs.
16
     LINDA ERKELENS, an individual,
17
                    Defendant.
18

19

20

21

22

23

24

25

26

27

28

DOCSSFO-12516105.1

1.     PURPOSES AND LIMITATIONS

        Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     DEFINITIONS

        2.1   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

        2.2   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

        2.3   <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

        2.4   <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7    Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel:  attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies,

1  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

2  parties or counsel to or in court or in other settings that might reveal Protected Material.

3

4       4.       DURATION

5       Even after the termination of this litigation, the confidentiality obligations imposed by this

6  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

7  otherwise directs.

8

9       5.       DESIGNATING PROTECTED MATERIAL

10           5.1     Exercise of Restraint and Care in Designating Material for Protection. Each

11  Party or non-party that designates information or items for protection under this Order must take

12  care to limit any such designation to specific material that qualifies under the appropriate standards.

13  A Designating Party must take care to designate for protection only those parts of material,

14  documents, items, or oral or written communications that qualify – so that other portions of the

15  material, documents, items, or communications for which protection is not warranted are not swept

16  unjustifiably within the ambit of this Order.

17       Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

18  to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily

19  encumber or retard the case development process, or to impose unnecessary expenses and burdens

20  on other parties), expose the Designating Party to sanctions.

21       If it comes to a Party's or a non-party's attention that information or items that it designated

22  for protection do not qualify for protection at all, or do not qualify for the level of protection initially

23  asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the

24  mistaken designation.

25           5.2     Manner and Timing of Designations. Except as otherwise provided in this

26  Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

27  material that qualifies for protection under this Order must be clearly so designated before the

28  material is disclosed or produced.

1                    Designation in conformity with this Order requires:

2                          (a)      for information in documentary form (apart from transcripts of

3 depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

4 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of

5 each page that contains protected material. If only a portion or portions of the material on a page

6 qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,

7 by making appropriate markings in the margins) and must specify, for each portion, the level of

8 protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

9 ATTORNEYS' EYES ONLY").

10                    A Party or non-party that makes original documents or materials available for

11 inspection need not designate them for protection until after the inspecting Party has indicated which

12 material it would like copied and produced. During the inspection and before the designation, all of

13 the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

14 ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

15 copied and produced, the Producing Party must determine which documents, or portions thereof,

16 qualify for protection under this Order, then, before producing the specified documents, the

17 Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

18 CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected

19 Material. If only a portion or portions of the material on a page qualifies for protection, the

20 Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

21 markings in the margins) and must specify, for each portion, the level of protection being asserted

22 (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

23                          (b)      for testimony given in deposition or in other pretrial or trial

24 proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record,

25 before the close of the deposition, hearing, or other proceeding, all protected testimony, and further

26 specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS'

27 EYES ONLY." When it is impractical to identify separately each portion of testimony that is

28 entitled to protection, and when it appears that substantial portions of the testimony may qualify for

1  protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the

2  record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the

3  specific portions of the testimony as to which protection is sought and to specify the level of

4  protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

5  EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection

6  within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

7          Transcript pages containing Protected Material must be separately bound by

8  the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

9  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

10  nonparty offering or sponsoring the witness or presenting the testimony.

11          (c)    for information produced in some form other than documentary, and

12  for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

13  container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

14  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information

15  or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

16  portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys'

17  Eyes Only."

18          5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

19  designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'

20  Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under

21  this Order for such material. If material is appropriately designated as "Confidential" or "Highly

22  Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party,

23  on timely notification of the designation, must make reasonable efforts to assure that the material is

24  treated in accordance with the provisions of this Order.

25

26        6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

27          6.1    Timing of Challenges. Unless a prompt challenge to a Designating Party's

28  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

1   economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive

2   its right to challenge a confidentiality designation by electing not to mount a challenge promptly

3   after the original designation is disclosed.

4           6.2     Meet and Confer.   A Party that elects to initiate a challenge to a Designating

5   Party's confidentiality designation must do so in good faith and must begin the process by conferring

6   directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel

7   for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief

8   that the confidentiality designation was not proper and must give the Designating Party an

9   opportunity to review the designated material, to reconsider the circumstances, and, if no change in

10  designation is offered, to explain the basis for the chosen designation.  A challenging Party may

11  proceed to the next stage of the challenge process only if it has engaged in this meet and confer

12  process first.

13          6.3     Judicial Intervention. A Party that elects to press a challenge to a

14  confidentiality designation after considering the justification offered by the Designating Party may

15  file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

16  applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.

17  Each such motion must be accompanied by a competent declaration that affirms that the movant has

18  complied with the meet and confer requirements imposed in the preceding paragraph and that sets

19  forth with specificity the justification for the confidentiality designation that was given by the

20  Designating Party in the meet and confer dialogue.

21          The burden of persuasion in any such challenge proceeding shall be on the

22  Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

23  material in question the level of protection to which it is entitled under the Producing Party's

24  designation.

25

26  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

27          7.1     Basic Principles. A Receiving Party may use Protected Material that is

28  disclosed or produced by another Party or by a non-party in connection with this case only for

1    prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

2    disclosed only to the categories of persons and under the conditions described in this Order.  When

3    the litigation has been terminated, a Receiving Party must comply with the provisions of section 11,

4    below (FINAL DISPOSITION).

