Gerald M. Murphy, State Bar No. 99994
Andrew S. Azarmi, State Bar No. 241407
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
E-mail: aazarmi@luce.com

Attorneys for Defendant
Linda Erkelens

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LINDA ERKELENS, an individual,<br><br>Defendant. | Case No. C 07-06138 SBA<br><br>**DECLARATION OF ANDREW S. AZARMI IN SUPPORT OF DEFENDANT'S OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS, FURTHER DOCUMENTS AND DEPOSITION OF LINDA ERKELENS**<br><br>Date:  July 9, 2008<br>Time:  9:30 a.m.<br>Judge: Hon. James Larson |

I, ANDREW S. AZARMI, declare as follows:

1. I am an attorney licensed to practice before the courts of the State of California, and an Associate for the law firm of Luce, Forward, Hamilton & Scripps LLP, the attorneys of record for Defendant LINDA ("Defendant") in this action. I make this declaration in support of Defendant's Opposition to Plaintiff Clear Channel Outdoor, Inc's ("Plaintiff") Motion to Compel.

2. The following matters are known to me of my own personal knowledge, except as to those matters stated on information and belief, and as to those matters, I am informed and believe that they are true. If called as a witness, I could and would competently testify as follows:

3. A true and correct copy of a January 10, 2008 Declaration of M. Brett Gladstone, Defendant's attorney in her administrative appeal of Plaintiff's sign removal permit before the San Francisco Board of Appeals is attached as **Exhibit 1**.

4. As an associate at Luce Forward, my billing rate is $260/hour. I have spent about over 10 hours preparing and drafting the Opposition to Clear Channel's Motion to Compel, the Opposition to Clear Channel's Motion for Attorneys' Fees, and the Declaration of Andrew S. Azarmi. This is equals to over $2,600 in attorneys fees.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 25th day of June, 2008 at San Francisco, California.

_____
Andrew S. Azarmi

# EXHIBIT 1

## Declaration of M. Brett Gladstone
### Federal Case No. C 07-06138 MJJ

1. My name is M. Brett Gladstone. I am a licensed attorney in the State of California and represent Linda Erkelens in her administrative level appeal of Clear Channel's permit to remove the sign from my client's building. If called on to testify, I could testify as to the truth of the matters below.

2. I do not and will not represent Linda Erkelens in Clear Channel's Federal claim or in any other litigation in which Ms. Erkelens may be a party.

3. Ms. Erkelens refused to renew Clear Channel's lease of her building at 1801 Turk Street in San Francisco (the "Property"). Ms. Erkelens's rationale for not renewing is that Clear Channel refused to offer market rate for the space and that Clear Channel insists on oppressive, adhesion lease contracts.

4. Ms. Erkelens ordered Clear Channel to remove the sign so that she could then build a replacement sign. Clear Channel did not show Ms. Erkelens its permit application for the removal of a sign.

5. When Ms. Erkelens saw the permit, she appealed its issuance because it contained language that would purport to waive her rights to continue to have a sign on her property. Under Board of Appeals's rules, Ms. Erkelens's appeal automatically suspended Clear Channel's right to perform any removal of the sign until the Board issued its final ruling.

6. On October 17, 2007, the San Francisco Board of Appeals heard Ms. Erkelens appeal of Clear Channel's permit to "voluntarily" remove the billboard at the Property.

7. The Commissioner members of the Board of Appeals in attendance roundly denounced Clear Channel's tactics as illegal, unfair, and mean-spirited. The Board of Appeals granted the parties a six-week continuance to allow them to negotiate the transfer of ownership of the sign from Clear Channel to Ms. Erkelens. Clear Channel assured the Board that it would use the continuance period to negotiate in good faith for the transfer of ownership of the sign.

8. At the conclusion of the hearing, the President of the Board of Appeals informed both parties that upon taking up the matter again at the December 12, 2007 hearing, the Board would either acknowledge a negotiated transfer of ownership of the sign or it would potentially render a decision against Clear Channel.

9. On December 4, 2007, Clear Channel asked the Department of Building Inspection to rescind their alteration permit for the removal of the sign from the Property.

10. On December 5, 2007, I responded to Clear Channel's purported withdrawal of its removal permit and provided various reasons why the withdrawal was invalid, including, but not limited to:
   a. The permit was now under the jurisdiction of the Board of Appeals and the Department of Building Inspection no longer had the authority to cancel the permit;
   b. All permits on the Property belong to the Property's owner, so Clear Channel did not have the authority to seek the rescission of the permit; and
   c. The Building Code does not provide for a mechanism for a permit holder to "withdraw" a permit.

I have attached a true and correct copy of my December 5, 2007 letter as Exhibit A.

11. On December 12, 2007, the Board of Appeals voted 5-0 to overturn the issuance of the sign removal permit to Clear Channel.

12. Clear Channel continued to pay rent to Ms. Erkelens for two months after the lease expiration, as a hold-over tenant. Clear Channel continues to maintain the billboard with copy, though it has ceased its hold-over rent payments. Ms. Erkelens has not threatened to keep the existing billboard.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 10th day January, 2008, at San Francisco, California.

M. Brett Gladstone