Gerald M. Murphy, State Bar No. 99994
Andrew S. Azarmi, State Bar No. 241407
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
E-mail: aazarmi@luce.com

Attorneys for Defendant
Linda Erkelens

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, INC., a Delaware Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>LINDA ERKELENS, an individual,<br><br>        Defendant. | Case No. C 07-06138 SBA<br><br>**DEFENDANT'S OPPOSITION TO MOTION FOR AWARD OF ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    July 9, 2008<br>Time:    9:30 a.m.<br>Judge:  Hon. James Larson |

I. **INTRODUCTION:**

In its motion for an award of attorneys fees, Plaintiff Clear Channel Outdoor, Inc. ("Clear Channel") claims that Defendant Linda Erkelens ("Defendant") claims there is absolutely no justification for the failure to produce the entirely irrelevant and confidential documents sought by Clear Channel. Of course, they neglect to mention that Clear Channel never provided any convincing basis as to why the information sought by Clear Channel is relevant to its claims, which have nothing to do with what happened after this litigation, should Defendant succeed.

The fact is, Clear Channel, faced with an adverse decision from the San Francisco Board of Appeal, now seeks to learn who Defendant has been talking to and what agreements she has competitors so they can gain an unfair advantage in the vent they find themselves in the unusual position of having to compete for a billboard they want to lease.

II. **ARGUMENT**

A. **Defendant Has Substantial Justification To Deny Clear Channel of Discovery Of Information That Has No Bearing To Its Claims**

The basis for Defendant's refusal to produce the information sought by Clear Channel in this motion to compel is outlined in detail in Defendant's Memorandum of Points and Authorities In Opposition To Clear Channel's Motion To Compel, filed concurrently herewith.

B. **Defendant Fulfilled Its Obligation To Meet And Confer In Good Faith**

The obligation to meet and confer does not require Defendant to submit, and provide discovery of information it adamantly believes Clear Channel is not entitled to. In this case, from the beginning, with respect to the Requests that are the issue of the motion to compel here, Defendant consistently denied to provide Clear Channel's requested discovery and repeatedly told Clear Channel its basis for the denial. In its response to Clear Channel's meet and confer letter, Defendant made it clear that it disagreed with Clear Channel's arguments favoring discovery. *See* Decl. of James A. Daire, at Ex. E, H. Moreover, Clear Channel, the moving party, never made any attempt to explain why it believed it was entitled to information that had absolutely nothing to do with the specific claims pled by its Complaint.

A good faith meet and confer effort does not require Defendant to change its interpretation

301041506.1

1    of what the Federal Rules and California substantive law require re the scope of discovery,

2    especially in the face of an utter lack of contrary authority from Clear Channel.

3    **C.     Defendant Should Be Awarded Attorney Fees Sanctions Because Clear Channel Acted Without Substantial Justification In Bringing This Motion**

4

5    Luce Forward has expended over $2,600 in opposing this motion, and anticipates another 2

     hours to argue this motion ($520).   Declaration of Andrew S. Azarmi, at ¶ 4.   For the reasons
6
     outline above,  Clear Channel lacked substantial justification to insist upon this discovery and for
7
     bringing this motion to compel.   Accordingly, Defendant respectfully asks the court to award her
8
     legal fees associated with this baseless motion.
9

10

11
     DATED: June 25, 2008                    LUCE, FORWARD, HAMILTON & SCRIPPS LLP
12

13
                                             By: _____
14                                                Gerald M. Murphy
                                                  Andrew S. Azarmi
15                                                Attorneys for Defendant
                                                  Linda Erkelens
16

17

18

19

20

21

22

23

24

25

26

27

28

301041506.1