1  Scott D. Baker (SBN 84923)
   Email: sbaker@reedsmith.com
2  James A. Daire (SBN 239637)
   Email: jdaire@reedsmith.com
3  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
4  San Francisco, CA  94111-3922

5  **Mailing Address:**
   P.O. Box 7936
6  San Francisco, CA  94120-7936

7  Telephone:   +1 415 543 8700
   Facsimile:   +1 415 391 8269
8
   Attorneys for Plaintiff
9  Clear Channel Outdoor, Inc.

10                UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13  CLEAR CHANNEL OUTDOOR, INC., a        Case No.:  C 07-06138 SBA (JL)
    Delaware Corporation,
14                                        **CLEAR CHANNEL OUTDOOR, INC.'S
                 Plaintiff,               REPLY BRIEF IN SUPPORT OF MOTION
15                                        FOR AN AWARD OF ATTORNEY FEES**
        vs.
16                                        [Fed.R.Civ.P. 37]
    LINDA ERKELENS, an individual,
17                                        Date:    July 9, 2008
                 Defendant.               Time:    9:30 a.m.
18                                        Place:   Courtroom F, 15th Floor

19                                        Compl. Filed: December 4, 2007
                                          Trial Date: November 10, 2008
20
                                          Hon. James Larson

---

Case No.: C 07-06138 SBA (JL)

CLEAR CHANNEL OUTDOOR, INC.'S REPLY BRIEF IN SUPPORT OF MOTION FOR AN AWARD OF
ATTORNEY FEES

## I.  INTRODUCTION

Ms. Erkelens offers mischaracterizations of the discovery at issue and the record in this case, but she cannot offer the Court substantial justification for failing to produce the discovery at issue. According to Ms. Erkelens, Clear Channel Outdoor, Inc. ("Clear Channel") seeks to learn "who Defendant has been talking to and what agreements she has [with] competitors." In fact, Clear Channel has never requested all communications between Ms. Erkelens and Clear Channel's purported competitors. Clear Channel seeks only documents that are relevant to proving its claims against Ms. Erkelens, which include certain communications with Advertising Display Systems 1, LLC ("ADS"). Moreover, Clear Channel has also offered three times to stipulate to a two-tier protective order. Ms Erkelens' refusal to explain her supposed objections in any detail or to consider the proposed protective order confirms that she has no justification for her conduct.

## II.  LEGAL ANALYSIS

As this Court is well aware, "the court must require the party who failed to provide discovery to pay the requesting party's attorney's fees when a motion to compel discovery is granted or if discovery is provided only after a motion is filed. There are only two exceptions: if the movant failed to make a good faith effort to obtain the discovery without court action or the opposing party's failure was substantially justified, or if other circumstances make an award of expenses unjust." *Celano v. Marriott Int'l, Inc.*, 2007 U.S. Dist. LEXIS 54707, *8 (N.D. Cal. 2007) (upholding this Court's discovery sanction award and staying the award until the end of the case to determine its amount).

Here, Mrs. Erkelens does not dispute that Clear Channel is entitled to its expenses, including reasonable attorney fees, if she and her counsel were not substantially justified in opposing Clear Channel's Motion to Compel. [Opp. at 1.] Ms. Erkelens and her counsel argue, however, that she was substantially justified in opposing the Motion because: (1) the discovery Clear Channel seeks has "no bearing" on Clear Channel's claims; (2) Clear Channel did not attempt to explain why

the discovery it seeks is relevant; and (3) Ms. Erkelens' counsel met and conferred in good faith. These arguments lack any basis in fact or law and do not provide Ms. Erkelens with the substantial justification she seeks.

### A. The Discovery At Issue Is Relevant to Clear Channel's Claims

The discovery at issue is plainly relevant to Clear Channel's claims. Among other things, Clear Channel claims that Ms. Erkelens has converted Clear Channel's sign structure for ADS' benefit. [Docket No. 1 (Complaint), ¶¶ 30-37.] Clear Channel also claims that it is entitled to restitution in the amount of Ms. Erkelens' unjust enrichment. [Docket No. 1 (Complaint Prayer for Relief), ¶ 8.] On July 26, 2007, after first giving Clear Channel permission to enter her property to take down Clear Channel's sign structure, Ms. Erkelens sent a letter in which she wrongly claimed that she owns the sign structure and barred Clear Channel from her property. [Docket No. 1 (Complaint), ¶ 21.] Ms. Erkelens also told Clear Channel that she would be appealing Clear Channel's removal permit, which she had earlier acknowledged with her thanks, and that ADS would join in the appeal.

