

Scott D. Baker (SBN 84923)
*Email: sbaker@reedsmith.com*
James A. Daire (SBN 239637)
*Email: jdaire@reedsmith.com*
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:   +1 415 543 8700
Facsimile:   +1 415 391 8269

Attorneys for Plaintiff
Clear Channel Outdoor, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, INC. a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LINDA ERKELENS, an individual,<br><br>Defendant. | Case No.: C 07-06138 SBA<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

1.     PURPOSES AND LIMITATIONS

    Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     DEFINITIONS

    2.1    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    2.2    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.3    <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

    2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

1        2.5   Receiving Party: a Party that receives Disclosure or Discovery Material from

2    a Producing Party.

3        2.6   Producing Party: a Party or non-party that produces Disclosure or Discovery

4    Material in this action.

5        2.7   Designating Party: a Party or non-party that designates information or items

6    that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential

7    — Attorneys' Eyes Only."

8        2.8   Protected Material: any Disclosure or Discovery Material that is designated as

9    "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

10        2.9   Outside Counsel: attorneys who are not employees of a Party but who are

11    retained to represent or advise a Party in this action.

12        2.10   House Counsel:  attorneys who are employees of a Party.

13        2.11   Counsel (without qualifier): Outside Counsel and House Counsel (as well as

14    their support staffs).

15        2.12   Expert: a person with specialized knowledge or experience in a matter

16    pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

17    witness or as a consultant in this action and who is not a past or a current employee of a Party or of a

18    competitor of a Party's and who, at the time of retention, is not anticipated to become an employee

19    of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant

20    retained in connection with this litigation.

21        2.13   Professional Vendors: persons or entities that provide litigation support

22    services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

23    organizing, storing, retrieving data in any form or medium; etc.) and their employees and

24    subcontractors.

25

26    3.    SCOPE

27        The protections conferred by this Stipulation and Order cover not only Protected Material (as

28    defined above), but also any information copied or extracted therefrom, as well as all copies,

1  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by
2  parties or counsel to or in court or in other settings that might reveal Protected Material.
3
4      4.    DURATION
5          Even after the termination of this litigation, the confidentiality obligations imposed by this
6  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order
7  otherwise directs.
8
9      5.    DESIGNATING PROTECTED MATERIAL
10         5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each
11  Party or non-party that designates information or items for protection under this Order must take
12  care to limit any such designation to specific material that qualifies under the appropriate standards.
13  A Designating Party must take care to designate for protection only those parts of material,
14  documents, items, or oral or written communications that qualify – so that other portions of the
15  material, documents, items, or communications for which protection is not warranted are not swept
16  unjustifiably within the ambit of this Order.
17         Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown
18  to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily
19  encumber or retard the case development process, or to impose unnecessary expenses and burdens
20  on other parties), expose the Designating Party to sanctions.
21         If it comes to a Party's or a non-party's attention that information or items that it designated
22  for protection do not qualify for protection at all, or do not qualify for the level of protection initially
23  asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the
24  mistaken designation.
25         5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this
26  Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,
27  material that qualifies for protection under this Order must be clearly so designated before the
28  material is disclosed or produced.

1    Designation in conformity with this Order requires:

2    (a)    for information in documentary form (apart from transcripts of

3    depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

4    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of

5    each page that contains protected material.  If only a portion or portions of the material on a page

6    qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,

7    by making appropriate markings in the margins) and must specify, for each portion, the level of

8    protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

9    ATTORNEYS' EYES ONLY").

10    A Party or non-party that makes original documents or materials available for

11    inspection need not designate them for protection until after the inspecting Party has indicated which

12    material it would like copied and produced.  During the inspection and before the designation, all of

13    the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

14    ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

15    copied and produced, the Producing Party must determine which documents, or portions thereof,

16    qualify for protection under this Order, then, before producing the specified documents, the

17    Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

18    CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected

19    Material.  If only a portion or portions of the material on a page qualifies for protection, the

20    Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

21    markings in the margins) and must specify, for each portion, the level of protection being asserted

22    (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

23    (b)    for testimony given in deposition or in other pretrial or trial

24    proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record,

25    before the close of the deposition, hearing, or other proceeding, all protected testimony, and further

26    specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS'

27    EYES ONLY."  When it is impractical to identify separately each portion of testimony that is

28    entitled to protection, and when it appears that substantial portions of the testimony may qualify for

1  protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the

2  record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the

3  specific portions of the testimony as to which protection is sought and to specify the level of

4  protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

5  EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection

6  within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

7          Transcript pages containing Protected Material must be separately bound by

8  the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

9  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

10  nonparty offering or sponsoring the witness or presenting the testimony.

