1   Scott D. Baker (SBN 84923)
    *Email: sbaker@reedsmith.com*
2   James A. Daire (SBN 239637)
    *Email: jdaire@reedsmith.com*
3   REED SMITH LLP
    Two Embarcadero Center, Suite 2000
4   San Francisco, CA  94111-3922

5   **Mailing Address:**
    P.O. Box 7936
6   San Francisco, CA  94120-7936

7   Telephone:    +1 415 543 8700
    Facsimile:    +1 415 391 8269
8
    Attorneys for Plaintiff
9   Clear Channel Outdoor, Inc.

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13  CLEAR CHANNEL OUTDOOR, INC., a          Case No.:  C 07-06138 SBA (JL)
    Delaware Corporation,
14                                          **CLEAR CHANNEL OUTDOOR, INC'S
                     Plaintiff,             REQUEST FOR JUDICIAL NOTICE**
15
         vs.
16
    LINDA ERKELENS, an individual,
17
                     Defendant.
18

19

20

21

22

23

24

25

26

27

28

1    Plaintiff Clear Channel Outdoor, Inc. ("Clear Channel"), hereby requests that the Court take
2    judicial notice pursuant to Federal Rule of Evidence 201 of the following facts:
3
4    1.    On March 5, 2002, the City of San Francisco added by Proposition G the ban on new
5    general advertising at Planning Code section 611 (attached as Exhibit A).
6
7    2.    The City of San Francisco last amended Planning Code section 604(h) effective June
8    22, 2006 (attached as Exhibit B).
9
10
11
12   DATED:  August 5, 2008.
13
                         REED SMITH LLP
14
                         By____/s/  James A. Daire_____
15                          James A. Daire
                            Attorneys for Plaintiff
16                          Clear Channel Outdoor, Inc
17
18
19
20
21
22
23
24
25
26
27
28

1

## Certificate of Service

2

3    The undersigned hereby certifies that all counsel of record who are deemed to have

4    consented to electronic service are being served this 5th day of August 2008, with a copy of this

5    document via the Court's CM/ECF system.  I certify that all parties in this case are represented by

6    counsel who are CM/ECF participants.

7

8                                        _____/s/_____
                                          James A. Daire

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLEAR CHANNEL OUTDOOR, INC.'S REQUEST FOR JUDICIAL NOTICE

# EXHIBIT A

## SEC. 611. GENERAL ADVERTISING SIGNS PROHIBITED.

(a) No new general advertising signs shall be permitted at any location within the City as of March 5, 2002, except as provided in Subsection (b) of this ordinance.

(b) Nothing in this ordinance shall be construed to prohibit the placement of signs on motor vehicles or in the public right-of-way as permitted by local law.

(c) Relocation Agreements.

(1) Nothing in this ordinance shall preclude the Board of Supervisors, upon recommendation from a department designated by the Board, from entering into agreements with general advertising sign companies to provide for the relocation of existing legally permitted general advertising signs. Any such agreements shall provide that the selection of a new location for an existing legally permitted general advertising sign be subject to the conditional use procedures provided for in Article 3 of the Planning Code.

(2) Locations where general advertising signs could have been lawfully erected pursuant to the zoning laws in effect prior to the effective date of this ordinance may be considered as relocation sites. Future zoning laws may additionally restrict the locations available for the relocation of existing legally permitted general advertising signs.

(d) Pursuant to Subsection (c)(1) of this ordinance, the selection of a relocation site for an existing legally permitted general advertising sign shall be governed by the conditional use procedures of Section 303 of the Planning Code.

(e) Nothing in this ordinance shall preclude the Board of Supervisors from otherwise amending Article 6 of the Planning Code.

(f) A prohibition on all new general advertising signs is necessary because:

(1) The increased size and number of general advertising signs in the City can distract motorists and pedestrians traveling on the public right of way creating a public safety hazard.

(2) General advertising signs contribute to blight and visual clutter as well as the commercialization of public spaces within the City.

(3) There is a proliferation of general advertising signs visible from, on, and near historically significant buildings and districts, public buildings and open spaces all over the City.

(4) San Francisco must protect the character and dignity of the City's distinctive appearance, topography, street patterns, open spaces, thoroughfares, skyline and architectural features for both residents and visitors.

(5) There is currently an ample supply of general advertising signs within the City.

(Added by Proposition G, 3/5/2002)

**CITY AND COUNTY OF
SAN FRANCISCO
MUNICIPAL CODE**

---

**PLANNING CODE**

---

**VOLUME II**

---

**GRAPHIC LINK:Click here**

Published by Municipal Code Corporation

Tallahassee, Florida  2006

# EXHIBIT B

## SEC. 604. PERMITS AND CONFORMITY REQUIRED.

(a)  An application for a permit for a sign that conforms to the provisions of this Code shall be approved by the Department of Planning without modification or disapproval by the Department of Planning or the Planning Commission, pursuant to the authority vested in them by Section 26, Part III, of the San Francisco Municipal Code or any other provision of said Municipal Code; provided, however, that applications pertaining to signs subject to the regulations set forth in Article 10 of the Planning Code, Preservation of Historical, Architectural and Aesthetic Landmarks, Article 11, Preservation of Buildings and Districts of Architectural, Historical and Aesthetic Importance in the C-3 Districts and Section 608.14 may be disapproved pursuant to the relevant provisions thereof. No sign, other than those signs exempted by Section 603 of this Code, shall be erected, placed, replaced, reconstructed or relocated on any property, intensified in illumination or other aspect, or expanded in area or in any dimension except in conformity with Article 6 of this Code. No such erection, placement, replacement, reconstruction, relocation, intensification, or expansion shall be undertaken without a permit having been duly issued therefor, except as specifically provided otherwise in this Section 604.

