Scott D. Baker (SBN 84923)
Email: sbaker@reedsmith.com
James A. Daire (SBN 239637)
Email: jdaire@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:    +1 415 543 8700
Facsimile:    +1 415 391 8269

Attorneys for Plaintiff
Clear Channel Outdoor, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LINDA ERKELENS, an individual,<br><br>Defendant. | Case No.: C 07-06138 SBA (JL)<br><br>**DECLARATION OF PATRICK POWERS IN SUPPORT OF CLEAR CHANNEL OUTDOOR, INC'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Fed.R.Civ.P. 56]<br><br>Date:    September 16, 2008<br>Time:    1:00 p.m.<br>Place:   Courtroom 3, 3rd Floor<br><br>Compl. Filed: December 4, 2007<br>Trial Date: November 10, 2008<br><br>Hon. Saundra Brown Armstrong |

Case No.: C 07-06138 SBA

DOCSSFO-12523411.1

DECLARATION OF PATRICK POWERS IN SUPPORT OF CLEAR CHANNEL OUTDOOR, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Patrick Powers, declare as follows:

1. I am employed by Plaintiff Clear Channel Outdoor, Inc. ("Clear Channel") as its Real Estate Manager for the Northern California Division. I have personal knowledge of the facts set forth in this Declaration, and if called to do so, could and would competently testify to those facts. As indicated with regard to certain facts, my knowledge is on information and belief, and as to those matters, I believe them to be true.

2. Clear Channel owns an outdoor advertising sign structure at the Turk Street Property. Through its predecessors-in-interest, Clear Channel has erected and maintained a sign structure there for nearly fifty years. Clear Channel has paid all property taxes incurred by the sign structure at 1801 Turk Street since the erection of the sign structure.

3. On January 1, 1984 the predecessors-in-interest of Clear Channel as Lessee and Defendant Linda Erkelens as Lessor entered into a lease ("the Lease") for the purpose of continuing to maintain an advertising sign on the upper-west wall of the building at the Turk Street Property. The Lease was subsequently amended on July 2, 1990 and August 21, 2002. A true and correct copy of the Lease and subsequent amendments is attached hereto as Exhibit A.

I declare under penalty of perjury of the laws of the United States that the following is true and correct.

Executed on August 5, 2008 at Oakland, California.

               /s/ Patrick Powers
               Patrick Powers

## Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 5ᵗʰ day of August 2008, with a copy of this document via the Court's CM/ECF system. I certify that all parties in this case are represented by counsel who are CM/ECF participants.

			/s/
			James A. Daire

## Signature Attestation

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document..

			/s/
			James A. Daire

---

Case No.: C 07-06138 SBA	– 2 –	DOCSSFO-12523411.1

DECLARATION OF PATRICK POWERS IN SUPPORT OF CLEAR CHANNEL OUTDOOR, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

# EXHIBIT A

Date_____     Foster & Kleiser A METROMEDIA COMPANY    #07-20264

LCF-1 (5-77)

1. The undersigned, as Lessor, hereby leases and grants exclusively to Foster and Kleiser, Division of Metromedia, Inc., as Lessee, the property (with free access to and upon same) located in the City of __San Francisco__ County of __San Francisco__, State of __California__, described as:

__1801 Turk Street SL 100' W/o Divisadero__

__Assessor's Block 1153, Lot 1 (125' x 150')__

as per map thereof recorded in the Office of the County Recorder of __San Francisco__ County, State of __California__, for a term of ~~fifteen (15)~~ five (5) years from __January 1__, 19__84__, for the purpose of erecting and maintaining advertising signs thereon, including necessary supporting structures, devices, illumination facilities and connections, service ladders, and other appurtenances thereon.

2. Lessee shall pay to the Lessor rental in the amount of __Eight hundred forty and no/100__ -------------- ($ __840.00__) Dollars per year, payable on a monthly basis. Prior to construction and for the entire period during which no advertising copy is being displayed on the property by Lessee, the rental shall be Ten ($10.00) Dollars.

3. Lessee shall save the Lessor harmless from all damage to persons or property by reason of accidents resulting from the negligent acts of its agents, employees or others employed in the construction, maintenance, repair or removal of its signs on the property.

4. Lessor agrees that he, his tenants, agents, employees, or other persons acting in his or their behalf shall not place or maintain any object on the property or on any neighboring property which would in any way obstruct or impair the view of Lessee's sign structures. If such an obstruction or impairment occurs, the Lessee, without limiting such other remedies as may be available, has the option of requiring the Lessor to remove said obstruction or impairment, or the Lessee may itself remove the obstruction or impairment charging the cost of said removal to the Lessor, or the Lessee may reduce the rental herein paid to the sum of Five ($5.00) Dollars per year so long as such obstruction or impairment continues.

5. If the view of Lessee's signs is obstructed or impaired in any way, or if the value of such signs is diminished by reason of diversion or reduction of vehicular traffic, or if the use of any such signs is prevented or restricted by law, or if for any reason a building permit for erection or modification of any such signs is refused, the Lessee may immediately, at its option, adjust the rental in direct proportion to the decreased value of the leased premises for advertising purposes resulting from any of the foregoing circumstances, or may terminate the lease and receive adjustment for all rent paid for the unexpired term.

