Scott D. Baker (SBN 84923)
Email: sbaker@reedsmith.com
James A. Daire (SBN 239637)
Email: jdaire@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:  +1 415 543 8700
Facsimile:  +1 415 391 8269

Attorneys for Plaintiff
Clear Channel Outdoor, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, INC., a Delaware Corporation,<br><br>                    Plaintiff,<br><br>    vs.<br><br>LINDA ERKELENS, an individual,<br><br>                    Defendant. | Case No.: C 07-06138 SBA (JL)<br><br>**[PROPOSED] PARTIAL SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF CLEAR CHANNEL OUTDOOR, INC.** |

Plaintiff Clear Channel Outdoor, Inc.'s ("Clear Channel") Motion for Partial Summary Judgment on its first claim for breach of contract, its second claim for conversion, and its sixth claim for declaratory relief came on regularly for hearing before this Court on September 16, 2008. The parties appeared through their respective counsel of record.

Clear Channel seeks a judicial declaration that: (1) Clear Channel is the owner of the signs, structures, and improvements at 1801 Turk Street; and (2) the parties have voluntarily agreed by virtue of their contract that Clear Channel has the right to voluntarily remove (or to not remove) the signs, structures and improvements at its sole discretion, including the right to retain all permits necessary to effectuate the removal. In addition, Clear Channel seeks an injunction preventing Defendant Linda Erkelens, and her officers, directors, principals, agents, servants, employees, successors and assigns, and all other persons in active concert, privity or in participation with Defendant, jointly and severally, from denying Clear Channel access to the sign structure for the purpose of completing Clear Channel's voluntary removal.

For the reasons set forth below and enunciated on the record, the Court hereby GRANTS the Motion.

Background

Clear Channel and Ms. Erkelens are the successors-in-interest to a written lease agreement to erect and maintain advertising signs on the upper-west wall of Ms. Erkelens' building at 1801 Turk Street ("the Lease"). The Lease states in relevant part:

> Lessee [Clear Channel] shall remain the owner of all advertising signs, structures, and improvements erected or made by Lessee [Clear Channel], and that, notwithstanding the fact that the same constitute real estate fixtures, the Lessee [Clear Channel] shall have the right to remove said signs, structures, and improvements at any time during the term of the Lease, or after the expiration of this Lease.

Ms. Erkelens notified Clear Channel that she intended to terminate the Lease effective July 31, 2007. Clear Channel then obtained the requisite permit from the City of San Francisco to remove its signs, structures, and improvements, and made arrangements with Ms. Erkelens to remove the signs, structures, and improvements. On July 26, 2007, however, Ms. Erkelens notified Clear Channel in writing for the first time that she forbade Clear Channel from entering 1801 Turk Street to complete the removal.

Analysis

Summary judgment is appropriate where no genuine and disputed issues of material fact remain, and the movant is entitled to prevail as a matter of law. Fed. R. Civ. Proc. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A disputed fact is material only where, under applicable substantive law, it may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Summary judgment is proper where, as here, the legal effect or construction of a contract is at issue. *See Sullivan v. Massachusetts Mut. Life Ins. Co.*, 611 F.2d 261, 264 (9th Cir. 1979) (the district court's ruling on a contract integration issue involved questions of law, suitable for disposition on summary judgment). The language of the Lease at issue is undisputed, and the meaning is plain. Under the Lease, Clear Channel owns all advertising signs, structures, and improvements it erected or made and has the right to remove the advertising signs, structures, and improvements before the termination of the Lease. *See Clark v. Tallmadge*, 23 Cal.App.2d 703, 706-707 (1937); *Earle v. Kelly*, 21 Cal. App. 480, 483 (1913) (same).

Judgment

Accordingly, there is no genuine issue of material fact that: (1) Clear Channel is the owner of the signs, structures, and improvements at 1801 Turk Street; and (2) the parties have voluntarily

1  agreed by virtue of their contract that Clear Channel has the right to voluntarily remove (or to not
2  remove) the signs, structures and improvements at its sole discretion, including the right to retain all
3  permits necessary to effectuate the removal. In light of Ms. Erkelens' interference with these rights,
4  an injunction is hereby entered to prevent Ms. Erkelens, and her officers, directors, principals,
5  agents, servants, employees, successors and assigns, and all other persons in active concert, privity
6  or in participation with her, jointly and severally, from denying Clear Channel access to the sign
7  structure for the purpose of completing Clear Channel's voluntary removal.

IT IS SO ORDERED, ADJUDICATED AND DECREED.

DATED: _____

_____
U.S. District Judge Saundra B. Armstrong

## Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 6th day of August 2008, with a copy of this document via the Court's CM/ECF system. I certify that all parties in this case are represented by counsel who are CM/ECF participants.

/s/
James A. Daire