Gerald M. Murphy, State Bar No. 99994
Andrew S. Azarmi, State Bar No. 241407
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Tel:    415.356.4600
Fax:   415.356.4610
E-mail: gmurphy@luce.com
E-mail: aazarmi@luce.com

Attorneys for Defendant
LINDA ERKELENS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LINDA ERKELENS, an individual,<br><br>Defendant. | Case No. C 07-06138 SBA<br><br>**[PROPOSED] ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT LINDA ERKELENS** |

Defendant Linda Erkelens' ("Defendant" or "Erkelens") Motion for Summary Judgment came on regularly for hearing before this Court on September ____, 2008. The parties appeared through their respective counsel of record.

For the reasons set forth below and enunciated on the record, the Court hereby GRANTS the Motion for Summary Judgment in Favor of Defendant Linda Erkelens.

### BACKGROUND

The portion of the lease between plaintiff Clear Channel Outdoor, Inc. ("Plaintiff" or "Clear Channel") and Defendant (the "Lease") that is material to this lawsuit is unenforceable as a matter of California law. The pertinent provision in the Lease purports to give Clear Channel the right to remove the advertising sign that has been located on Erkelens' property since 1958 (the "Billboard"). At the time the Lease was entered into, the San Francisco Planning Code allowed

property owners to erect new advertising signs on its property and replace lawfully existing signs. However, the San Francisco Planning Code now imposes a city-wide ban on the construction of any new general advertising signs and a prohibition against replacing lawfully existing signs. For that reason, the Lease provision relating to ownership and removal of the Billboard is unenforceable as a matter of law.

## ANALYSIS

Summary judgment is appropriate where no genuine and disputed issues of material fact remain, and the movant is entitled to prevail as a matter of law. Fed.R. Civ. Proc. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A disputed fact is material only where, under applicable substantive law, it may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Here, there are no facts in dispute. Despite the fact that the Lease purports to give Clear Channel the right to remove the Billboard, applicable law renders this provision unenforceable.

## JUDGMENT

Accordingly, there is no genuine issue of material fact, and the Lease provision relating to ownership and removal of the Billboard is unenforceable as a matter of law.

IT IS SO ORDERED, ADJUDICATED AND DECREED.


Dated: _____, 2008        _____
                                  Honorable Saundra B. Armstrong