Gerald M. Murphy, State Bar No. 99994
Andrew S. Azarmi, State Bar No. 241407
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Tel:    415.356.4600
Fax:   415.356.4610
E-mail: gmurphy@luce.com
E-mail: aazarmi@luce.com

Attorneys for Defendant
LINDA ERKELENS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LINDA ERKELENS, an individual,<br><br>Defendant. | Case No. C 07-06138 SBA<br><br>**DEFENDANT LINDA ERKELEN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO PARTIAL MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    September 23, 2008<br>Time:   9:00 a.m.<br>Place:   Courtroom 3, 3rd Floor - Oakland<br><br>Complaint Filed:  December 4, 2007<br>Trial Date:            November 10, 2008<br><br>Hon. Saundra Brown Armstrong |

301046223.1

Case No. C 07-06138 SBA
DEFENDANT LINDA ERKELENS' REQUEST FOR JUDICIAL NOTICE

Defendant Linda Erkelens ("Defendant" or "Erkelens"), hereby requests that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the following facts.

1. Attached hereto as **Exhibit A** is a true and correct copy of the City and County of San Francisco Planning Code section 611, added by Proposition G on March 5, 2002, putting the ban on new general advertising..

2. Attached hereto as **Exhibit B** is a true and correct copy of the City and County of San Francisco Planning Code section 604(h), amended and effective June 22, 2006.

3. Prior to the 2006 amendment, City of San Francisco Planning Code section 604(h) did not contain the blanket prohibition on replacement or reconstruction of general advertising signs that had been voluntarily removed by the owner (A copy of Section 604 in effect prior to the 2006 Amendment is attached hereto as **Exhibit C**).

4. Attached hereto as **Exhibit D** is a true and correct copy of the City and County of San Francisco Planning Code section 183.

5. Attached hereto as **Exhibit E** is a true and correct copy of the Notice of Decision and Order regarding Appeal No. 07-128, revoking the subject permit and finding that the building permit had faulty representations.

DATED: August 26, 2008          LUCE, FORWARD, HAMILTON & SCRIPPS LLP


By: /s/ Andrew S. Azarmi
    Andrew S. Azarmi
    Attorneys for Defendant
    LINDA ERKELENS

# EXHIBIT A

# SEC. 611. GENERAL ADVERTISING SIGNS PROHIBITED.

(a) No new general advertising signs shall be permitted at any location within the City as of March 5, 2002, except as provided in Subsection (b) of this ordinance.

(b) Nothing in this ordinance shall be construed to prohibit the placement of signs on motor vehicles or in the public right-of-way as permitted by local law.

(c) Relocation Agreements.

    (1) Nothing in this ordinance shall preclude the Board of Supervisors, upon recommendation from a department designated by the Board, from entering into agreements with general advertising sign companies to provide for the relocation of existing legally permitted general advertising signs. Any such agreements shall provide that the selection of a new location for an existing legally permitted general advertising sign be subject to the conditional use procedures provided for in Article 3 of the Planning Code.

    (2) Locations where general advertising signs could have been lawfully erected pursuant to the zoning laws in effect prior to the effective date of this ordinance may be considered as relocation sites. Future zoning laws may additionally restrict the locations available for the relocation of existing legally permitted general advertising signs.

(d) Pursuant to Subsection (c)(1) of this ordinance, the selection of a relocation site for an existing legally permitted general advertising sign shall be governed by the conditional use procedures of Section 303 of the Planning Code.

(e) Nothing in this ordinance shall preclude the Board of Supervisors from otherwise amending Article 6 of the Planning Code.

(f) A prohibition on all new general advertising signs is necessary because:

    (1) The increased size and number of general advertising signs in the City can distract motorists and pedestrians traveling on the public right of way creating a public safety hazard.

    (2) General advertising signs contribute to blight and visual clutter as well as the commercialization of public spaces within the City.

    (3) There is a proliferation of general advertising signs visible from, on, and near historically significant buildings and districts, public buildings and open spaces all over the City.

    (4) San Francisco must protect the character and dignity of the City's distinctive appearance, topography, street patterns, open spaces, thoroughfares, skyline and architectural features for both residents and visitors.

    (5) There is currently an ample supply of general advertising signs within the City.

