Gerald M. Murphy, State Bar No. 99994
Andrew S. Azarmi, State Bar No. 241407
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Tel:  415.356.4600
Fax:  415.356.4610
E-mail: gmurphy@luce.com
E-mail: aazarmi@luce.com

Attorneys for Defendant
LINDA ERKELENS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LINDA ERKELENS, an individual,<br><br>Defendant. | Case No. C 07-06138 SBA<br><br>**[PROPOSED] ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT LINDA ERKELENS** |

Defendant Linda Erkelens' ("Defendant" or "Erkelens") Motion for Summary Judgment came on regularly for hearing before this Court on September _____, 2008. The parties appeared through their respective counsel of record.

Erkelens seeks summary judgment on the grounds that a provision in lease agreement between the parties is unenforceable as a matter of law. Because all of Defendant Clear Channel Outdoor, Inc.'s ("Clear Channel") causes of action are premised on the enforceability of the relevant provision of the lease, and that same provision is unenforceable, Erkelens' seeks summary judgment of the entire action.

For the reasons set forth below and enunciated on the record, the Court hereby GRANTS the Motion for Summary Judgment in Favor of Defendant Linda Erkelens.

## **BACKGROUND**

1   Erkelens and Clear Channel are parties to a billboard lease ("the Lease"), through which
2   Clear Channel rents advertising space on a general advertising sign ("the Billboard") located on
3   Erkelens' property at 1801 Turk Street in San Francisco, California. The Lease was first entered
4   into in 1984, between Erkelens' predecessor in interest and Clear Channel's predecessor in
5   interest. The Lease contains a provision that states in relevant part:

6   > Lessee shall remain the owner of all advertising signs, structures, and
7   > improvements erected or made by Lessee, and that, notwithstanding the fact that
8   > the same constitute real estate fixtures, the Lessee shall have the right to remove
    > said signs, structures, and improvements at any time during the term of the Lease,
    > or after the expiration of the Lease.

10   The provision in the Lease, that is central to this lawsuit, is unenforceable as a matter of
11  California law. The pertinent provision in the Lease purports to give Clear Channel the right to
12  remove the advertising sign that has been located on Erkelens' property since 1958 (the
13  "Billboard"). At the time the Lease was entered into, the San Francisco Planning Code allowed
14  property owners to erect new advertising signs on its property and replace lawfully existing signs.
15  However, the San Francisco Planning Code now imposes a city-wide ban on the construction of
16  any new general advertising signs, more importantly, a prohibition against replacing lawfully
17  existing signs. Under California law, parties are presumed to have intended the law in place at the
18  time the contract was entered into to govern their agreement, absent a clear direction to the
19  contrary. Here, due to the subsequent change in law, the provision allowing Clear Channel to
20  remove the Billboard would allow Clear Channel to forever divest Erkelens' of her right to general
21  advertising on her property. In 1984, when the Lease was entered into, Erkelens' would have been
22  free to replace the Billboard on her property. Under the San Francisco Planning Code in place
23  today, Erkelens' has no right to replace a Billboard that is voluntarily removed from her property.

24  **ANALYSIS**

25   Summary judgment is appropriate where no genuine and disputed issues of material fact
26  remain, and the movant is entitled to prevail as a matter of law. Fed.R. Civ. Proc. 56(c); *Celotex*
27  *Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A disputed fact is material only where, under
28  applicable substantive law, it may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*,

1  477 U.S. 242, 248 (1986).  The enforceability of the provision purporting to give Clear Channel the power to remove the Billboard may be resolved as a matter of law..  Despite the fact that the Lease purports to give Clear Channel the right to remove the Billboard, applicable California case law renders this provision unenforceable as a matter of law.

Under California law, courts construing a contract should adopt that construction which will make the contract reasonable, fair and just. *Harris v. Klure*, 205 Cal. App. 2d 574, 578 (1962).  However, the interpreting court must avoid an interpretation which will make a contract extraordinary, harsh, unjust, or inequitable.  *County of Marin v. Assessment Appeals Bd.*, 64 Cal. App. 3d 319, 324-325 (1976).

In California, it is also well settled that laws enacted subsequent to the execution of a contract are not deemed part of the contract unless the language of the contract clearly indicates that the parties intend to be bound by future laws.  *Swenson v. File*, 3 Cal. 3d 389, 393, 394-95 (1970); *City of Torrance v. Workers' Comp. App. Bd. & State Comp. Ins. Fund*, 32 Cal. 3d 371, 378-79 (1982) (finding that parties had expressly agreed to incorporate subsequent changes in law and therefore contract could be enforced according to subsequent change in law); *Equitable Bldg. & Loan Assn. v. Wolfangle*, 111 Cal. App. 119, 123 (1931) (same).  Hence, parties are presumed to have had existing law in mind when they executed their agreement.  *Id.;* 1 Bernard E. Witkin, *Summary of California Law*, Contracts § 753, at 844 (10th ed. 2005).  However, subsequent changes in law which impose greater burdens or responsibilities upon the parties to the contract do not become part of the contract, because to give effect to such greater burdens would result in modifying the contract without the parties' consent.  *Id.*

In 1984, when the Lease was entered into, nothing in the San Francisco Planning Code prohibited a property owner from erecting a new general advertising sign or from replacing a sign that had been voluntarily removed.  However, an important change in the law occurred when, in 2006, a San Francisco City Ordinance was enacted and San Francisco Planning Code Section 604(h) was amended to prohibit property owners from replacing or rebuilding advertising signs that had been removed from their property.  This subsequent change in the Planning Code was never envisioned when the parties entered into the Lease, and in substance the subsequent change

301046663.1

Case No. C 07-06138 SBA

1 in law rewrites the contract to deprive Erkelens of the right to conduct general advertising on her
2 property permanently. This result would be directly at odds with the California Supreme Court
3 decisions in *Swenson*, as well as the line of California case law from which that case derived.

## **JUDGMENT**

Accordingly, there is no genuine issue of material fact, since the Lease provision relating to ownership and removal of the Billboard is unenforceable as a matter of law. Because all of Clear Channel's causes of action in this lawsuit hinge on the enforceability of this single provision, Summary Judgment is appropriate here and serves to dispose of Clear Channel's entire action.

IT IS SO ORDERED, ADJUDICATED AND DECREED.

Dated: _____, 2008

_____
Honorable Saundra B. Armstrong

301046663.1

Case No. C 07-06138 SBA