1  Scott D. Baker (SBN 84923)
   Email: sbaker@reedsmith.com
2  James A. Daire (SBN 239637)
   Email: jdaire@reedsmith.com
3  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
4  San Francisco, CA 94111-3922

5  **Mailing Address:**
   P.O. Box 7936
6  San Francisco, CA 94120-7936

7  Telephone:   +1 415 543 8700
   Facsimile:   +1 415 391 8269
8

   Attorneys for Plaintiff
9  Clear Channel Outdoor, Inc.

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                          OAKLAND DIVISION

13 | CLEAR CHANNEL OUTDOOR, INC., a    | Case No.: C 07-06138 SBA (JL)
   | Delaware Corporation,
14 |                                    | **CLEAR CHANNEL OUTDOOR, INC.'S
   |          Plaintiff,                | OBJECTIONS TO DEFENDANT LINDA
15 |                                    | ERKELENS' EVIDENCE RE CLEAR
   |   vs.                              | CHANNEL OUTDOOR, INC.'S MOTION
16 |                                    | FOR PARTIAL SUMMARY JUDGMENT**
   | LINDA ERKELENS, an individual,
17 |                                    |
   |          Defendant.                | Date:   September 23, 2008
18 |                                    | Time:   1:00 p.m.
                                          Place:  Courtroom 3, 3rd Floor
19
                                          Compl. Filed: December 4, 2007
20                                        Trial Date: November 10, 2008

21                                        Hon. Saundra Brown Armstrong

22

23

24

25

26

27

28

Case No.: C 07-06138 SBA                                    DOCSSFO-12526196.2

1  Plaintiff Clear Channel Outdoor, Inc. ("Clear Channel") hereby submits the following
2  objections to evidence submitted by Defendant Linda Erkelens in connection with her Opposition to
3  Clear Channel's Motion for Partial Summary Judgment.

### A. Declaration of Andrew Azarmi

Ms. Erkelens' Opposition to Clear Channel's Motion for Partial Summary Judgment is based in part on the Declaration of Andrew Azarmi ("Azarmi Declaration") [Docket No. 70]. Clear Channel objects to Exhibits 9 and 10 to the Azarmi Declaration, and all references thereto. These exhibits are inadmissible because Mr. Azarmi is counsel to Ms. Erkelens and lacks personal knowledge in connection with the content or authentication of Exhibits 9 and 10. *See* Fed.R.Civ.Proc. 56(e); Fed.R.Evid. 901; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 778 (9th Cir. 2002) (unauthenticated exhibits attached to an attorney declaration made without personal knowledge inadmissible).

### B. Ms. Erkelens' Opposition to Clear Channel's Motion For Partial Summary Judgment

Ms. Erkelens' Opposition to Clear Channel's Motion for Partial Summary Judgment [Docket No. 68] references inadmissible or otherwise objectionable evidence. Moreover, the Opposition also contains attorney argument as purported fact, which is not evidence and therefore should be stricken. In particular, the Court should exclude the following evidence and arguments:

#### 1. Opposition, p. 4.

> In 2004, at the time that the Erkelens purchased the Property, the Code did not prohibit property owners from replacing signs lawfully existing that had been removed from their property. *See*, Erkelens' RJN, ¶3.

The above statement is inadmissible, unsupported attorney argument. *See Official Airline*

1 | *Guides, Inc. v. Churchfield Publications, Inc.*, 6 F.3d 1385, 1396 (9th Cir. 1993) (attorney argument improper, although prejudice eliminated by immediate curative instruction that what lawyers say is not evidence); *Hall v. Whitley*, 935 F.2d 164, 166 (9th Cir. 1991) (statements made during closing arguments were "not evidence and could not be considered in deciding the facts"); *O2 Micro International Limited v. Monolithic Power Systems, Inc.*, 399 F. Supp. 2d 1064, 1088 n. 11 (N.D. Cal. 2005) (court did not consider attorney arguments in declarations as evidence); *In re Hurley*, 258 B.R. 15, 23 (D. Mont. 2001) (despite party's factual assertions, court found no supporting evidence was offered because an attorney's argument is not evidence). Ms. Erkelens improperly cites to Paragraph 3 of her Request For Judicial Notice, which is counsel's characterization of the City of San Francisco Planning Code; she does not cite as evidence the language of the Code itself. Ms. Erkelens cites to no other evidence in support of this statement. Accordingly, it is inadmissible and should be stricken.

**2. Opposition, p. 5-6.**

> Upon learning that Clear Channel, in its Removal Permit application, purported to abandon her right to advertise on the Property, divesting her vested non-conforming land use entitlement, Erkelens' appealed the issuance of the Removal Permit to the San Francisco Board of Appeals ("Board of Appeals" or the "Board"). On October 17, 2007, Erkelens' appeal was heard before the Board of Appeal. Azarmi Decl. ¶10, Ex. 9. At that hearing, Board members chastised Clear Channel for engaging in "predatory pricing" and stated that "the behavior manifested by Clear Channel is not very attractive." *Id.* at pp. 18:16-19:13. After suggesting that they were inclined to revoke Clear Channel's Removal Permit, the Board of Appeal decided to continue the hearing until December 12, 2007, to give Erkelens and Clear Channel a chance to negotiate a settlement in good faith, with the hope that Clear Channel "try to seek a solution and would not deprive [Erkelens] of a source of income." Azarmi Decl. ¶11, Ex. 10 at pp. 59:23-60:3.

The above statement is inadmissible, unsupported attorney argument. *See Official Airline Guides, Inc. v. Churchfield Publications, Inc.*, 6 F.3d 1385, 1396 (9th Cir. 1993) (attorney argument improper, although prejudice eliminated by immediate curative instruction that what lawyers say is not evidence); *Hall v. Whitley*, 935 F.2d 164, 166 (9th Cir. 1991) (statements made during closing arguments were "not evidence and could not be considered in deciding the facts"); *O2 Micro International Limited v. Monolithic Power Systems, Inc.*, 399 F. Supp. 2d 1064, 1088 n. 11 (N.D.

Cal. 2005) (court did not consider attorney arguments in declarations as evidence); *In re Hurley*, 258 B.R. 15, 23 (D. Mont. 2001) (despite party's factual assertions, court found no supporting evidence was offered because an attorney's argument is not evidence). Ms. Erkelens cites to no admissible testimony or evidence in support of this statement. Accordingly, it is inadmissible and should be stricken.

DATED: September 2, 2008.

REED SMITH LLP

By    /s/ James A. Daire
James A. Daire
Attorneys for Plaintiff
Clear Channel Outdoor, Inc

## Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 2nd day of September 2008, with this document via the Court's CM/ECF system. I certify that all parties in this case are represented by counsel who are CM/ECF participants.

　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　James A. Daire