Scott D. Baker (SBN 84923)
Email: sbaker@reedsmith.com
James A. Daire (SBN 239637)
Email: jdaire@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:   +1 415 543 8700
Facsimile:   +1 415 391 8269

Attorneys for Plaintiff
Clear Channel Outdoor, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, INC., a Delaware Corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>LINDA ERKELENS, an individual,<br><br>            Defendant. | Case No.: C 07-06138 SBA (JL)<br><br>**CLEAR CHANNEL OUTDOOR, INC'S REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANT LINDA ERKELENS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:   September 30, 2008<br>Time:   1:00 p.m.<br>Place:  Courtroom 3, 3rd Floor<br><br>Compl. Filed: December 4, 2007<br>Trial Date: November 10, 2008<br><br>Hon. Saundra Brown Armstrong |

Plaintiff Clear Channel Outdoor, Inc. ("Clear Channel"), hereby requests that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the following facts:

1. Attached hereto as Exhibit A is as true and correct copy of Section 188(b) of the City of San Francisco Planning Code.

2. Attached hereto as Exhibit A is a true and correct copy of the City of San Francisco's historical Planning Code section 607 regulating general advertising signs, effective 1977 through 1986.

3. Attached hereto as Exhibit B is a true and correct copy of the City of San Francisco's historical Planning Code section 607.1 regulating general advertising signs, effective 1987 through 1999.

DATED: September 9, 2008.

                REED SMITH LLP

                By____/s/ James A. Daire_____
                    James A. Daire
                    Attorneys for Plaintiff
                    Clear Channel Outdoor, Inc

Case No.: C 07-06138 SBA     – 1 –     DOCSSFO-12527272.1

CLEAR CHANNEL OUTDOOR, INC.'S REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANT LINDA ERKELENS' MOTION FOR SUMMARY JUDGMENT

## Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 9th day of September 2009, with a copy of this document via the Court's CM/ECF system. I certify that all parties in this case are represented by counsel who are CM/ECF participants.

/s/
James A. Daire

# EXHIBIT A

## SEC. 188. NONCOMPLYING STRUCTURES: ENLARGEMENTS, ALTERATIONS AND RECONSTRUCTION.

(a) Within the limitations of this Article 1.7, and especially Sections 172 and 180 hereof, a noncomplying structure as defined in Section 180 may be enlarged, altered or relocated, or undergo a change or intensification of use in conformity with the use limitations of this Code, provided that with respect to such structure there is no increase in any discrepancy, or any new discrepancy, at any level of the structure, between existing conditions on the lot and the required standards for new construction set forth in this Code, and provided the remaining requirements of this Code are met.

(b) A noncomplying structure that is damaged or destroyed by fire, or other calamity, or by Act of God, or by the public enemy, may be restored to its former condition; provided that such restoration is permitted by the Building Code, and is started within one year and diligently prosecuted to completion. Except as provided in Subsection (c) below, no noncomplying structure that is voluntarily razed or required by law to be razed by the owner thereof may thereafter be restored except in full conformity with the requirements of this Code.

(c) In order that major life safety hazards in noncomplying structures may be eliminated as expeditiously as possible, a noncomplying structure constructed of unreinforced masonry that is inconsistent with the requirements of the UMB Seismic Retrofit Ordinance, Ordinance No. 227-92, may be demolished and reconstructed to the same level of noncompliance; provided that:

(1) The current requirements of the Building, Housing and Fire Codes and, as applicable, Planning Code are met, provided that the Zoning Administrator may, and is hereby empowered to, permit minor modifications to Planning Code requirements (which may include permitting an increase in the building envelope or a reduction in the number of parking spaces) to the extent necessary and required to bring the replacement building up to such applicable Code requirements and to allow replacement of the demolished building with a building which contains a comparable amount of square footage or the same number of residential units as that of the demolished building. The Zoning Administrator shall provide a written determination regarding such permitted Planning Code modifications; and

(2) Such restoration or reconstruction is started within one year after razing or other demolition work on the structure and diligently prosecuted to completion.

