Scott D. Baker (SBN 84923)
Email: sbaker@reedsmith.com
James A. Daire (SBN 239637)
Email: jdaire@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:   +1 415 543 8700
Facsimile:   +1 415 391 8269

Attorneys for Plaintiff
Clear Channel Outdoor, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LINDA ERKELENS, an individual,<br><br>Defendant. | Case No.: C 07-06138 SBA (JL)<br><br>**[PROPOSED] ORDER DENYING DEFENDANT LINDA ERKELENS' MOTION FOR SUMMARY JUDGMENT** |

Defendant Linda Erkelens' Motion for Summary Judgment came on regularly before this Court on September 30, 2008 (at the same time as Plaintiff Clear Channel Outdoor, Inc.'s ("Clear Channel") Motion for Partial Summary Judgment on its first claim for breach of contract, its second claim for conversion, and its sixth claim for declaratory relief). The parties appeared through their respective counsel of record.

Ms. Erkelens seeks summary judgment on the ground that a provision in the lease agreement ("Lease") between the parties is unenforceable as a matter of law. The provision in question provides that: (1) Clear Channel owns all advertising signs, structures, and improvements it erected or made; and (2) Clear Channel has the right to remove the advertising signs, structures, and improvements before the termination of the Lease.

For the reasons set forth below and enunciated on the record, the Court hereby DENIES Defendant Linda Erkelens' Motion.

Background

Clear Channel and Ms. Erkelens are the successors-in-interest to a written lease agreement to erect and maintain advertising signs on the upper-west wall of Ms. Erkelens' building at 1801 Turk Street ("the Lease"). Paragraph 8 of the Lease states in relevant part:

> Lessee [Clear Channel] shall remain the owner of all advertising signs, structures, and improvements erected or made by Lessee [Clear Channel], and that, notwithstanding the fact that the same constitute real estate fixtures, the Lessee [Clear Channel] shall have the right to remove said signs, structures, and improvements at any time during the term of the Lease, or after the expiration of this Lease.

Ms. Erkelens notified Clear Channel that she intended to terminate the Lease effective July 31, 2007. Clear Channel then obtained the requisite permit from the City of San Francisco to remove its signs, structures, and improvements, and made arrangements with Ms. Erkelens to

remove the signs, structures, and improvements. On July 26, 2007, however, Ms. Erkelens notified Clear Channel in writing for the first time that she forbade Clear Channel from entering 1801 Turk Street to complete the removal.

Ms. Erkelens contends that, at the time she assumed her obligations under the Lease in 2004, she had the right to replace Clear Channel's sign structure with another general advertising sign under certain local land use regulations, and did not lose that right until certain other amendments to those regulations in 2006. Clear Channel has submitted evidence disputing this contention. As set forth below, however, these land use regulations (and any purported changes to them) are immaterial to the interpretation of the Lease provision at issue.

Analysis

In reviewing a motion for summary judgment, a court must determine whether genuine issues of material fact exist, resolving any doubt in favor of the party opposing the motion. *In re Deep Vein Thrombosis*, 356 F. Supp. 2d 1055, 1060 (N.D. Cal. 2005); see Fed. R. Civ. P. 56(c). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material where, under applicable substantive law, it may affect the outcome of the case. *Id.*, at 248. Ms. Erkelens, as the moving party, bears the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Under California law, a contract "must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." Cal. Civ. Code § 1636. Where, as here, a contract is reduced to writing, the expressed intention of the parties is to be ascertained from the writing alone, if possible. See Cal. Civ. Code § 1639; *Tillis v. Western Fruit Growers, Inc.*, 44 Cal.App.2d 826, 831 (1941) ("where a contract has

been reduced to writing the instrument measures the rights, duties and obligations of the parties."). A written contract should be interpreted so as to give effect to every part, and the words of written contract should be understood in their ordinary and popular sense absent a contrary expressed intent. *See* Cal. Civ. Code § 1639. Further, "[a]cts of the parties, subsequent to the execution of the contract and before any controversy has arisen as to its effect, may be looked to in determining the meaning" of a contract. WITKIN, SUMMARY OF CALIFORNIA LAW, CONTRACTS, § 749; *See also Crestview Cemetery Assn. v. Dieden*, 54 Cal.2d 744, 754 (1960).

In addition, contractual rights to retain ownership over personal property and maintain the ability to remove the personal property in question are well-settled under California law. *See Clark v. Tallmadge*, 23 Cal.App.2d 703, 706-707 (1937) (awarding possession of personal property to the lessee on the basis of a contractual right to remove); *Earle v. Kelly*, 21 Cal.App.480, 483 (1913) (lessee has right to remove property affixed to the land as lessee's personal property because of express agreement).

In this case, the language of the Lease at issue is undisputed. Under the Lease, Clear Channel owns all advertising signs, structures, and improvements it erected or made and has the right to remove the advertising signs, structures, and improvements before the termination of the Lease. *See Clark v. Tallmadge*, 23 Cal.App.2d at 706-707. Moreover, the parties' pre-dispute conduct supports the proposition that Clear Channel owns the sign structure has the right to remove it.

Ms. Erkelens, however, argues that the Court should read the City of San Francisco's current local land use regulations into the Lease and rule that the Lease is unenforceable, thereby giving Ms. Erkelens ownership of the sign structure. Such an interpretation would contradict the plain language of the Lease and the parties' pre-suit conduct under the Lease. In addition, Ms. Erkelens' interpretation would violate principles of California law, which provides that laws enacted subsequent to a contract are <u>not</u> deemed part of the contract unless the language clearly indicates an

1  objective intent to be bound. See *Swenson v. File*, 3 Cal. 3d 389, 394-95 (1970); *Equitable Bldg. &
2  Loan Assn. v. Wolfangle*, 111 Cal. App. 119, 123 (1931); WITKIN, SUMMARY OF CALIFORNIA LAW,
3  CONTRACTS § 753, at 844. Neither *Swenson* nor *Wolfangle* stands for the proposition, advanced by
4  Ms. Erkelens, that a change in the law renders an earlier lawful contract term "unenforceable" as a
5  matter of law.

7  There is also no evidence to suggest that enforcement of Paragraph 8 would be so inequitable
8  as to override the plain meaning of the Lease. To the contrary, the evidence shows that Clear
9  Channel (through its predecessor) built the original sign, obtained the original permit, and paid all
10 taxes to maintain (and eventually take down) the sign structure. Moreover, as the myriad local land
11 use regulations submitted by the parties show, there is nothing inequitable about restricting (or even
12 prohibiting) the uses of real property within the City of San Francisco. To deprive Clear Channel of
13 the right to control property it has owned for fifty years, notwithstanding the plain language of the
14 Lease and the parties' undisputed pre-suit conduct, would constitute an inequitable interpretation of
15 the Lease.

17 Order

19 The Court, having considered the papers and arguments submitted by the parties, and for the
20 reasons set forth above, DENIES Defendant Linda Erkelens' Motion for Summary Judgment.

22 IT IS SO ORDERED.

24 DATED: _____

   _____
   U.S. District Judge Saundra B. Armstrong

## Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 9th day of September 2008, with this document via the Court's CM/ECF system. I certify that all parties in this case are represented by counsel who are CM/ECF participants.

```
                              /s/
                        ―――――――――――――
                        James A. Daire
```