Scott D. Baker (SBN 84923)
Email: sbaker@reedsmith.com
James A. Daire (SBN 239637)
Email: jdaire@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:    +1 415 543 8700
Facsimile:    +1 415 391 8269

Attorneys for Plaintiff
Clear Channel Outdoor, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LINDA ERKELENS, an individual,<br><br>Defendant. | Case No.: C 07-06138 SBA (JL)<br><br>**CLEAR CHANNEL OUTDOOR, INC.'S OBJECTIONS TO DEFENDANT LINDA ERKELENS' EVIDENCE RE ERKELENS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    September 30, 2008<br>Time:    1:00 p.m.<br>Place:   Courtroom 3, 3rd Floor<br><br>Compl. Filed: December 4, 2007<br>Trial Date: November 10, 2008<br><br>Hon. Saundra Brown Armstrong |

Plaintiff Clear Channel Outdoor, Inc. ("Clear Channel") hereby submits the following objections to evidence submitted by Defendant Linda Erkelens in connection with her Motion for Summary Judgment.

**A.    Declaration of Andrew Azarmi**

Ms. Erkelens' Motion for Summary Judgment is based in part on the Declaration of Andrew Azarmi ("Azarmi Declaration") [Docket No. 65]. Clear Channel objects to Exhibits 9 and 10 to the Azarmi Declaration, and all references thereto. These exhibits are inadmissible because Mr. Azarmi is counsel to Ms. Erkelens and lacks personal knowledge in connection with the content or authentication of Exhibits 9 and 10. *See* Fed.R.Civ.Proc. 56(e); Fed.R.Evid. 901; *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 778 (9th Cir. 2002) (unauthenticated exhibits attached to an attorney declaration made without personal knowledge inadmissible).

**B.    Ms. Erkelens' Notice of Motion and Motion for Summary Judgment**

Ms. Erkelens' Opposition to Clear Channel's Motion for Partial Summary Judgment ("Motion") [Docket No. 63.] references inadmissible or otherwise objectionable evidence. Moreover, the Opposition also contains attorney argument as purported fact, which is not evidence and therefore should be stricken. In particular, the Court should exclude the following evidence and arguments:

1.    **Motion, p. 3.**

> In 2004, at the time that the Erkelens purchased the Property, the Code did not prohibit property owners from replacing signs lawfully existing that had been removed from their property. *See*, Erkelens' RJN, ¶3.

The above statement is inadmissible, unsupported attorney argument. *See Official Airline Guides, Inc. v. Churchfield Publications, Inc.*, 6 F.3d 1385, 1396 (9th Cir. 1993) (attorney argument

Case No.: C 07-06138 SBA    — 1 —    DOCSSFO-12527282.2
CLEAR CHANNEL OUTDOOR, INC.'S OBJECTIONS TO DEFENDANT LINDA ERKELENS' EVIDENCE RE ERKELENS' MOTION FOR SUMMARY JUDGMENT

improper, although prejudice eliminated by immediate curative instruction that what lawyers say is not evidence); *Hall v. Whitley*, 935 F.2d 164, 166 (9th Cir. 1991) (statements made during closing arguments were "not evidence and could not be considered in deciding the facts"); *O2 Micro International Limited v. Monolithic Power Systems, Inc.*, 399 F. Supp. 2d 1064, 1088 n. 11 (N.D. Cal. 2005) (court did not consider attorney arguments in declarations as evidence); *In re Hurley*, 258 B.R. 15, 23 (D. Mont. 2001) (despite party's factual assertions, court found no supporting evidence was offered because an attorney's argument is not evidence). Ms. Erkelens improperly cites to Paragraph 3 of her Request For Judicial Notice, which is counsel's characterization of the City of San Francisco Planning Code; she does not cite as evidence the language of the Code itself. Ms. Erkelens cites to no other evidence in support of this statement. Accordingly, it is inadmissible and should be stricken.

2.     Motion, p. 5.

> Upon learning that Clear Channel, in its Removal Permit application, purported to abandon her right to advertise on the Property, Erkelens' appealed the issuance of the Removal Permit to the San Francisco Board of Appeals ("Board of Appeals" or the "Board"). On October 17, 2007, Erkelens' appeal was heard before the Board of Appeal. Azarmi Decl. ¶10, Ex. 9. At that hearing, Board members chastised Clear Channel for engaging in "predatory pricing" and stated that "the behavior manifested by Clear Channel is not very attractive." *Id.* at pp. 18:16-19:13. After suggesting that they were inclined to revoke Clear Channel's Removal Permit, the Board of Appeal decided to continue the hearing until December 12, 2007, to give Erkelens and Clear Channel a chance to negotiate a settlement in good faith, with the hope that Clear Channel "try to seek a solution and would not deprive [Erkelens] of a source of income." Azarmi Decl. ¶11, Ex. 10 at pp. 59:23-60:3.

