UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, INC., a Delaware corporation,<br><br>           Plaintiff,<br><br>     vs.<br><br>LINDA ERKELENS, an individual,<br><br>           Defendant. | Case No:  C 07-6138 SBA<br><br>**ORDER RE DAMAGES** |

This diversity jurisdiction action arises from a lease dispute between Plaintiff Clear Channel Outdoor, Inc. ("Clear Channel") and Defendant Linda Erkelens ("Erkelens"). In a prior Order, the Court granted Clear Channel's motion for partial summary judgment on its claims for breach of contract, conversion and declaratory relief, and denied Erkelens' cross-motion for summary judgment. The parties subsequently waived trial and stipulated to having the Court resolve the issue of damages. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS in part and DENIES in part Clear Channel's request for damages. Pursuant to Federal Rule of Civil Procedure 78(b), the Court resolves the parties' dispute without oral argument.

## I.    BACKGROUND

### A.    FACTUAL SUMMARY

The facts of this case are discussed extensively in the Court's summary judgment order and will only be briefly summarized here. In 1958, Clear Channel's predecessor-in-interest obtained a conditional use permit from the San Francisco Department of Public Works to erect a sign on the wall of a building located at 1801 Turk Street, San Francisco, California ("the Property"). In 1984, Erkelens' predecessor-in-interest and Clear Channel

1  entered into a five-year lease, which included a five-year option to renew, for the purpose
2  of erecting and maintaining advertising signs at the Property.  The lease stated that the
3  lessee would remain the owner of all advertising signs, structures, and improvements
4  erected or made by lessee and that lessee would retain the right to remove the signs,
5  structures, and improvements during or after expiration of the lease.  On August 17, 2004,
6  Erkelens purchased the Property and acquired the lease with Clear Channel.
7         In 2002, the San Francisco Planning Code was amended to include Section 611.
8  That section, which is intended to reduce the number of billboards, provides that no new
9  advertising signs may be permitted within the city, with certain narrow exceptions.   In
10  2006, Section 604(h) of the Planning Code was amended such that a sign voluntarily
11  destroyed or removed by its owner or required by law to be removed may not be
12  reinstalled, replaced, or reconstructed at the same location, and the erection, construction,
13  and/or installation of a sign to replace a previously existing sign will be deemed a new sign
14  in violation of Section 611.
15         On February 14, 2008, Erkelens notified Clear Channel that she was not renewing
16  the lease for another five-year term.  She then sent a termination notice to Clear Channel,
17  effective July 31, 2007, demanding that Clear Channel make arrangements to remove its
18  billboard.  As a result, Clear Channel obtained a removal permit from the San Francisco
19  Department of Building Inspection on July 18, 2007.  Meanwhile, Erkelens entered into a
20  lease agreement with Advertising Display Systems ("ADS") on May 29, 2007, to allow
21  ADS to erect and maintain a new sign at the Property under terms similar to the lease with
22  Clear Channel.
23         Clear Channel sent Erkelens a copy of the permit along with a letter stating that it
24  would remove the sign, but noted Section 604(h) barred her from installing a replacement.
25  Erkelens initially responded that she expected Clear Channel to repair any damage to the
26  building caused by the removal of the sign.  However, on July 26, 2007, attorneys
27  representing ADS sent a letter to Clear Channel ordering it not to remove the sign and to
28  stay off the Property because Erkelens intended to appeal the issuance of the removal

1  permit to the San Francisco Board of Appeals ("Board of Appeals").  Clear Channel
2  opposed Erkelens' efforts to challenge the removal permit.  After a series of hearings,
3  however, the Board of Appeals invalidated the removal permit on March 26, 2008.

### B. PROCEDURAL SUMMARY

While the Board of Appeals proceedings were pending, Clear Channel filed the instant lawsuit against Erkelens on December 4, 2007, alleging causes of action for breach of contract, conversion, trespass to chattels, promissory estoppel, unjust enrichment and declaratory judgment.  On October 7, 2008, the Court granted Clear Channel's Motion for Partial Summary Judgment [Docket No. 59] on its claims for breach of contract, conversion, and declaratory judgment, and denied Erkelen's cross-motion for summary judgment.  The parties subsequently agreed to waive trial on damages and to submit the matter to the Court through briefs only.  Clear Channel also agreed to forego its punitive damages claim.

In its Opening Brief Re Compensatory Damages [Docket No. 101], Clear Channel seeks the following damages:  (1) $5,677.34 for the cost of acquiring the removal permit; (2) $51,712 in attorneys' fees and expenses incurred in connection with the Board of Appeals and related proceedings; and (3) prejudgment interest.  Erkelens has submitted a response brief and Clear Channel has filed a reply.

