Scott D. Baker (SBN 84923)
*Email:  sbaker@reedsmith.com*
James A. Daire (SBN 239637)
*Email:  jdaire@reedsmith.com*
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659

Telephone:     +1 415 543 8700
Facsimile:      +1 415 391 8269

Attorneys for Plaintiff
Clear Channel Outdoor, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CLEAR CHANNEL OUTDOOR, INC., a Delaware Corporation,<br><br>                    Plaintiff,<br><br>        vs.<br><br>LINDA ERKELENS, an individual,<br><br>                    Defendant. | Case No.:  C 07-06138 SBA (JL)<br><br>**FINAL JUDGMENT IN FAVOR OF CLEAR CHANNEL OUTDOOR, INC.** |

1   For the reasons stated in this Court's Orders granting Plaintiff Clear Channel Outdoor, Inc.'s
2   ("Clear Channel") Motion for Summary Judgment [Docket No. 85] and Re Damages [Docket No.
3   109], which the Court incorporates by this reference, and pursuant to Federal Rule of Civil
4   Procedure 58(a), the Court hereby enters final judgment in favor of Clear Channel and against
5   Defendant Linda Erkelens ("Erkelens").

7   (1)   The Court finds that Erkelens is liable for breach of contract and conversion, and that
8   Clear Channel is entitled to the declaratory judgment set forth below.

10  (2)   The Court enters a declaratory judgment that:  (a) Clear Channel is the sole owner of
11  the sign and structure on the wall of the building at 1801 Turk Street (the "Property"); (b) Clear
12  Channel is entitled to all rights under the parties' lease "for the purpose of erecting and maintaining
13  advertising signs" at the Property (the "Lease") until legally terminated; (c) Clear Channel has the
14  right to remove its sign and structure from the Property whether before or after expiration of the
15  Lease; (d) Clear Channel has the right to obtain permits necessary for the removal of its sign and
16  structure from the Property; and (e) Erkelens has materially breached the Lease, repudiated her
17  obligations thereunder, and has wrongfully exercised, or purported to exercise, control over Clear
18  Channel's sign and its structure.

20  (3)   The Court enters a permanent injunction prohibiting Erkelens, her officers, directors,
21  principals, agents, servants, employees, successors and assigns, and all other persons in active
22  concert, privity or in participation with Erkelens, jointly and severally, from:  (a) continuing to deny
23  Clear Channel the right to remove its sign or structure from the Property; (b) taking possession of, or
24  making use of, Clear Channel's sign or structure for her own benefit, or from undertaking any act
25  designed to deprive Clear Channel of its ownership and/or possessory rights in the sign or structure;
26  (c) committing any further acts of conversion or trespass to chattel with respect to Clear Channel's
27  sign or structure; (d) altering, destroying, or removing all or any part of the sign or structure; and/or

1  (e) denying Clear Channel access to the sign or structure by way of ingress and egress to the wall,
2  sign, or structure.

3

4      (4)    Erkelens shall pay to Clear Channel damages of:  (a) $5,677.34, representing
5  consequential damages as a result of her breach of contract and conversion, and (b) prejudgment
6  interest thereon in the amount of 10% per annum from July 26, 2007 to date of entry of this
7  Judgment.[1]  (As of September 9, 2009, the amount of recoverable prejudgment interest is $1207).

8

9      (5)    As the prevailing party, Clear Channel is entitled to recover its costs.  The cost bill
10 shall be filed within 14 days of entry of this Judgment pursuant to Civil Local Rule 54-1.

11

12     IT IS SO ORDERED, ADJUDICATED AND DECREED.

13

14 DATED:  9/14/09

15     *Saundra B. Armstrong*
    HONORABLE SAUNDRA B. ARMSTRONG
16     UNITED STATES DISTRICT JUDGE

---

[1] As set forth in the Court's previous Orders, Erkelens breached the contract no later then July 26, 2007, when Erkelens ordered Clear Channel not remove its sign or structure and to stay off the Property.  [Docket No. 85 at 6:6-7; Docket No. 109 at 2:26-28.]