5              Protected Material must be stored and maintained by a Receiving Party at a location

6    and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7              7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

8    ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

9    disclose any information or item designated CONFIDENTIAL only to:

10             (a)     the Receiving Party's Outside Counsel of record in this action, as well

11   as employees of said Counsel to whom it is reasonably necessary to disclose the information for this

12   litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

13   hereto as Exhibit A;

14             (b)     the officers, directors, and employees (including House Counsel) of

15   the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

16   signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

17             (c)     experts (as defined in this Order) of the Receiving Party to whom

18   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

19   Bound by Protective Order" (Exhibit A);

20             (d)     the Court and its personnel;

21             (e)     court reporters, their staffs, and professional vendors to whom

22   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

23   Bound by Protective Order" (Exhibit A);

24             (f)     during their depositions, witnesses in the action to whom disclosure is

25   reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

26   (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

27   Protected Material must be separately bound by the court reporter and may not be disclosed to

28   anyone except as permitted under this Stipulated Protective Order.

1    (g)    the author of the document or the original source of the information.

2    7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

3  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

4  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

5  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

6    (a)    the Receiving Party's Outside Counsel of record in this action, as well

7  as employees of said Counsel to whom it is reasonably necessary to disclose the information for this

8  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

9  hereto as Exhibit A;

10    (b)    Experts (as defined in this Order) (1) to whom disclosure is reasonably

11  necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"

12  (Exhibit A), [Optional: and (3) as to whom the procedures set forth in paragraph 7.4, below, have

13  been followed];

14    (c)    the Court and its personnel;

15    (d)    court reporters, their staffs, and professional vendors to whom

16  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

17  Bound by Protective Order" (Exhibit A); and

18    (e)    the author of the document or the original source of the information.

19    7.4    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –

20  ATTORNEYS' EYES ONLY" Information or Items to "Experts"

21    (a)    Unless otherwise ordered by the court or agreed in writing by the

22  Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

23  information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

24  ONLY" first must make a written request to the Designating Party that (1) identifies the specific

25  HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the

26  Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary

27  residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current

28  employer(s), (5) identifies each person or entity from whom the Expert has received compensation

1    for work in his or her areas of expertise or to whom the expert has provided professional services at

2    any time during the preceding five years, and (6) identifies (by name and number of the case, filing

3    date, and location of court) any litigation in connection with which the Expert has provided any

4    professional services during the preceding five years.

5             (b)    A Party that makes a request and provides the information specified in

6    the preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

7    within seven court days of delivering the request, the Party receives a written objection from the

8    Designating Party. Any such objection must set forth in detail the grounds on which it is based.

9             (c)    A Party that receives a timely written objection must meet and confer

10    with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

11    agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may

12    file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

13    applicable) seeking permission from the court to do so. Any such motion must describe the

14    circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is

15    reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any

16    additional means that might be used to reduce that risk. In addition, any such motion must be

17    accompanied by a competent declaration in which the movant describes the parties' efforts to resolve

18    the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets

19    forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

20          In any such proceeding the Party opposing disclosure to the Expert shall bear

21    the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

22    proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

23

24        8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

25    OTHER LITIGATION.

26          If a Receiving Party is served with a subpoena or an order issued in other litigation

27    that would compel disclosure of any information or items designated in this action as

28    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

1   Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

2   and in no event more than three court days after receiving the subpoena or order.  Such notification

3   must include a copy of the subpoena or court order.

4           The Receiving Party also must immediately inform in writing the Party who caused

5   the subpoena or order to issue in the other litigation that some or all the material covered by the

6   subpoena or order is the subject of this Protective Order.   In addition, the Receiving Party must

7   deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

8   caused the subpoena or order to issue.

9           The purpose of imposing these duties is to alert the interested parties to the existence

10  of this Protective Order and to afford the Designating Party in this case an opportunity to try to

11  protect its confidentiality interests in the court from which the subpoena or order issued.  The

12  Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

13  confidential material – and nothing in these provisions should be construed as authorizing or

14  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

15

16          9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

17          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

18  Protected Material to any person or in any circumstance not authorized under this Stipulated

19  Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party

20  of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

21  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

22  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

23  Be Bound" that is attached hereto as Exhibit A.

24

25          10.     FILING PROTECTED MATERIAL.  Without written permission from the

26  Designating Party or a court order secured after appropriate notice to all interested persons, a Party

27  may not file in the public record in this action any Protected Material.  A Party that seeks to file

28  under seal any Protected Material must comply with Civil Local Rule 79-5.

1    11.    FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the

2  Producing Party, within sixty days after the final termination of this action, each Receiving Party

3  must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected

4  Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or

5  capturing any of the Protected Material.  With permission in writing from the Designating Party, the

6  Receiving Party may destroy some or all of the Protected Material instead of returning it.   Whether

7  the Protected Material is returned or destroyed, the Receiving Party must submit a written

8  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

9  by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material

10  that was returned or destroyed and that affirms that the Receiving Party has not retained any copies,

11  abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected

12  Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

13  pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product,

14  even if such materials contain Protected Material.  Any such archival copies that contain or

15  constitute Protected Material remain subject to this Protective Order as set forth in Section 4

16  (DURATION), above.