According to Ms. Erkelens' own description, the documents at issue include (at a minimum) a May 29, 2007 "agreement" with ADS and a May 30, 2007 "letter" to ADS. [Declaration of James A. Daire ("Daire Decl."), Exh. D.] Two written communications less than one month before Ms. Erkelens allegedly converted Clear Channel's property is relevant to both Clear Channel's substantive claims and its theory of damages. For the same reasons, any other written communications with ADS related to Clear Channel's property, permit or the lease are also relevant.

### B. The Record Proves That Clear Channel Explained to Ms. Erkelens Why The Discovery Is Relevant

Contrary to Ms. Erkelens' claim, the record shows that Clear Channel explained the relevance of these materials to Ms. Erkelens several times. For example, Clear Channel wrote to

1  Ms. Erkelens on May 6, 2008 that communications between her and ADS related to Clear Channel's
2  sign or lease are "relevant to Clear Channel's claim that Ms. Erkelens has improperly purported to
3  grant rights to the sign structure to ADS (and Ms. Erkelens' denial thereof), and Clear Channel is
4  entitled to these documents as a matter of right. See Fed.R.Civ.P. 26(b)(1)." [Daire Decl., Exh. E.]
5  In the same letter Clear Channel also explained that certain "non-ADS" documents Ms. Erkelens has
6  not produced are "relevant to Clear Channel's claims and allegations, including among other things
7  its restitution remedy, its conversion claim and its trespass to chattel claim." [Id.]

In addition, Clear Channel also conferred with Ms. Erkelens' counsel by telephone regarding the relevance of the documents on May 7, May 14, May 22 and May 29, 2008. [Daire Decl., ¶¶ 8, 11, 12, 14.] Ms. Erkelens' counsel never claimed – at any time – that she did understand Clear Channel's explanation as to the relevance of the documents. Ms. Erkelens cannot dispute this record. Her claim that Clear Channel never explained why the discovery is relevant is false.

### C. Ms. Erkelens' Counsel Never Offered A Substantial Justification For Her Baseless Objections

Finally, Ms. Erkelens argues that her counsel met and conferred in good faith and that she is not required to change her interpretation of the discovery rules to suit Clear Channel. This argument misses the point. Ms. Erkelens must offer some *substantial justification* for her interpretation. Her counsel's willingness to respond to Clear Channel's meet and confer efforts cannot excuse counsel's unjustifiable interpretation of the discovery rules.

Throughout Clear Channel's meet and confer efforts, Ms. Erkelens argued that she is not obligated to produce the identified documents because of the twin "privileges" of "proprietary, confidential." Ms. Erkelens is represented by sophisticated counsel, who is well aware that proprietary and confidential documents are not privileged. And when Clear Channel offered to stipulated to a protective order to protect the purported confidentiality of the documents, Ms. Erkelens' counsel refused to consider it. [Daire Decl. Exh. K.]

There is also no substantial justification for Ms. Erkelens' newly minted financial

privacy objection. Ms. Erkelens consistently asserted a privacy objection to shield herself from Clear Channel's legitimate discovery requests, but she never offered Clear Channel an explanation as to why she believed production would violated her constitutional right to privacy. For the first time in her Opposition, Ms. Erkelens now explains that she has a purported constitutional right to "financial" privacy in a letter, agreement and presumably other communications with ADS. Ms. Erkelens cannot explain why any information rises to the level of constitutionally protected financial information. Nor can she explain why the two-tier protective order would not address her baseless concerns. In short, Ms. Erkelens' cannot justify her objections.

### III. CONCLUSION

Ms. Erkelens and her counsel should be sanctioned for playing a discovery game for the sole purpose of denying Clear Channel relevant and non-privileged documents in response to narrow discovery requests.

DATED: July 2, 2008.

REED SMITH LLP

By____/s/ James A. Daire_____
James A. Daire
Attorneys for Plaintiff
Clear Channel Outdoor, Inc

### Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 2nd day of July 2008, with a copy of this document via the Court's CM/ECF system. I certify that all parties in this case are represented by counsel who are CM/ECF participants.

                                         /s/
                                 James A. Daire