11          (c)    <u>for information produced in some form other than documentary, and</u>

12  <u>for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the

13  container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

14  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information

15  or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

16  portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys'

17  Eyes Only."

18          5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

19  designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'

20  Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under

21  this Order for such material. If material is appropriately designated as "Confidential" or "Highly

22  Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party,

23  on timely notification of the designation, must make reasonable efforts to assure that the material is

24  treated in accordance with the provisions of this Order.

25

26      6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

27          6.1    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's

28  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

1  economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive

2  its right to challenge a confidentiality designation by electing not to mount a challenge promptly

3  after the original designation is disclosed.

4         6.2    Meet and Confer.  A Party that elects to initiate a challenge to a Designating

5  Party's confidentiality designation must do so in good faith and must begin the process by conferring

6  directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel

7  for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief

8  that the confidentiality designation was not proper and must give the Designating Party an

9  opportunity to review the designated material, to reconsider the circumstances, and, if no change in

10  designation is offered, to explain the basis for the chosen designation.  A challenging Party may

11  proceed to the next stage of the challenge process only if it has engaged in this meet and confer

12  process first.

13         6.3    Judicial Intervention. A Party that elects to press a challenge to a

14  confidentiality designation after considering the justification offered by the Designating Party may

15  file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

16  applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.

17  Each such motion must be accompanied by a competent declaration that affirms that the movant has

18  complied with the meet and confer requirements imposed in the preceding paragraph and that sets

19  forth with specificity the justification for the confidentiality designation that was given by the

20  Designating Party in the meet and confer dialogue.

21         The burden of persuasion in any such challenge proceeding shall be on the

22  Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

23  material in question the level of protection to which it is entitled under the Producing Party's

24  designation.

25

26      7.    ACCESS TO AND USE OF PROTECTED MATERIAL

27         7.1    Basic Principles. A Receiving Party may use Protected Material that is

28  disclosed or produced by another Party or by a non-party in connection with this case only for

1  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

2  disclosed only to the categories of persons and under the conditions described in this Order. When

3  the litigation has been terminated, a Receiving Party must comply with the provisions of section 11,

4  below (FINAL DISPOSITION).

5  Protected Material must be stored and maintained by a Receiving Party at a location

6  and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7  7.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

8  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

9  disclose any information or item designated CONFIDENTIAL only to:

10  (a)  the Receiving Party's Outside Counsel of record in this action, as well

11  as employees of said Counsel to whom it is reasonably necessary to disclose the information for this

12  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

13  hereto as Exhibit A;

14  (b)  the officers, directors, and employees (including House Counsel) of

15  the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

16  signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

17  (c)  experts (as defined in this Order) of the Receiving Party to whom

18  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

19  Bound by Protective Order" (Exhibit A);

20  (d)  the Court and its personnel;

21  (e)  court reporters, their staffs, and professional vendors to whom

22  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

23  Bound by Protective Order" (Exhibit A);

24  (f)  during their depositions, witnesses in the action to whom disclosure is

25  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

26  (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

27  Protected Material must be separately bound by the court reporter and may not be disclosed to

28  anyone except as permitted under this Stipulated Protective Order.

1          (g)    the author of the document or the original source of the information.

2      7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

3  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

4  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

5  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

6          (a)    the Receiving Party's Outside Counsel of record in this action, as well

7  as employees of said Counsel to whom it is reasonably necessary to disclose the information for this

8  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

9  hereto as Exhibit A;

10         (b)    the House Counsel of the Receiving Party to whom disclosure is

11  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

12  Protective Order" (Exhibit A);

13         (c)    Experts (as defined in this Order) (1) to whom disclosure is reasonably

14  necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"

15  (Exhibit A), [Optional: and (3) as to whom the procedures set forth in paragraph 7.4, below, have

16  been followed];

17         (d)    the Court and its personnel;

18         (e)    court reporters, their staffs, and professional vendors to whom

19  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

20  Bound by Protective Order" (Exhibit A); and

21         (f)    the author of the document or the original source of the information.

22      7.4    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –

23  ATTORNEYS' EYES ONLY" Information or Items to "Experts"

24         (a)    Unless otherwise ordered by the court or agreed in writing by the

25  Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

26  information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

27  ONLY" first must make a written request to the Designating Party that (1) identifies the specific

28  HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary

2  residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current

3  employer(s), (5) identifies each person or entity from whom the Expert has received compensation

4  for work in his or her areas of expertise or to whom the expert has provided professional services at

5  any time during the preceding five years, and (6) identifies (by name and number of the case, filing

6  date, and location of court) any litigation in connection with which the Expert has provided any

7  professional services during the preceding five years.