(b)  The provisions of this Section 604 shall apply to work of the above types on all signs unless specifically exempted by this Code, whether or not a permit for such sign is required under the San Francisco Building Code. In cases in which permits are not required under the Building Code, applications for permits shall be filed with the Central Permit Bureau of the Department of Building Inspection on forms prescribed by the Department of Planning, together with a permit fee of $5.00 for each sign, and the permit number shall appear on the completed sign in the same manner as required by the Building Code.

(c)  No permit shall be required under this Code for a sign painted or repainted directly on a door or window in an NC, C or M District. Permits shall be required for all other painted signs in NC, C and M Districts, and for all painted signs in P and R Districts. Repainting of any painted sign shall be deemed to be a replacement of the sign, except as provided in Subsection (f) below.

(d)  Except as provided in Subsection (c) above, no permit shall be required under this Code for ordinary maintenance and minor repairs which do not involve replacement, alteration, reconstruction, relocation, intensification or expansion of the sign.

(e)  No permit shall be required under this Code for temporary sale or lease signs, temporary signs of persons and firms connected with work on buildings under actual construction or alteration, and temporary business signs, to the extent that such signs are permitted by this Code.

(f)  A mere change of copy on a sign the customary use of which involves frequent and periodic changes of copy shall not be subject to the provisions of this Section 604, except that a change from general advertising to nongeneral advertising sign copy or from nongeneral advertising to general advertising sign copy or an increase in area including, but not limited to, any extensions in the form of writing, representation, emblem or any figure of similar character shall in itself constitute a new sign subject to the provisions of this Section 604. In the case of signs the customary use of which does not involve frequent and periodic changes of copy, a change of copy shall in itself constitute a new sign subject to the provisions of this Section 604 if the new copy concerns a different person, firm, group, organization, place, commodity, product, service, business, profession, enterprise or industry.

(g)  Each application for a permit for a sign shall be accompanied by a scaled drawing of the sign, including the location of the sign on the building or other structure or on the lot, and including (except in the case of a sign the customary use of which involves frequent and periodic changes of copy) such designation of the copy as is needed to determine that the location, area and other provisions of this Code are met.

(h)  Unless otherwise provided in this Code or in other Codes or regulations, a lawfully existing sign which fails to conform to the provisions of this Article 6 may remain until the end of its normal life. Such sign may not, however, be replaced, altered, reconstructed, relocated, intensified or expanded in area or in any dimension except in conformity with the provisions of this Code, including Subsection (i) below. Ordinary maintenance and minor repairs shall be permitted, but such maintenance and repairs shall not include replacement, alteration, reconstruction, relocation, intensification or expansion of the sign; provided, however, that alterations of a structural nature required to reinforce a part or parts of a lawfully existing sign to meet the standards of seismic loads and forces of the Building Code, to replace a damaged or weathered signboard, to ensure safe use and maintenance of that sign, to remediate hazardous materials, or any combination of the above alterations shall be considered ordinary maintenance and shall be allowed. A sign which is damaged or destroyed by fire or other calamity shall be governed by the provisions of Sections 181(d) and 188(b) of this Code.

A sign which is voluntarily destroyed or removed by its owner or which is required by law to be removed may be restored only in full conformity with the provisions of this Code, except as authorized in Subsection (i) below. A general advertising sign that has been removed shall not be reinstalled, replaced, or reconstructed at the same location, and the erection, construction, and/or installation of a general advertising sign at that location to replace the previously existing sign shall be deemed to be a new sign in violation of Section 611(a) of this Code; provided, however, that such reinstallation, replacement, or reconstruction pursuant to a permit duly issued prior to the effective date of this requirement shall not be deemed a violation of Section 611(a) and shall be considered a lawfully existing nonconforming general advertising sign; and further provided that this prohibition shall not prevent a general advertising sign from being relocated to that location pursuant to a Relocation Agreement and conditional use authorization under Sections 611 and 303(l) of this Code and Section 2.21 of the San Francisco Administrative Code.

(i)  A lawfully existing business that is relocating to a new location within 300 feet of its existing location within the North Beach Neighborhood Commercial District described in Sections 702.1 and 722.1 of this Code may move to the new location within said North Beach Neighborhood Commercial District one existing business sign together with its associated sign structure, whether or not the sign is nonconforming in its new location; provided, however, that the sign is not intensified or expanded in area or in any dimension except in conformity with the provisions of this Code. With the approval of the Zoning Administrator, however, the sign structure may be modified to the extent mandated by the Building Code. In no event may a painted sign or a sign with flashing, blinking, fluctuating or other animated light be relocated unless in conformity with current code requirements applicable to its new location. In addition, the provisions of Articles 10 and 11 of this Code shall apply to the relocation of any sign to a location regulated by the provisions of said Articles.

(j)  Nothing in this Article 6 shall be deemed to permit any use of property that is otherwise prohibited by this Code, or to permit any sign that is prohibited by the regulations of any special sign district or the standards or procedures of any Redevelopment Plan or any other Code or legal restriction.

(Amended by Ord. 414-85, App. 9/17/85; Ord. 69-87, App. 3/13/87; Ord. 172-97, App. 5/9/97; Ord. 276-98, App. 8/28/98; Ord. 140-06, File No. 052921, App. 6/22/2006)