6. If Lessee is prevented by law, or government or military order, or other causes beyond Lessee's control from illuminating its signs, the Lessee may reduce the rental provided by paragraph 2 by one-half (½), with such reduced rental to remain in effect so long as such condition continues to exist.

7. This Lease shall continue in full force and effect for its term and thereafter for subsequent successive like terms unless terminated at the end of such term or any successive like term upon written notice by the Lessor or Lessee served sixty (60) days before the end of such term or subsequent like term, provided that Lessee shall have the right to terminate the Lease at the end of any sixty day period upon written notice to Lessor served not less than sixty (60) days prior to the end of such sixty day period. Lessor shall have the right to terminate the Lease at any time during the period of this Lease if the Lessor is to improve the unimproved property by erecting thereon a permanent private commercial or residential building. Lessee shall remove its signs within sixty (60) days after receipt of a copy of the applicable building permit. The Lessor will, upon giving such notice of building, return to the Lessee all rent paid for the unexpired term plus the total cost of the construction and the removal of Lessee's signs, less 1/180th of such cost for each full month of this Lease prior to the notice of termination. If Lessor fails to commence the erection of the private commercial or residential building within sixty (60) days after Lessee removes its signs, Lessee shall again have the right to occupy the premises and maintain advertising signs subject to the provisions of this Lease. If any portions of the property are not to be utilized for such building, the Lessee has the option to use the remaining portion on the same terms, except that the rent shall be proportionately reduced.

8. It is agreed between the parties that Lessee shall remain the owner of all advertising signs, structures, and improvements erected or made by Lessee, and that, notwithstanding the fact that the same constitute real estate fixtures, the Lessee shall have the right to remove said signs, structures, and improvements at any time during the term of the Lease, or after the expiration of this Lease.

9. This lease shall constitute the sole agreement of the parties relating to the lease of the above described premises. Neither party will be bound by any statements, warranties, or promises, oral or written, unless such statements, warranties or promises are set forth specifically in this Lease.

10. The word "Lessor" as used herein shall include Lessors. This lease is binding upon and inures to the benefit of the heirs, executors, successors, and assigns of Lessee and Lessor.

11. Lessor represents that he is the owner(s) ☒ tenant(s) ☐ other(s) ☐ _____ of the property covered by this Lease and has the authority to execute this Lease. All rents to be paid pursuant to this Lease, and all notices are to be forwarded to the undersigned Lessor at the address noted below the Lessor's signature.

EXECUTED by the Lessor in the presence of _____ who is hereby requested to sign as witness.

WITNESS: _____    LESSOR(S)
                             X _Sue Moxon_
                             Los Dos Investment Co.

ACCEPTED: FOSTER AND KLEISER
Division of Metromedia, Inc.    Address: __440 West Live Oak__
By: _James G. Hughes_                    __Mill Valley, CA  94941__
Title: _Manager_                BY: Sue Moxon

patrick
PATRICK MEDIA GROUP, INC.
1601 MARITIME ST., OAKLAND, CA 94607 (415) 835-5900

July 2, 1990

Los Dos
Attn: Susan Moxon
208 Benson Circle
Mill Valley, CA 94941

RE: Lease #15-20264, San Francisco
1801 Turk Street (SL 100' W/o Divisadero)

Dear Ms. Moxon:

This letter is in reference to your recent conversation with our Real Estate Representative, Gregg Machon, regarding the advertising structure at the subject location.

It is agreeable to Patrick Media Group Inc. to increase the annual rental to $1,320.00, payable monthly effective July 1, 1990. Effective July 1, 1994 the annual rental will be increased to $1,500.00, payable monthly. The term of this agreement will be for seven years. All other terms and conditions of the existing lease shall remain the same.

If this meets with your approval, please have the original of this letter signed and returned to this office for processing. An envelope has been provided for your convenience. The copy is to be retained for your records.

Should you have any questions concerning this agreement, please contact me. Your cooperation in this matter is certainly appreciated.

Yours truly,

James G. Hughes
Manager
Real Estate Department

ACCEPTED AND APPROVED:

____________________
Susan Moxon
for Los Dos

JGH/GM/sb



August 21, 2002

Mr. Craig Lipton
Maven Investments
1138 Taylor St.
San Francisco, CA 94133

RE:  Lease #20264, San Francisco
     Turk St. SL 100' w/o Divisadero

Dear Mr. Lipton:

This letter is in reference to the advertising structure located on the above described property.

Clear Channel Outdoor, Inc. is agreeable to increasing the annual rental to $1,950.00, payable monthly, effective August 1, 2002. Effective August 1, 2003 and for each year thereafter the annual rental shall be increased by three percent (3%). The term of this agreement shall be for five (5) years. All other terms and conditions of the existing Lease Agreement dated January 1, 1984 shall remain the same.

If this meets with your approval, please sign the original of this letter and return it to this office for processing. The copy is to be retained for your records.

Should you have any questions concerning this arrangement, please contact Patrick Powers at (510) 835-5900 x219. Thank you for your consideration in this matter.

Sincerely,                          ACCEPTED AND AGREED:

David C. Sweeney                    Craig Lipton
Vice President / Real Estate        Maven Investments
Northern California Division

ClearChannel Outdoor
1601 Maritime Street • Oakland, CA 94607 • www.clearchanneloutdoor.com

510 | 835•5900 Tel
    | 834•9410 Fax