(Added by Proposition G, 3/5/2002)

**CITY AND COUNTY OF
SAN FRANCISCO
MUNICIPAL CODE**

---

**PLANNING CODE**

---

**VOLUME II**

---

**GRAPHIC LINK:** Click here

Published by Municipal Code Corporation

Tallahassee, Florida  2006

# EXHIBIT B

# SEC. 604. PERMITS AND CONFORMITY REQUIRED.

(a) An application for a permit for a sign that conforms to the provisions of this Code shall be approved by the Department of Planning without modification or disapproval by the Department of Planning or the Planning Commission, pursuant to the authority vested in them by Section 26, Part III, of the San Francisco Municipal Code or any other provision of said Municipal Code; provided, however, that applications pertaining to signs subject to the regulations set forth in Article 10 of the Planning Code, Preservation of Historical, Architectural and Aesthetic Landmarks, Article 11, Preservation of Buildings and Districts of Architectural, Historical and Aesthetic Importance in the C-3 Districts and Section 608.14 may be disapproved pursuant to the relevant provisions thereof. No sign, other than those signs exempted by Section 603 of this Code, shall be erected, placed, replaced, reconstructed or relocated on any property, intensified in illumination or other aspect, or expanded in area or in any dimension except in conformity with Article 6 of this Code. No such erection, placement, replacement, reconstruction, relocation, intensification, or expansion shall be undertaken without a permit having been duly issued therefor, except as specifically provided otherwise in this Section 604.

(b) The provisions of this Section 604 shall apply to work of the above types on all signs unless specifically exempted by this Code, whether or not a permit for such sign is required under the San Francisco Building Code. In cases in which permits are not required under the Building Code, applications for permits shall be filed with the Central Permit Bureau of the Department of Building Inspection on forms prescribed by the Department of Planning, together with a permit fee of $5.00 for each sign, and the permit number shall appear on the completed sign in the same manner as required by the Building Code.

(c) No permit shall be required under this Code for a sign painted or repainted directly on a door or window in an NC, C or M District. Permits shall be required for all other painted signs in NC, C and M Districts, and for all painted signs in P and R Districts. Repainting of any painted sign shall be deemed to be a replacement of the sign, except as provided in Subsection (f) below.

(d) Except as provided in Subsection (c) above, no permit shall be required under this Code for ordinary maintenance and minor repairs which do not involve replacement, alteration, reconstruction, relocation, intensification or expansion of the sign.

(e) No permit shall be required under this Code for temporary sale or lease signs, temporary signs of persons and firms connected with work on buildings under actual construction or alteration, and temporary business signs, to the extent that such signs are permitted by this Code.

(f) A mere change of copy on a sign the customary use of which involves frequent and periodic changes of copy shall not be subject to the provisions of this Section 604, except that a change from general advertising to nongeneral advertising sign copy or from nongeneral advertising to general advertising sign copy or an increase in area including, but not limited to, any extensions in the form of writing, representation, emblem or any figure of similar character shall in itself constitute a new sign subject to the provisions of this Section 604. In the case of signs the customary use of which does not involve frequent and periodic changes of copy, a change of copy shall in itself constitute a new sign subject to the provisions of this Section 604 if the new copy concerns a different person, firm, group, organization, place, commodity, product, service, business, profession, enterprise or industry.

(g) Each application for a permit for a sign shall be accompanied by a scaled drawing of the sign, including the location of the sign on the building or other structure or on the lot, and including (except in the case of a sign the customary use of which involves frequent and periodic changes of copy) such designation of the copy as is needed to determine that the location, area and other provisions of this Code are met.

(h) Unless otherwise provided in this Code or in other Codes or regulations, a lawfully existing sign which fails to conform to the provisions of this Article 6 may remain until the end of its normal life. Such sign may not, however, be replaced, altered, reconstructed, relocated, intensified or expanded in area or in any dimension except in conformity with the provisions of this Code, including Subsection (i) below. Ordinary maintenance and minor repairs shall be permitted, but such maintenance and repairs shall not include replacement, alteration, reconstruction, relocation, intensification or expansion of the sign; provided, however, that alterations of a structural nature required to reinforce a part or parts of a lawfully existing sign to meet the standards of seismic loads and forces of the Building Code, to replace a damaged or weathered signboard, to ensure safe use and maintenance of that sign, to remediate hazardous materials, or any combination of the above alterations shall be considered ordinary maintenance and shall be allowed. A sign which is damaged or destroyed by fire or other calamity shall be governed by the provisions of Sections 181(d) and 188(b) of this Code.