(d) Notwithstanding Subsection (a) of this Section, a noncomplying structure as defined in Section 180, may add nonusable space. "Nonusable space" is space not used for living, sleeping, eating, cooking or working. Public corridors, mechanical space, fire stairs and similar areas, are nonusable space. The enlargement must:

(1) Facilitate the adaptive reuse or the rehabilitation of a landmark site or contributory structure within a Historic District designated under Article 10 of this Code or a significant structure or contributory structure within a Conservation District designated under Article 11 of this Code; and

(A) Be necessary to comply with Building Code, Fire Code or Planning Code requirements; or

(B) Enhance the life safety aspects of the building and/or mechanical, environmental control systems; or

(2) Be located within a C-3 District, and:

(A) Be necessary to comply with Building Code, Fire Code or Planning Code requirements; or

(B) Enhance aesthetic qualities and/or character; or

(C) Enhance the life safety aspects of the building and/or mechanical, environmental control systems; or

(D) Accommodate rooftop features exempted from height limits under Section 260(b) or as provided for under Sections 270, 271 or 272 of this Code.

(3) Application for enlargement of a non-complying structure under Subsection (d)(1) shall be considered as part of an application for a Certificate of Appropriateness under Article 10 or a Permit to Alter under Article 11 of this Code. Any application to enlarge a noncomplying structure under Article 11 shall be considered as a major alteration under Section 1111 of the Planning Code. Application to alter a noncomplying structure not designated an Article 11 significant or contributory building under Subsection (d)(2) shall be considered under the provisions of Section 309(b) of this Code. These applications shall be subject to the following additional criteria:

(A) That the enlargement promote the health, safety and welfare of the public; and

(B) That the enlargement not cause significant shadows or wind impacts on public sidewalks and parks; and

(C) That the structure provides an appropriate transition to adjacent properties, as necessary; and

(D) That the interior block open space formed by the rear yards of abutting properties will not be adversely affected; and

(E) That the access of light and air to abutting properties will not be significantly affected; and

(F) That public view corridors not be significantly affected; and

(4) The City Planning Commission, subject to the same application procedures of Section 188(d)3 above, may grant an exception to the Planning Code requirements rather than expansion of the structure to accommodate the Planning Code requirements. The exception of the Planning Code requirement shall be subject to the criteria below:

(A) That the exception promote the health, safety and welfare of the public; and

(B) That the exception result in an increased benefit to the public and the adjacent properties over the increase in nonconformance; and

(C) That the exception not be detrimental to either the occupants of the proposed project or to the neighborhood.

(Added by Ord. 443-78, App. 10/6/78; amended by Ord. 268-91, App. 6/26/91; Ord. 227-92, App. 7/14/92)

# EXHIBIT B

# CITY AND COUNTY OF SAN FRANCISCO MUNICIPAL CODE

## PLANNING CODE



SEAL OF THE CITY AND COUNTY OF SAN FRANCISCO
ORO EN PAZ · FIERRO EN GUERRA

DOCUMENTS

BOOK PUBLISHING COMPANY

(This volume includes Planning Code changes adopted through June 27, 1986 and Temporary Land Use Control changes through June 20, 1986.)

"27 June 27, 1986"

PLANNING CODE



Section 606                                                San Francisco Planning Code

occupied by the building or part thereof that is devoted to the nonconforming use. The total area of all signs for such a use shall not exceed 100 square feet. Any such sign may be nonilluminated or indirectly illuminated. In RM and RC Districts, any such sign may be directly illuminated. (Amended Ord. 443-78, App. 10/6/78)

SEC. 607. COMMERCIAL AND INDUSTRIAL DISTRICTS. Signs in C and M Districts, other than those signs exempted by Section 603 of this Code, shall conform to the following provisions:

(a) General Advertising Signs. No general advertising sign shall be permitted in any C-1 District.

(b) Roof Signs. No roof sign shall be permitted in any C-1 District. In all other C and M Districts no roof sign shall be permitted; except that a roof sign may be erected in such other C and M Districts if:

(1) The sign does not extend more than 25 feet above the roofline of the building on or over which the sign is placed; and

(2) All parts of the sign are within 25 feet of, and the sign is mounted at not more than a 45-degree angle from, a wall of a building the roofline of which is at least as high as the top of the sign; and

(3) Such wall forms a complete backdrop for the sign, as the sign is viewed from all points from which the sign is legible from a public street or alley.

The limitations upon roof signs in this Subsection 607(b) shall not apply to signs located within 200 feet of the park known as Union Square and facing said park.

(c) Wind Signs. No wind sign shall be permitted in any C or M District.

(d) Moving Parts. No sign shall have or consist of any moving, rotating, or otherwise physically animated part (as distinguished from lights that give the appearance of animation by flashing, blinking or fluctuating), except as follows:

(1) Moving or rotating or otherwise physically animated parts may be used for the rotation of barber poles and the indication of time of day and temperature.