The above statement is inadmissible, unsupported attorney argument. *See Official Airline Guides, Inc. v. Churchfield Publications, Inc.*, 6 F.3d 1385, 1396 (9th Cir. 1993) (attorney argument improper, although prejudice eliminated by immediate curative instruction that what lawyers say is not evidence); *Hall v. Whitley*, 935 F.2d 164, 166 (9th Cir. 1991) (statements made during closing arguments were "not evidence and could not be considered in deciding the facts"); *O2 Micro International Limited v. Monolithic Power Systems, Inc.*, 399 F. Supp. 2d 1064, 1088 n. 11 (N.D. Cal. 2005) (court did not consider attorney arguments in declarations as evidence); *In re Hurley*, 258

B.R. 15, 23 (D. Mont. 2001) (despite party's factual assertions, court found no supporting evidence was offered because an attorney's argument is not evidence). Ms. Erkelens cites to no admissible testimony or evidence in support of this statement. Accordingly, it is inadmissible and should be stricken.

3. **Motion, pp. 12-13.**

> At first glance, one might wonder why Clear Channel would be so persistent in its efforts to tear down Erkelens' one and only Billboard. Especially given that Clear Channel stands to gain no future economic benefit from the Billboard, as the Lease has expired and Erkelens has no intention to rent to Clear Channel. The answer is that this tactic, combined with the outdated removal provisions in place in most of its commercial billboard leases, prevents property owners from renting their billboards space to anyone but Clear Channel, and allows Clear Channel to force property owners to accept far less than fair market value for their billboards when it comes time to renew.

> Clear Channel's leases, much like the one at issue here, have a provision permitting Clear Channel to remove advertising signs when the lease terminates. These leases were designed decades ago, when the understanding was that a property owner would be free to rent the billboard space to a competing advertising company, who would erect their own signs and pay the property owner a rent for advertising. The subsequent change in the San Francisco Planning Code has unjustly equipped Clear Channel with a powerful provision that, when combined with Clear Channel's immense resources and aggressive litigation tactics, leaves property owners with almost no negotiation leverage.

> …

> Moreover, this unscrupulous business activity is no isolated instance, but rather has become a pattern and practice for Clear Channel.

The above statements are inadmissible, unsupported attorney argument. *See Official Airline Guides, Inc. v. Churchfield Publications, Inc.*, 6 F.3d 1385, 1396 (9th Cir. 1993) (attorney argument improper, although prejudice eliminated by immediate curative instruction that what lawyers say is not evidence); *Hall v. Whitley*, 935 F.2d 164, 166 (9th Cir. 1991) (statements made during closing arguments were "not evidence and could not be considered in deciding the facts"); *O2 Micro International Limited v. Monolithic Power Systems, Inc.*, 399 F. Supp. 2d 1064, 1088 n. 11 (N.D. Cal. 2005) (court did not consider attorney arguments in declarations as evidence); *In re Hurley*, 258 B.R. 15, 23 (D. Mont. 2001) (despite party's factual assertions, court found no supporting evidence

1  was offered because an attorney's argument is not evidence).  Ms. Erkelens cites to no testimony or
2  other evidence in support of these statements.  Accordingly, they should be stricken.

   DATED: September 9, 2008.

                               REED SMITH LLP


                               By    /s/ James A. Daire
                                   James A. Daire
                                   Attorneys for Plaintiff
                                   Clear Channel Outdoor, Inc

## Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 9th day of September 2008, with this document via the Court's CM/ECF system. I certify that all parties in this case are represented by counsel who are CM/ECF participants.

                                                         /s/
                                       James A. Daire

Case No.: C 07-06138 SBA        – 5 –        DOCSSFO-12527282.2
CLEAR CHANNEL OUTDOOR, INC.'S OBJECTIONS TO DEFENDANT LINDA ERKELENS' EVIDENCE RE ERKELENS' MOTION FOR SUMMARY JUDGMENT