## II. DISCUSSION

### A. CONTRACT DAMAGES

Under California law, the appropriate amount of damages for breach of contract "is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby ...."  Cal. Civ.Code § 3300; Stephens v. City of Vista, 994 F.2d 650, 657 (9th Cir. 1993) ("Damages for breach of contract are supposed to compensate for the detriment caused by the breach.").  Stated another way, "the breaching party is only responsible to give the nonbreaching party the benefit of the bargain to the extent the specific breach deprived that party of its bargain."  See Postal Instant Press, Inc. v. Sealy, 43 Cal. App. 4th 1704, 1709 (1996).

In addition to compensatory damages, an aggrieved party also may seek "special" or "consequential" damages in certain cases. The California Supreme Court has explained the distinction between general or compensatory damages and special damages, as follows:

> *Unlike general damages, special damages are those losses that do not arise directly and inevitably from any similar breach of any similar agreement.* Instead, they are secondary or derivative losses arising from circumstances that are particular to the contract or to the parties. Special damages are recoverable if the special or particular circumstances from which they arise were actually communicated to or known by the breaching party (a subjective test) or were matters of which the breaching party should have been aware at the time of contracting (an objective test). [Citations.] Special damages 'will not be presumed from the mere breach' but represent loss that 'occurred by reason of injuries following from' the breach. [Citation.] *Special damages are among the losses that are foreseeable and proximately caused by the breach of a contract.* [Citation.]

Lewis Jorge Const. Mgmt., Inc. v. Pomona Unified School Dist., 34 Cal. 4th 960, 969 (2004) (emphasis added). The damages at issue in this case are special damages.

### 1. Cost to Obtain Removal Permit

Clear Channel seeks to recover the sum of $5,677.34, which represents the expenses it incurred in connection with obtaining the removal permit, which later was invalidated. Erkelens does not dispute that Clear Channel is entitled to recover the cost of having obtained the removal permit. (Def.'s Mem. at 9.) Rather, Erkelens contends that "Clear Channel would have incurred $3,985 of the claimed $5,677.34 even if [she] had never breached the contract." Id. The $3,985 figure represents the cost of engineering services retained by Clear Channel in connection with the removal permit process. According to Erkelens, Clear Channel should not be allowed to recover the cost of such engineering expenses because Clear Channel will be able to rely on the work performed by the engineering firm when it obtains a new removal permit. (Id.) However, Erkelens fails to support her argument either legally or factually. In addition, the record shows that Clear Channel, in fact, will have to have the engineering services performed again before removing the sign structure. (See Powers Decl. ¶ 3 [Docket 107].) The Court therefore concludes that Clear Channel is entitled to recover the requested amount of $5,677.34.

### 2. Attorneys' Fees

Clear Channel next seeks to recover the sum of $51,712 57, which represents the amount of attorneys' fees it incurred in connection with the Board of Appeals proceedings involving Erkelens.[1]  "California follows what is commonly referred to as the American rule, which provides that each party to a lawsuit must ordinarily pay his own attorney fees." Trope v. Katz, 11 Cal. 4th 274, 278 (1995).  There are, however, limited exceptions to this rule.  In Prentice v. North Amer. Title Guar. Corp., 59 Cal. 2d 618 (1963), the court held that "[a] person who through the *tort of another* has been required to act in the protection of his interests by bringing or defending an action against *a third person* is entitled to recover compensation for the reasonably necessary loss of time, attorney's fees, and other expenditures thereby suffered or incurred." Id. at 620 (emphasis added).  Subsequently, in De La Hoya v. Slim's Gun Shop, 80 Cal. App. 3d Supp. 6 (1978), the court of appeal applied the Prentice rule to claims based on breach of contract. Id. at 11-12 (purchaser of gun that was, in fact, stolen was entitled to recover legal fees he paid to defend himself against criminal charges of receiving stolen property).

Citing De La Hoya, Clear Channel argues that it was compelled to defend its removal permit in the Board of Appeals proceedings as a result of Erkelens' failure to comply with the terms of the lease, and therefore, it should be reimbursed for fees resulting from that matter.  (Pl.'s Mem. at 6-9.)  The Court disagrees.  Like the tort of another doctrine, the holding in De la Hoya is limited to situations involving *third party litigation*. De La Hoya, 80 Cal. App. 3d Supp. at 9 ("a party who becomes embroiled in litigation with third persons as a result of the defendant's breach of contract may recover, as an item of damages, attorney fees incurred in prosecuting or defending the *third party litigation*...."). Id. at 9 (emphasis added).  In this case, there was no third party action.  The proceedings before the Board of Appeals involved only Clear Channel and Erkelens, who was the real

---

[1] Though Clear Channel contends it may recover its legal fees as consequential damages resulting from Erkelens' breach of contract, or alternatively, as damages for conversion, the legal theory underlying both arguments is based on the rule first articulated in Prentice.