17

18

19    ///

20

21    ///

22

23    ///

24

25    ///

26

27

28

12.    MISCELLANEOUS

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____, 2008         REED SMITH, LLP



                                By: _____
                                    James A. Daire
                                    Attorneys for Clear Channel Outdoor, Inc.

DATED: _____, 2008         LUCE, FORWARD, HAMILTON & SCRIPPS LLP



                                By: _____
                                    Marisa Y. Kirschenbauer
                                    Attorneys for Linda Erkelens


PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____      _____
                                    Hon. Saundra B. Armstrong
                                    United States District Judge

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for the

Northern District of California on [date] in the case of Clear Channel Outdoor, Inc. v. Erkelens, Case

No.: C 07-06138 SBA. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as

my California agent for service of process in connection with this action or any proceedings related

to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**Certification of Signature**

I attest that concurrence in the filing of the document has been obtained from each of the other signatories.

Date: _____, 2008

_____/s/_____
James A. Daire

**Certificate of Service**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this ___th day of May 2008, with a copy of this document via the Court's CM/ECF system. I certify that all parties in this case are represented by counsel who are CM/ECF participants.

_____/s/_____
James A. Daire

# EXHIBIT J

**Daire, James**

| | |
|---|---|
| **From:** | Daire, James |
| **Sent:** | Thursday, May 22, 2008 6:03 PM |
| **To:** | 'Kirschenbauer, Marisa' |
| **Subject:** | RE: Clear Channel Outdoor, Inc. v. Erkelens |

Marisa:

This confirms our discussion this afternoon in which you informed me that you would get back to us by Tuesday, May 27 regarding submission of the proposed protective order.

You also informed me that Ms. Erkelens does not intend to amend her written responses or produce the letter and agreement we've previously discussed. If your client changes her mind, please let me know by Tuesday. As I mentioned, we reserve all rights to move to compel.

Best ---

**James Daire**
415.659.5922
jdaire@reedsmith.com
**Reed Smith** LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
Fax 415.391.8269

---

| | |
|---|---|
| **From:** | Daire, James |
| **Sent:** | Thursday, May 22, 2008 4:38 PM |
| **To:** | Kirschenbauer, Marisa |
| **Cc:** | 'aazarmi@luce.com' |
| **Subject:** | Clear Channel Outdoor, Inc. v. Erkelens |

Marisa:

Please find attached the proposed stipulated protective order. It is substantially similar to the Northern District's model protective order. Please let me know that you agree to its filing and we will take care of it from our end.

Best,

**James Daire**
415.659.5922
jdaire@reedsmith.com
**Reed Smith** LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
Fax 415.391.8269
 << File: DOCSSFO-12516105-v1-ERKELENS   stipulated protective order.DOC >>

# EXHIBIT K

## LUCE FORWARD
ATTORNEYS AT LAW · FOUNDED 1873
LUCE, FORWARD, HAMILTON & SCRIPPS LLP

MARISA Y. KIRSCHENBAUER, ASSOCIATE
DIRECT DIAL NUMBER 415.356.4643
DIRECT FAX NUMBER 415.356.4887
E-MAIL ADDRESS mkirschenbauer@luce.com

121 Spear Street
Suite 200
San Francisco, CA 94105
415 356 4600
415 356 4610 fax
www.luce.com

May 27, 2008

34105-00001

VIA FACSIMILE AND U.S. MAIL

James Daire, Esq.
Reed Smith LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111

Re:     *Clear Channel Outdoor v. Erkelens*

Dear Mr. Daire:

Please be advised that, pursuant to the objections previously asserted in Defendant Linda Erkelens' responses to Clear Channel's request for production of documents, and pursuant to the objections asserted in Defendant's May 14, 2008 response to Clear Channel's meet and confer letter, Defendant will not produce the letter and agreement identified. However, Defendant will amend her previously served responses to Clear Channel's request for production of documents. Verified, amended responses will be served no later than Monday, June 2.

If Clear Channel chooses to proceed with a motion to compel, we can discuss the execution of a protective order concerning the subject documents. Thank you for your attention to this matter.

Very truly yours,

Marisa Y. Kirschenbauer
for
LUCE, FORWARD, HAMILTON & SCRIPPS LLP

MYK/tlm

3010391271

# EXHIBIT L

**Canton, Veronica L.**

| | |
|---|---|
| **From:** | Daire, James |
| **Sent:** | Thursday, May 29, 2008 5:26 PM |
| **To:** | 'Kirschenbauer, Marisa' |
| **Subject:** | CCO v. Erkelens |

Marisa:

This confirms that we spoke this afternoon and that you informed me that Ms. Erkelens is now not available to mediate on June 12. You suggested as an alternative a half day on either June 5 or 6, which John Bates currently has available. My client is out of the office today, but I have made inquiries regarding those dates and will get back to you.

We also briefly discussed entry of a formal protective order. I reiterated that, if you are going to maintain on Ms. Erkelens' behalf that the documents you have withheld are confidential, Clear Channel agrees to submit a mutually agreeable proposed protective order before or at the same time as its motion to compel.

We have previously provided to you a proposed protective order based on the Northern District's exemplar. If I do not hear back from you regarding that proposed protective order by June 2, we will assume that your client is not interested in submitting to a stipulated protective order before the motion to compel.

Please contact me immediately if you disagree with any of the above.

Best,

**James Daire**
415.659.5922
jdaire@reedsmith.com
**Reed Smith** LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
Fax 415.391.8269

1

# EXHIBIT M

## Canton, Veronica L.

**From:** Daire, James
**Sent:** Monday, June 09, 2008 5:57 PM
**To:** Canton, Veronica L.
**Subject:** FW: CCO v. Erkelens

---

**From:** Kirschenbauer, Marisa [mailto:MKirschenbauer@LUCE.com]
**Sent:** Monday, June 02, 2008 4:02 PM
**To:** Daire, James
**Subject:** RE: CCO v. Erkelens

Hi James,

I wanted to get back to you regarding the stipulated protective order. Ms. Erkelens maintains that the documents previously withheld are confidential. However, stipulating to a protective order at this time is premature until Clear Channel is granted a court order compelling production of the documents.

If you have any questions regarding Defendant's position, please let me know.

Thanks,
Marisa

---

**From:** Daire, James [mailto:JDaire@ReedSmith.com]
**Sent:** Thursday, May 29, 2008 5:26 PM
**To:** Kirschenbauer, Marisa
**Subject:** CCO v. Erkelens

Marisa:

This confirms that we spoke this afternoon and that you informed me that Ms. Erkelens is now not available to mediate on June 12. You suggested as an alternative a half day on either June 5 or 6, which John Bates currently has available. My client is out of the office today, but I have made inquiries regarding those dates and will get back to you.

We also briefly discussed entry of a formal protective order. I reiterated that, if you are going to maintain on Ms. Erkelens' behalf that the documents you have withheld are confidential, Clear Channel agrees to submit a mutually agreeable proposed protective order before or at the same time as its motion to compel.

We have previously provided to you a proposed protective order based on the Northern District's exemplar. If I do not hear back from you regarding that proposed protective order by June 2, we will assume that your client is not interested in submitting to a stipulated protective order before the motion to compel.

Please contact me immediately if you disagree with any of the above.

Best,

**James Daire**
415.659.5922

06/09/2008

jdaire@reedsmith.com
**Reed Smith** LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
Fax 415.391.8269

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

\* \* \*

To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication  (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

Disclaimer Version RS.US.1.01.03
pdc1

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIAL

Luce, Forward, Hamilton & Scripps LLP This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments without reading, printing, copying or forwarding it, and please notify us.

http://www.luce.com

Please consider the environment before printing this email.

# EXHIBIT N

RECEIVED

JUN 0 2 2008

REED SMITH LLP

1  Gerald M. Murphy, State Bar No. 99994
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2  Rincon Center II, 121 Spear Street, Suite 200
   San Francisco, California 94105-1582
3  Telephone No.: 415.356.4600
   Fax No.: 415.356.4610
4  E-Mail:   gmurphy@luce.com

5  Attorneys for LINDA ERKELENS

6

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

12  CLEAR CHANNEL OUTDOOR, INC., a          Case No. C-07-06138 SBA
    Delaware Corporation,
13                                          **AMENDED RESPONSES TO CLEAR
            Plaintiff,                       CHANNEL OUTDOOR, INC.'S FIRST
14                                           SET OF REQUESTS FOR PRODUCTION
    v.                                       TO LINDA ERKELENS**
15
    LINDA ERKELENS, an individual,
16
            Defendant.
17

18  **PROPOUNDING PARTY:      Plaintiff CLEAR CHANNEL OUTDOOR, INC.**

19  **RESPONDING PARTY:       Defendant LINDA ERKELENS**

20  **SET NO.:                One**

21                  **INTRODUCTORY STATEMENT**

22        Defendant has not fully completed her investigation of the facts relating to this case, has not

23  fully completed her discovery in this action, and has not completed her preparation for trial. All the

24  amended responses contained herein are based only upon such documents that are presently available

25  to and specifically known to Defendant.  It is anticipated that further discovery, independent

26  investigation, legal research and analysis may supply additional documents, all of which may lead to

27  substantial additions to, changes in and variations from the responses herein set forth. The following

28  amended responses are given without prejudice to Defendant's right to produce evidence of any

                                            1

1  subsequently discovered documents.  The amended esponses contained herein are made in a good

2  faith effort to supply as much factual information and as much specification as is presently known,

3  which in no way is to be considered prejudicial to Defendant in relation to further discovery, research,

4  analysis or production of evidence.

5       These amended responses are made solely for the purpose of and in relation to this action.

6  Each response is given subject to all appropriate objections (including but not limited to objections

7  concerning the attorney-client or attorney work product privileges, rights of privacy and

8  confidentiality, competency, relevancy, materiality, propriety and admissibility), which would require

9  the exclusion of any document produced if its admission into evidence were sought at time of trial.

10  All objections and grounds therefore are reserved and may be interposed at the time of trial.

11                          **GENERAL OBJECTIONS**

12       Defendant asserts the following general objections to each and all of Plaintiff's requests for

13  production of documents.  The general objections may or may not be reasserted after each specific

14  request for production.  The assertion of the same, similar or additional objections to each specific

15  request for production, or the failure to assert any additional objection to each specific request for

16  production does not waive or alter the general objections set forth below.

17       1.      Defendant objects to producing any documents protected by the work product doctrine.

18       2.      Defendant objects to producing any documents that contain information protected from

19  disclosure by the attorney-client privilege, or any other applicable privilege, protection or restriction.

20       3.      Defendant objects to Plaintiff's requests to the extent they attempt to impose

21  obligations on Defendant inconsistent with those provided by the relevant discovery sections set forth

22  in the California Code of Civil Procedure.

23       4.      Defendant objects to producing any documents not in its possession, custody or

24  control.

25       5.      Nothing herein shall be construed as an admission respecting the admissibility, truth,

26  accuracy or relevance of any document or communication.

27       6.      By stating that certain documents and communications will be produced, Defendant

28  states only that according to its best interpretation and reading of a request, it has identified or may

1  identify documents in its possession that are responsive to the particular request, without waiver of,

2  and subject to the objections contained herein, which are incorporated by reference as if restated word

3  for word in each specific response and objection below.

4        7.     Defendant objects to each and every request to the extent it seeks confidential,

5  proprietary information, and/or information protected by trade secret law. Documents that contain

6  such confidential or proprietary information will be produced only pursuant to a proper Protective

7  Order.

8  **<u>RESPONSE TO REQUESTS FOR PRODUCTION</u>**

9  **REQUEST NO. 1:**

10       All DOCUMENTS that RELATE TO COMMUNICATIONS between YOU and CLEAR

11  CHANNEL regarding the LEASE, including without limitation any written correspondence sent to

12  CLEAR CHANNEL by YOU, or received by YOU from CLEAR CHANNEL regarding the LEASE,

13  and any records of conversations between YOU and CLEAR CHANNEL including notes and logs.

14

15  **RESPONSE TO REQUEST NO. 1:**

16       Subject to and without waiving the foregoing general objections, Defendant responds as

17  follows: Defendant will produce all non-privileged, responsive and relevant documents in her

18  custody, care or control.

19  **REQUEST NO. 2:**

20       All DOCUMENTS that RELATE TO COMMUNICATIONS between YOU and CLEAR

21  CHANNEL regarding the PERMIT, including without limitation any written correspondence sent to

22  CLEAR CHANNEL by YOU, or received by YOU from CLEAR CHANNEL regarding the LEASE,

23  and any records of conversations between YOU and CLEAR CHANNEL including notes and logs.

24

25  **RESPONSE TO REQUEST NO. 2:**

26       Objection. This request is vague and ambiguous and generally incomprehensible. Subject to

27  and without waiving said objections, Defendant responds as follows: Defendant will produce all non-

28

3

1   privileged, responsive and relevant documents in her custody, care or control.

2   **REQUEST NO. 3:**

3
4       All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the LEASE between YOU and ADS from October 2003 to the present.

5   **RESPONSE TO REQUEST NO. 3:**

6
7       Objection.   This request is irrelevant, overbroad, proprietary and seeks confidential

8   information protected by constitutional rights of privacy. On that basis, Defendant will not produce

9   any documents related to this request.

10   **REQUEST NO. 4:**

11
12       All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the PROPERTY

13   between YOU and ADS from October 2003 to the present.

14   **RESPONSE TO REQUEST NO. 4:**

15       Defendant objects to this request on the grounds that it is overly broad, intended to burden and

16   harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

17   On that basis, Defendant will not produce any documents related to this request.

18   **REQUEST NO. 5:**

19
20       All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the LEASE between

21   YOU and any third party from October 2003 to the present.

22   **RESPONSE TO REQUEST NO. 5:**

23       Defendant objects to this request to the extent it asks for information protected by the

24   attorney-client privilege and/or work product doctrine. Without waiving said objection, this

25   Defendant responds as follows: After a diligent search and reasonable inquiry, Defendant has no

26   documents responsive to this request. Discovery and investigation are continuing, and Defendant

27   reserves the right to supplement this response.

28

1    **REQUEST NO. 6:**

2        All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the PERMIT between

3    YOU and ADS from October 2003 to the present.

4    **RESPONSE TO REQUEST NO. 6:**

5

6        Objection.    This request is irrelevant, overbroad, proprietary and seeks confidential

7    information protected by constitutional rights of privacy.  On that basis, Defendant will not produce

8    any documents related to this request.

9    **REQUEST NO. 7:**

10       All DOCUMENTS that RELATE TO COMMUNICATIONS regarding the LEASE between

11   YOU and any third party from October 2003 to the present.

12   **RESPONSE TO REQUEST NO. 7:**

13

14       Defendant objects to this request to the extent it asks for information protected by the attorney-

15   client privilege and/or work product doctrine.  Without waiving said objection, this Defendant

16   responds as follows:  After a diligent search and reasonable inquiry, Defendant has no documents

17   responsive to this request .  Discovery and investigation are continuing, and Defendant reserves the

18   right to supplement this response.

19   **REQUEST NO. 8:**

20       All DOCUMENTS that RELATE TO the LEASE, including any assignments, amendments,

21

22   modifications, or alleged termination thereof.

23   **RESPONSE TO REQUEST NO. 8:**

24       Defendant objects to this request to the extent it asks for information protected by the attorney-

25   client privilege and/or work product doctrine.  Subject to and without waiving the foregoing general

26   objections, Defendant responds as follows: Defendant will produce all non-privileged, responsive and

27   relevant documents in her  custody, care or control.

28

1   **REQUEST NO. 9:**

2       All DOCUMENTS that RELATE TO the PERMIT, including any applications, appeals or

3   correspondence related thereto.

4   **RESPONSE TO REQUEST NO. 9:**

5
        Defendant objects to this request to the extent it asks for information protected by the attorney-
6
    client privilege and/or work product doctrine. Subject to and without waiving the foregoing general
7
    objections, Defendant responds as follows: Defendant will produce all non-privileged, responsive and
8
    relevant documents in her custody, care or control.
9

10  **REQUEST NO. 10:**

11      All DOCUMENTS that RELATE TO any permit application to the City of San Francisco filed

12  by YOU or on YOUR behalf from June 1, 2007 to the present.

13
    **RESPONSE TO REQUEST NO. 10:**
14
        Subject to and without waiving the foregoing general objections, Defendant responds as
15
    follows: The only permit application was filed by Clear Channel on June 26, 2007. See documents
16
    produced in response to Request for Production No. 9.
17

18  **REQUEST NO. 11:**

19      All DOCUMENTS that RELATE TO COMMUNICATIONS between YOU (or anyone acting

20  on YOUR behalf) and the City of San Francisco from June 1, 2007 to the present.

21
    **RESPONSE TO REQUEST NO. 11:**
22
        Subject to and without waiving the foregoing general objections, Defendant responds as
23
    follows: Defendant will produce all non-privileged, responsive and relevant documents in her
24
    custody, care or control. See documents produced in response to Request for Production No. 9.
25

26  **REQUEST NO. 12:**

27      All DOCUMENTS that RELATE TO any and all APPRAISALS of the PROPERTY,

28

1  including any and all DOCUMENTS estimating the sale or rental value of the PROPERTY.

2  **RESPONSE TO REQUEST NO. 12:**

3
   Defendant objects to this request on the grounds that it is overly broad, intended to burden and
4
5  harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

6  Subject to and without waiving the foregoing general objections, Defendant responds as follows:

7  After a diligent search and reasonable inquiry, Defendant has no documents responsive to this request.

8  Discovery and investigation are continuing, and Defendant reserves the right to supplement this

9  response.

10 **REQUEST NO. 13:**

11
   All DOCUMENTS that RELATE TO any and all APPRAISALS of the value for the right to
12
13 maintain and display advertising on the billboard sign located on the PROPERTY which is the

14 subject of the LEASE, including any and all DOCUMENTS estimating or projecting the rental value.

15 **RESPONSE TO REQUEST NO. 13**

16     Subject to and without waiving the foregoing general objections, Defendant responds as

17 follows:  After a diligent search and reasonable inquiry, Defendant has no documents responsive to

18 this request.  Discovery and investigation are continuing, and Defendant reserves the right to

19 supplement this response.

20 **REQUEST NO. 14:**

21
22     All DOCUMENTS that RELATE TO any and all APPRAISALS of the rental value for the

23 right to maintain and display billboard advertising on the PROPERTY, including any and all

24 DOCUMENTS estimating or projecting the rental value.

25 **RESPONSE TO REQUEST NO. 14:**

26
       Subject to and without waiving the foregoing general objections, Defendant responds as
27
   follows:  After a diligent search and reasonable inquiry, Defendant has no documents responsive to
28

---

7

1   this request. Discovery and investigation are continuing, and Defendant reserves the right to

2   supplement this response.

3   **REQUEST NO. 15:**

4
5       All DOCUMENTS that RELATE TO YOUR attempts to terminate the LEASE, including

6   without limitation any purported termination notice that YOU allege YOU sent to CLEAR

7   CHANNEL.

8   **RESPONSE TO REQUEST NO. 15:**

9       Subject to and without waiving the foregoing general objections, Defendant responds as

10  follows: Defendant will produce all non-privileged, responsive and relevant documents in her

11  custody, care or control. See documents produced in response to Request for Production Nos. 1, 2.

12  **REQUEST NO. 16:**

13
14      All DOCUMENTS that RELATE TO any agreements between YOU and ADS regarding the

15  PROPERTY or the billboard sign located on the PROPERTY.

16  **RESPONSE TO REQUEST NO. 16:**

17      Objection. This request is compound. Defendant further objects to this request on the grounds

18  that it is overly broad, intended to burden and harass Defendant, and is not reasonably calculated to

19  lead to the discovery of admissible evidence. This request is irrelevant, overbroad, proprietary and

20  seeks confidential information protected by constitutional rights of privacy. On that basis, Defendant

21  will not produce any documents related to this request.

22

23  **REQUEST NO. 17:**

24      All DOCUMENTS that RELATE TO any agreements between YOU and any third party

25  regarding the PROPERTY or the billboard sign located on the PROPERTY.

26  **RESPONSE TO REQUEST NO. 17:**

27      Objection. This request is compound. Defendant further objects to this request on the grounds

28

that it is overly broad, intended to burden and harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence. This request is also irrelevant, overbroad, proprietary and seeks confidential information protected by constitutional rights of privacy. Without waiving said objections, this Defendant responds as follows: After a diligent search and reasonable inquiry, Defendant has no documents responsive to this request. Discovery and investigation are continuing, and Defendant reserves the right to supplement this response.

**REQUEST NO. 18:**

All DOCUMENTS that RELATE TO any third party efforts to lease the PROPERTY, at any time between October 2003 and the present, including without limitation any solicitation or proposal to lease the PROPERTY received by YOU, and any DOCUMENTS reflecting the terms of any such solicitations or proposals.

**RESPONSE TO REQUEST NO. 18:**

Defendant objects to this request on the grounds that it is overly broad, intended to burden and harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant responds as follows: After a diligent search and reasonable inquiry, Defendant has no documents responsive to this request. Discovery and investigation are continuing, and Defendant reserves the right to supplement this response.

**REQUEST NO. 19:**

All DOCUMENTS that RELATE TO any third party efforts to lease the billboard sign located on the PROPERTY, including without limitation any solicitation or proposal to lease the billboard sign located on the PROPERTY received by YOU, and any DOCUMENTS reflecting the terms of any such solicitations or proposals.

**RESPONSE TO REQUEST NO. 19:**

Subject to and without waiving the foregoing general objections, Defendant responds as

follows: After a diligent search and reasonable inquiry, Defendant has no documents responsive to this request. Discovery and investigation are continuing, and Defendant reserves the right to supplement this response.

**REQUEST NO. 20:**

All DOCUMENTS that RELATE TO any third party efforts to lease the PROPERTY for purposes of erecting, maintaining and/or displaying an advertising sign(s) thereon, at any time between October 2003 and the present, including without limitation any solicitation or proposal to lease the PROPERTY for purposes of erecting, maintaining and/or displaying an advertising sign(s) thereon received by YOU, and any DOCUMENTS reflecting the terms of any such solicitations or proposals.

**RESPONSE TO REQUEST NO. 20:**

Subject to and without waiving the foregoing general objections, Defendant responds as follows: After a diligent search and reasonable inquiry, Defendant has no documents responsive to this request. Discovery and investigation are continuing, and Defendant reserves the right to supplement this response.

**REQUEST NO. 21:**

All DOCUMENTS that RELATE TO any effort by YOU to lease the PROPERTY to any third party from October 2003 to the present.

**RESPONSE TO REQUEST NO. 21:**

Defendant objects to this request on the grounds that it is overly broad, intended to burden and harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant responds as follows: After a diligent search and reasonable inquiry, Defendant has no documents responsive to this request. Discovery and investigation are continuing, and Defendant reserves the right to supplement this

AMENDED RESPONSES TO CLEAR CHANNEL OUTDOOR, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION TO LINDA ERKELENS

1   response.

2   **REQUEST NO. 22:**

3   
4   All DOCUMENTS that RELATE TO any effort by YOU to lease the billboard sign located on

5   the PROPERTY to any third party from October 2003 to the present.

6   **RESPONSE TO REQUEST NO. 22:**

7   Subject to and without waiving the foregoing general objections, Defendant responds as

8   follows: After a diligent search and reasonable inquiry, Defendant has no documents responsive to

9   this request. Discovery and investigation are continuing, and Defendant reserves the right to

10  supplement this response.

11  **REQUEST NO. 23:**

12  
13  All DOCUMENTS that RELATE TO any effort by YOU to lease the PROPERTY for

14  purposes of erecting, maintaining and/or displaying an advertising sign(s) thereon to any third party

15  from October 2003 to the present.

16  **RESPONSE TO REQUEST NO. 23:**

17  Subject to and without waiving the foregoing general objections, Defendant responds as

18  follows: After a diligent search and reasonable inquiry, Defendant has no documents responsive to

19  this request. Discovery and investigation are continuing, and Defendant reserves the right to

20  supplement this response.

21  
22  **REQUEST NO. 24:**

23  All DOCUMENTS that YOU intend to rely upon in support of YOUR contention that YOU

24  own the sign, structures or improvements on the PROPERTY.

25  **RESPONSE TO REQUEST NO. 24:**

26  Defendant objects to this request to the extent that it seeks information protected by the

27  attorney-client privilege, the attorney work product doctrine, and/or expert opinion. Without waiving

28  

---

11

said objections, this Defendant responds as follows:  Defendant will produce all non-privileged, responsive and relevant documents in its custody, care or control.  See documents produced in response to Request for Production Nos. 1, 2, 8, 9.

**REQUEST NO. 25:**

All DOCUMENTS that YOU intend to rely upon in support of YOUR contention that YOU own the right to maintain the billboard on the PROPERTY.

**RESPONSE TO REQUEST NO. 25:**

Defendant objects to this request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or expert opinion.  Without waiving said objection, this Defendant responds as follows:  Defendant will produce all non-privileged, responsive and relevant documents in its custody, care or control.  See documents produced in response to Request for Production Nos. 1, 2, 8, 9.

**REQUEST NO. 26:**

All DOCUMENTS that YOU intend to rely upon in support of YOUR contention that "Clear Channel has not and will not suffer any legally cognizant harm due to its inability to remove the billboard or prevent Ms. Erkelens' use of the billboard after the terms of the Clear Channel lease expired."

**RESPONSE TO REQUEST NO. 26:**

Defendant objects to this request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and/or expert opinion.  Without waiving said objection, this Defendant responds as follows:  Defendant will produce all non-privileged, responsive and relevant documents in her custody, care or control.  See documents produced in response to Request for Production Nos. 1, 2, 8, 9.

1  **REQUEST NO. 27:**

2       All DOCUMENTS that YOU intend to rely upon in support of YOUR defenses in this action.

3  **RESPONSE TO REQUEST NO. 27:**

4       Defendant objects to this request to the extent that it seeks information protected by the

5  attorney-client privilege, the attorney work product doctrine, and/or expert opinion. Without waiving

6  said objection, this Defendant responds as follows: Defendant will produce all non-privileged,

7  responsive and relevant documents in her custody, care or control. See documents produced in

8  response to Request for Production Nos. 1, 2, 8, 9.

9

10  **REQUEST NO. 28:**

11       All DOCUMENTS in YOUR LEASE file.

12  **RESPONSE TO REQUEST NO. 28:**

13       Defendant will produce all non-privileged, responsive and relevant documents in her custody,

14  care or control. See documents produced in response to Request for Production Nos. 1, 2, 8.

15

16  **REQUEST NO. 29:**

17       DOCUMENTS sufficient to identify any and all billboards in the San Francisco Bay Area, in

18  YOU have a proprietary interest, whether as lessee, lessor, licensor, licensee, part or full or otherwise.

19  **RESPONSE TO REQUEST NO. 29:**

20       Defendant objects to this request on the grounds that it is overly broad, intended to burden and

21  harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence.

22

23  On that basis, Defendant will not produce any documents related to this request.

24  **REQUEST NO. 30**

25       DOCUMENTS sufficient to reflect any rental amounts (whether monthly, annually or

26  otherwise) YOU have received as the result of leasing or licensing any billboards in the San Francisco

27  Bay Area.

28

**AMENDED RESPONSES TO CLEAR CHANNEL OUTDOOR, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION TO LINDA ERKELENS**

**RESPONSE TO REQUEST NO. 30:**

Defendant objects to this request on the grounds that it is overly broad, intended to burden and harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence. On that basis, Defendant will not produce any documents related to this request.

**REQUEST NO. 31:**

DOCUMENTS sufficient to identify any premises that YOU believe are comparable to the premises at issue in this litigation.

**RESPONSE TO REQUEST NO. 31:**

Defendant objects to this request on the grounds that it is overly broad, intended to burden and harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence. On that basis, Defendant will not produce any documents related to this request.

**REQUEST NO. 32:**

All DOCUMENTS that RELATE TO YOUR acquisition of the PROPERTY.

**RESPONSE TO REQUEST NO. 32:**

Defendant objects to this request on the grounds that it is overly broad, intended to burden and harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence. On that basis, Defendant will not produce any documents related to this request.

**REQUEST NO. 33:**

DOCUMENTS sufficient to reflect and identify any and all loans obtained by YOU which are secured by an interest in the PROPERTY.

**RESPONSE TO REQUEST NO. 33:**

Defendant objects to this request on the grounds that it is overly broad, intended to burden and harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence. On that basis, Defendant will not produce any documents related to this request.

AMENDED RESPONSES TO CLEAR CHANNEL OUTDOOR, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION TO LINDA ERKELENS

**REQUEST NO. 34:**

All non-privileged DOCUMENTS that RELATE TO any administrative, litigation or arbitration proceedings in which YOU have been involved regarding the right to maintain and/or display advertising on any property located in the San Francisco Bay Area.

**RESPONSE TO REQUEST NO. 34:**

Defendant objects to this request on the grounds that it is overly broad, intended to burden and harass Defendant, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general objections, Defendant responds as follows: After a diligent search and reasonable inquiry, Defendant has no documents responsive to this request. Discovery and investigation are continuing, and Defendant reserves the right to supplement this response.

DATED: May 30, 2008                    LUCE, FORWARD, HAMILTON & SCRIPPS LLP


                                       By: _____
                                           Gerald M. Murphy
                                           Attorneys for Linda Erkelens

301039152.1

---

15

**AMENDED RESPONSES TO CLEAR CHANNEL OUTDOOR, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION TO LINDA ERKELENS**

## VERIFICATION

I, Linda Erkelens, declare as follows:

I have read the foregoing **AMENDED RESPONSES TO CLEAR CHANNEL OUTDOOR, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO LINDA ERKELENS** and know its contents.

X            I am a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

X            I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Dated: May 29, 2008

By: _____

Linda Erkelens

301039153.1

PROOF OF SERVICE

*Clear Channel Outdoors, Inc. v. Linda Erkelens*

Case No. C-07-06138 SBA

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is Rincon Center II, 121 Spear Street, Suite 200, San Francisco, California 94105-1582.

On May 30, 2008, I served the original of the following document(s) described as

**AMENDED RESPONSES TO CLEAR CHANNEL OUTDOOR, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO LINDA ERKELENS**

on the interested parties in this action as follows:

Scott David Baker, Esq.
James A. Daire, Esq.
Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Luce, Forward, Hamilton & Scripps LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 30, 2008, at San Francisco, California.

*Camellia Gamble*
Camellia Gamble

---

**AMENDED RESPONSES TO CLEAR CHANNEL OUTDOOR, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO LINDA ERKELENS**