8          (b)    A Party that makes a request and provides the information specified in

9  the preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

10  within seven court days of delivering the request, the Party receives a written objection from the

11  Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

12          (c)    A Party that receives a timely written objection must meet and confer

13  with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

14  agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may

15  file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

16  applicable) seeking permission from the court to do so.  Any such motion must describe the

17  circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is

18  reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any

19  additional means that might be used to reduce that risk.  In addition, any such motion must be

20  accompanied by a competent declaration in which the movant describes the parties' efforts to resolve

21  the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets

22  forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

23          In any such proceeding the Party opposing disclosure to the Expert shall bear

24  the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

25  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

2    OTHER LITIGATION.

3    If a Receiving Party is served with a subpoena or an order issued in other litigation

4    that would compel disclosure of any information or items designated in this action as

5    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

6    Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

7    and in no event more than three court days after receiving the subpoena or order.  Such notification

8    must include a copy of the subpoena or court order.

9    The Receiving Party also must immediately inform in writing the Party who caused

10    the subpoena or order to issue in the other litigation that some or all the material covered by the

11    subpoena or order is the subject of this Protective Order.   In addition, the Receiving Party must

12    deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

13    caused the subpoena or order to issue.

14    The purpose of imposing these duties is to alert the interested parties to the existence

15    of this Protective Order and to afford the Designating Party in this case an opportunity to try to

16    protect its confidentiality interests in the court from which the subpoena or order issued.  The

17    Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

18    confidential material – and nothing in these provisions should be construed as authorizing or

19    encouraging a Receiving Party in this action to disobey a lawful directive from another court.

20

21    9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

22    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

23    Protected Material to any person or in any circumstance not authorized under this Stipulated

24    Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party

25    of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

26    (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

27    Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

28    Be Bound" that is attached hereto as Exhibit A.

10.   FILING PROTECTED MATERIAL.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11.   FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.   Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

///

///

///

1     ///
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    12.   MISCELLANEOUS

2        12.1   Right to Further Relief. Nothing in this Order abridges the right of any person

3    to seek its modification by the Court in the future.

4        12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective

5    Order no Party waives any right it otherwise would have to object to disclosing or producing any

6    information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no

7    Party waives any right to object on any ground to use in evidence of any of the material covered by

8    this Protective Order.

9

10

11   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

     DATED: July 22, 2008          REED SMITH, LLP
12

13

14                                 By: _____

15                                     James A. Daire
                                       Attorneys for Clear Channel Outdoor, Inc.
16
     DATED: July 21, 2008          LUCE, FORWARD, HAMILTON & SCRIPPS LLP
17

18

19                                 By: _____
                                       Marisa Y. Kirschenbauer  George M Murphy
20                                     Attorneys for Linda Erkelens

21

22   PURSUANT TO STIPULATION, IT IS SO ORDERED.

23   DATED: _____        _____

24                                         Hon. Saundra B. Armstrong
                                           United States District Judge
25

26

27

28

                         [PROPOSED] STIPULATED PROTECTIVE ORDER

1

2

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ [print or type full name], of _____

4  [print or type full address], declare under penalty of perjury that I have read in its entirety and

5  understand the Stipulated Protective Order that was issued by the United States District Court for the

6  Northern District of California on _____ [date] in the case of Clear Channel Outdoor, Inc. v.

7  Erkelens, Case No.: C 07-06138 SBA.  I agree to comply with and to be bound by all the terms of

8  this Stipulated Protective Order and I understand and acknowledge that failure to so comply could

9  expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not

10  disclose in any manner any information or item that is subject to this Stipulated Protective Order to

11  any person or entity except in strict compliance with the provisions of this Order.

12    I further agree to submit to the jurisdiction of the United States District Court for the

13  Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

14  Order, even if such enforcement proceedings occur after termination of this action.

15    I hereby appoint _____ [print or type full name] of

16  _____ [print or type full address and telephone number] as

17  my California agent for service of process in connection with this action or any proceedings related

18  to enforcement of this Stipulated Protective Order.

19

20  Date: _____

21  City and State where sworn and signed: _____

22

23  Printed name: _____

24

25  Signature: _____

26

27

28

1

2

**Certification of Signature**

3       I attest that concurrence in the filing of the document has been obtained from each of the

4   other signatories.

5

6   Date: July 22, 2008

7

8                                    _____/s/_____
                                                James A. Daire

9

10                              **Certificate of Service**

11

12       The undersigned hereby certifies that all counsel of record who are deemed to have

13   consented to electronic service are being served this 22nd day of July 2008, with a copy of this

14   document via the Court's CM/ECF system.  I certify that all parties in this case are represented by

15   counsel who are CM/ECF participants.

16                                    _____/s/_____
                                                James A. Daire

17

18

19

20

21

22

23

24

25

26

27

28