A sign which is voluntarily destroyed or removed by its owner or which is required by law to be removed may be restored only in full conformity with the provisions of this Code, except as authorized in Subsection (i) below. A general advertising sign that has been removed shall not be reinstalled, replaced, or reconstructed at the same location, and the erection, construction, and/or installation of a general advertising sign at that location to replace the previously existing sign shall be deemed to be a new sign in violation of Section 611(a) of this Code; provided, however, that such reinstallation, replacement, or reconstruction pursuant to a permit duly issued prior to the effective date of this requirement shall not be deemed a violation of Section 611(a) and shall be considered a lawfully existing nonconforming general advertising sign; and further provided that this prohibition shall not prevent a general advertising sign from being relocated to that location pursuant to a Relocation Agreement and conditional use authorization under Sections 611 and 303(l) of this Code and Section 2.21 of the San Francisco Administrative Code.

(i) A lawfully existing business that is relocating to a new location within 300 feet of its existing location within the North Beach Neighborhood Commercial District described in Sections 702.1 and 722.1 of this Code may move to the new location within said North Beach Neighborhood Commercial District one existing business sign together with its associated sign structure, whether or not the sign is nonconforming in its new location; provided, however, that the sign is not intensified or expanded in area or in any dimension except in conformity with the provisions of this Code. With the approval of the Zoning Administrator, however, the sign structure may be modified to the extent mandated by the Building Code. In no event may a painted sign or a sign with flashing, blinking, fluctuating or other animated light be relocated unless in conformity with current code requirements applicable to its new location. In addition, the provisions of Articles 10 and 11 of this Code shall apply to the relocation of any sign to a location regulated by the provisions of said Articles.

(j) Nothing in this Article 6 shall be deemed to permit any use of property that is otherwise prohibited by this Code, or to permit any sign that is prohibited by the regulations of any special sign district or the standards or procedures of any Redevelopment Plan or any other Code or legal restriction.

(Amended by Ord. 414-85, App. 9/17/85; Ord. 69-87, App. 3/13/87; Ord. 172-97, App. 5/9/97; Ord. 276-98, App. 8/28/98; Ord. 140-06, File No. 052921, App. 6/22/2006)

# EXHIBIT C

Case 4:07-cv-06138-SBA    Document 69-2    Filed 08/26/2008    Page 7 of 16

parking resources, provided that such sign shall not project more than three inches from the wall and that its dimensions shall be no greater than one by two feet;

(l) Nonilluminated art murals within the South of Market Base District, if they project no more than 18 inches from the pre-existing surface of a structure;

(m) Two general advertising signs each not exceeding 52 square feet in area on a public service kiosk furnished by contract with the Department of Public Works which contract also provides for the installation and maintenance of automatic public toilets. Each such public service kiosk shall be divided into three sections, one of which shall provide a public service, such as a newsstand, newsrack, map, public telephone, vending machine, display of public service information, or interactive video terminal.

(n) Advertising placed on fixed pedestal newsrack units in accordance with Section 184.12 of the Public Works Code. (Amended by Ord. 77-85, App. 2/19/85; Ord. 69-87, App. 3/13/87; Ord. 114-89, App. 4/14/89; Ord. 115-90, App. 4/6/90; Ord. 262-94, App. 7/15/94; Ord. 285-94, App. 8/2/94; Ord. 32-97, App. 2/7/97; Ord. 340-98, App. 11/13/98)

**SEC. 604. PERMITS AND CONFORMITY REQUIRED.** (a) An application for a permit for a sign that conforms to the provisions of this Code shall be approved by the Department of Planning without modification or disapproval by the Department of Planning or the Planning Commission, pursuant to the authority vested in them by Section 26, Part III, of the San Francisco Municipal Code or any other provision of said Municipal Code; provided, however, that applications pertaining to signs subject to the regulations set forth in Article 10 of the Planning Code, Preservation of Historical, Architectural and Aesthetic Landmarks, Article 11, Preservation of Buildings and Districts of Architectural, Historical and Aesthetic Importance in the C-3 Districts and Section 608.14 may be disapproved pursuant to the relevant provisions thereof. No sign, other than those signs exempted by Section 603 of this Code, shall be erected, placed, replaced, reconstructed or relocated on any property, intensified in illumination or other aspect, or expanded in area or in any dimension except in conformity with Sections 605 through 608.14 of this Code. No such erection, placement, replacement, reconstruction, relocation, intensification, or expansion shall be undertaken without a permit having been duly issued therefor, except as specifically provided otherwise in this Section 604.

(b) The provisions of this Section 604 shall apply to work of the above types on all signs unless specifically exempted by this Code, whether or not a permit for such sign is required under the San Francisco Building Code. In cases in which permits are not required under the Building Code, applications for permits shall be filed with the Central Permit Bureau of the Department of Building Inspection on forms prescribed by the Department of Planning, together with a permit fee of $5 for each sign, and the permit number shall appear on the completed sign in the same manner as required by the Building Code.

(c) No permit shall be required under this Code for a sign painted or repainted directly on a door or window in an NC, C or M District. Permits shall be required for all other painted signs in NC, C and M Districts, and for all painted signs in P and R Districts. Repainting of any painted sign shall be deemed to be a replacement of the sign, except as provided in Subsection (f) below.

(d) Except as provided in Subsection (c) above, no permit shall be required under this Code for ordinary maintenance and minor repairs which do not involve

replacement, alteration, reconstruction, relocation, intensification or expansion of the sign.

(e) No permit shall be required under this Code for temporary sale or lease signs, temporary signs of persons and firms connected with work on buildings under actual construction or alteration, and temporary business signs, to the extent that such signs are permitted by this Code.

(f) A mere change of copy on a sign the customary use of which involves frequent and periodic changes of copy shall not be subject to the provisions of this Section 604, except that a change from general advertising to nongeneral advertising sign copy or from nongeneral advertising to general advertising sign copy or an increase in area including, but not limited to, any extensions in the form of writing, representation, emblem or any figure of similar character shall in itself constitute a new sign subject to the provisions of this Section 604. In the case of signs the customary use of which does not involve frequent and periodic changes of copy, a change of copy shall in itself constitute a new sign subject to the provisions of this Section 604 if the new copy concerns a different person, firm, group, organization, place, commodity, product, service, business, profession, enterprise or industry.

(g) Each application for a permit for a sign shall be accompanied by a scaled drawing of the sign, including the location of the sign on the building or other structure or on the lot, and including (except in the case of a sign the customary use of which involves frequent and periodic changes of copy) such designation of the copy as is needed to determine that the location, area and other provisions of this Code are met.

(h) Unless otherwise provided in this Code or in other Codes or regulations, a lawfully existing sign which fails to conform to the provisions of this Article 6 may remain until the end of its normal life. Such sign may not, however, be replaced, altered, reconstructed, relocated, intensified or expanded in area or in any dimension except in conformity with the provisions of this Code, including Subsection (i) below. Ordinary maintenance and minor repairs shall be permitted, but such maintenance and repairs shall not include replacement, alteration, reconstruction, relocation, intensification or expansion of the sign. A sign which is damaged or destroyed by fire or other calamity shall be governed by the provisions of Sections 181(d) and 188(b) of this Code. A sign which is voluntarily destroyed or removed by its owner or which is required by law to be removed may be restored only in full conformity with the provisions of this Code, except as authorized in Subsection (i) below.

(i) A lawfully existing business that is relocating to a new location within 300 feet of its existing location within the North Beach Neighborhood Commercial District described in Sections 702.1 and 722.1 of this Code may move to the new location within said North Beach Neighborhood Commercial District one existing business sign together with its associated sign structure, whether or not the sign is nonconforming in its new location; provided, however, that the sign is not intensified or expanded in area or in any dimension except in conformity with the provisions of this Code. With the approval of the Zoning Administrator, however, the sign structure may be modified to the extent mandated by the Building Code. In no event may a painted sign or a sign with flashing, blinking, fluctuating or other animated light be relocated unless in conformity with current code requirements applicable to its new location. In addition, the provisions of Articles 10 and 11 of this Code shall apply to the relocation of any sign to a location regulated by the provisions of said Articles.

(j)  Nothing in this Article 6 shall be deemed to permit any use of property that is otherwise prohibited by this Code, or to permit any sign that is prohibited by the regulations of any special sign district or the standards or procedures of any Redevelopment Plan or any other Code or legal restriction. (Amended by Ord. 414-85, App. 9/17/85; Ord. 69-87, App. 3/13/87; Ord. 172-97, App. 5/9/97; Ord. 276-98, App. 8/28/98)

**SEC. 605. PUBLIC USE DISTRICTS.** All applications for permits to erect business signs in P Districts shall be submitted to the City Planning Commission for approval or disapproval. The Commission, in its review, shall take into account the nature of the property and its use, the functional necessity for the sign, the proposed size, location, design and content of the sign, the degree of its harmony with the public purposes of the property and with the surrounding area, and the restrictions of this Code for signs in other districts. No general advertising sign, other than those signs exempted by Section 603 of this Code, shall be permitted. (Added by Ord. 263-65, App. 10/22/65; amended by Ord. 285-94, App. 8/2/94)

**SEC. 606. RESIDENTIAL DISTRICTS.** Signs in R Districts, other than those signs exempted by Section 603 of this Code, shall conform to the following provisions:

(a)  **General Provisions for All Signs.**

(1)  No sign shall project beyond a street property line or legislated setback line, or into a required front setback area.

(2)  No sign shall have or consist of any moving, rotating or otherwise animated part, or (if permitted to be illuminated) any flashing, blinking, fluctuating or otherwise animated light.

(3)  No roof sign, wind sign, or general advertising sign shall be permitted.

(4)  No sign shall extend above the roofline of a building to which it is attached, or above a height of 12 feet.

(b)  **Signs for Uses Permitted in R Districts.** The following types of signs, subject to the limitations prescribed for them, shall be the only signs permitted for uses authorized as principal or conditional uses in R Districts, except that signs for any commercial establishments so authorized in RC Districts shall be subject to the limitations of Paragraph (c)(3) below.

(1)  One nonilluminated or indirectly illuminated nameplate for each street frontage of the lot, not exceeding a height of 12 feet, and having an area not exceeding one square foot in RH Districts or two square feet in RM or RED Districts.

(2)  One identifying sign for each street frontage of the lot, not exceeding a height of 12 feet, and meeting the following additional requirements:

(A)  In RH Districts: nonilluminated or indirectly illuminated only; maximum area 12 square feet;

(B)  In RM-1 or RED Districts: maximum area eight square feet if directly illuminated, and 20 square feet if nonilluminated or indirectly illuminated.

(3)  One temporary nonilluminated or indirectly illuminated sale or lease sign for each street frontage of the total parcel involved, not exceeding a height of 24 feet if freestanding and not above the roofline if attached to a building, and having an area not exceeding six square feet for each lot or for each 3,000 square feet in such total parcel, whichever ratio permits the larger area, provided that no such sign shall exceed

# EXHIBIT D

### SEC. 183. NONCONFORMING USES: DISCONTINUANCE AND ABANDONMENT.

Whenever a nonconforming use has been changed to a conforming use, or discontinued for a continuous period of three years, or whenever there is otherwise evident a clear intent on the part of the owner to abandon a nonconforming use, such use shall not after being so changed, discontinued or abandoned be reestablished, and the use of the property thereafter shall be in conformity with the use limitations of this Code for the district in which the property is located. Where no enclosed building is involved, discontinuance of a nonconforming use for a period of six months shall constitute abandonment. Where a massage establishment is nonconforming for the reason that it is within 1,000 feet of another such establishment under Section 218.1 of this Code or because it is no longer permitted within the district, discontinuance for a continuous period of three months or change to a conforming use shall constitute abandonment. (Amended by Ord. 186-84, App. 5/4/84; Ord. 292-98, App. 10/2/98)

# EXHIBIT E

## BOARD OF APPEALS, CITY & COUNTY OF SAN FRANCISCO

| Appeal of | | |
|---|---|---|
| LINDA ERKELENS, | ) | Appeal No. 07-128 |
| Appellant(s) | ) | |
| vs. | ) | |
| DEPT. OF BUILDING INSPECTION, | ) | |
| PLANNING DEPT. APPROVAL   Respondent | ) | |

### NOTICE OF APPEAL

**NOTICE IS HEREBY GIVEN THAT** the above named appellant(s) appeals to the Board of Appeals of the City and County of San Francisco from the decision or order of the above named department(s), commission, or officer.

The substance or effect of the decision or order appealed from is the issuance on July 18, 2007, to Clear Channel Outdoor, Permit to Alter a Building (on 21-unit apartment building: voluntary removal, razing and demolition of non-conforming, non-complying general advertising sign per plans) at 1801 Turk Street.

### APPLICATION NO. 2007/06/28/5493

| Address & Tel. of Appellant(s): | Address & Tel. of Permit Holder(s): |
|---|---|
| Linda Erkelens, Appellant<br>c/o B. Gladstone & N. Vignoles, Attorneys for Appellant<br>177 Post Street, Penthouse<br>SF, CA 94108<br>415.434.9500 (tel)<br>415.394.5188 (fax) | Clear Channel Outdoor, Permit Holder<br>c/o Jared Eigerman, Attorney for Permit Holder<br>One Bush Street #600<br>SF, CA 94104<br>415.567.9000 (tel)<br>415.399.9480 (fax) |

I, _____Niall Vignoles_____ declare under penalty of perjury that the foregoing is true and correct.

Entered on _____July 27, 2007_____ at San Francisco, California.

FOR HEARING ON _____Oct. 17, 2007_____.

Appellant or Agent

### NOTICE OF DECISION & ORDER

The aforementioned matter came on regularly for hearing before the Board of Appeals of the City & County of San Francisco on December 12, 2007, and the order was **OVERRULED** by the Board of Appeals.

**PURSUANT TO** § 4.106 of the Charter of the City & County of San Francisco and Article 1, § 14 of the Business & Tax Regulations Code of the said City & County, and the action above stated, the Board of Appeals hereby orders that the issuance of the subject permit is **OVERRULED**, and the Department of Building Inspection is hereby ordered and directed to **REVOKE** the subject permit, with the following **FINDING**: a) the Board finds that the building permit application had faulty representations.

**ADDITIONAL FINDINGS WERE ADOPTED BY THE BOARD ON MARCH 19, 2008 AND ARE ATTACHED.**

BOARD OF APPEALS
CITY & COUNTY OF SAN FRANCISCO

Michael L. Garcia, President

Last Day to Request Rehearing: Dec. 24, 2007
Request for Rehearing: None
Rehearing: None
Notice Released: March 26, 2008

If this decision is subject to review under Code of Civil Procedure § 1094.5, then the time within which judicial review must be sought is governed by California Code of Civil Procedure § 1094.6.

# BOARD OF APPEALS
# CITY & COUNTY OF SAN FRANCISCO

Appeal No(s). 07-128

LINDA ERKELENS, )
                                                     )
                          Appellant(s)   )
                                                     )
            vs.                               )
                                                     )
DEPT. OF BUILDING INSPECTION,   )
PLANNING DEPARTMENT APPROVAL   )
                          Respondent

On October 17, 2007, December 12, 2007, and March 19, 2008, this Appeal, 07-128 by Linda Erkelens ("Appellant") of the issuance of Building Permit No. 2007/06/28/5493 ("Building Permit") authorizing the removal of a general advertising sign located at 1801 Turk Street, came before duly noticed hearings of the Board of Appeals.

Having heard all the public testimony and reviewed the record in this matter, the Board of Appeals hereby grants the appeal, overturns the Department of Building Inspection, and revokes the Building Permit based on the following findings:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Appellant is the owner of property located at 1801 Turk Street (the "Property").

2. Permit Holder Clear Channel Outdoor, Inc. ("Clear Channel") is an outdoor advertising company that displayed general advertising at the Property under a lease dated January 1, 1984 between Foster & Kleiser, its predecessor in interest, and Appellant's predecessor in interest.

1

3. Based on the Property's permit history, we find that general advertising on the Property is a lawful non-conforming use and the signage a lawful non-complying structure(s) under Proposition G (Planning Code Section 611(a)).

4. By letter dated May 31, 2007, Appellant informed Clear Channel that she would not renew its lease or negotiate a new lease with Clear Channel. Appellants requested Clear Channel to "make arrangements to remove the billboard."

5. On June 28, 2007, Clear Channel obtained the Building Permit that is the subject of this Appeal, for work described as "voluntary removal, razing and demolition of non-conforming non-complying general advertising sign per Planning Code see 181(b), 188(b) and 604(b)...". Clear Channel did not complete Box 15 of the Building Permit Application Form or Box A of the Agent Authorization Form that would have shown whether the applicant had authority to obtain the permit on behalf of Appellants, but the Department of Building Inspection overlooked the omissions and issued the Building Permit. Clear Channel did not notify Appellants that the face of the Building Permit purported to be a "voluntary" surrender of Appellant's non-conforming use on the Property.

6. Based on the credible evidence submitted by Appellant, we find that Appellant intended to terminate her business relationship with Clear Channel and authorize removal of Clear Channels improvements in a manner that would enable her to do business with a different general advertising sign company. Appellant did not intend or authorize Clear Channel to submit a building permit application to "voluntarily" forfeit Appellant's right to future general advertising at the Property. Clear Channel did not show Appellant the application for the Building Permit, Appellant did not authorize the application, and

2