(2) In the case of a general advertising sign in C-2, C-3, C-M, M-1 and M-2 Districts, except signs located so as to be primarily viewed by persons traveling on any portion of a freeway, moving or rotating or otherwise physically animated parts may be used if such parts do not exceed a velocity of one complete cycle in a four-second period where such parts constitute less than 30 percent of the area of the sign or if, where such parts constitute a greater area of the sign, they do not exceed a velocity of one complete cycle in a four-second period and are stationary at least half of each eight-second period.

(e) Illumination. Any sign may be nonilluminated or indirectly or directly illuminated. Signs in C-3, C-M, M-1 and M-2 Districts shall not be limited in any manner as to type of illumination, but no sign in a C-1 or C-2 District shall have or consist of any flashing, blinking, fluctuating or otherwise animated light except in each of the following special districts, all as specifically designated as "Special Districts for Sign Illumination" on Sectional Map SSD of the Zoning Map of the City and County of San Francisco, described in Section 608 of this Code:

(1) Along the main commercial frontage in the C-2 areas on Mission Street from Seventeenth Street to Randall Street, Geary Boulevard from Masonic Avenue to Twenty-eighth Avenue, and Lombard Street from Van Ness Avenue to Broderick Street;

PL-282

San Francisco Planning Code                                  Section 607

(2) In the C-2 area consisting of five blocks in the vicinity of Fisherman's Wharf;

(3) In the C-2 area in the vicinity of Van Ness Avenue from Golden Gate Avenue and Eddy Street to Sacramento Street, and Polk Street from Eddy Street to Geary Street, also known as the Automotive Special Use District;

(4) In the C-2 area in the vicinity of Stockton, Washington and Kearny Streets and Broadway, also known as Washington-Broadway Special Use District Number 1.

(f) **Projection.** No sign shall project more than 75 percent of the horizontal distance from the street property line to the curbline and in no case shall a sign project more than 10 feet beyond the street property line or building setback line in C-1 Districts, or 12 feet beyond the street property line or building setback line in any other C or M District.

(g) **Height and Extension Above Roofline.**

(1) **Signs Attached to Buildings.** No sign attached to a building shall extend or be located above the roofline of the building to which it is attached; except that up to ½ the area of a business sign attached to the street wall of a building may extend above the roofline, up to the maximum height permitted for freestanding signs in the same district or 10 feet above the roofline, whichever is the lesser. In addition, no sign attached to a building shall under any circumstances exceed the following maximum heights:

In C-1: 40 feet;
In C-3: 100 feet;
In all other C and M Districts: 60 feet.

The 100-foot height limitation stated herein shall not apply to signs located within 200 feet of the park known as Union Square and facing said park.

(2) **Freestanding Signs.** The maximum height for freestanding signs shall be as follows:

In C-1: 24 feet;
In C-2: 36 feet;
In all other C and M Districts: 40 feet.

(h) **Special Standards for Automobile Service Stations.** For automobile service stations, only the following signs are permitted, subject to the standards in this Subsection (h) and to all other standards in this Section 607.

(1) A maximum of two oil-company signs, which shall not extend more than 10 feet above the roofline if attached to a building, or exceed the maximum height permitted for freestanding signs in the same district if freestanding. The area of any such sign shall not exceed 180 square feet, and along each street frontage all parts of such a sign or signs that are within 10 feet of the street property line shall not exceed 80 square feet in area. No such sign shall project more than five feet beyond any street property line or building setback line. The areas of other permanent and temporary signs as covered in Paragraph 607(h)(2) below shall not be included in the calculation of the areas specified in this Paragraph.

(2) Other permanent and temporary business signs, not to exceed 30 square feet in area for each such sign or a total of 180 square feet for all such signs on the premises. No such sign shall extend above the roofline if attached to a building, or in any case project beyond any street property line or building setback line.

PL-283

Section 607                                     San Francisco Planning Code

(3) General advertising signs meeting the provisions of this Section 607. (Amended Ord. 64-77, App. 2/18/77)

SEC. 608. SPECIAL SIGN DISTRICTS. In addition to the zoning districts that are established under other Articles of this Code, there shall also be in the City such Special Sign Districts as are established in this Article 6 in order to carry out further the purposes of this Code. The designations, locations and boundaries of these Special Sign Districts shall be as provided in this Article and as shown on the Zoning Map referred to in Section 105, subject to the provisions of Section 105. The original of the sectional map of the Zoning Map for Special Sign Districts (numbered SSD) referred to in this Article is on file with the Clerk of the Board of Supervisors under File No. 138-62. In each such Special Sign District, signs shall be subject to the special limitations of Sections 608.1 through 608.10, respectively, in addition to all other applicable provisions of this Code. In the event of inconsistency with any other provision of Article 6, the most restrictive provision shall prevail unless this Code specifically provides otherwise. (Amended Ord. 64-77, App. 2/18/77)

SEC. 608.1. NEAR R DISTRICTS. No general advertising sign, and no other sign exceeding 100 square feet in area, shall be located in a C or M District within 100 feet of any R District in such a manner as to be primarily viewed from residentially zoned property or from any street or alley within an R District; any sign of which the face is located parallel to a street property line and lies for its entire width opposite a C or M District shall be deemed prima facie not to be primarily so viewed. No sign of any size within 100 feet of any R District shall project beyond the street property line or building setback line of any street or alley leading off the main commercial frontage into the R District. (Added Ord. 263-65, App. 10/22/65)

SEC. 608.2. NEAR SCHOOLS, PARKS, AND RECREATION FACILITIES. No general advertising sign, and no other sign exceeding 200 square feet in area, shall be located within 100 feet of any part of the premises of a school, attendance at which satisfies the compulsory education laws of the State of California, in such a way that it is primarily viewed through any part of such premises. No general advertising sign, and no other sign exceeding 200 square feet in area, shall be located within 200 feet of any part of the premises of a park, playground, recreation center or facility, square, avenue or grounds under the jurisdiction and supervision of the San Francisco Recreation and Park Commission or a park, playground, or recreation center or facility of any other public agency, if the sign is so arranged that it is primarily viewed from or through such premises; except that this restriction shall not apply to the park known as Union Square. (Added Ord. 263-65, App. 10/22/65)

SEC. 608.3. WITHIN CIVIC CENTER AREA. No general advertising sign, and no other sign exceeding 200 square feet in area, shall be located within the Civic Center Special Sign Districts Numbers 1 and 2, as designated on Sectional Map SSD of the Zoning Map of the City and County of San Francisco. Within such districts, no sign that is located on publicly owned property, or that is located on a street frontage facing publicly owned property, shall have any moving, rotating or

# EXHIBIT C

# CITY AND COUNTY OF SAN FRANCISCO MUNICIPAL CODE

DOCUMENTS DEPT.
JUN 2 2 1999
SAN FRANCISCO PUBLIC LIBRARY

## PART II, CHAPTER II
## PLANNING CODE
### VOLUME I



1987-1999

**BOOK PUBLISHING COMPANY**

(This volume includes Planning Code changes through December 24, 1998, and Temporary Land Use Control changes through February 10, 1999.)

(3-99)

San Francisco Planning Code                                              Section 607.1

**SEC. 607.1. NEIGHBORHOOD COMMERCIAL DISTRICTS.** Signs located in Neighborhood Commercial Districts shall be regulated as provided herein, except for those signs which are exempted by Section 603 of this Code. In the event of conflict between the provisions of Section 607.1 and other provisions of Article 6, the provisions of Section 607.1 shall prevail in Neighborhood Commercial Districts, provided that with respect to properties also located in the Upper Market Special Sign District, the provisions of Section 608.10 of this Code shall prevail.

(a) **Purposes and Findings.** In addition to the purposes stated in Sections 101 and 601 of this Code, the following purposes apply to Neighborhood Commercial Districts. These purposes constitute findings that form a basis for regulations and provide guidance for their application.

(1) As Neighborhood Commercial Districts change, they need to maintain their attractiveness to customers and potential new businesses alike. Physical amenities and a pleasant appearance will profit both existing and new enterprises.

(2) The character of signs and other features projecting from buildings is an important part of the visual appeal of a street and the general quality and economic stability of the area. Opportunities exist to relate these signs and projections more effectively to street design and building design. These regulations establish a framework that will contribute toward a coherent appearance of Neighborhood Commercial Districts.

(3) Neighborhood Commercial Districts are typically mixed use areas with commercial units on the ground or lower stories and residential uses on upper stories. Although signs and other advertising devices are essential to a vital commercial district, they should not be allowed to interfere with or diminish the livability of residential units within a Neighborhood Commercial District or in adjacent residential districts.

(4) The scale of most Neighborhood Commercial Districts as characterized by building height, bulk, and appearance, and the width of streets and sidewalks differs from that of other commercial and industrial districts. Sign sizes should relate and be compatible with the surrounding district scale.

(b) **Signs or Sign Features Not Permitted in NC Districts.** Roof signs as defined in Section 602.16 of this Code, wind signs as defined in Section 602.22 of this Code, and signs on canopies, as defined in Section 136.1(b) of this Code, are not permitted in NC Districts. No sign shall have or consist of any moving, rotating, or otherwise physically animated part, or lights that give the appearance of animation by flashing, blinking, or fluctuating, except as permitted by Section 607.1(i) of this Code. In addition, all signs or sign features not otherwise specifically regulated in this Section 607.1 shall be prohibited.

(c) **Identifying Signs.** Identifying signs, as defined in Section 602.9, shall be permitted in all Neighborhood Commercial Districts subject to the limits set forth below.

(1) One sign per lot shall be permitted and such sign shall not exceed 20 square feet in area. The sign may be a freestanding sign, if the building is recessed from the street property line, or may be a wall sign or a projecting sign. The existence of a freestanding identifying sign shall preclude the erection of a freestanding business sign on the same lot. A wall or projecting sign shall be mounted on the first-story level; a freestanding sign shall not exceed 15 feet in height. Such sign may be nonilluminated, indirectly illuminated, or directly illuminated.

Section 607.1                                                                    San Francisco Planning Code

(2) One sign identifying a shopping center or shopping mall shall be permitted subject to the conditions in Paragraph (1), but shall not exceed 30 square feet in area. Any sign identifying a permitted use listed in zoning categories .40 through .70 in Section 703.2(a) in an NC District shall be considered a business sign and subject to Section 607.1(f) of this Code. Such signs may be nonilluminated, indirectly illuminated, or directly illuminated during the hours of operation of the businesses in the shopping center or shopping mall.

(d) **Nameplates.** One nameplate, as defined in Section 602.12 of this Code, not exceeding an area of two square feet, shall be permitted for each noncommercial use in NC Districts.

(e) **General Advertising Signs.** General advertising signs, as defined in Section 602.7, shall be permitted in Neighborhood Commercial Districts as provided for below. In NC Districts where such signs are permitted, general advertising signs may be either a wall sign or freestanding, provided that the surface of any freestanding sign shall be parallel to and within three feet of an adjacent building wall. In either case, the building wall shall form a complete backdrop for the sign, as the sign is viewed from all points from a street or alley from which it is legible. No general advertising sign shall be permitted to cover part or all of any windows. Any extension of the copy beyond the rectangular perimeter of the sign shall be included in the calculation of the sign, as defined in Section 602.1(a) of this Code.

(1) **NC-2 and NC-S Districts.** No more than one general advertising sign shall be permitted per lot or in NC-S Districts, per district. Such sign shall not exceed 72 square feet in area nor exceed 12 feet in height. Such sign may be either nonilluminated or indirectly illuminated.

(2) **NC-3 District and Broadway Districts.** No more than one general advertising sign not exceeding 300 square feet or two general advertising signs of 72 square feet each shall be permitted per lot. The height of any such sign shall not exceed 24 feet, or the height of the wall to which it is attached, or the height of the lowest of any residential windowsills on the wall to which it is attached, whichever is lower, if a wall sign, or the adjacent wall or the top of the adjacent wall if a freestanding sign, whichever is lower.

(A) **NC-3 Districts.** Signs may be either nonilluminated or indirectly illuminated.

(f) **Business Signs.** Business signs, as defined in Section 602.3 shall be permitted in all Neighborhood Commercial Districts subject to the limits set forth below.

(1) **NC-1 Districts.**

(A) **Window Signs.** The total area of all window signs, as defined in Section 602.1(b), shall not exceed 1/3 the area of the window on or in which the signs are located. Such signs may be nonilluminated, indirectly illuminated, or directly illuminated.

(B) **Wall Signs.** The area of all wall signs shall not exceed one square foot per square foot of street frontage occupied by the business measured along the wall to which the signs are attached, or 50 square feet for each street frontage, whichever is less. The height of any wall sign shall not exceed 15 feet or the height of the wall to which it is attached. Such signs may be nonilluminated or indirectly illuminated; or during business hours, may be directly illuminated.

(9-94)                                                PL-284.2