- 5 -

party in interest. While the Board of Appeals proceedings may have been a separate action, the dispute remained between Clear Channel and Erkelens. As a result, Clear Channel may not recover its legal expenses incurred in that matter. See Golden West Baseball Co. v. Talley, 232 Cal. App. 3d 1294, 1302 (1991) (holding that plaintiff could not recover fees incurred in prosecuting a separate action as damages resulting from defendant's breach of contract where the separate action involved the same parties); Schneider v. Friedman, Collard, Poswall & Virga, 232 Cal. App. 3d 1276, 1281-82 (1991) (allowing recovery of attorneys' fees outside the third party context would undermine the American Rule); Hynix Semiconductor Inc. v. Rambus, Inc., 527 F. Supp. 2d 1084, 1102 (N.D. Cal. 2007) (ruling that De La Hoya was inapposite where the fees were in a third party action).

The principal case cited by Clear Channel, E. & J. Gallo Winery v. Andina Licores S.A., 2007 WL 333386 (E.D. Cal. 2007), is inapposite. In that case, Andina Licores S.A. ("Andina") brought an action against E. & J. Gallo ("Gallo") Winery in an Ecuador civil court. In turn, Gallo filed suit in federal district court alleging that Andina breached the forum selection clause contained in the agreement at issue, which required that all disputes were to be litigated in Stanislaus County, California. With little discussion or analysis, the court ruled that Andina breached the parties' agreement by filing suit in Ecuador, and therefore, Gallo was entitled to recover attorneys' fees expended in the course of defending the foreign action. Id. at *3.

The Court finds E. & J. Gallo Winery unpersuasive. The district court's unpublished disposition does not cite, let alone discuss, either Prentice or De La Hoya. Rather, the only authority cited by the court is Hangarter v. Paul Revere Life Ins. Co., 236 F. Supp. 2d 1069, 1101 (N.D. Cal. 2002), rev'd in part, 373 F.3d 998 (9th Cir. 2004). Hangarter, in turn, is based on the rule articulated in Brandt v. Superior Court, 37 Cal. 3d 813 (1985), where the California Supreme Court held that an insured may recover its attorneys' fees where the insurer's "tortious conduct reasonably compels the insured to retain an attorney to obtain benefits due under a policy." Id. at 817. However, Brandt does not stand for the proposition that fees may be awarded as compensatory damages in satellite litigation

involving the same two parties involved in the contract action.  Rather, Brandt is a "limited exception" to the American Rule applicable only insurance bad faith cases.  See CNA Casualty of Cal. v. Seaboard Surety Co., 176 Cal. App. 3d 598, 621 n.12 (1986) ("[Brandt] is not applicable here, where tortious conduct by the insurers or bad faith was never alleged, argued, proven, or determined.").  Given the limited exception created by Brandt, the cursory analysis and conclusion of E. & J. Gallo Winery uncompelling.[2]  Accordingly, the Court finds that Clear Channel is not entitled to recover damages based on the amount of legal fees it incurred in connection with the Board of Appeals proceedings.

### B. PREJUDGMENT INTEREST

Erkelens does not dispute Clear Channel's right to recover prejudgment interest, which is permitted under California law.  Cal.Civ.Code § 3287(a).  However, she contends that prejudgment interest may not be awarded with respect to Clear Channel's request to recover its attorneys' fees on the ground that such damages are not sufficiently certain. (Def.'s Opp'n at 10.)  Given the Court's determination that Clear Channel is not entitled to recover its legal expenses resulting from the Board of Appeals matter, Erkelens' point is moot.  Clear Channel's right to recover prejudgment interest is thus limited to the damages based on the cost of obtaining the removal permit.

## III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT final judgment shall be entered in favor of Plaintiff Clear Channel Outdoor, Inc., in accordance with the terms of the Court's ruling on the parties' motions for summary judgment [Docket 85].  Clear Channel is entitled recover $5,677.34 plus prejudgment interest at the allowable rate under California law.  Within five (5) court days of the date this Order is filed, Plaintiff shall submit a proposed form of judgment to the Court.

---

[2] In any event, E. & J. Gallo Winery is distinguishable on its facts.  There, the damages were a *direct* result of Andina's breach of the forum selection clause.  In this case, however, the lease does not contain a forum selection clause nor were any of Clear Channel's claimed damages the result of Erkelens having filed suit in the wrong forum.

1 | IT IS SO ORDERED.

3 | Dated: September 2, 2009

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge